UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **CV 10-9198-JVS (RNBx)**                                   Date: **August 12, 2011**

Title:  **Joyce Walker, et al. v. Life Insurance Company of the Southwest**

**DOCKET ENTRY**

PRESENT:

**HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE**

| Kerri Hays | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:
            None present                                                           None present

**PROCEEDINGS:  (IN CHAMBERS)**

**Plaintiffs' Motion to Compel Production of Documents, filed August 9, 2011**

Based on its review of the Joint Stipulation, the Court has concluded that, with respect to the discovery issues in dispute specified below, counsel did not make a sufficient good faith effort to resolve their dispute or at least narrow it as much as possible.  Accordingly, lead counsel of record are ordered to appear in person on August 30, 2011 for the purpose of meeting and conferring further with respect to these discovery issues under the Court's auspices, after the Court rules on the other discovery issues in dispute.  Moreover, lead counsel would be well advised to clear their calendars for the entire day because they will not be excused unless and until the Court is satisfied that they indeed have made a good faith effort to resolve these disputed discovery issues or at least narrowed them as much as possible.  It goes without saying that counsel are encouraged to confer in advance of the hearing date.

To the extent that counsel are able to reach a stipulation that resolves any of these disputed discovery issues before or at the August 30, 2011 hearing, the Court will permit them to state their stipulation on the record, and will order compliance therewith.  However, if after meeting and conferring further, counsel still cannot reach a resolution of all of these disputed discovery issues, the Court will either (a) rule from the bench, based on its determination of which side's compromise proposal at the further meet and confer session seems the most reasonable, or (b) set expedited dates for the preparation and filing of a Revised Joint Stipulation in compliance with Local Rule 37-2.1.

The disputed discovery issues regarding which the Court will require counsel to

MINUTES FORM 11                                                         Initials of Deputy Clerk     klh
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: CV 10-9198-JVS (RNBx)　　　　　　　　　　　　　　　August 12, 2011
**Joyce Walker, et al. v. Life Insurance Company of the Southwest**　　　　Page 2

---

meet and confer further on August 30, 2011 (unless counsel are able to resolve their dispute in advance of the hearing date) are as follows.

　　1.　**LSW's alleged refusal to produce documents based on vague and ambiguous objections.** According to LSW, it is not withholding documents based solely on objections to vagueness and ambiguity. Moreover, the Court fails to see the substantive difference between plaintiffs' contention that "the terms used in their requests should be construed in accordance with their ordinary meaning" and LSW's representation to plaintiffs that "it would produce documents in accordance with its understanding of the terms" that it had identified as vague and ambiguous. In any event, this is the kind of discovery dispute that should have been resolved prior to the filing of the Motion and it will be resolved at the further meet and confer session (if counsel are unable to resolve it in advance of the August 30, 2011 hearing date).

　　2.　**LSW's purported restriction limiting production to documents that discuss specific disclosures.** This disputed issue encompasses Document Request Nos. 5, 7, 9, 15, 31-35, and 42. Counsel will be required to meet and confer further on a request by request basis. For any requests still remaining in dispute, counsel will be required in their Revised Joint Stipulation to state their contentions on a request by request basis, as well as how they proposed to resolve the dispute over that particular request at the further conference of counsel. For purposes of its preparation for the further meet and confer session, plaintiffs' counsel is advised that his reliance on <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D. Cal. 1998) for the proposition that "[d]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action" is misplaced. <u>Oakes</u> predates the amendments to the Federal Rules of Civil Procedure that became effective December 1, 2000. Prior to the amendments, the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) was any unprivileged matter relevant to the subject matter involved in the pending action and/or reasonably calculated to lead to the discovery of admissible evidence. Under the amendments, the scope of permissible discovery was narrowed and now may be stated as follows: any unprivileged matter relevant to the claim or defense of any party, and/or relevant information reasonably calculated to lead to the discovery of admissible evidence. Without prior court permission on a showing of good cause, a party is not entitled to "relevant to

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk　　klh
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.: CV 10-9198-JVS (RNBx) | August 12, 2011 |
| **Joyce Walker, et al. v. Life Insurance Company of the Southwest** | Page 3 |

---

subject matter" discovery. However, information relevant to the claim or defense of a party need not be admissible in order to be discoverable. Plaintiffs' counsel further is advised that, in ruling on a discovery dispute, the Court subscribes to the view that the burden of demonstrating relevance rests with the party seeking the discovery. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial ¶ 11:615 (2010 rev. ed.). For purposes of its preparation for the further meet and confer session, LSW's counsel is advised that, while the Court concurs with LSW that these requests need to be narrowed, the Court disagrees with the unduly restrictive position taken by LSW.

     3.     **Production of documents that "refer or relate" to training and instruction of LSW's agents and brokers, and discuss disclosure to policyholders and the effectiveness or tactics of agent or broker sales efforts.** This disputed issue encompasses Document Request Nos. 10-14. Again, counsel will be required to meet and confer further on a request by request basis; and, for any requests still remaining in dispute, counsel will be required in their Revised Joint Stipulation to state their contentions on a request by request basis, as well as how they proposed to resolve the dispute over that particular request at the further conference of counsel. For purposes of his preparation for the further meet and confer session, plaintiffs' counsel is advised that the Court subscribes to the view that a document production request calling for the production of all documents that "refer or relate" to a subject is inherently overbroad.

     4.     **Production of software.** For purposes of the further meet and confer session with respect this disputed issue, LSW's counsel is ordered to bring Mr. Lavin to the hearing and also to bring a copy of the Nondisclosure Agreement referenced in ¶ 4 of Mr. Lavin's declaration. Plaintiffs' counsel is ordered to bring his own IT expert to the hearing, who should be prepared to address the issues raised in Mr. Lavin's declaration.

     5.     **Time period for production of documents.** Since the Court has no intention of ordering LSW to produce all responsive documents within the time periods set forth in plaintiffs' proposed Order, the Court will expect plaintiffs' counsel to be prepared at the further meet and confer session to make a reasonable proposal that differentiates between discovery needed for his class certification motion and class merits discovery. With respect to discuss needed for the class certification motion, the Court also will expect both sides to be prepared to discuss a sampling approach. However, the Court will not require plaintiffs to accept sampling in lieu of full production unless LSW is

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk    klh |
| CIVIL-GEN | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:  CV 10-9198-JVS (RNBx)                                                **August 12, 2011**

**Joyce Walker, et al. v. Life Insurance Company of the Southwest**           Page 4

----------------------------------------------------------------------------------------------------------------

prepared to stipulate that the agreed-upon sample size is statistically meaningful for purposes of the class certification motion.


cc:    Judge Selna