JONATHAN A. SHAPIRO (257199)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:   (650) 858-6101
Fax:   (650) 858-6100
jonathan.shapiro@wilmerhale.com

ANDREA J. ROBINSON (PRO HAC VICE)
TIMOTHY J. PERLA (PRO HAC VICE)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:   (617) 526-6000
Fax:   (617) 526-5000
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com
Attorneys for Defendant Life Insurance
Company of the Southwest

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50, <br><br> Defendant. | Case No.: 10-09198 JVS(RNBx) <br><br> SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ON LSW'S MOTION FOR PROTECTIVE ORDER AND TO COMPEL PRODUCTION OF DOCUMENTS <br><br> Magistrate Judge Robert N. Block <br><br> Date:          August 30, 2011 <br> Time:          9:30 a.m. <br> Courtroom:  6D <br><br> Discovery Cut-off Date:  July 4, 2012 <br> Pretrial Conference Date: Sept. 19, 2012 <br> Trial Date:                   Sept. 27, 2012 |

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ON LSW'S MOTION FOR PROTECTIVE ORDER AND TO COMPEL PRODUCTION OF DOCUMENTS, 10-09198 JVS(RNBx)

1

## TABLE OF CONTENTS

2

INTRODUCTION                                                                                      1

3

ARGUMENT                                                                                          1

4

I.    This Court Should Enter a Protective Order Limiting the Use of Information

5     Obtained in This Action to Litigating This Action..................................................1

6         A.  The Court Has the Power To Enter Such an Order.                               2

7         B.  Plaintiffs' Behavior Warrants Entry of Such an Order.                         3

8     II.   The Court Should Order Plaintiffs To Produce Their Federal Tax Returns for the
          Years 2006 to 2010..........................................................................................4

9     CONCLUSION                                                                                5

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- i -

28

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ON LSW'S MOTION FOR PROTECTIVE ORDER
AND TO COMPEL PRODUCTION OF DOCUMENTS, 10-09198 JVS(RNBx)

1

## **TABLE OF AUTHORITIES**

2                                                                                              Page

3    <u>Federal Cases</u>

4    *Barrous v. BP P.L.C.*,
      2011 WL 1431826 (N.D. Cal. Apr. 14, 2011) ....................................................5
5

6    *Boughton v. Cotter Corp.*,
      65 F.3d 823 (10th Cir. 1995) ...............................................................................4

7    *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*,
      178 F.3d 943 (7th Cir. 1999) ...........................................................................2, 3
8

9    *Gumbel v. Pitkin*,
      124 U.S. 131 (1888) ..............................................................................................2

10   *Humboldt Baykeeper v. Union Pac. R.R. Co.*,
      244 F.R.D. 560 (N.D. Cal. 2007) ........................................................................2
11

12   *Joy v. North*,
      692 F.2d 880 (2d Cir. 1982) ................................................................................4

13   *Link v. Wabash R. Co.*,
      370 U.S. 626 (1962) ..............................................................................................2
14

15   *Oakes v. Halvorsen Marine Ltd.*,
      179 F.R.D. 281 (C.D. Cal. 1998) .........................................................................2

16   *Seattle Times Co. v. Rhinehart*,
      467 U.S. 20 (1984) ................................................................................................3
17

18   *United States v. Meyer*,
      398 F.2d 66 (9th Cir. 1968) ..................................................................................3

19   <u>Federal Rules</u>

20   Fed. R. Civ. P. 26 ..................................................................................................2

21   <u>Other Authority</u>

22   Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2038 (3d ed.) ...........................2

23

24

25

26

27

28

## INTRODUCTION

Plaintiffs' objections to LSW's request for a protective order miss the point. Plaintiffs rely mainly on boilerplate about the "good cause" standard in Rule 26 of the Federal Rules of Civil Procedure—as if that were the only source of the Court's power to set the terms of discovery.  It is not.  Plaintiffs ignore this Court's "broad discretion" to enter protective orders tailored to the particulars of each individual case.  They also overlook that this power stems not just from the Federal Rules of Civil Procedure but also from long-recognized equitable powers of trial courts.

