KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LEVINE & MILLER
HARVEY R. LEVINE (SBN 61879)
CRAIG A. MILLER (SBN 116030)
LEVINE & MILLER
550 West C Street, Suite 1810
San Diego, CA 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW from Northern District of CA<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Discovery Cutoff: July 4, 2012<br>Pretrial Conference: September 19, 2012<br>Trial Date: September 27, 2012 |

**TABLE OF CONTENTS**

I.   DOCUMENTS CREATED AFTER THE DATE THE COMPLAINT WAS FILED .................................................................................................................. 1

II.  PRODUCTION OF IDENTIFYING INFORMATION ABOUT ABSENT CLASS MEMBERS ................................................................................................ 3

III. DOCUMENTS PERTAINING TO PROJECTIONS OF SURRENDER OR LAPSE ................................................................................................................... 3

IV.  PRODUCTION OF DRAFT DISCLOSURES ............................................................... 3

V.   PATRICK KELLY OR TAX FREE RETIREMENT, INC. ........................................... 4

VI.  OTHER COMPANIES' INDEXED UNIVERSAL LIFE INSURANCE PRODUCTS .................................................................................................................. 5

## I. Documents Created After the Date the Complaint Was Filed

LSW does not dispute that there is no issue of supplementation, and no burden, caused by requiring production of documents created after the date the Complaint was filed and up to the date that LSW completes its initial search and production.

LSW contends that it is not required to produce documents created after the date of the Complaint on the purported grounds that class discovery requires a "prima facie" showing by Plaintiffs. First, Judge Selna has already ruled that Plaintiffs could proceed with class discovery in ordering that class and merits discovery should "proceed simultaneously." *See* Pretrial Scheduling Order, Doc. 64. Second, LSW is incorrect that under the law of this Circuit, Plaintiffs must make a prima facie showing of class certification before obtaining that discovery. The law of this Circuit is that while it is not an abuse of discretion to require a prima facie showing, "there is nothing . . . that suggests that a prima facie showing is mandatory in all cases," and "courts routinely do not require such a showing." *Kaminske v. JP Morgan Chase Bank, N.S.*, 2010 U.S. Dist. LEXIS 14514, at *4 (C.D. Cal. 2010). "The better and more advisable practice" is to allow class discovery before assessing the propriety of class certification. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977); *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975). Third, a prima facie case is established here by Plaintiffs' detailed class action allegations in the Complaint. See the FAC ¶¶ 63-71. Plaintiffs are not required to offer evidence or witness affidavits at this stage of the proceedings. *Compare Soto v. Castlerock Farming and Transport, Inc.*, 2011 U.S. Dist. LEXIS 73652, at *13-14 (E.D. Cal. July 8, 2011) (Complaint "lack[ed] factual assertions to support either the claims or class certification"), *with Artis v. Deere & Co.*, 2011 U.S. Dist. LEXIS 69849, at *6-7 (N.D. Cal. June 29, 2011) (prima face case established by allegations in Complaint). Fourth, post-complaint documents relate to damages and Plaintiffs'

request for injunctive relief to stop continuing illegal conduct. Finally, the Court should disregard LSW's argument because during the parties' Rule 37 conference LSW did not object to the time period in Plaintiffs' requests on the grounds that Plaintiffs must make a prima facie case for class certification before obtaining class discovery. Foster Dec. Ex. N (General Objection No. 3); Local Rule 37-1.

LSW has cited no authority, and there is none, that "sets a hard discovery cutoff date" where the class includes post-complaint purchasers, damages suffered after the Complaint was filed, continuous violations of law after the Complaint was filed, and requests for injunctive relief to stop ongoing unlawful practices. The sole case cited by LSW set a discovery cutoff date long *after* both the date the Complaint was filed and the end of the class period – it provides no support for LSW's contention that the discovery period should be cut off while the class period is ongoing. *Gutter v. E.I. DuPont de Nemours & Co.*, 1998 U.S. Dist. LEXIS 23198, at *4 (S.D. Fl. June 26, 1998) (rejecting defendant's argument that supplementation was not required after the class period ended).

LSW's contention that it should only be required to produce a "sample" of post-complaint documents is further evidence that it seeks to stall legitimate and prompt discovery by not producing responsive documents. LSW has advanced make-weight assertions of undue burden unsupported by any affidavit or evidence, which has forced Plaintiffs to waste months of time meeting and conferring and now moving on these frivolous objections. Since LSW has not yet conducted an initial search for and production of responsive documents, the issue of supplementation is not before the Court, and there is no burden associated with including post-complaint document in the initial search and production.

LSW also exaggerates the burden of any future supplementation and ignores Plaintiffs' offer to meet and confer with LSW regarding an appropriate schedule for supplementation. In any event, since supplementation is not before the Court, there is no issue to decide concerning the extent of LSW's obligation to

1 supplement in the future under Rule 26(e).

## II. Production of Identifying Information About Absent Class Members

LSW is incorrect that Plaintiffs have "no business" obtaining documents that identify the policyholders who are class members in this action. Plaintiffs have cited a litany of cases requiring production as a "general rule" and LSW has failed to cite a single case where a court refused to order production of the type of identifying information requested by Plaintiffs here. Mot. at 18-19. Plaintiffs agree that this identifying information may properly be stamped "Confidential" pursuant to the protective order.

