JONATHAN A. SHAPIRO (257199)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:   (650) 858-6101
Fax:   (650) 858-6100
jonathan.shapiro@wilmerhale.com

ANDREA J. ROBINSON (PRO HAC VICE)
TIMOTHY J. PERLA (PRO HAC VICE)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:   (617) 526-6000
Fax:   (617) 526-5000
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com

Attorneys for Defendant Life Insurance
Company of the Southwest

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50,<br><br>　　　　　Defendant. | Case No.: 10-09198 JVS(RNBx)<br><br>**STATEMENT REGARDING COMPLIANCE WITH LOCAL RULE 7.3 ON DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Honorable James V. Selna<br><br>Date:　September 12, 2011<br>Time:　1:30 p.m.<br>Courtroom:　10C |

# STATEMENT REGARDING COMPLIANCE WITH LOCAL RULE 7.3 ON DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

<u>Defendant's Contentions</u>:

Defendant Life Insurance Company of the Southwest ("LSW") met and conferred with Plaintiffs prior to the filing of its Notice of Motion and Motion for Judgment on the Pleadings (the "Motion") pursuant to Local Rule 7.3. Specifically, on July 19, 2011, counsel for LSW informed counsel for Plaintiffs that they expected to file a motion for judgment on the pleadings seeking to dismiss a substantial portion of Plaintiffs' claims. Subsequently, on July 25, 2011, counsel for LSW informed counsel for Plaintiffs about the substantive bases for LSW's anticipated motion prior to filing the Motion. LSW also told Plaintiffs of the date on which LSW intended to file the Motion. Because Plaintiffs never stated that they needed additional time to meet-and-confer regarding the Motion, nor did they provide any substantive reason (let alone a compelling one) why the Motion should not be filed, LSW understood that the parties were at an impasse as to the substance of the Motion, and that the Motion would not be resolved by agreement.

During the period after LSW informed Plaintiffs of the Motion, the parties exchanged several communications regarding the Motion, primarily regarding the hearing. During these communications, no potential resolution of the Motion was identified. Plaintiffs did not (and do not) indicate any willingness to voluntarily dismiss any of their

claims against LSW (the relief sought by LSW's Motion), nor have Plaintiffs complained at any point since the Motion was filed that LSW insufficiently met or conferred.

Plaintiffs' Contentions:

LSW made no attempt to comply with Local Rule 7.3, which requires that, at least ten (10) days before the filing of a motion, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Counsel for LSW did not contact Plaintiffs at least ten (10) days before the July 25 filing of its motion and never discussed the substance of the motion and any potential resolution, let alone discuss it "thoroughly" as required by the rule. The parties' *only* communications regarding the pending motion *prior to the date the motion was filed* concerned the hearing date for the motion. The first time LSW ever mentioned the motion was on July 19, when the parties discussed various discovery disputes and LSW suggested that the discovery disputes should be heard the week of September 12 because it intended to file a motion for judgment on the pleadings to be heard that same week. On July 21, 22, and 25, the parties continued to discuss the hearing date for the motion for judgment on the pleadings. It was not until after Plaintiffs requested information about the substantive content of the motion on July 25, the same day the motion was filed, that LSW provided Plaintiffs with a brief general description of its contents in the context of a discussion of whether Plaintiffs would be

willing to reduce the previously stipulated time period to oppose the motion in order to accommodate a hearing date of August 29.[1]  LSW's failure to meet and confer thoroughly pursuant to Local Rule 7.3 regarding the substance and potential resolution of the motion deprived the parties of an opportunity to narrow the scope of the motion, as Plaintiffs would have pointed out to LSW several allegations and other issues that LSW's motion overlooks, including among other things that, in part, the motion restates arguments from LSW's motion to dismiss that were previously rejected by the Court such that any new motion on those arguments is a motion for reconsideration.

---

[1] Ultimately, LSW filed the motion with a hearing date of September 12, 2011 even though Plaintiffs advised LSW that neither of Plaintiffs' lead counsel could appear on that date. Mr. Brosnahan had (and still has) a trial set to begin September 6, 2011 that is expected to last at least two weeks.  Mr. Freiberg had (and still has) a mediation scheduled in Chicago that would prevent him from appearing on September 12.  Plaintiffs have not yet sought to move the hearing on LSW's motion because there is still a chance of settlement in the case Mr. Brosnahan is scheduled to try.

- 3 -
STATEMENT REGARDING COMPLIANCE WITH LOCAL RULE 7.3 ON DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, 10-09198 JVS(RNBx)

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Jonathan A. Shapiro*
Jonathan A. Shapiro (257199)
Andrea J. Robinson (*pro hac vice*)
Timothy J. Perla (*pro hac vice*)

Attorneys for Defendant Life Insurance Company of the Southwest

KASOWITZ, BENSON, TORRES & FRIEDMAN

By: */s/ Charles N. Freiberg*
Charles N. Freiberg (70890)
Brian P. Brosnahan (112894)
Jacob P. Foster (250785)

Attorneys for Plaintiffs Joyce Walker, Kim Bruce Howlett and Muriel Spooner

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304. On August 18, 2011, I served the within document(s):

STATEMENT REGARDING COMPLIANCE WITH LOCAL RULE 7.3 ON DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, CA addressed as set forth below.

I personally caused to be hand delivered the document(s) listed above to the person(s) at the address(es) set forth below.

[X] I electronically filed the document(s) listed above via the CM/ECF system.

Charles N. Freiberg
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111

Harvey R. Levine
LEVINE & MILLER
550 West C. Street, Suite 1810
San Diego, CA 92101-8596

*/s/ Jonathan A. Shapiro*
Jonathan A. Shapiro

- 5 -
STATEMENT REGARDING COMPLIANCE WITH LOCAL RULE 7.3 ON DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, 10-09198 JVS(RNBx)