UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **CV 10-9198-JVS (RNBx)**                                     Date: **August 18, 2011**

Title:  **Joyce Walker, et al. v. Life Insurance Company of the Southwest**

**DOCKET ENTRY**

PRESENT:

**HON. <u>ROBERT N. BLOCK</u>, UNITED STATES MAGISTRATE JUDGE**

<u>Kerri Hays</u>                                                <u>   n/a    </u>
Deputy Clerk                                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:            ATTORNEYS PRESENT FOR DEFENDANTS:
          None present                                                                None present

**PROCEEDINGS:  (IN CHAMBERS)**

**<u>LSW's Motion for Protective Order and to Compel Production of Documents, filed August 9, 2011</u>**

Having duly considered the parties' respective contentions in the Joint Stipulation, and LSW's contentions in its Supplemental Memorandum, the Court now rules as follows:

<u>LSW's motion to modify the terms of the existing protective order</u>

In the Court's view, the Supreme Court's decision in <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984) is dispositive of (a) plaintiffs' implicit contention that the Court lacks the discretionary authority to prohibit plaintiffs from using all non-public and non-confidential documents and information disclosed by LSW in discovery for any purpose other than litigating this action, and (b) plaintiffs' contention that such a prohibition would impermissibly infringe plaintiffs' First Amendment rights.  <u>See also</u> <u>Phillips ex rel. Estates of Byrd v. General Motors Corp.</u>, 307 F.3d 1206, 1211 (9th Cir. 2002) (recognizing that district courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information," and that " Rule 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:  CV 10-9198-JVS (RNBx)                                             August 18, 2011
   **Joyce Walker, et al. v. Life Insurance Company of the Southwest**                  Page 2

---

Further, the Court finds that the prospective damage to LSW's reputation and business interests if plaintiffs were permitted to abuse the discovery process by disseminating the non-public and non-confidential discovery obtained from LSW in the manner in which plaintiffs' counsel has threatened (see Foster Declaration, Exhibit F at 43) constitutes the requisite good cause for imposing such a prohibition.

LSW's motion to amend the existing protective order to include a provision providing that "all documents and information produced in this action shall be used only for the purpose of litigating this action (and any appeal taken therefrom) and shall not be used for any other purpose" is granted.  However, the amended version of the protective order (which LSW is ordered to lodge within seven (7) days of this ruling) shall also contain the following provision in the same paragraph: "However, nothing in this Protective Order is intended to restrict a party's lawful use of any information or document covered by the Protective Order, if the same information or document is obtained by the party through means independent of the discovery process."

LSW's motion to compel production of plaintiffs' federal tax returns

As a preliminary matter (and for purposes of any future discovery disputes), the Court notes that discovery in this action arguably is governed by California privilege law, not federal common law.  See Martin v. Lafon Nursing Facility of the Holy Family, Inc., 244 F.R.D. 352, 354-56 (E.D. La. 2007) (holding that CAFA is an extension of the district courts' diversity jurisdiction and that privilege claims therefore are governed by state law).  Accordingly, plaintiffs could have objected to the requests seeking the production of their federal tax returns on the ground that, under California law, federal and state tax returns are absolutely privileged from discovery.  See, e.g., Sav-On Drugs, Inc. v. Superior Court, 15 Cal. 3d 1, 6, 123 Cal. Rptr. 283 (1975); Webb v. Standard Oil Co. of Cal., 49 Cal. 2d 509, 513-14, 319 P.2d 621 (1958).  However, by failing to timely interpose this privilege objection, plaintiffs waived it.  See, e.g., Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) (applying the foregoing rule where the responding party was belatedly asserting a Fifth Amendment privilege).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:  CV 10-9198-JVS (RNBx)                                              **August 18, 2011**
   **Joyce Walker, et al. v. Life Insurance Company of the Southwest**          **Page 3**

-----------------------------------------------------------------------------------------------------------------------

As to the relevance objection interposed by plaintiffs, as the Court previously advised the parties in its August 12, 2011 Minute Order regarding plaintiffs' Motion to Compel Production of Documents, in ruling on a discovery dispute, the Court subscribes to the view that the burden of demonstrating relevance rests with the party seeking the discovery.  See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial ¶ 11:615 (2010 rev. ed.).  Here, after reviewing the relevant allegations of the First Amended Complaint cited by LSW (i.e., ¶¶ 50, 55, and 60), the Court finds that LSW has not sustained its burden of demonstrating the relevance of plaintiffs' federal tax returns from 2006 through 2010 to the claims or defenses of the parties.  Put another way, LSW has failed to convince the Court that plaintiffs' individualized tax situations have any bearing on plaintiffs' allegations regarding the undisclosed potential adverse tax consequences if their policies lapsed with their loans outstanding.  Rather, it appears to the Court that LSW is conflating the general issue of being at risk of suffering severe tax consequences with the specific issue of having already suffered such severe tax consequences.  Accordingly, plaintiffs' relevance objection is sustained and LSW's motion to compel production of plaintiffs' federal tax returns is denied.

For purposes of any future discovery disputes, the parties are advised that, even if the Court had not sustained plaintiffs' relevance objection, it still would have denied LSW's motion to compel production of plaintiffs' federal tax returns because the Court refuses to condone what it regards as Mr. Shapiro's reneging on the compromise offer made in his July 19, 2011 meet and confer letter to accept in lieu of the tax returns a stipulation from plaintiffs that "none of the [p]laintiffs suffered any adverse tax consequences as a result of their LSW policies, including but not limited to the consequences identified in the complaint."  Plaintiffs maintain they agreed to enter into a stipulation to that effect during the telephonic conference of counsel held on July 28, 2011 and reiterated that offer in the Joint Stipulation.  (See Joint Stipulation at 29-20).[1]  The reason now postulated by Mr. Shapiro in LSW's Supplemental Memorandum for

---

[1] The Court concurs with plaintiffs that they were under no obligation to agree to the second part of Mr. Shapiro's compromise offer (i.e., that plaintiffs agree to produce all the requested documents in response to LSW's other requests concerning plaintiffs' financial statuses).

MINUTES FORM 11                                                            Initials of Deputy Clerk       klh
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:  CV 10-9198-JVS (RNBx)                                         **August 18, 2011**

**Joyce Walker, et al. v. Life Insurance Company of the Southwest**                        **Page 4**

-------------------------------------------------------------------------------------------------------------------

not being able to agree to such a stipulation (see Supplemental Memorandum at 5 n.5) cannot be reconciled with Mr. Shapiro's earlier compromise offer.


cc:   Judge Selna


MINUTES FORM 11                                                  Initials of Deputy Clerk     klh
CIVIL-GEN