NOTE: CHANGES MADE BY THE COURT

Jonathan A. Shapiro (257199)
Andrea J. Robinson (pro hac vice)
Timothy J. Perla (pro hac vice)
jonathan.shapiro@wilmerhale.com
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel:   (650) 858-6101
Fax:   (650) 858-6100

Attorneys for Defendant Life Insurance Company of the Southwest

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50<br><br>Defendant. | Case No.: CV 10-9198-JVS(RNBx)<br>*Assigned for all purposes to the Honorable James V. Selna*<br><br>**ORDER RE AMENDED PROTECTIVE ORDER** |

IT IS HEREBY ORDERED as follows:

1.  Plaintiffs Joyce Walker, Kim Bruce Howlett, and Muriel Spooner ("Plaintiffs") and Defendant Life Insurance Company of the Southwest ("Defendant" and, together with Plaintiff, the "Parties") (and possibly third parties) may produce materials during the course of discovery that are otherwise protected

from disclosure as confidential.  A Party may designate discovery materials as "Confidential Material" to the extent that the Party, through its counsel, believes in good faith such discovery materials are confidential because they include any of the following:

    a)    trade secrets;

    b)    confidential research, development, or commercial information that, if disclosed to the general public or competitors of any Party, could reasonably and in good faith be expected to result in specific prejudice or harm to that Party;

    c)    individual personal information, such as:

        i.    names other than those of Parties or their employees or agents;

        ii.    addresses;

        iii.    dates directly related to an individual, including birth date and date of death;

        iv.    telephone numbers;

        v.    fax numbers;

        vi.    electronic mail addresses;

        vii.    social security numbers; and

        viii.    medical records.

- 2 -
AMENDED PROTECTIVE ORDER, SACV 10-9198-JVS (RNBx)

2. With respect to documents or information to be designated as Confidential Material, the producing party or third party (the "Producing Party") will identify or otherwise designate such materials as follows:

    a) For written material, by placing the following legend on each applicable page of the document: "CONFIDENTIAL"; and

    b) For depositions, by designating the material as "CONFIDENTIAL INFORMATION – PROTECTIVE ORDER."

3. All documents and information produced in this action shall be used only for the purpose of litigating this action (and any appeal taken therefrom) and shall not be used for any other purpose whatsoever. However, nothing in this Protective Order is intended to restrict a party's lawful use of any information or document covered by the Protective Order, if the same information or document is obtained by the party through means independent of the discovery process.

4. By producing Confidential Material, the Parties do not waive any objection regarding admissibility, relevancy, or any other evidentiary ground, all of which are specifically reserved.

5. If documents and information subject to a claim of privacy, attorney-client privilege or attorney work-product are inadvertently disclosed to another party, such disclosure shall in no way prejudice or otherwise constitute a waiver of

any claim of privacy, attorney-client privilege or attorney work product to which the Producing Party or other person would be entitled, provided that the Producing Party took reasonable steps to prevent disclosure and promptly took reasonable steps to rectify the error. If a claim of inadvertent disclosure is made pursuant to this paragraph with respect to information then in the custody of another party, such party will promptly return to the claiming party or person that material as to which the claim of inadvertent disclosure has been made. The party returning such material may then move the Court for an order compelling production of the material on the grounds that (i) the Producing Party waived any applicable privilege by failing to take reasonable steps to prevent disclosure or promptly to take reasonable steps to rectify the error; or (ii) the material is not subject to protection under any claim of privacy, attorney-client privilege, or attorney work-product. To the extent that any documents inadvertently disclosed have been designated as Confidential Material, the returning party may also assert a challenge to the designation of the documents as Confidential Material under Paragraph 12 of this Order.

  6.   Confidential Material and any related copies, summaries, extracts, notes or memoranda, shall not be disclosed except to the following persons, each of whom shall be bound by the terms of this Order and subject to the jurisdiction of this Court for purposes of enforcement of this Order:

a) the Court and its officers or personnel;

b) attorneys at the law firms of record in this action only, including such attorneys' legal assistants, paralegals, stenographic and clerical employees working under counsel's direct supervision in this action, as well as outside copying, graphic, computer services and court reporters performing services in connection with this action;

c) independent experts, consultants and their employees specifically retained by the attorneys of record in this action to assist them in the preparation of this action;

d) the individual plaintiffs and the defendant (including its current officers, directors and employees) who are directly assisting counsel with the conduct or resolution of this action;

e) third party witnesses who are being examined by counsel at a deposition or trial;

f) the author(s), recipient(s), addressee(s), and person(s) copied with respect to the particular Confidential Material, and their counsel;

g) court reporters, including stenographers and video technicians transcribing proceedings in the Litigation; and

|   |   |   |
|---|---|---|
| | h) | any mediator agreed upon by the Parties, and such mediator's employees and staff. |

7. Before counsel discloses any Confidential Material or its contents pursuant to Paragraph 5 to any person other than the Court or court personnel, counsel shall provide that person a copy of this Protective Order. Any person to whom Confidential Material or its contents is disclosed pursuant to Paragraphs 5(c) and 5(e)-(f) shall sign a copy of Exhibit A to acknowledge receipt of a copy of this Protective Order. Counsel who makes a disclosure pursuant to Paragraphs 5(c) and 5(e)-(f) shall sign a copy of Exhibit A to acknowledge delivery of a copy of this Protective Order. Counsel who makes a disclosure pursuant to Paragraphs 5(c) and 5(e)-(f) shall retain all executed copies of Exhibit A.

