KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LEVINE & MILLER
HARVEY R. LEVINE (SBN 61879)
CRAIG A. MILLER (SBN 116030)
LEVINE & MILLER
550 West C Street, Suite 1810
San Diego, CA 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv-04852 JSW from Northern District of CA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER**<br><br>Before:   Judge James V. Selna<br><br>Date:      November 14, 2011<br>Time:     1:30 p.m.<br>Courtroom: 10C |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1

II. LEGAL AND FACTUAL BACKGROUND .................................................. 3

    A. Legal Standards. ................................................................................... 3

    B. LSW's Production Schedule. ............................................................... 3

    C. Amended Pretrial Schedule. ................................................................. 4

III. ARGUMENT .................................................................................................. 6

    A. The Pretrial Schedule Is Unworkable In Light of the Current Production Schedule. .......................................................................... 6

    B. Plaintiffs' Diligence Satisfies Good Cause to Modify the Scheduling Order. ................................................................................ 9

    C. LSW's Delays in Producing Documents Also Constitute Good Cause for Modifying the Scheduling Order. ....................................... 12

    D. LSW Will Not Be Prejudiced by a Four-Month Extension. ............... 14

IV. CONCLUSION ............................................................................................. 15

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER
Case No. CV 10-04852 JSW

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Gould v. Motel 6, Inc.*,
   2011 U.S. Dist. LEXIS 25293 (C.D. Cal. Feb. 22, 2011) ........................... 11, 12

*Hibler v. BCI Coca-Cola Bottling Co.*,
   2011 U.S. Dist. LEXIS 103707 (S.D. Cal. Sept. 14, 2011) ............................. 11

*Jackson v. Laureate, Inc.*,
   186 F.R.D. 605 (E.D. Cal. 1999) ........................................................................ 11

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ............................................................ 3, 9, 10, 14

*Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*,
   2009 U.S. Dist. LEXIS 301 (S.D. Cal. Jan. 5, 2009) ......................................... 12

*Wang Hartmann Gibbs & Cauley, PC v. Silver Point Capital, L.P.*,
   2009 U.S. Dist. LEXIS 105769 (C.D. Cal. Oct. 26, 2009) ............................... 11

**RULES**

Local Rule 37 ............................................................................................................. 2

Local Rule 16-14 ...................................................................................................... 3

Fed. R. Civ. Proc. 16 ................................................................................... 3, 11, 12, 14

Fed. R. Civ. Proc. 26 ................................................................................... 1, 10, 11, 14

Fed. R. Civ. Proc. Rule 30(a)(2) ............................................................................... 9

**OTHER AUTHORITIES**

Moore's Fed. Civ. Prac. § 16.14 (MB 2011) ........................................................... 12

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY
THE PRETRIAL SCHEDULING ORDER
Case No. CV 10-04852 JSW

## I. INTRODUCTION

Plaintiffs respectfully request that this Court grant a four-month extension of the upcoming dates in the pretrial scheduling order because good cause exists to extend the January 16, 2012 deadline to file a motion for class certification as a result of the pace of LSW's document production and Plaintiffs' diligence in seeking discovery.

Plaintiffs served their first set of document requests on April 7, 2011, practically as soon as they were permitted under the Federal Rules. Pursuant to Rule 26(d)(1), Plaintiffs were prohibited from serving discovery requests until the parties held their Rule 26(f) conference, which began on March 29 and concluded on April 4, 2011 – 21 days before the scheduling conference (originally scheduled for April 25, 2011[1]) as required by Rule 26(f)(1). Three days after the conference concluded on April 4, Plaintiffs served their document requests on LSW.[2] On May 16, 2011, LSW served its responses, in which it objected to a substantial number of Plaintiffs' requests. Just four days later, on May 20, 2011, Plaintiffs sent LSW the first of six meet and confer letters containing detailed explanations of Plaintiffs' positions and the relevance of the requested documents, and offering to narrow certain document requests so that LSW would promptly begin producing documents.[3] But LSW refused to withdraw numerous objections, and those few documents it agreed to produce were not forthcoming, forcing Plaintiffs to move to

---

[1] At LSW's request, Plaintiffs agreed to stipulate to continue the Rule 26(f) conference by two weeks, to May 9, 2011.

[2] Plaintiffs served a second and third set of document requests on May 20 and May 23, 2011, respectively. These document requests were also the subject of meet and confer correspondence that was exchanged between May 20 and July 22, 2011.

