UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09198-JVS (RNBx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al. | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Adrianna Gonzalez / Karla J. Tunis | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS)   Order Granting in Part and Denying in Part Defendant's Motion for Judgment on the Pleadings  (fld 7-25-11)**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling, hereby GRANTS in part and DENIES in part the Defendant's Motion for Judgment on the Pleadings in accordance with the tentative ruling as follows:**

This putative class action arises out of Plaintiffs' purchase of a life insurance investment policy from Defendant Life Insurance Company of the Southwest ("LSW"). LSW moves for judgment on the pleadings as to the claims asserted in the First Amended Complaint ("FAC") filed by Plaintiffs Joyce Walker, Kim Bruce Howlett, and Muriel Spooner ("Plaintiffs"). (Docket No. 72). Plaintiffs have filed a timely Opposition brief, and LSW has filed a timely Reply brief. (Docket Nos. 94, 106.)

As set forth below, the Court grants in part and denies in part the Motion for Judgment on the Pleadings.

I.   Factual Allegations and Claims Asserted

The Court previously considered LSW's Motion to Dismiss the Complaint, issuing a comprehensive written Order that granted the Motion in part and denied it in part. (Docket No. 59.) The Court granted leave to amend as specified in the Order, and Plaintiffs filed their FAC. (Docket No. 65.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 10-09198-JVS (RNBx)     Date   October 20, 2011

Title    Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al.

     In fall of 2007, each named Plaintiff[1] applied for an equity indexed universal life insurance policy (the "Policy") from LSW. (FAC ¶¶ 48, 53, 58.) The Policy provides a death benefit if the Policyholder dies while the Policy is in force. While the Policyholder is alive, the Policy earns interest ("Accumulated Value"). (FAC ¶ 2.) The Policy is subject to certain monthly costs, deducted from the accumulated value of the Policy each month. (See, e.g., FAC Ex. E at 6, 22.) The Policy is subject to a surrender charge for the first ten years that the Policyholder owns the Policy. (Id. at 9.) Prior to purchasing a Policy, each Plaintiff received a customized Illustration with summary information about values "guaranteed" or not guaranteed to accrue. (See FAC Ex. E)[2] Each Illustration contained the following language in capital letters and bold font:

> THIS IS AN ILLUSTRATION. AN ILLUSTRATION IS NOT INTENDED TO PREDICT ACTUAL PERFORMANCE. INTEREST RATES, DIVIDENDS, OR VALUES THAT ARE SET FORTH IN THE ILLUSTRATION ARE NOT GUARANTEED, EXCEPT FOR THOSE ITEMS CLEARLY LABELED AS GUARANTEED.

(Id. Ex. E at 14.)

     In the original Complaint, Plaintiffs alleged that LSW engaged in "unfair, unlawful, and fraudulent business acts or practices" without "specifically disclos[ing] and identify[ing] the cost of buying and maintaining the policies" and instead

---

[1] This action is contemplated as a class action. Plaintiffs have defined their putative class as persons who purchased "an indexed universal life insurance policy, including but not limited to persons who purchased a SecurePlus Provider [P]olicy or SecurePlus Paragon [P]olicy, from Life Insurance Company of the Southwest on or after September 24, 2006 and who resided in California at the time the [P]olicy was initially issued." (FAC ¶ 64.)

     The Court notes that this case is related to Krall v. Life Ins. Co. of the Southwest et al., Case No. 09-1043, JVS (RNBx), which has been resolved by the parties' agreement.

[2] Because each named Plaintiff's Policy and Illustration is substantially similar, the Court relies upon the Spooner Policy and Illustration (FAC Exs. E and F, respectively) for ease of reference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 10-09198-JVS (RNBx)                           Date  October 20, 2011

Title  Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al.

"conceals these very substantial costs within the projected earnings of these policies." (Compl. ¶ 1.) The Plaintiffs also alleged that as a result of both "misrepresentations and nondisclosures," they were induced to invest in LSW's policies and then were unable to take the money out of their policies "without paying enormous surrender charges." (Id.) They make the same allegations in the FAC, and since the Court last considered the pleading sufficiency of Plaintiffs' claims, Plaintiffs have added allegations further articulating their claims, which the Court summarizes below.

Specifically, Plaintiffs allege that LSW "deceptively embed[s]" certain costs that are not expressly disclosed by factoring them into the assumptions regarding rates of return, which, without access to the software used to create the illustration, are impossible to discern. (FAC ¶¶ 6, 28 & n.1.) LSW effectuates a "bait and switch" by delivering a Policy that does not conform to the Illustrations. (Id.)

Plaintiffs also build on allegations regarding that the rates of return are unlikely to exceed administrative and insurance costs, which leads often to Policy lapse, and allegations that LSW fails to disclose tax obligations likely to accrue upon Policy lapse if the Policyholder borrows against the Policy. (FAC ¶ 7.) Plaintiffs further allege that failure to provide information necessary to assess the risk of Policy lapse, along with the failure to disclose the tax obligations incurred upon Policy lapse, leads to Policyholders who are "shackl[ed]" to their policies and the undisclosed "massive policy charges". (Id.) The policies are marketed as "providing . . . tax-deferred earnings" and also as providing "tax-free earnings" in that Policyholders can take loans against the Policy that can be paid off upon the insured's death with the death benefit feature of the Policy. (FAC ¶ 39.)

