Jonathan A. Shapiro (257199)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  93304
Tel:    (650) 858-6101
Fax:    (650) 858-6100
jonathan.shapiro@wilmerhale.com

Andrea J. Robinson (pro hac vice)
Timothy J. Perla (pro hac vice)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Tel:    (617) 526-6000
Fax:    (617) 526-5000
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com

Attorneys for Defendant Life Insurance
Company of the Southwest

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated, | Case No.: CV 10-9198-JVS(RNBx) |
| Plaintiffs, | **OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER** |
| vs. | Before:   Judge James V. Selna |
| LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50 | Date:          November 14, 2011<br>Time:          1:30 pm<br>Courtroom:  10C |
| Defendant. | |

1

# TABLE OF CONTENTS

2  INTRODUCTION.................................................................................3

3  I.  PLAINTIFFS DO NOT NEED MORE TIME BECAUSE, AS JUDGE
4      BLOCK HAS ALREADY DECIDED, THEY ARE NOT ENTITLED TO
        COMPLETE DISCOVERY PRIOR TO FILING A CLASS
5      CERTIFICATION MOTION ...........................................................4

6  II. PLAINTIFFS DO NOT NEED MORE TIME BECAUSE THE EXISTING
        SCHEDULE PROVIDES PLAINTIFFS WITH AMPLE DISCOVERY
7      WELL BEFORE FILING THEIR CLASS CERTIFICATION MOTION .....8

8  III. LSW HAS RELIED ON THE EXISTING SCHEDULE, AND
9      ALTERING IT WOULD CAUSE PREJUDICE .............................12

10 CONCLUSION.................................................................................14

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

# TABLE OF AUTHORITIES

2

<u>Federal Cases</u>

3

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*,

4

  596 F.3d 1036 (9th Cir. 2010) ...................................................................8

5

*Experexchange, Inc. v. Doculex, Inc.*,

  2009 WL 3837275 (N.D. Cal. Nov. 16, 2009) ........................................7

6

*iRise v. Axure Software Solutions, Inc.*,

7

  2009 WL 3615973 (C.D. Cal. July 30, 2009) .........................................13

8

*Johnson v. Mammoth Recreations, Inc.*,

  975 F.2d 604 (9th Cir. 1992) ...................................................................13

9

*Munoz v. Giumarra Vineyards Corp.*,

10

  2011 WL 3665033 (E.D. Cal. Aug. 19, 2011) ..........................................7

11

*Palmer v. Crotty*,

  2010 WL 4279423 (E.D. Cal. Oct. 22, 2010) ...........................................8

12

*Popoalii v. Correctional Med. Servs.*,

13

  512 F.3d 488 (8th Cir. 2008) ...................................................................13

14

*Rosenblum v. Mule Creek State Prison Med. Staff*,

  2011 WL 475011 (E.D. Cal. Feb. 4, 2011) ...............................................7

15

*Spin Master Ltd. v. Your Store Online*,

16

  2010 WL 4883884 (C.D. Cal. Nov. 22, 2010) ........................................13

17

18

19

20

21

22

23

24

OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER,
10-09198 JVS(RNBx)

**INTRODUCTION**

Plaintiffs' Motion to Modify the Pretrial Scheduling Order ("Motion") is a belated attempt to re-litigate an issue that Magistrate Judge Block resolved against them just one month ago — specifically, whether all outstanding discovery must be completed prior to a motion for class certification.  In August, Plaintiffs moved to compel LSW to complete all outstanding discovery within two weeks.  After two full days of hearings, Judge Block refused:  "***[LSW] do[es] not have to complete their e-production in advance of the class certification motion.  Period.***"  Declaration of Timothy J. Perla ("Perla Decl.") Ex. A at 14 (emphasis added).

