# EXHIBIT D

1　JONATHAN A. SHAPIRO (257199)
　　WILMER CUTLER PICKERING HALE AND DORR LLP
2　950 Page Mill Road
　　Palo Alto, CA 94304
3　Tel:　(650) 858-6101
　　Fax:　(650) 858-6100
4　jonathan.shapiro@wilmerhale.com

5　ANDREA J. ROBINSON (PRO HAC VICE)
　　TIMOTHY J. PERLA (PRO HAC VICE)
6　WILMER CUTLER PICKERING HALE AND DORR LLP
　　60 State Street
7　Boston, MA 02109
　　Tel:　(617) 526-6000
8　Fax:　(617) 526-5000
　　andrea.robinson@wilmerhale.com
9　timothy.perla@wilmerhale.com

10

　　Attorneys for Defendant Life Insurance
11　Company of the Southwest

12

　　## UNITED STATES DISTRICT COURT
13
　　## CENTRAL DISTRICT OF CALIFORNIA
14

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | CASE NO.: CV 10-9198 JVS (RNBx) |
| v. | Formerly Case No.: 3:10-cv -04852 JSW from Northern District of California |
| LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, | **LIFE INSURANCE COMPANY OF THE SOUTHWEST'S RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| Defendant. | Judge:　　Hon. James V. Selna |
| | Courtroom: 10C |

Defendant Life Insurance Company of the Southwest ("LSW"), by and through its undersigned counsel, hereby responds and objects to Plaintiffs' Second Request For Production of Documents ("Requests for Production").

## GENERAL OBJECTIONS

Each of LSW's responses is subject to and incorporates the following general objections.  The assertion of the same, similar, or additional objections, or a partial response to any individual Document Request does not waive any of LSW's general objections.

1.     LSW objects to each and every Request for Production to the extent that they call for documents that are neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence.

2.     LSW objects to the time period specified in the Requests for Production, which is overbroad, calls for documents which would be unduly burdensome to collect, and calls for documents which are not relevant to the parties' claims or defenses or reasonably calculated to lead to the discovery of admissible evidence concerning that claim (including but not limited to insofar as it calls for documents generated outside of the relevant statutes of limitations). Unless otherwise expressly stated, LSW defines the "Relevant Period" to be September 24, 2006 through September 24, 2010, and will not produce documents created outside of that period.

3.     LSW objects to each and every Request for Production, to the extent it seeks documents and information that are protected from disclosure by the attorney-client privilege, the attorney work product privilege, or any other privilege or protection.  Any inadvertent disclosure of such information is not intended and should not be construed or deemed to constitute a waiver, either

1   generally or specifically, in whole or in part, with respect to such material or the

2   subject matter thereof.

3          4.     LSW objects to each and every Request for Production to the extent

4   that it exceeds the scope of permissible discovery under, and/or seeks to impose

5   obligations upon LSW that are different from or in addition to those imposed by,

6   the Federal Rules of Civil Procedure or the Local Rules of the United States

7   District Court for the Central District of California.

8          5.     LSW objects to each and every Request for Production to the extent

9   that it purports to impose a burden on LSW to provide information that is publicly

10  available and/or already in the plaintiffs' possession, custody, or control, and is

11  therefore equally available to the plaintiffs.

12         6.     LSW objects to each and every Request for Production to the extent

13  that the discovery sought is duplicative, overly broad, unduly burdensome,

14  oppressive, harassing, ambiguous, vague or requires unreasonable investigation by

15  LSW.

16         7.     LSW objects to each and every Request for Production to the extent

17  that it purports to impose a burden on LSW of ascertaining information and

18  collecting documents that are not within LSW's possession, custody or control.

19  LSW will provide only information or documents that are within its possession,

20  custody, or control.

21         8.     LSW objects to each and every Request for Production to the extent

22  that it seeks the production of documents or the disclosure of information that

23  constitutes or contains confidential information.  LSW will produce only such

24  documents, or disclose such information, subject to a mutually acceptable

25  confidentiality agreement.

26

27

28

9.     LSW objects on grounds of relevance, overbreadth, and undue burden to each and every Request for Production to the extent that it seeks the production of documents or the disclosure of information and is not limited to: (i) the Relevant period, (ii) California, and/or (ii) SecurePlus Provider and SecurePlus Paragon indexed universal life insurance policies sold or marketed by LSW in California. Unless otherwise expressly stated, any production to which LSW agrees shall be limited to SecurePlus Provider and SecurePlus Paragon indexed universal life insurance policies sold or marketed by LSW in California during the Relevant Period.