Perhaps most surprising, Plaintiffs ignore what the law says about their proposed uses of documents obtained in discovery.  Courts have repeatedly suggested that lobbying legislators and feeding information to journalists are illegitimate uses of a process designed to help parties prepare for trial.  In short, not only does the law authorize entry of the protective order LSW seeks; Plaintiffs' threats necessitate it.

Just as Plaintiffs' unconstrained fantasy of discovery uses is clearly wrong, so too is their constricted approach to the relevance of the tax return documents that Plaintiffs themselves have put at issue.  After alleging that, if each Plaintiff's policy were to lapse with a loan outstanding, each "would" suffer detrimental tax consequences, Plaintiffs cannot now shield their tax returns from production.

This Court should thus: (1) order that "all documents and information produced in this action shall be used only for the purpose of litigating this action (and any appeal taken therefrom) and shall not be used for any other purpose whatsoever"; and (2) compel Plaintiffs to produce the tax returns they have withheld for frivolous reasons.

## ARGUMENT

### I.      This Court Should Enter a Protective Order Limiting the Use of Information Obtained in This Action to Litigating This Action.

The Court plainly has the power to enter a protective order precluding Plaintiffs from advertising to the world what they learn in discovery.  Plaintiffs do not deny that

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ON LSW'S MOTION FOR PROTECTIVE ORDER
AND TO COMPEL PRODUCTION OF DOCUMENTS, 10-09198 JVS(RNBx)

1  this Court has already done exactly that, in the related (and now concluded) *Krall* class

2  action.[1]  *See Krall v. Life Ins. Co. of the Southwest*, ECF No. 62 at 3, 09-1043 (C.D.

3  Cal.).[2]  In fact, the Court entered that order even ***before*** Plaintiffs threatened to turn

4  discovery in this case into newspaper fodder.  Now that Plaintiffs have made their true

5  intentions known, an order containing the same limitations as *Krall*'s is doubly justified.

6  ### A.    The Court Has the Power To Enter Such an Order.

7  Trial courts have "great flexibility in devising appropriate terms or conditions for

8  discovery in a given case."  Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2038 (3d

9  ed.).  Rule 26, of course, gives them such flexibility, *see generally* Fed. R. Civ. P. 26,

10  but so too do the inherent equitable powers all trial courts possess.  All courts "manage

11  their own affairs so as to achieve the orderly and expeditious disposition of cases," *Link*

12  *v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); all may issue orders to "prevent abuses,

13  oppression, and injustices," *Gumbel v. Pitkin*, 124 U.S. 131, 144 (1888).

14  Plaintiffs' response to the motion for a protective order completely ignores these

15  robust powers.  Plaintiffs' citations (to cases about the Rule 26 "good cause" standard

16  generally) are beside the point.[3]  The question is not what Rule 26 by itself permits in

17  the abstract.  Rather, it is how a court should exercise its (extremely broad) powers in a

18  specific case or controversy in which one party has threatened to do that which the law

19

20  [1]    Oddly, Plaintiffs cite a portion of the Court's standing order on "Recurring Mistakes in Stipulated Protective Orders" that describes the standard for designating documents as confidential—as if that is LSW's problem with Plaintiffs' position.  (Joint Stip. at 16-17.)

21

22  This is misleading; LSW does not take issue with the protective order's definition of confidentiality.  LSW simply requests a protective order with the same terms as *Krall*'s.

23  [2]    *See* Declaration of Jonathan A. Shapiro, Ex. H, filed together with the parties' Joint Stipulation of Points and Authorities on LSW's Motion for Protective Order and to Compel

24  Production of Documents ("Joint Stip."), ECF No. 76, 10-9198 (C.D. Cal.).

25  [3]    *See Humboldt Baykeeper v. Union Pac. R.R. Co.*, 244 F.R.D. 560, 562-63 (N.D. Cal. 2007) (not discussing scope of inherent discovery powers); *Citizens First Nat'l Bank v.*

26  *Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (same); *Oakes v. Halvorsen Marine*

27  *Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) (same).