LSW also is incorrect that Plaintiffs are required (or have failed) to make a prima facie showing that class certification is appropriate before obtaining class discovery, both for the reasons discussed in Section I, *supra*, and because LSW never asserted this position during the parties' Rule 37 conference.

## III. Documents Pertaining to Projections of Surrender or Lapse

LSW agrees that the actual numbers of surrenders or lapses are relevant, but for some reason believes that its own projections are just "speculation." LSW can attempt at trial to impeach the probative weight of its own documents, but this is not grounds for its refusal to produce. Irrespective of the actual numbers, LSW's projections are relevant to, among other things, its knowledge that the policies would not perform as represented, or were not likely to be retained long enough to obtain the tax or other benefits for which the policies are touted, its knowledge of the defect related to variability of the S&P500, and Plaintiffs' allegation that such projections are feasible through Monte Carlo or other similar computer simulations. Moreover, the projections of lapse or surrender are valuable in assessing whether existing policies, and particularly those recently sold, will lapse.

## IV. Production of Draft Disclosures

LSW's opposition further attempts to delay discovery by requesting that the Court require Plaintiffs to "first review disclosure documents" (not yet produced),

1 then "confer" with LSW, and then bring another motion to compel the documents
2 that Plaintiffs originally requested in April, solely based on LSW's unsubstantiated
3 assertion that it will be burdensome to conduct "a search and review of LSW's
4 email." Mot. at 40.  But this assertion is not a sufficient showing of undue burden.
5 It is a transparent attempt to run out the clock in the few months remaining before
6 Plaintiffs must file their class certification motion.  The very fact that LSW has yet
7 to produce *any* disclosures, despite having agreed on *May 16* to produce
8 disclosures that were provided to policyholders, is strong proof of LSW's plan to
9 stall discovery.  Such tactics should not be tolerated by this Court.

10       LSW's argument that it made accurate disclosures in the policies does not
11 render irrelevant the narrowly limited categories of draft documents pertaining to
12 costs or risks.  Plaintiffs allege (and LSW does not dispute) that the illustrations do
13 not contain certain key disclosures that are in the policies.  Plaintiffs characterize
14 the discrepancies between the illustrations and the policies as a bait-and-switch
15 scheme.  FAC ¶46.  Moreover, this Court already has ruled that even LSW's
16 disclosures in the policies are not "clear and conspicuous."  *See* Order Granting In
17 Part and Denying In Part Defendant's Motion to Dismiss, at p. 6 (Doc. 59).  Thus,
18 drafts of earlier versions of disclosures in the illustrations or the policies may
19 demonstrate an intention to deceive or may undermine LSW's defense that it made
20 adequate disclosures.  The Court should order production.

21 **V.     Patrick Kelly or Tax Free Retirement, Inc.**
22       LSW knows whether it has a relationship with Kelly and TFR, but has
23 refused either to conduct a search for responsive documents or provide a
24 representation to Plaintiffs and this Court about whether such a relationship exists.
25 Moreover, counsel for LSW is also counsel for TFR and, in its role as counsel for
26 TFR in response to Plaintiffs' subpoena to TFR, has agreed to produce responsive
27 documents regarding TFR's involvement in the SecurePlus Paragon and
28 SecurePlus Provider policies.  Yet instead of conducting a search for responsive

documents held by LSW, LSW has engaged in game-playing by contending that Plaintiffs must first prove that LSW has responsive documents.[1]

There is no authority that requires Plaintiffs to prove that LSW has responsive documents before requesting their production. Nor does LSW dispute that responsive documents, to the extent they exist, would be relevant. They clearly may bear on the design and implementation of LSW's unlawful marketing scheme. They may reveal that Kelly should be deposed, and they may provide documents upon which Kelly ought to be examined. Since counsel for TFR (also LSW's counsel in this case) has acknowledged that TFR was involved in work with the SecurePlus Paragon and SecurePlus Provider policies, the Court should order LSW to produce responsive documents.

## VI.  Other Companies' Indexed Universal Life Insurance Products

Plaintiffs are entitled to discovery of documents regarding indexed universal life insurance products sold by other companies regardless of whether they constitute or are attached to a comparison with LSW's own products. Plaintiffs are entitled to make their own comparisons at trial regarding fees, costs, illustrations, and disclosures made by other companies, and Plaintiffs' discovery cannot be limited to comparisons already made by LSW. Plaintiffs are also entitled to use the policy materials in examining at deposition the LSW employees who used or are the custodians of the materials sought.

August 16, 2011          KASOWITZ BENSON TORRES & FRIEDMAN LLP

By: */s/* Brian P. Brosnahan
    Brian P. Brosnahan
Attorneys for Plaintiffs

---

[1] LSW inaccurately suggests that Plaintiffs misled LSW about whether LSW has a relationship with another third party, Infinite Banking Concepts. Plaintiffs informed LSW that IBC represented that it had no documents responsive to Plaintiffs' subpoena and withdrew their request to LSW pertaining to IBC. Of course, LSW knew at all times whether it had a relationship with IBC, but LSW refused to provide this information to Plaintiffs.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Kasowitz, Benson, Torres & Friedman LLP, 101 California Street, Suite 2300, San Francisco, California 94111. On August 16, 2011, I served the within document(s):

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

I electronically filed the document(s) listed above via the CM/ECF system.

> Jonathan A. Shapiro
> WILMER CUTLER PICKERING HALE AND DORR LLP
> 950 Page Mill Road
> Palo Alto, CA   94304

> */s/* Jo Anne Childress
> Jo Anne Childress