8. Any court reporter who transcribes deposition testimony in this action shall be informed by any party who may seek to designate the deposition testimony as Confidential Material before the beginning of any deposition about this Order and shall be asked to take appropriate steps to preserve confidentiality under the terms of this Order. Portions of deposition transcripts marked "CONFIDENTIAL INFORMATION – PROTECTIVE ORDER" shall be treated as if they were Confidential Material.

9. Every person given access to Confidential Material shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any

portion thereof, except for use in connection with the litigation. Each and every duplicate, extract, summary or description produced pursuant to this provision for use in connection with the litigation shall be treated as Confidential Material subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof.

10. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION – PROTECTIVE ORDER," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

11. If any Party wishes to challenge the classification of a document or testimony as Confidential Material, it shall specify in writing to counsel for the Producing Party the document or testimony it wishes to have declassified. If there is any dispute as to whether a document or testimony may be declassified, such document or testimony shall be treated as Confidential Material until such dispute is resolved. In any dispute as to whether a document or testimony should be declassified, the burden shall be on the Party claiming confidentiality to prove that

there is good cause why the document or information should be classified as Confidential Material and should not be part of the public record in this case and to articulate the specific prejudice or harm that will result if the documents are not protected from disclosure. Any motion challenging a designation of material as Confidential Material must be made in accordance with Local Rules 37-1 and 37-2.

12. If any Party wishes to disclose any Confidential Material to anyone other than those permitted under Paragraph 5 above, prior written notice shall be served on counsel for Producing Party, which notice shall include: the identity of that person, the information to be disclosed, and a written acknowledgement as set forth in Exhibit A, duly executed by that person. The Producing Party shall object to such disclosure in writing within ten (10) calendar days of its receipt of such written notice. If the Producing Party objects to the disclosure, no such disclosure shall be made unless the receiving party obtains leave of Court. If the Producing Party does not object to the disclosure within ten (10) calendar days of receiving written notice, as set forth above, the identified material may be disclosed to the specified party and shall be treated as Confidential Material in accordance with this Order. Failure to object to disclosure of Confidential Material to a specified third party in accordance with this paragraph shall not be deemed a waiver of the provisions of this Order protecting such Confidential Material as to any other party.

AMENDED PROTECTIVE ORDER, SACV 10-9198-JVS (RNBx)

13. Entering into or agreeing to this Order, and/or producing or receiving Confidential Material or otherwise complying with the terms of this Order, shall not: (i) prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order; (ii) prejudice in any way the rights of a Party to petition the Court for a further sealing order relating to any information deemed confidential; (iii) prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Material; (iv) constitute an agreement by any Party that any documents or information designated Confidential Material under this Order are confidential under Fed. R. Civ. P. 26(c)(1) or other applicable law and, therefore, subject to protection from disclosure; or (v) prejudice in any way the rights of any Party to challenge the designation of any documents or information as Confidential Material.

14. If a Party to this Order receives a subpoena or other form of judicial process compelling disclosure of Confidential Material, the Party shall, at least fourteen (14) days prior to the demanded disclosure, provide counsel for the Producing Party written notice by facsimile transmission or hand delivery of the subpoena or other form of judicial process calling for the disclosure of Confidential

Material. If written notice cannot be provided at least fourteen (14) days prior to the time for production or other disclosure, the Party shall, in addition to the written notice described above, give notice to counsel for the Producing Party by telephone. In no event shall production or disclosure be made before reasonable notice is given to counsel for the Producing Party. The purpose of this paragraph is to give the Producing Party an opportunity to object to the production or disclosure of Confidential Information pursuant to compulsory process. However, nothing contained in this Order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

15. Nothing in this Order shall prevent any Producing Party from using or disclosing its own documents or information in any way it chooses. In addition, nothing in this Order shall be construed in any way to control the use of documents or information received at any time outside the course of the discovery process in this litigation by a Party to this Order.

16. Upon final determination of this action, whether by judgment, settlement or otherwise, including all appeals:

    a) counsel of record in this action and any other person who has received Confidential Material shall immediately assemble all such Confidential Material received, along with all copies, extracts, summaries and compilations of that material (except

                material constituting the work-product of any counsel which shall be treated as Confidential Material and kept confidential indefinitely) and shall immediately either (1) return such materials to the Producing Party, or (2) destroy such materials and promptly provide written confirmation of such destruction; and

       b)    counsel of record will continue to protect the confidentiality of information contained in any work-product material retained under subparagraph (a) above.

17.    The execution of this Order shall not preclude any Party from moving the Court for other or further protective orders in the course of this action.

18.    This Order is subject to amendment and modification by further written stipulation among counsel of record in this action and/or by order of this Court. No amendment or modification pursuant to the stipulation of the parties shall have the force or effect of a Court order unless the Court approves the amendment or modification.

//
//
//
//
//

19. To the extent not otherwise provided for herein, no Party shall file any motion for a protective order or any motion to compel without first meeting and conferring pursuant to Local Rules 37-1 and 37-2 with the other Parties regarding such motion.

**IT IS SO ORDERED.**

Dated:  August 26, 2011

_____
Honorable Robert N. Block
United States Magistrate Judge