[3] Between May 20 and July 22, the parties exchanged a total of 12 formal meet and confer letters (including 6 from Plaintiffs to LSW and 6 from LSW in response), in addition to numerous emails and telephone conferences. *See* Declaration of Jacob N. Foster ¶2. Copies of the parties' correspondence are attached to the Declaration of Jacob N. Foster in Support of Plaintiffs' Motion to Compel, Document 80.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

compel on many of their requests – which they did on August 9, 2011.[4] At two separate hearings on Plaintiffs' motion to compel – on August 30 and September 14, 2011 – Judge Block resolved the parties' substantive disputes regarding Plaintiffs' document requests and also established a schedule for LSW's production of documents.

Although significant progress was made at the August 30 and September 14, 2011 hearings to resolve the parties' disagreements regarding the scope and timing of discovery, the discovery dispute resolution process consumed a considerable amount of time – in effect, the entire six-month period since Plaintiffs first served their document requests on April 7, 2011. Nevertheless, according to the pretrial scheduling order, Plaintiffs presently must file their class certification papers no later than January 16, 2012.

Although it may have been feasible for Plaintiffs to meet the January 16 deadline had LSW cooperated in promptly producing documents, document production has been minimal in this case to date. Only now, after many months of meet and confer discussions, motions to compel, and, finally, a September 14, 2011 ruling by the Court is LSW beginning to produce the documents Plaintiffs requested in early April – documents that Plaintiffs need to prepare for and schedule depositions, communicate with class members, prepare expert reports, and prepare their class certification motion. Not only that, but the current schedule allows document production through March 31, 2012, over two months *after* Plaintiffs' class motion is due. Because of these delays, and despite Plaintiffs' diligence, the pretrial schedule does not afford Plaintiffs sufficient time to prepare their class certification motion.

---

[4] In accordance with the parties' agreed-upon briefing schedule and Local Rule 37, Plaintiffs submitted their portion of the parties' joint stipulation on Plaintiffs' motion to compel to LSW on August 1, LSW submitted its portion to Plaintiffs on August 8, and Plaintiffs filed the joint stipulation on August 9, 2011. *See* Declaration of Jacob N. Foster ¶4.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER
Case No. CV 10-04852 JSW

2

Plaintiffs have not previously sought an extension of the scheduling order, but instead have made every attempt to comply with its deadlines. A four-month extension is reasonable under the circumstances, will not prejudice LSW, and will not unduly impede the progress of this case. Plaintiffs requested that LSW agree to the requested four-month extension so that Plaintiffs would have adequate time to conduct the discovery needed for their class certification motion, but, without explanation, LSW refused to agree.

## II. LEGAL AND FACTUAL BACKGROUND

### A. Legal Standards.

A scheduling order issued pursuant to Federal Rule of Civil Procedure 16 may be modified for good cause and with the judge's consent. Fed. R. Civ. Proc. 16(b)(4); *see also* L.R. 16-14; Judge Selna's Initial Order Following Filing of Complaint at 3 (extension may be granted where the party requesting the extension provides specific, concrete reasons supporting good cause for granting the extension). A pretrial scheduling order should be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. Proc. 16 advisory committee's notes (1983 amendment)). Thus, whether an extension should be granted primarily depends on the moving party's diligence in complying with the pretrial schedule, with only minimal emphasis, if any, on the alleged prejudice to the opposing party. *Id.* at 609.

### B. LSW's Production Schedule.

At the discovery hearing on September 14, 2011, Judge Block set the following schedule for LSW's production of documents:

- **Hard-copy and non-email electronic documents:** LSW must produce by <u>October 14, 2011</u>.
- **Sample of illustrations and customer complaints:** LSW must produce one third of the sample illustrations and customer complaints

>on <u>September 30</u>, one third on <u>October 14</u>, and one third on <u>November 15, 2011</u>.
>
>- **List of class members:** LSW must produce by <u>November 14, 2011</u>.
>- **Electronic documents by custodian:** LSW must produce electronic documents belonging to at least one of 23 total custodians every Monday, beginning on <u>October 17</u>, 2011, according to the order of priority set by Plaintiffs. LSW must produce documents belonging to at least 10 total custodians by <u>December 17</u>, 2011, and documents belonging to at least 16 total custodians by <u>January 16, 2012</u>. Documents for the remaining 7 custodians must be produced by <u>March 31, 2012</u>.