Plaintiffs also allege that the Illustrations deceptively portray rates of return that are constant, when rates of return vary by year. (FAC ¶ 9.) Although the Court previously addressed this issue, Plaintiffs have expanded their allegations regarding these rates, including alleging that the guaranteed rate of return of 2.5% is calculated retrospectively at Policy termination, that the guarantee is for an average annual rate of return over the life of the Policy, and Policyholders can lose the benefit of years with higher rates of return (which are themselves subject to a capped rate) if those rates are needed to reach an average of 2.5% for all years the Policy is in force. (FAC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09198-JVS (RNBx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al. | | |

¶¶ 9, 26, 42; see, e.g., FAC ¶ 43.) This is compounded by allegations that guaranteed rate of return is calculated only on full years, without any pro rata credit for partial years, a fact that is not disclosed in the illustration. (FAC ¶ 9.) Plaintiffs allege that the effect of these assumptions is to under-represent the risk of the Policy. (FAC ¶ 37.)

Related to these rates of return, Plaintiffs further allege that low returns increase Policy costs because the costs increase as the Accumulated Value decreases. (FAC ¶ 35.) The costs also increase as the insured age increases. (FAC ¶ 40.)

Against this factual background, as they did in the original Complaint, Plaintiffs bring causes of action for (1) for fraudulent concealment and (2) violation of California's Unfair Competition Law ("UCL"), Business and Professions Code section 17200.

II.  Judgment on the Pleadings

Judgment on the pleadings is appropriate when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 12(c); Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Thus, a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (May 18, 2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-09198-JVS (RNBx) | Date | October 20, 2011 |
| Title | Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al. | | |

allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the Court "accept as true a legal conclusion couched as a factual allegation." Id. at 1949-50 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead each of the elements of a fraud claim with particularity, i.e., a plaintiff "must set forth *more* than the neutral facts necessary to identify the transaction." Cooper v. Pickett, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original). In other words, fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). While statements of the time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. Id.

III.     Fraudulent Concealment

To state a claim for fraudulent concealment, Plaintiffs must allege "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." Kaldenbach v. Mut. of Omaha Life Ins. Co., 178 Cal. App. 4th 830, 850 (2009).

Plaintiffs maintain that there is a duty to disclose in light of several provisions of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 10-09198-JVS (RNBx)                                Date   October 20, 2011

Title   Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al.

the California Insurance Code, Sections 330, 332, and 10509.955. Section 330 defines "concealment": "Neglect to communicate that which a party knows, and ought to communicate, is concealment." Section 332 outlines required disclosures: "Each party to a contract of insurance shall communicate to the other, in good faith, all facts within his knowledge which are or which he believes to be material to the contract and as to which he makes no warranty, and which the other has not the means of ascertaining." Regulating the content of illustrations used to sell life insurance policies, Section 10509 prohibits misleading "use or descri[ption of] nonguaranteed elements in a manner that is misleading or has the capacity or tendency to mislead."

In the Court's previous Order, the Court found that Plaintiffs did not state a claim for fraudulent concealment on the basis of guaranteed values because they failed to allege an injury arising out of the depiction of guaranteed minimum interest rates. The Court also noted that the loss complained of was not alleged to have been the result of his or her purchase; rather, it was alleged to have been incurred because they surrendered their Policies and incurred surrender penalties, not because of representations of the guarantee rates. The allegations set forth in the FAC cure these defects.

First, Plaintiffs allege that, related to the failure to disclose the average rates of return is an annual average rate of return calculated retrospectively, as well as the failure to disclose there is no credit for partial years that the Policy is in force leads to a reduced Policy value. (FAC ¶ 77b.)

Second, Plaintiffs allege that had full disclosure been made, Plaintiffs would have paid less for the policies. (FAC ¶ 77c.) This Court has previously held such allegations sufficient. In re Toyota Motor Corp., 785 F.Supp.2d 883, ___ (C.D. Cal. 2011). This is a type of damage that is related to the purchase of the Policy itself, rather than in the incurring of surrender charges.

Also in the Court's previous Order, the Court rejected, on the rationale set out in the Krall case (see Order Granting Motion to Dismiss Case, Docket No. 29, at 2-3, March 3, 2010) (No. 09-1043), that reliance associated with assuming constant rather than volatile rates of return cannot be justified in light of the warnings about the non-guaranteed nature of the assumed rates of return.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-09198-JVS (RNBx) | Date | October 20, 2011 |
| Title | Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al. | | |

On this last point, however, the Court expressly granted leave to amend to permit Plaintiffs to expand on a theory articulated at oral argument. At the hearing, Plaintiffs' counsel referred to an "internal structure" that, combined with market volatility, can cause a lapse in the Policy, and this is the mechanism for which Plaintiffs seek damages. (Ct. Tr., Feb. 14, 2011, at 13.) The Court finds that the FAC states a claim under this theory.