While Judge Block denied the relief Plaintiffs sought, he ordered an aggressive schedule balancing the parties' legitimate need for substantial discovery prior to class certification with the very real burdens that Plaintiffs' discovery requests have placed on LSW.  Under Judge Block's order, LSW must:  (i) produce all hard copy documents by mid-November; (ii) produce email for at least one custodian per week from October 17 through February; and (iii) allow Plaintiffs, with reasonable notice, to specify the order of custodians whose emails were being reviewed for production.

If Plaintiffs were dissatisfied, their recourse was to appeal to this Court within 14 days.  Local Rule ("L.R.") 72-2.1.  Plaintiffs, however, did not appeal.  They waited more than a month (until October 17) to file another motion, once again, for an order that would require completion of discovery prior to class certification.  But it is too late.  LSW has

OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER,
10-09198 JVS(RNBx)

already spent hundreds of thousands of dollars in reliance upon the existing schedule. Forty-five attorneys (including thirty-five attorneys contracted just for this project) are reviewing as many as 100,000 documents every week.

With the money spent and the discovery apparatus built, the time for Plaintiffs to move the goal post has passed.  The Court should deny this Motion, and require the Plaintiffs to live within their means — *i.e.*, in accordance with the ultimate and interim discovery deadlines — as defined by this Court and Judge Block.  In the alternative, Plaintiffs should be required to pay the extra costs they have inflicted on LSW because Plaintiffs waited until October to seek this relief.[1]

## I.    PLAINTIFFS DO NOT NEED MORE TIME BECAUSE, AS JUDGE BLOCK HAS ALREADY DECIDED, THEY ARE NOT ENTITLED TO COMPLETE DISCOVERY PRIOR TO FILING A CLASS CERTIFICATION MOTION

Plaintiffs' Motion flows from the incorrect (and rejected) premise that all discovery must be completed "before the class motion must be filed on January 16, 2012." Memorandum in Support of Plaintiffs' Motion to Modify the Pretrial Scheduling Order ("Mem."), Dkt. 110-1, at 7 (Plaintiffs need more time because they "will not receive all of the necessary documents," by which they mean every document they have requested, until "two and a half months after the class certification motion is now due").  This assumption

---

[1] Plaintiffs' Motion includes several *ad hominems* accusing LSW of impeding Plaintiffs' case, or re-hashing months-old matters that have long since been settled.  *See, e.g.*, Mem. at 14 (accusing LSW of "tak[ing] advantage" of the schedule); 13 (discussing a disagreement from *June* over electronic metadata).  Judge Block properly instructed Plaintiffs to "cut out" the very same "perjorative[s]" (Perla Decl. Ex. A at 30), and they are irrelevant here.

finds no support in Plaintiffs' Motion, and directly contradicts this Court's Local Rules, previous orders in this case, and Plaintiffs' own representations to the Court.

*First*, Plaintiffs' presumption that they are entitled to all discovery before class certification sharply contrasts with Local Rule 23-3, which requires a motion for class certification "[w]ithin 90 days after service" of a class action complaint. L.R. 23-3. Thus, the default rule is that class certification motions must be filed before discovery is complete (or, in many cases, ***even begins***).[2] The Motion offers no contrary authority.

*Second*, Plaintiffs' position is inconsistent with the Scheduling Order. On May 17, 2011, this Court ordered that "Plaintiffs will file their motion for class certification on or before January 16, 2012" even though "[f]act discovery will remain open until July 4, 2012." Pretrial Scheduling Order, Dkt. 64, at 2-3. Clearly, this schedule does not contemplate completion of discovery prior to certification proceedings.[3]

Finally, Judge Block ***repeatedly*** rejected Plaintiffs' very same argument when he set the precise production schedule that Plaintiffs now blame for rendering the case schedule "unworkable." Mem. at 6. On August 9, Plaintiffs filed a motion to compel LSW to complete its review and production of over a million emails within just two weeks. *See*

---

[2] While this Court certainly has discretion to extend the period set forth in the Local Rules, the default local rule is nonetheless compelling evidence that Plaintiffs are not presumed to be entitled to all discovery prior to filing a class certification motion.