10.     LSW objects to each and every Request for Production to the extent that it purports to impose a duty on LSW to seek information or documents through something other than a reasonable search of their files where potentially responsive materials or information reasonably would be expected to be found. LSW's representation that it will produce responsive documents means that it will make a diligent, good faith effort to locate responsive documents and that it will produce any non-privileged, responsive documents that are found. It does not mean that any such documents exist, or that any existing documents can be collected through reasonable efforts.

11.     LSW objects to the definitions of YOU, YOUR and LSW in the Requests on the grounds that they are overly broad, unduly burdensome, vague, and include individuals, entities and other organizations that are not relevant to any claim or any defenses thereto. LSW will interpret those terms to mean Life Insurance Company of the Southwest, its employees, and its parent corporation, National Life Insurance Company.

12.     LSW objects to the definition of IUL on the grounds that it is overly broad and unduly burdensome. LSW will interpret the term to mean SecurePlus

1  Provider and SecurePlus Paragon indexed universal life insurance policies sold by

2  LSW in California during the Relevant Period set forth above.

3      13.    LSW objects to the definition of DISCLOSURE on the grounds that it

4  is overly broad and unduly burdensome, and on the grounds that the phrase "refers

5  or relates to the terms or features of IUL" is unexplained and undefined, rendering

6  the term vague and ambiguous.

7      14.    LSW objects to the definition of IDENTITY to the extent that it seeks

8  confidential and personal information about LSW employees and third parties, and

9  is overbroad and unduly burdensome.  LSW will produce responsive documents

10  containing such information only to the extent permitted by law, and in that case

11  only subject to an acceptable confidentiality order and with suitable redactions.

12      15.    None of LSW's responses herein shall constitute a waiver of any and

13  all defenses, protections or rights accorded to it.  In addition, none of these

14  responses, including but not limited to any statement that certain information will

15  be provided or a document will be produced, is an admission relative to the

16  existence of any such information or documents, to the relevance or admissibility

17  of any information or documents, or to the truth or accuracy of any statement or

18  characterization contained in the Request for Production.  LSW retains the right to

19  object, on the grounds of competency, privilege, relevance, materiality, or

20  otherwise, to the use of the information or documents that it produces, in whole or

21  in part, in this or in any other action.

22      16.    LSW objects to any Request that purports to require it to produce

23  multiple, identical copies of the same document.  Unless otherwise indicated, LSW

24  will only produce non-identical copies of any documents it agrees to produce.

25      17.    All of these responses are without prejudice to LSW's using or relying

26  on at trial subsequently discovered documents or information, including any such

27

28

LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)

1   documents or information that are omitted from these responses as a result of good

2   faith oversight, error, or mistake.

3        18.    The responses herein are made solely for the purpose of this action.

4   Each response is subject to all objections as to competency, relevancy, materiality,

5   propriety, and admissibility, and any and all other objections on any grounds which

6   would require the exclusion from evidence of any statement herein if any

7   production of document were asked for, or any statements contained herein were

8   made by, a witness present and testifying in court, all of which objections and

9   grounds are expressly reserved and may be interposed at trial.

10       19.    LSW's investigation is ongoing.  These responses therefore are made

11  on the basis of LSW's investigation to date and upon information currently

12  available to and located by it after reasonable inquiry.  LSW reserves the right to

13  amend, supplement, or modify its responses, as further information becomes

14  available and known and such information is analyzed.

15       20.    Subject to its objections, LSW agrees to produce non-privileged

16  responsive documents as expressly identified below, if any, in accordance with a

17  schedule to be determined by the Court and/or agreement of the parties.  Unless

18  otherwise expressly indicated, LSW will not produce any documents encompassed

19  by the foregoing objections.

20

21

22  **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

23       Subject to and without waiving the foregoing general objections, LSW

24  responds to each Request as follows:

25

26

27

28

LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)

1 **Request for Production No. 49**

2      All DOCUMENTS that refer or relate to Douglas R. Andrew or Paramount

3 Financial Services, Inc.

4 **Response to Request No. 49**

5      LSW objects to this Request on the ground that it is vague, ambiguous, and

6 calls for documents that are neither relevant nor reasonably calculated to lead to

7 the discovery of admissible evidence, including but not limited to insofar as

8 Douglas R. Andrew and Paramount Financial Services have never been appointed

9 by LSW to sell the SecurePlus Provider or SecurePlus Paragon indexed universal

10 life insurance policies issued by LSW in California.

11 **Request for Production No. 50**

12      All DOCUMENTS constituting, evidencing, or referring to communications

13 between YOU and Douglas R, Andrew or Paramount Financial Services, Inc.