- 2 -

28

1  proscribes.  *See, e.g.*, *United States v. Meyer*, 398 F.2d 66, 75 (9th Cir. 1968) ("The

2  court has broad power to control the timing and order of discovery, limit its scope, . . .

3  and take other steps which justice requires to protect the party or witness from

4  annoyance, embarrassment, or oppression").  On this point Plaintiffs say nothing.

5         Plaintiffs' only other response is that LSW's proposed order violates the First

6  Amendment.  (Joint Stip. at 21-22.)  That is incorrect.  Indeed, even a case Plaintiffs

7  cite, *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999),

8  collects authority for issuing "blanket protective orders" because "there is no tradition of

9  public access to discovery materials."  In any event, even courts that have held the fruits

10 of pretrial discovery are "presumptively public" have certainly not held that they are "at

11 the core of the First Amendment," as Plaintiffs claim.  (Joint Stip. at 21.)  Presumptions

12 are rebuttable—and Plaintiffs' aggressive suggestions that, *e.g.*, they may use discovery

13 to slam LSW in print thoroughly rebuts any presumption in favor of public access.

14 **B.      Plaintiffs' Behavior Warrants Entry of Such an Order.**

15        Ignoring the sources and scope of the Court's inherent powers, Plaintiffs approach

16 LSW's proposed order under the misplaced rubric of individualized, document-by-

17 document "good cause."  That ignores the "substantial latitude" courts have in entering

18 protective orders, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984).

19        Plaintiffs' own comments suggest that they misunderstand the discovery process

20 or intend to abuse it.  That is the only reasonable reading of Plaintiffs' counsel's e-mail

21 that IULs might be used in a "submission to state legislators" or "to a newspaper that

22 may wish to run a story about IULs."  (*See* Joint Stip. at 15.)  Plaintiffs cite no cases in

23 which parties were allowed to make such threats, much less follow through with them.

24        Plaintiffs' attempts to justify their threats come up short.  Even after reading 12

25 pages of authority for precluding such action (*see* Joint Stip. at 1-12), they still want the

26 option to flood newspapers and legislatures with material they get from LSW in this

27

28

- 3 -

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ON LSW'S MOTION FOR PROTECTIVE ORDER
AND TO COMPEL PRODUCTION OF DOCUMENTS, 10-09198 JVS(RNBx)

1  lawsuit.  Using even non-confidential documents for such purposes would be improper.

2  *See Boughton v. Cotter Corp.*, 65 F.3d 823, 829-30 (10th Cir. 1995) (Rule 26(c) is

3  "designed to prevent discovery from causing annoyance, embarrassment, oppression,

4  undue burden or expense, ***not just to protect confidential communications***") (emphasis

5  added); *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (discovery is "to facilitate

6  orderly preparation for trial, not to educate or titillate the public").

7       In short, Plaintiffs' unjustifiable threats require this Court's action.  Plaintiffs

8  should be precluded from using discovery for goals far removed from those it was

9  intended to fulfill, and be permitted to use discovery solely to litigate this case.

10
11
**II.     The Court Should Order Plaintiffs To Produce Their Federal Tax Returns for the Years 2006 to 2010.**

12       Plaintiffs' tax returns are plainly relevant to this case.  Plaintiffs have alleged that

13  they would face "severe tax consequences" if their policies were to lapse at some point

14  in the future.  (FAC ¶¶ 50, 55, 60.)  Plaintiffs now seem to backpedal, saying they only

15  allege "***potential*** detrimental tax consequences."  (Joint Stip. at 26 (emphasis added).)

16  But that is not true.  *See, e.g.*, FAC ¶ 50 ("Ms. Walker . . . did not understand that policy

17  lapse with a loan outstanding ***would*** expose her to severe tax consequences . . . .").