*See* Declaration of Jacob N. Foster ("Foster Dec."), Exhibit ("Ex.") Q at 31-40, 46-47.

### C. Amended Pretrial Schedule.

The pretrial scheduling order provides that "[t]he parties may seek modification of this Order at any time and for good cause shown." Foster Dec., Ex. S, ¶10; Doc. 64. Plaintiffs seek to extend the upcoming deadlines in the pretrial scheduling order by only four months, which, if granted, will result in modest changes to the dates set forth in the May 17, 2011 pretrial scheduling order. The principal deadlines would be amended as follows:

- **Class Certification:** Plaintiffs' motion for class certification, currently set to be filed on January 16, 2012, would be filed on May 14, 2012. As previously stipulated, the parties will meet and confer to agree on a briefing schedule for that motion and will submit it to the Court for approval. *See* Proposed Amended Pretrial Scheduling Order in Support of Plaintiffs' Motion to Modify the Pretrial Scheduling

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER
Case No. CV 10-04852 JSW

4

Order ("Proposed Order").[5]

- **Discovery Cut-Off:** Fact discovery, currently open through July 4, 2012, would remain open until November 5, 2012. Although the dates for serving written discovery, taking depositions, and serving expert reports would change, they would follow the same schedule previously agreed to by the parties in the pretrial scheduling order. *See* Proposed Order. By way of example, although the respective dates would change, the parties' expert disclosures would follow the same schedule the parties agreed to in discussing the pretrial scheduling order, as follows: The parties would submit their expert disclosures no later than September 10, 2011, any rebuttal expert disclosures no later than October 1, 2012 (three weeks after expert disclosures are submitted), and any reply expert disclosures no later than October 22, 2012 (six weeks after expert disclosures are submitted). *See* Foster Dec, Ex. S; Proposed Order.

- **Trial:** The trial, currently set to begin on September 27, 2012, would begin on January 24, 2013. Although the specific deadlines for pretrial motion practice would change, the proposed amended dates are in accordance with the presumptive timetable set forth in the Court's May 10, 2011 Order for Jury Trial, Document 61, which the parties also followed in devising the May 17 pretrial scheduling order. *See* Proposed Order. For example, although the date itself would change, the last date for hearing motions would still be seven weeks before the trial date – in this case, December 6, 2012, working off of

---

[5] The Proposed Order sets forth the pretrial dates as modified by the proposed four-month extension. It is otherwise identical to the pretrial scheduling order, except that (1) paragraph 1 has been added to reflect the amended trial date, and (2) the timing of the pretrial deadline in paragraph 8 (*compare with* Foster Dec., Ex. S, ¶7) has been modified to minimize conflicts with the Christmas holiday.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER
Case No. CV 10-04852 JSW

5

an amended trial date of January 24, 2013.

## III. ARGUMENT

### A. The Pretrial Schedule Is Unworkable In Light of the Current Production Schedule.

The pretrial schedule issued by the Court in May is no longer workable in light of the current production schedule, which does not provide sufficient time for Plaintiffs to prepare for their class certification motion. Despite Plaintiffs' diligence in serving document requests early and timely engaging in meet and confer discussions, LSW produced next to nothing in the six months after it received Plaintiffs' document requests, and is only now (after being ordered by the Court) beginning to produce the necessary documents Plaintiffs have been requesting for months. Under the discovery schedule established in the September 14 hearing, *not one* of the categories of discovery will even be complete until October 14 at the very earliest, which is only three months before Plaintiffs' class certification motion must be filed.

In actuality, Plaintiffs will have far less than three months to undertake the vast amount of work that is necessary to prepare their class certification motion. To begin with, Plaintiffs will not receive a complete sample of illustrations and customer complaints until November 15, leaving only 62 days (including the Thanksgiving, Christmas, and New Year's holidays) to review and analyze the sample illustrations, engage in depositions, prepare expert reports, and prepare their motion. Likewise, Plaintiffs will have only 63 days after receiving the class member list on November 14 to contact and interview class members, compile information for their motion, and work with their experts. It is impossible to accomplish these critical steps in just two months. *See* Foster Dec., Ex. Q at 11:22-12:1 (Judge Block agreeing with Plaintiffs that two months likely is not a sufficient amount of time to review documents and schedule interviews or depositions). Clearly, a schedule that requires Plaintiffs to undertake *all* of their

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER
Case No. CV 10-04852 JSW

6

1 class discovery and investigation in just two months is unworkable.