The FAC goes far beyond simple reliance on expressly non-guaranteed assumed rates. Reliance on non-guaranteed assumed rates would be unjustified. However, with the new allegations, Plaintiffs explain illustrations that effectively disguise risks that are inherent in the policies because of the Policies' features and terms.

Specifically, under the allegations set forth in the FAC, an illustration that fails to account for market volatility necessarily fails to inform the applicant that the guaranteed annual rate of return is a guaranteed average annual return that is determined retrospectively at the time of Policy termination. Also, an illustration that fails to account for market volatility fails to alert the applicant of the potential for the Accumulated Value to diminish significantly in years with a low rate of return, which, in turn, can increase the Policy costs. Presentation of a non-volatile market, along with a retrospective calculation of the guaranteed average annual return, also fails to alert an applicant of the synergistic effect of the diminished Accumulated Value and the increased Policy costs, which can result in Policy lapse notwithstanding a guaranteed rate of return. This lack of disclosures is further exacerbated by the alleged embedding of certain monthly costs within the assumed rates of return in a manner than cannot be ascertained by applicants without access to LSW's software. These allegations go far beyond mere reliance on expressly non-guaranteed rates of return.

Finally, the Court held that Plaintiffs failed to allege injury related to the tax consequences of Policy lapse and dismissed this claim. However, although expressing doubt over whether the adverse tax consequences of Policy lapse could form the basis of a claim, the Court granted leave to replead this claim. The FAC adequately sets forth a claim for fraudulent concealment based on the tax consequences of Policy lapse.

Here, it seems clear that Plaintiffs could not maintain a claim based on a mere

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09198-JVS (RNBx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al. | | |

failure of LSW to educate them on the tax effects of outstanding Policy loans in the event of Policy lapse. See Cal. Ins. Code § 335 (each party to an insurance contract is presumed to know that "which [is] open to his inquiry equally with that of the other"). However, here, Plaintiffs allege more than a mere failure to point out potential tax consequences of the Policies.

Just as Plaintiffs allege more than simple (unjustified) reliance on expressly non-guaranteed rates of return, so too do Plaintiffs allege more than LSW's mere failure to educate them on the nation's complex tax laws. Building on those allegations summarized above, the risk of Policy lapse, together with the representations regarding tax-free earnings through loans against the Policy can result in significant tax costs. Plaintiffs sufficiently allege damages under this theory by alleging they would not have paid the same amount for the Policy had they understood these tax issues, which arise not solely from tax laws, but from the very structure of the Policies themselves, which the illustrations fail to depict.
(See FAC ¶ 77c.)

IV. UCL

Although this claim arises under state law, Plaintiffs' allegations must be pleaded according to the Federal Rules of Civil Procedure. Claims sounding in fraud, such as the UCL, are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. Kearns v. Ford Motor Co., 567 F.3d 1120, 1122 (9th Cir. 2009) (applying Rule 9(b) standard to UCL and CLRA claims); Vess v. Ciba-Geigy Corp., USA, 317 F.3d at 1103-04 (where plaintiff identifies fraudulent course of conduct as basis for claim, pleading must satisfy particularity requirement).

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. An act can be alleged to violate any or all of the three prongs of the UCL — unlawful, unfair, or fraudulent. The issue presented by the present Motion is whether Plaintiffs may assert a claim based Cal. Ins. Code § 10509 based on the unfair prong of the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-09198-JVS (RNBx) | Date | October 20, 2011 |
| Title | Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al. | | |

The Court's previous Order clearly held that claim based on § 10509 could not be maintained under the unlawful prong of the UCL because there is no private right of action under it, but the Order was ambiguous as to whether it could be maintained under the unfair prong. Here, the Court clarifies that a claim based Cal. Ins. Code § 10509 may not be based on either prong.

Importantly, the case upon which the Court relied to find that § 10509 could not form the basis for a UCL claim does not confine itself to the unlawful prong. See Textron Financial Corp. v. National Union Fire Ins. Co. of Pittsburgh, 118 Cal.App.4th 1061, 1070 (2004) ("While insurance companies are subject to California laws generally applicable to other businesses, including laws governing unfair business practices . . . parties cannot plead around Moradi-Shalal's holding by merely relabeling their cause of action as one for unfair competition."). Moreover, the Krall case decision incorporated by the Court in the previous Order, also does not distinguish among the two prongs, instead merely noting that § 10509 "cannot form the basis of an unfair competition clam." (Order Denying Motion to Dismiss and Strike, Docket No. 41, at 7, June 28, 2010 (No. 09-1043).)

V.  Conclusion

As set forth herein, the Court grants in part and denies in part the Motion for Judgment on the Pleadings. The Court grants the Motion to the extent it seeks judgment as to the UCL claim as based on § 10509.955-.956. The remainder of the Motion is denied.

**IT IS SO ORDERED.**

| | 0 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | ag /kjt |