[3] Judge Block considered, and rejected, Plaintiffs' argument that the current schedule would result in *de facto* bifurcation of merits and class discovery. Perla Decl. Ex. A at 10. Under the Scheduling Order and Judge Block's ruling, Plaintiffs are free to take merits discovery whenever they want. If Plaintiffs must make priorities in the discovery they seek to meet their deadline, this is not "bifurcation," but simple recognition of finite time and resources.

1    Joint Stipulation to Motion to Compel Production of Documents, Dkt. 84, at 54-55.

2    Plaintiffs claimed that production of every scrap of paper in this timeframe was "required

3    because of the very short period provided by Judge Selna for discovery until the class

4    certification motion must be filed" and Plaintiffs' purported need to "obtain responsive

5    documents, conduct a document review, depose witnesses, [and] engage in expert

6    discovery" in all categories before filing their class certification motion.  *Id*. at 54.

7

8         Judge Block rejected Plaintiffs' premise that they were entitled to finish discovery

9    before filing their motion for class certification:

10              "I am not going to require LSW to comply with a schedule that in
                effect has [LSW] – requires them to complete discovery in time
11              for Plaintiff to use it for the class certification motion."  Perla
                Decl. Ex. A at 10.
12
                "For example, on the electronic discovery you're not getting it all
13              by the class certification motion."  *Id*. at 11.

14              "I'm not going to back [the production schedule] up before the
15              class certification motion needs to be filed or even before the
                class certification motion has to be decided."  *Id*. at 12.
16
                "[LSW] do[es] not have to complete their e-production in
17              advance of the class certification motion.  Period."  *Id*. at 14.

18   Plaintiffs claimed to have gotten the message.  *Id*. (Plaintiffs "***do not by any stretch of the***

19   ***imagination think that discovery has to be done before the class certification motion***")

20   (quoting Mr. Foster) (emphasis added).

21

22        Nonetheless, the position Plaintiffs disavowed before Judge Block is exactly what

23   they now press.  Plaintiffs insist that this Court should extend the deadlines set forth in the

24                                        - 6 -

1   Scheduling Order because they need all discovery prior to filing their class certification

2   motion.  *See* Mem. at 9 (explicitly criticizing "Judge Block's ruling" on the production

3   schedule).[4]  Judge Block noted that his ruling was without prejudice to Plaintiffs changing

4   the Scheduling Order if, during discovery, Plaintiffs discovered "a good argument" based

5   on documents that were produced.  Perla Decl. Ex. A at 30.  However, Plaintiffs' Motion

6   makes no such showing; it merely rehashes Plaintiffs' abstract claim that all discovery must

7   precede class certification, untethered to any factual showing of good cause based on any

8   documents they have or have not received.

9

10          Plaintiffs' failure to show a legitimate need for additional time — their failure to

11  show that they need all outstanding discovery completed before the class certification

12  deadline — defeats any suggestion of "good cause" for an amendment.  *See Munoz v.*

13  *Giumarra Vineyards Corp.*, 2011 WL 3665033, at *2 (E.D. Cal. Aug. 19, 2011) (denying

14  motion to extend class certification deadline without "any substantive explanation for the

15  need" for more time); *see also Experexchange, Inc. v. Doculex, Inc.*, 2009 WL 3837275, at

16  *28 (N.D. Cal. Nov. 16, 2009) (good cause test under Rule 16 is "more stringent" than

17  other rules that "liberally" permit amendments).[5]