14 **Response to Request No. 50**

15      LSW objects to this Request on the ground that it is vague, ambiguous, and

16 calls for documents that are neither relevant nor reasonably calculated to lead to

17 the discovery of admissible evidence, including but not limited to insofar as

18 Douglas R. Andrew and Paramount Financial Services have never been appointed

19 by LSW to sell the SecurePlus Provider or SecurePlus Paragon indexed universal

20 life insurance policies issued by LSW in California.  LSW further objects to this

21 Request on the ground that it is duplicative of Request No. 49.

22 **Request for Production No. 51**

23      All DOCUMENTS that refer or relate to Patrick Kelly or Tax Free

24 Retirement, Inc.

25

26

27

28

LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)

1   **Response to Request No. 51**

2          LSW objects to this Request on the ground that it is vague, ambiguous, and

3   calls for documents that are neither relevant nor reasonably calculated to lead to

4   the discovery of admissible evidence, including but not limited to insofar as Patrick

5   Kelly and Tax Free Retirement, Inc. have never been appointed by LSW to sell the

6   SecurePlus Provider or SecurePlus Paragon indexed universal life insurance

7   policies issued by LSW in California.

8   **Request for Production No. 52**

9          All DOCUMENTS constituting, evidencing, or referring to communications

10  between YOU and Patrick Kelly or Tax Free Retirement, Inc.

11  **Response to Request No. 52**

12         LSW objects to this Request on the ground that it is vague, ambiguous, and

13  calls for documents that are neither relevant nor reasonably calculated to lead to

14  the discovery of admissible evidence, including but not limited to insofar as Patrick

15  Kelly and Tax Free Retirement, Inc. have never been appointed by LSW to sell the

16  SecurePlus Provider or SecurePlus Paragon indexed universal life insurance

17  policies issued by LSW in California.  LSW further objects to this Request on the

18  ground that it is duplicative of Request No. 51.

19  **Request for Production No. 53**

20         All DOCUMENTS that refer or relate to Nelson Nash or Infinite Banking

21  Concepts, LLC.

22  **Response to Request No. 53**

23         LSW objects to this Request on the ground that it is vague, ambiguous, and

24  calls for documents that are neither relevant nor reasonably calculated to lead to

25  the discovery of admissible evidence, including but not limited to insofar as Nelson

26  Nash and Infinite Banking Concepts, LLC have never been appointed by LSW to

27

28
LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)

1    sell the SecurePlus Provider or SecurePlus Paragon indexed universal life

2    insurance policies issued by LSW in California.

3    **Request for Production No. 54**

4         All DOCUMENTS constituting, evidencing, or referring to communications

5    between YOU and Nelson Nash or Infinite Banking Concepts, LLC.

6    **Response to Request No. 54**

7         LSW objects to this Request on the ground that it is vague, ambiguous, and

8    calls for documents that are neither relevant nor reasonably calculated to lead to

9    the discovery of admissible evidence, including but not limited to insofar as Nelson

10    Nash and Infinite Banking Concepts, LLC have never been appointed by LSW to

11    sell the SecurePlus Provider or SecurePlus Paragon indexed universal life

12    insurance policies issued by LSW in California.  LSW further objects to this

13    Request on the ground that it is duplicative of Request No. 53.

14    **Request for Production No. 55**

15         DOCUMENTS sufficient to show premiums paid on the SecurePlus

16    Provider policy and the SecurePlus Paragon policy per month since the beginning

17    of the class period.

18    **Response to Request No. 55**

19         LSW objects to this Request on the ground that it is unduly burdensome and

20    calls for documents that are neither relevant nor reasonably calculated to lead to

21    the discovery of admissible evidence.

22         Subject to and without waiving the foregoing general and specific

23    objections, LSW will include in the data that it will produce in its Response to

24    Request Numbers 26 through 30 and 37 through 39, subject to all limitations

25    identified therein, a column indicating the gross premium paid.

26

27

28

1  **Request for Production No. 56**

2       DOCUMENTS sufficient to show surrender charges paid on the SecurePlus

3  Provider policy and the SecurePlus Paragon policy per month since the beginning

4  of the class period.

5  **Response to Request No. 56**

6       LSW objects to this Request on the ground that it is unduly burdensome and

7  calls for documents that are neither relevant nor reasonably calculated to lead to

8  the discovery of admissible evidence.

9       Subject to and without waiving the foregoing general and specific

10  objections, LSW will include in the data that it will produce in its Response to

11  Request Numbers 26 through 30 and 37 through 39, subject to all limitations

12  identified therein, a column indicating the surrender charges paid.

13  **Request for Production No. 57**

14       All DOCUMENTS that refer or relate to fees or costs charged for indexed

15  universal life insurance policies sold or marketed by insurance companies other

16  than LSW.

17  **Response to Request No. 57**

18       LSW objects to this Request on the ground that it is overly broad, unduly

19  burdensome and that it calls for documents that are neither relevant nor reasonably

20  calculated to lead to the discovery of admissible evidence, including insofar as the

21  Request is not limited to the SecurePlus Provider and SecurePlus Paragon indexed

22  universal life insurance policies issued by LSW in California during the Relevant

23  Period.  LSW further objects to this Request as vague insofar as the terms "fees,"

24  "costs," and "marketed" are undefined.  LSW further objects to this Request on the

25  ground that it calls for the production of documents in the possession, custody, or

26  control of third parties.