18       LSW cannot verify or refute the complaint's specific allegations about tax

19  consequences without understanding each Plaintiff's individualized tax situation—

20  which includes not just reported income or capital gains, but also exemptions,

21  deductions, and the like.  Tax returns would furnish all of this information.  Other

22  documents that LSW has sought from Plaintiffs will not.  While Plaintiffs disagree,

23  referring vaguely to LSW's ability to get this information elsewhere, they never actually

24  identify any alternative sources of the information that they are willing to provide.

25       Without a plausible argument that these documents are not relevant, Plaintiffs

26  retreat to one founded on privacy.  But (as Plaintiffs concede), their privacy with respect

27

28
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ON LSW'S MOTION FOR PROTECTIVE ORDER
AND TO COMPEL PRODUCTION OF DOCUMENTS, 10-09198 JVS(RNBx)

1  to tax returns is "qualified," *Barrous v. BP P.L.C.*, 2011 WL 1431826, at \*2 (N.D. Cal.

2  Apr. 14, 2011), and must be "set aside" in various circumstances—including where "the

3  gravamen of the lawsuit is inconsistent with the privilege." *Id.*[4]  If the documents "may

4  verify or contradict" one of Plaintiffs' claims, they should be produced.  This is

5  ***particularly*** true "where, as here, the party resisting production has failed to identify

6  other financial documents or records that it had produced that would supply the relevant

7  information." *Barrous*, 2011 WL 1431826, at \*4.[5]

## CONCLUSION

9      For these reasons, LSW respectfully asks this Court to: (1) order that "all

10  documents and information produced in this action shall be used only for the purpose of

11  litigating this action (and any appeal taken therefrom) and shall not be used for any

12  other purpose whatsoever"; and (2) order Plaintiffs to produce the requested tax returns.

13                Respectfully submitted,

14

15                WILMER CUTLER PICKERING HALE AND
              DORR LLP

16

17                By: */s/ Jonathan A. Shapiro*
              Jonathan A. Shapiro (257199)

18                Andrea J. Robinson (*pro hac vice*)
              Timothy J. Perla (*pro hac vice*)

19

20                Attorneys for Defendant Life Insurance Company
              of the Southwest

21

---

22  [4]     Citing only two cases from other jurisdictions, Plaintiffs suggest that LSW could

23  only overcome their privacy interest by showing a "compelling need for production."
(Joint Stip. at 28.)  The California federal decisions LSW cites contain no such requirement.

24  [5]     A stipulation that Plaintiffs "did not suffer any income tax consequences from the tax

25  defect in their policies" (Joint Stip. at 29) is inadequate.  Plaintiffs still allege a tax defect
specific to their policies.  To determine whether these allegations are inconsistent with

26  Plaintiffs' financial information, LSW must review Plaintiffs' tax returns—or documents

27  that contain exactly the same information.

                    - 5 -

28  SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ON LSW'S MOTION FOR PROTECTIVE ORDER
AND TO COMPEL PRODUCTION OF DOCUMENTS, 10-09198 JVS(RNBx)

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304.  On August 16, 2011 I served the within document(s):

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER AND TO COMPEL PRODUCTION OF DOCUMENTS; JOINT STIPULATION OF POINTS AND AUTHORITY

I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, CA addressed as set forth below.

I personally caused to be emailed the document(s) listed above to the person(s) at the address(es) set forth below.

☒  I electronically filed the document(s) listed above via the CM/ECF system.

Charles N. Freiberg
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111
cfreiberg@kasowitz.com

Harvey R. Levine
LEVINE & MILLER
550 West C. Street, Suite 1810
San Diego, CA 92101-8596
lsmh@levinelaw.com

_/s/ Jonathan A. Shapiro_____
Jonathan A. Shapiro

- 6 -

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ON LSW'S MOTION FOR PROTECTIVE ORDER AND TO COMPEL PRODUCTION OF DOCUMENTS, 10-09198 JVS(RNBx)