2 Equally limiting is the fact that Plaintiffs will not receive all of the necessary
3 documents until March 31, 2012, two and a half months after the class certification
4 motion is now due. Plaintiffs will not even receive all of the class-related
5 documents before the class motion must be filed on January 16, 2012 – well before
6 LSW's production is complete. In light of the current January 16 deadline,
7 Plaintiffs have tried to guess which custodians will have documents most likely to
8 be relevant to class certification issues, and have placed the document production
9 from those custodians earlier in the production schedule, but not knowing the inner
10 workings of LSW, that scheduling was indeed just based on guesswork.

11 In all likelihood, a substantial number of documents relevant to class
12 certification will not be produced in time to be included in Plaintiffs' motion. This
13 is the case even for documents produced before Plaintiffs file their motion on
14 January 16, 2012. Although Plaintiffs will receive documents for 10 out of 23
15 custodians by December 17, 2011 (and another 6 custodians by the class
16 certification filing date), the 30 days that span the Christmas and New Year's
17 holidays plainly do not provide sufficient time to review those documents,
18 schedule depositions, and incorporate any relevant information into expert reports
19 to be included on January 16, 2012 in Plaintiffs' motion for class certification. *See*
20 Foster Dec., Ex. Q at 11:22-12:1 (Judge Block agreeing with Plaintiffs that even
21 "[t]wo months is not necessarily a sufficient amount of time to review, schedule
22 depositions of people who are who knows where, conduct the depositions, make
23 motions to compel").

24 Not only does it fail to leave sufficient time to prepare for the class
25 certification motion filing, but the schedule also provides no room for error and
26 assumes that LSW's productions will be timely, complete, and will require no
27 additional meet and confer or motions to compel. Common sense alone dictates
28 that this is unlikely, even if, contrary to its prior conduct, LSW acts expeditiously

1  and in the utmost good faith in completing its productions from here on out.  If
2  Plaintiffs find that LSW's productions are deficient in any way, the current
3  schedule essentially forces the Plaintiffs to waive those deficiencies and thus
4  forego potentially relevant documents because they cannot hope to resolve the
5  issues in time for their class certification motion.  Foster Dec., Ex. Q at 11:25-12:1.
6  The current schedule also fails to take into account the likelihood that Plaintiffs'
7  initial review of documents may reveal additional issues and witnesses that may be
8  critical to class-related issues.  Nor does the schedule allow for the identification of
9  additional LSW custodians for whom documents must be produced and production
10 of their documents.  Without a reasonable extension, the current schedule lacks any
11 flexibility to manage these problems.
12     Even Judge Block acknowledged the problems presented by the pretrial and
13 discovery schedules when he told Plaintiffs that whatever schedule he adopted
14 would be "without prejudice to Plaintiffs seeking relief from the case management
15 deadline set by the district judge."  Foster Dec., Ex. Q at 29:22-24.  In fact, the
16 schedule is so unworkable that Judge Block found it appropriate to issue unusual
17 scheduling orders in an effort to minimize the negative impact of the schedule on
18 Plaintiffs – in particular, its impact on depositions in light of the presumptive 10-
19 deposition limit.  Judge Block gave LSW two choices:  it could either produce all
20 documents sufficiently in advance of the class certification motion – thereby
21 allowing Plaintiffs to take depositions of each witness *once*, on both class and
22 merits issues – or Judge Block would permit Plaintiffs to take an additional 10
23 depositions *after* LSW's final production on March 31, 2012, including follow-up
24 depositions of witnesses previously deposed on class-related issues.  Foster Dec.,
25 Ex. Q at 19:20-21:9.  Rather than expedite its production, LSW opted to allow its
26 witnesses to be deposed twice, exactly what this Court sought to prevent when it
27 rejected LSW's request to bifurcate class and merits discovery.  Foster Dec.,
28 Ex. Q; Ex. S (class and merits discovery should "proceed simultaneously"); Ex. R

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

at 8:20-24 (Judge Selna stating, "I just don't think it makes a lot of sense to phase class discovery and then have to go back to the same people and cover perhaps not the same ground but additional ground. Why not just go it once.").