18

19  _____

20  [4] Plaintiffs also blatantly strip Judge Block's language out of context.  Judge Block **did not
    say** that the production schedule he set after two full-day hearings was insufficient to permit
21  Plaintiffs to prepare their motion.  Mem. at 6.  Judge Block was talking about an entirely
    different two-month period and different tasks the parties need to complete.  *See* Perla Decl.
22  Ex. A at 11-12 (time between end of production schedule and close of all fact discovery).
    [5] *See also, e.g., Rosenblum v. Mule Creek State Prison Med. Staff*, 2011 WL 475011, at *4
23  (E.D. Cal. Feb. 4, 2011) (denying request to modify scheduling order where "it is unclear

24
    OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER,
    10-09198 JVS(RNBx)

Judge Block's ruling independently warrants denying Plaintiffs' Motion. Plaintiffs brought a motion seeking to schedule all document discovery prior to class certification briefing. They lost. Now, they seek to revive the same arguments and achieve a different outcome through this Court. Any party objecting to a magistrate's non-dispositive pretrial ruling must file a motion with the district judge appealing the decision "within fourteen days" of the ruling. L.R. 72-2.1. Plaintiffs did not. Moreover, a magistrate's ruling will not be reversed unless the ruling is "clearly erroneous or contrary to law." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 n. 4 (9th Cir. 2010); Fed. R. Civ. P. 72(a). Plaintiffs' Motion does even not purport to satisfy this standard.

## II.   PLAINTIFFS DO NOT NEED MORE TIME BECAUSE THE EXISTING SCHEDULE PROVIDES PLAINTIFFS WITH AMPLE DISCOVERY WELL BEFORE FILING THEIR CLASS CERTIFICATION MOTION

While rejecting Plaintiffs' suggestion that all discovery must be complete before class certification, Judge Block did order — at Plaintiffs' insistence — an aggressive and expedited production timeline. Perla Decl. Ex. A at 11. Judge Block's order did so to provide Plaintiffs with substantial discovery prior to class certification, while at the same time making crystal clear that *Plaintiffs would* "*have to prioritize*" their discovery requests. *Id*. at 11 (emphasis added). That is, because some discovery "might be important for class

why Plaintiff would need" more time); *Palmer v. Crotty*, 2010 WL 4279423, at *1 (E.D. Cal. Oct. 22, 2010) (party "demonstrated no good cause" absent a "showing" that they needed additional time).

1  certification but is less important than other discovery," Judge Block told the Plaintiffs that

2  they were "not going to get [all the "less important" documents] before the class

3  certification motion.  Simple."  *Id*. at 11.[6]

4

5        The existing production schedule will provide Plaintiffs with an enormous volume of

6  material well before they file their class certification motion.  LSW will complete hard-

7  copy and non-email document discovery by November 14, 2011 — *two full months before*

8  *the motion is due*.  This production will include:  *every* complaint LSW has received from

9  California Paragon or Provider policyholders; a sample of illustrations from *400 selected*

10  *policy files* (using a methodology Plaintiffs proposed); *every* piece of marketing material

11  regarding Paragon or Provider that was approved for use in California; *every* version of

12  LSW's software that generates Paragon or Provider illustrations; and a *vast array* of other

13  materials.[7]

14

15        In addition, as of October 17, LSW had begun producing emails on a weekly basis,

16  with at least one custodian's entire mailbox being produced every week.  LSW will produce

17  emails from four custodians (that Plaintiffs chose) by November 8, ten custodians by

18  _____

19  [6] It changes nothing that Plaintiffs complain that they cannot prioritize without knowing the "inner workings of LSW."  Mem. at 7.  Plaintiffs could have raised this concern with Judge

20  Block when he ordered them to identify priority custodians, but they did not.  In any event, this is no different from the challenge faced by every litigant who relies upon educated

21  "guesswork" in the discovery process.  *Id*.

22  [7] At Plaintiffs' insistence, Judge Block extended the relevant period for discovery through May 2012.  Therefore, LSW will be required make supplemental productions to update its

23  discovery, which further forecloses the possibility that discovery could possibly be complete by Plaintiffs' class certification motion.