27

28

LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)

1  **Request for Production No. 58**

2      All DOCUMENTS that refer or relate to illustrations for indexed universal

3  life insurance policies sold or marketed by insurance companies other than LSW.

4  **Response to Request No. 58**

5      LSW objects to this Request on the ground that it is overly broad, unduly

6  burdensome and that it calls for documents that are neither relevant nor reasonably

7  calculated to lead to the discovery of admissible evidence, including insofar as the

8  Request is not limited to the SecurePlus Provider and SecurePlus Paragon indexed

9  universal life insurance policies issued by LSW in California during the Relevant

10  Period.  LSW further objects to this Request as vague insofar as the term

11  "marketed" is undefined.  LSW further objects to this Request on the ground that it

12  calls for the production of documents in the possession, custody, or control of third

13  parties.

14  **Request for Production No. 59**

15      All DOCUMENTS that refer or relate to disclosures made to prospective

16  policyholders of indexed universal life insurance policies sold or marketed by

17  insurance companies other than LSW.

18  **Response to Request No. 59**

19      LSW objects to this Request on the ground that it is overly broad, unduly

20  burdensome and that it calls for documents that are neither relevant nor reasonably

21  calculated to lead to the discovery of admissible evidence, including insofar as the

22  Request is not limited to the SecurePlus Provider and SecurePlus Paragon indexed

23  universal life insurance policies issued by LSW in California during the Relevant

24  Period.  LSW further objects to this Request as vague insofar as the terms

25  "disclosures," "prospective policyholders," and "marketed" are undefined.  LSW

26

27

28
LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)

1   further objects to this Request on the ground that it calls for the production of

2   documents in the possession, custody, or control of third parties.

3   **Request for Production No. 60**

4        All DOCUMENTS that refer or relate to disclosures made to policyholders

5   of variable life insurance policies sold or marketed by LSW.

6   **Response to Request No. 60**

7        LSW objects to this Request on the ground that it is overly broad, unduly

8   burdensome and that it calls for documents that are neither relevant nor reasonably

9   calculated to lead to the discovery of admissible evidence, including insofar as the

10  Request is not limited to the SecurePlus Provider and SecurePlus Paragon indexed

11  universal life insurance policies issued by LSW in California during the Relevant

12  Period.  LSW further objects to this Request as vague insofar as the terms

13  "disclosures" and "marketed" are undefined.

14  **Request for Production No. 61**

15       All DOCUMENTS that refer or relate to disclosures made to policyholders

16  of variable life insurance policies sold or marketed by insurance companies other

17  than LSW.

18  **Response to Request No. 61**

19       LSW objects to this Request on the ground that it is overly broad, unduly

20  burdensome and that it calls for documents that are neither relevant nor reasonably

21  calculated to lead to the discovery of admissible evidence, including insofar as the

22  Request is not limited to the SecurePlus Provider and SecurePlus Paragon indexed

23  universal life insurance policies issued by LSW in California during the Relevant

24  Period.  LSW further objects to this Request as vague insofar as the terms

25  "disclosures" and "marketed" are undefined.  LSW further objects to this Request

26

27

28

LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)

on the ground that it calls for the production of documents in the possession,

custody, or control of third parties.

DATED:  June 20, 2011          WILMER CUTLER PICKERING HALE AND
                               DORR LLP


                               By: _____
                                   Jonathan A. Shapiro
                                   Andrea J. Robinson
                                   Timothy J. Perla

                               Attorneys For Defendant
                               Life Insurance Company of the Southwest

LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)

1

## CERTIFICATE OF SERVICE

2      I HEREBY CERTIFY that on this 20th day of June, 2011, a copy of the
foregoing was sent via the means set forth below, to the following persons:

3

4      Charles N. Freiberg (*by email and first-class mail*)
       Brian P. Brosnahan (*by email and first-class mail*)
5      Jacob N. Foster (*by email and first-class mail*)
       KASOWITZ, BENSON, TORRES & FREIDMAN LLP
6      101 California Street, Suite 2300
       San Francisco, CA 94111
7      cfreiberg@kasowitz.com
       bbrosnahan@kasowitz.com
8      jfoster@kasowitz.com

9      Harvey R. Levine (*by first-class mail*)
       Craig A. Miller (*by first-class mail*)
10     Levine & Miller
       550 West C Street, Suite 1810
11     San Diego, CA 92101

12

13

       _____
14     Timothy J. Perla

15

16

17

18

19

20

21

22

23

24

25

26

27

28
LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)