Thus, although Judge Block's ruling somewhat alleviates the burden on Plaintiffs with respect to scheduling depositions for class certification, it amounts to a de facto bifurcation of class and merits discovery, and only creates more costs and inefficiencies for both parties to take multiple depositions of the same witness. This problem easily could be avoided by a reasonable extension of the dates set forth in the pretrial scheduling order, which would allow Plaintiffs to depose individuals on both class-related and merits issues after having the opportunity to review all or at least most of LSW's documents.[6]  Thus, a four-month extension is necessary, reasonable under the circumstances, and also will promote efficiency by minimizing the unnecessary duplication of effort involved in taking multiple depositions of the same witnesses.

### B. Plaintiffs' Diligence Satisfies Good Cause to Modify the Scheduling Order.

The existing pretrial schedule is unworkable in spite of Plaintiffs' diligence in seeking discovery and attempting to meet the deadlines set by the Court, which satisfies good cause for modifying the scheduling order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (Good cause exists to modify a pretrial scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension.") (quoting Fed. R. Civ. Proc. 16 advisory committee's notes (1983 amendment)).  Whether an extension should be granted primarily depends on the moving party's diligence in complying with the pretrial

---

[6] If this motion is granted, Plaintiffs will waive the unconditional right granted by Judge Block to take an additional 10 depositions, including depositions of previously deposed witnesses. Any such waiver is without prejudice, however, to Plaintiffs' ordinary right to seek leave under Rule 30(a)(2) to take more than 10 depositions or to depose a witness a second time.

schedule. *Id.* at 609. Plaintiffs have moved expeditiously and diligently to obtain the discovery they need to pursue their case and, specifically, to certify the class.

*First*, Plaintiffs propounded discovery as soon as possible and timely initiated meet and confer discussions with LSW. At the first available opportunity, Plaintiffs served the vast majority of their document requests on LSW – on April 7, mere days after the Rule 26(f) discovery conference concluded. Foster Dec., Ex. A. On May 20, Plaintiffs initiated meet and confer discussions with LSW, only four days after Plaintiffs received LSW's responses and objections. Foster Dec., Ex. B. Over the course of the next two months, Plaintiffs diligently engaged LSW in multiple rounds of meet and confer discussions in an attempt to resolve their discovery disputes without the additional time and expense of motion practice. *See* Foster Dec. ¶2.

*Second*, Plaintiffs quickly moved to compel once it became clear that LSW was unwilling to produce responsive documents. Despite LSW's attempt to delay the hearing on any motion, Plaintiffs proposed an expeditious briefing schedule for the parties' respective motions to compel in a further attempt to avoid any undue delay in resolving the discovery disputes. *See* Foster Dec. ¶3; Ex. C.

*Third*, Plaintiffs made immediate attempts following the August 30, 2011 discovery hearing to meet and confer with LSW regarding a workable production schedule in accordance with Judge Block's instructions at the August 30 hearing. On September 1, Plaintiffs contacted LSW to begin discussing a production schedule that would best accommodate Plaintiffs' needs in preparing the class certification motion. Foster Dec., Ex. D. Despite agreeing to meet and confer on multiple occasions, LSW failed substantively to respond until September 12, just two days before the parties' second hearing before Judge Block and one day before the parties' revised joint stipulation was filed. Foster Dec., Ex. E (LSW delaying meet and confer until September 8); Exs. F, G.

*Finally*, Plaintiffs moved expeditiously to schedule depositions after the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER
Case No. CV 10-04852 JSW

10

September 14 discovery hearing, which finally set a schedule for the production of electronic documents pertaining to individual custodians – documents essential to Plaintiffs' scheduling of and preparation for depositions.  Plaintiffs noticed the depositions of four custodians to take place on October 31, November 7, November 14, and November 21, 2011, even though, pursuant to the discovery schedule (which requires LSW to begin producing custodian-related documents on October 17), Plaintiffs would have only two weeks to review each custodian's documents and prepare for that individual's deposition.  *See* Foster Dec., Exs. M, N, O, P.  Despite knowing that they would be squeezed by leaving so little time to review and analyze documents, Plaintiffs nevertheless have made every attempt to work within the pretrial schedule by scheduling depositions as quickly as possible.[7]