24
OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER,
10-09198 JVS(RNBx)

December 17, and 16 custodians by January 16.[8]  Plaintiffs have already noticed four depositions, and LSW has accommodated all chosen deposition dates.

Plaintiffs' Motion makes no factual showing whatsoever why this enormous volume of discovery — all hard copy documents and email from 16 of 23 total custodians — is insufficient for filing their class certification motion.  Nor could they.  In addition to quickly pushing out a massive volume of discovery, LSW has offered (and as a result been ordered) to prioritize discovery in any reasonable manner that Plaintiffs would like.  Thus, if Plaintiffs perceive any particular need for certain documentation, they can address that need by prioritizing custodians accordingly.

In any event, Plaintiffs made no effort to explain to Judge Block, nor any effort to demonstrate in this Motion, why the small percentage of documents that Plaintiffs may not receive until after their class certification motion are necessary for them to file a class certification motion.  For example, five of the 23 email custodians are simply members of the same advertising review board (*i.e.,* likely to appear on the same relevant emails and have attended the same meetings) and two more are relevant, if at all, only because they work in Customer Service and thus signed a single letter apiece to the one of the Plaintiffs. Perla Decl. Ex. B.  Plaintiffs do not, and cannot, argue that they need to complete discovery from these seven people in order to move for class certification, particularly given the many months they have to take depositions.

---

[8] There are 23 custodians total.  Perla Decl. Ex. B.

- 10 -

1   Plaintiffs get no traction by complaining about LSW's purported "delays in

2   producing documents." Mem. at 12. First, the record vitiates that claim. Plaintiffs have

3   more than 82,000 pages of documents, several depositions scheduled, and three months

4   before their motion is due. Perla Decl. at ¶ 2. Second, much of what Plaintiffs

5   mischaracterize as "delay" was spawned by Plaintiffs' repeated service of facially

6   overbroad document requests concerning topics including other insurance products, other

7   insurance companies, and interactions with third parties that Plaintiffs' counsel believed

8   were touting life insurance products, generally. *See, e.g.*, Perla Decl. Ex. C-E; Minutes of

9   Discovery Conference, Dkt. 99, at 7.[9] These overbroad requests required dozens of meet-

10  and-confer letters and teleconferences. *See* Declaration of Jacob N. Foster, Dkt. 111, ¶¶

11  2-3 . It took an order from the Magistrate Judge for Plaintiffs to back off several facially

12  objectionable requests for all documents that "refer or relate" to broad subjects, and to

13  narrow many other requests. Minute Order, Dkt. 87, at 3 (advising Plaintiffs that "a

14  document production request calling for the production of all documents that 'refer or

15  relate' to a subject is inherently overbroad"). LSW cannot be faulted for delay — and

---

[9] Instead of serving limited discovery requests on issues calculated to make a difference in the case and to live within the Court's deadlines, Plaintiffs then wasted time on collateral matters — such as litigating and losing a dispute over the scope of a protective order because they claimed a right to use LSW's documents to lobby the state legislature and provide information about LSW to the press. *See* Minute Order, Dkt. 93, at 2.

OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER,
10-09198 JVS(RNBx)

1  Plaintiffs should not benefit or claim they exercised "diligence" — when much of that

2  delay was caused by LSW's resistance to Plaintiffs' overbroad discovery.[10]

## III.  LSW HAS RELIED ON THE EXISTING SCHEDULE, AND ALTERING IT WOULD CAUSE PREJUDICE

In order to comply with Judge Block's ruling and the tight timelines it imposed,

LSW invested in creating a massive discovery apparatus employing forty-five attorneys to

review as many as 100,000 documents per week and tens of thousands each day.  Perla

Decl. at ¶ 3.[11]  The costs associated with this ramp-up have been enormous, including

contracting thirty-five attorneys solely to review email.  *Id*.  LSW made this expenditure in

reliance upon Judge Block's order and Plaintiffs' stated need for an enormous number of

documents in an accelerated fashion.