Courts have routinely found good cause and granted extensions where the moving party has demonstrated the kind of diligent efforts Plaintiffs have shown in this case.  *See generally* Fed. R. Civ. Proc. 16 advisory committee's notes (1983 amendment) (a pretrial scheduling order should be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension"); *Gould v. Motel 6, Inc.*, 2011 U.S. Dist. LEXIS 25293, at *13-14 (C.D. Cal. Feb. 22, 2011) (Snyder, J.); *Wang Hartmann Gibbs & Cauley, PC v. Silver Point Capital, L.P.*, 2009 U.S. Dist. LEXIS 105769, at *12-13 (C.D. Cal. Oct. 26, 2009) (Carter, J.) (finding good cause for amending the scheduling order where plaintiff was diligent in investigating his claim).  Moreover, requests for continuances of deadlines should be liberally granted where the moving party has acted diligently, as Plaintiffs have here.  *Hibler v. BCI Coca-Cola Bottling Co.*, 2011 U.S. Dist. LEXIS 103707, at *3 (S.D. Cal. Sept. 14, 2011) (citing *Ahanchian v. Xenon*

---

[7] Plaintiffs have consistently counseled the Court that the current schedule will make it nearly impossible to obtain discovery necessary for class certification (*see* Joint Rule 26(f) Discovery Plan, Doc. 56, at 12-14; Foster Dec., Ex. Q at 29:14-19), which also supports a showing of good cause.  *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY
THE PRETRIAL SCHEDULING ORDER

Case No. CV 10-04852 JSW

11

*Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (in the context of requests for extensions of time, "good cause" is a non-rigorous standard that has been construed broadly)); *see also* Fed. R. Civ. Proc. 16 advisory committee's notes (1983 amendment) (because a scheduling order is entered early in the litigation, a more lenient "good cause" standard is more appropriate than a "manifest injustice" or "substantial hardship" test); Moore's Fed. Civ. Prac. § 16.14 (MB 2011) ("[I]mposing too demanding a standard for changing these orders would be unrealistic and could be counterproductive.").

In particular, courts have found that a party's need for additional time to prepare a class certification motion constitutes good cause for an extension of the scheduling order, including where discovery delays have contributed to the party's inability timely to prepare the motion. *See Gould*, 2011 U.S. Dist. LEXIS 25293, at *13-14 (finding good cause to grant three-month extension of class certification deadline where plaintiffs diligently pursued class discovery and needed additional time for discovery and to contact class members). In light of Plaintiffs' diligence in seeking discovery and preparing for class certification, Plaintiffs' request for a four-month extension should be granted under the good cause standard.

### C. LSW's Delays in Producing Documents Also Constitute Good Cause for Modifying the Scheduling Order.

Although the Rule 16 good cause standard largely focuses on the moving party's diligence, delays in discovery also support good cause to modify a scheduling order. *See, e.g., Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, 2009 U.S. Dist. LEXIS 301, at *8 (S.D. Cal. Jan. 5, 2009) (finding good cause to extend the scheduling order where defendant's delayed document production informed plaintiff of additional cause of action).

In this case, Plaintiffs' diligence has been met at every turn with delays by LSW in producing documents and resolving the parties' discovery disputes. As of September 7, LSW had produced few documents – 4,697 pages – pertaining only

1 to 5 of the 15 categories it agreed to produce *over four months before* in May. *See*
2 Joint Stipulation on Plaintiffs' Motion to Compel, Doc. 79, at 4-5 (LSW
3 identifying 15 categories of documents it agreed to produce in May); Foster Dec.,
4 Exs. G, K. In fact, in those four months, LSW produced only the lowest of low-
5 hanging fruit – namely, the named Plaintiffs' policyholder files, CDs of LSW's
6 illustration software, exemplar illustrations, buyer's guides, and organizational
7 charts – all of which could and should have been produced four months earlier.
8 Foster Dec., Ex. G.
9       In addition, LSW's positions in discovery and scheduling disputes have
10 consistently sought to delay matters as much as possible. For instance, LSW
11 initially refused to meet and confer with Plaintiffs regarding a protocol for
12 electronic discovery, arguing that they had no obligation to do so under the Federal
13 Rules. *See* Foster Dec., Exs. H, I. After LSW finally changed its tune and the
14 parties had reached near-complete agreement on the production protocol, on June
15 8, LSW assured Plaintiffs that resolution of the remaining issues in dispute would
16 not impede or delay production of other documents and agreed to begin producing
17 documents on a rolling basis on June 17. Foster Dec., Ex. I. Notwithstanding that
18 agreement, LSW made only one small production in June – 2,508 pages – which
19 failed to include all of the promised documents. Foster Dec., Ex. J at 6. Because
20 documents were not forthcoming, in August, Plaintiffs were forced to move to
21 compel and ask the Court for a production schedule that LSW would be legally
22 obligated to follow.
23       What is more, despite knowing that the schedule and LSW's production
24 delays make it impossible for Plaintiffs effectively to seek class certification, LSW
25 has twice refused to stipulate to the reasonable extension that Plaintiffs now seek –
26 which is somewhat perplexing considering that LSW, along with Plaintiffs,
27 initially sought a much more extended schedule from this Court at the pretrial
28 scheduling conference. *See* Foster Dec., Ex. Q at 30; Ex. L. This refusal, along