*Prior to* the last hearing with Judge Block — where Judge Block established this

aggressive production schedule (at Plaintiffs' insistence) — Plaintiffs approached LSW

about extending the discovery schedule, and LSW proposed that the parties should agree to

a schedule that simultaneously provided both LSW with additional time to conduct its

document production on a more reasonable pace (and at a more reasonable cost) and

Plaintiffs with more time as well.  Perla Decl. at ¶ 4.  Plaintiffs refused, and instead pressed

---

[10] Plaintiffs' suggestion that LSW should have started its production earlier (Mem. at 13) is nonsense when Plaintiffs failed to reach agreement on such important matters as (a) the format of the productions; (b) the custodians whose documents would be searched; or (c) the search terms that would be used.  *See, e.g.*, Perla Decl. Ex. B, Ex. F.

[11] This review will continue over the Thanksgiving, Christmas and New Year's holidays. Plaintiffs' stated concerns for the sanctity of their own holidays (*see* Mem. at 6, 7, and n. 5) apparently did not prevent them from imposing these burdens upon LSW.

forward with their attempt to impose enormous costs on LSW by demanding an expedited discovery period based entirely on the current class certification deadline.

Had Plaintiffs worked with LSW to develop a mutually agreeable solution that might have benefitted both sides, LSW could have avoided its massive expenditures in establishing a discovery machine capable of reviewing and producing as many as 100,000 documents per week.  Granting Plaintiffs a unilateral extension, after Plaintiffs used the current schedule to impose enormous expenses on LSW that cannot be un-spent, would greatly prejudice LSW.  This alone is sufficient reason to deny Plaintiffs' Motion.  *See Spin Master Ltd. v. Your Store Online*, 2010 WL 4883884, at *6 (C.D. Cal. Nov. 22, 2010) (additional discovery expense is sufficient prejudice to deny motion to extend scheduling order); *iRise v. Axure Software Solutions, Inc.*, 2009 WL 3615973, at *4 (C.D. Cal. July 30, 2009) (denying motion to amend scheduling order because of prejudice to non-moving party due to additional costly discovery); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (if party seeking an extension "was not diligent, the inquiry should end," but even if they were diligent, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion").

If the Court is inclined to grant Plaintiffs' extension, it should also require Plaintiffs to pay LSW's costs associated with this massive build-up, so as to avoid rewarding Plaintiffs for their failure to resolve this issue when costs could have been avoided. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 498 (8th Cir. 2008) (district courts

- 13 -

have discretion to require a party seeking an extension "to compensate the opposing parties for any losses" incurred because of the amended scheduling order, including "increases in defense costs and fees").[12]

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied.

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By:  */s/ Jonathan A. Shapiro*
Jonathan A. Shapiro (257199)
Andrea J. Robinson (*pro hac vice*)
Timothy J. Perla (*pro hac vice*)

Attorneys for Defendant Life Insurance Company of the Southwest

---

[12] LSW's efforts and the attendant expenses cannot be undone; Plaintiffs' proposed unilateral liberalization at this stage would work a great prejudice on LSW.  It is too late for the reciprocal liberalization of the Scheduling Order to which LSW was willing to agree under vastly different circumstances.  *See* Mem. at 13-14.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304.  On October 24, 2011, I served the within document(s):

OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER

I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, CA addressed as set forth below.

I personally caused to be hand delivered the document(s) listed above to the person(s) at the address(es) set forth below.

☒ I electronically filed the document(s) listed above via the CM/ECF system.

> Charles N. Freiberg
> KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
> 101 California Street, Suite 2300
> San Francisco, CA 94111
>
> Harvey R. Levine
> LEVINE & MILLER
> 550 West C. Street, Suite 1810
> San Diego, CA 92101-8596
>
> */s/ Jonathan A. Shapiro*
> Jonathan A. Shapiro