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER
Case No. CV 10-04852 JSW

1  with LSW's pattern of delay, makes clear that LSW is now seeking to take
2  advantage of the abbreviated pretrial schedule that it previously opposed to impede
3  Plaintiffs' review of documents, class member communications, preparation for
4  depositions, preparation of expert reports, and preparation of their class
5  certification motion.  The delays by LSW are yet another justification for
6  extending the deadlines in the pretrial scheduling order to provide Plaintiffs with a
7  reasonable opportunity to pursue class certification.

### D. LSW Will Not Be Prejudiced by a Four-Month Extension.

9  Although the primary focus of the "good cause" inquiry under Rule 16 is on
10 the moving party's diligence and reasons for modifying the schedule, the existence
11 or degree of prejudice to the opposing party *might* supply additional reasons to
12 deny an extension.  *Mammoth Recreations*, 975 F.2d at 609.  However, LSW
13 cannot possibly be prejudiced here – except to the extent that the current schedule
14 prevents Plaintiffs from having a fair opportunity to litigate their class claims.
15 LSW, along with Plaintiffs, initially requested a scheduling order that was far more
16 extended than the pretrial order currently in place.  *See* Exhibit A to Joint Rule
17 26(f) Discovery Plan, Doc. 56-1.  In fact, LSW agreed to Plaintiffs' proposed
18 dates, which set Plaintiffs' motion for class certification to be filed on
19 September 3, 2012 – four months *after* the date Plaintiffs' motion will be due if
20 their request in this motion for a four-month extension is *granted*.  *See* Foster Dec.,
21 Ex. R at 3 (Plaintiffs' counsel informing the Court that LSW would agree to
22 Plaintiffs' proposed dates); Exhibit A to Joint Rule 26(f) Discovery Plan, Doc. 56-
23 1.

24 Even LSW's original proposed dates, which were more compressed than
25 Plaintiffs' recommendations, set a much later trial date than the trial date under the
26 four-month extension Plaintiffs are requesting in this motion.  If Plaintiffs' motion
27 is granted, the trial would be reset for January 2013 – two months *earlier* than
28 LSW's original proposed date of March 18, 2013.  *See* Exhibit A to Joint

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

Rule 26(f) Discovery Plan, Doc. 56-1. LSW cannot possibly argue that it will be prejudiced by a four-month extension when it previously agreed to significantly later dates than the modified deadlines Plaintiffs are requesting.

Nor will this extension have any negative effect on LSW's discovery obligations because the granting of this request will not modify the production schedule ordered by Judge Block. In fact, LSW only stands to *benefit* from the extension because it will not have to incur the added time and expense in producing witnesses for multiple depositions.

## IV. CONCLUSION

Because the pretrial schedule is no longer workable and because Plaintiffs have demonstrated good cause to extend the scheduling order by four months, Plaintiffs respectfully request that the dates in the pretrial scheduling order be extended by four months.

DATED: October 17, 2011  KASOWITZ BENSON TORRES & FRIEDMAN LLP

By: */s/* Charles N. Freiberg
    Charles N. Freiberg

Attorneys For Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Kasowitz, Benson, Torres & Friedman LLP, 101 California Street, Suite 2300, San Francisco, California 94111. On October 17, 2011, I served the within document(s):

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER**

**DECLARATION OF JACOB N. FOSTER IN SUPPORT OF MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER**

**[PROPOSED] AMENDED PRETRIAL SCHEDULING ORDER AND ORDER GRANTING PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER**

I electronically filed the document(s) listed above via the CM/ECF system.

        Jonathan A. Shapiro
        WILMER CUTLER PICKERING HALE AND DORR LLP
        950 Page Mill Road
        Palo Alto, CA   94304

                  */s/* Jo Anne Childress
                  Jo Anne Childress