# EXHIBIT E

1  JONATHAN A. SHAPIRO (257199)
   WILMER CUTLER PICKERING HALE AND DORR LLP
2  950 Page Mill Road
   Palo Alto, CA 94304
3  Tel:   (650) 858-6101
   Fax:   (650) 858-6100
4  jonathan.shapiro@wilmerhale.com

5  ANDREA J. ROBINSON (PRO HAC VICE)
   TIMOTHY J. PERLA (PRO HAC VICE)
6  WILMER CUTLER PICKERING HALE AND DORR LLP
   60 State Street
7  Boston, MA 02109
   Tel:   (617) 526-6000
8  Fax:   (617) 526-5000
   andrea.robinson@wilmerhale.com
9  timothy.perla@wilmerhale.com

10
   Attorneys for Defendant Life Insurance
11 Company of the Southwest

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14

15 JOYCE WALKER, KIM BRUCE
   HOWLETT, and MURIEL SPOONER, on
16 behalf of themselves and all others          CASE NO.: CV 10-9198 JVS (RNBx)
   similarly situated,
17                                              **LIFE INSURANCE COMPANY OF
                                                THE SOUTHWEST'S RESPONSES
18                      Plaintiffs,             TO PLAINTIFFS' THIRD SET OF
                                                REQUESTS FOR PRODUCTION OF
19        v.                                    DOCUMENTS**

20 LIFE INSURANCE COMPANY OF THE                Judge:      Hon. James V. Selna
   SOUTHWEST, a Texas corporation,             Courtroom:  10C
21                      Defendant.

22

23

24

25

26

27

28
   ―――――――――――――――――――――――――――――――――
   LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS
   FOR PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)

Defendant Life Insurance Company of the Southwest ("LSW"), by and through its undersigned counsel, hereby responds and objects to Plaintiffs' Third Request For Production of Documents ("Requests for Production").

## GENERAL OBJECTIONS

Each of LSW's responses is subject to and incorporates the following general objections.  The assertion of the same, similar, or additional objections, or a partial response to any individual Document Request does not waive any of LSW's general objections.

1.      LSW objects to each and every Request for Production to the extent that they call for documents that are neither relevant to the claims and defenses in this case nor reasonably calculated to lead to the discovery of admissible evidence.

2.      LSW objects to the time period specified in the Requests for Production, which is overbroad, calls for documents which would be unduly burdensome to collect, and calls for documents which are not relevant to the parties' claims or defenses or reasonably calculated to lead to the discovery of admissible evidence concerning that claim (including but not limited to insofar as it calls for documents generated outside of the relevant statutes of limitations).  Unless otherwise expressly stated, LSW defines the "Relevant Period" to be September 24, 2006 through September 24, 2010, and will not produce documents created outside of that period.

3.      LSW objects to each and every Request for Production, to the extent it seeks documents and information that are protected from disclosure by the attorney-client privilege, the attorney work product privilege, or any other privilege or protection.  Any inadvertent disclosure of such information is not intended and should

not be construed or deemed to constitute a waiver, either generally or specifically, in whole or in part, with respect to such material or the subject matter thereof.

4.      LSW objects to each and every Request for Production to the extent that it exceeds the scope of permissible discovery under, and/or seeks to impose obligations upon LSW that are different from or in addition to those imposed by, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

5.      LSW objects to each and every Request for Production to the extent that it purports to impose a burden on LSW to provide information that is publicly available and/or already in the plaintiffs' possession, custody, or control, and is therefore equally available to the plaintiffs.

6.      LSW objects to each and every Request for Production to the extent that the discovery sought is duplicative, overly broad, unduly burdensome, oppressive, harassing, ambiguous, vague or requires unreasonable investigation by LSW.

7.      LSW objects to each and every Request for Production to the extent that it purports to impose a burden on LSW of ascertaining information and collecting documents that are not within LSW's possession, custody or control.  LSW will provide only information or documents that are within its possession, custody, or control.

8.      LSW objects to each and every Request for Production to the extent that it seeks the production of documents or the disclosure of information that constitutes or contains confidential information.  LSW will produce only such documents, or disclose such information, subject to a mutually acceptable confidentiality agreement.

9.      LSW objects on grounds of relevance, overbreadth, and undue burden to each and every Request for Production to the extent that it seeks the production of documents or the disclosure of information and is not limited to: (i) the Relevant period,

1  (ii) California, and/or (ii) SecurePlus Provider and SecurePlus Paragon indexed

2  universal life insurance policies sold or marketed by LSW in California.  Unless

3  otherwise expressly stated, any production to which LSW agrees shall be limited to

4  SecurePlus Provider and SecurePlus Paragon indexed universal life insurance policies

5  sold or marketed by LSW in California during the Relevant Period.

6       10.    LSW objects to each and every Request for Production to the extent that it

7  purports to impose a duty on LSW to seek information or documents through something

8  other than a reasonable search of their files where potentially responsive materials or

9  information reasonably would be expected to be found.  LSW's representation that it

10  will produce responsive documents means that it will make a diligent, good faith effort

11  to locate responsive documents and that it will produce any non-privileged, responsive

12  documents that are found.  It does not mean that any such documents exist, or that any

13  existing documents can be collected through reasonable efforts.

14       11.    LSW objects to the definitions of YOU, YOUR and LSW in the Requests

15  on the grounds that they are overly broad, unduly burdensome, vague, and include

16  individuals, entities and other organizations that are not relevant to any claim or any

17  defenses thereto.  LSW will interpret those terms to mean Life Insurance Company of

18  the Southwest, its employees, and its parent corporation, National Life Insurance

19  Company.

20       12.    LSW objects to the definition of IUL on the grounds that it is overly broad

21  and unduly burdensome.  LSW will interpret the term to mean SecurePlus Provider and

22  SecurePlus Paragon indexed universal life insurance policies sold by LSW in California

23  during the Relevant Period set forth above.

24       13.    LSW objects to the definition of DISCLOSURE on the grounds that it is

25  overly broad and unduly burdensome, and on the grounds that the phrase "refers or

26

- 4 -

27  LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)

28

relates to the terms or features of IUL" is unexplained and undefined, rendering the term vague and ambiguous.

14.     LSW objects to the definition of IDENTITY to the extent that it seeks confidential and personal information about LSW employees and third parties, and is overbroad and unduly burdensome. LSW will produce responsive documents containing such information only to the extent permitted by law, and in that case only subject to an acceptable confidentiality order and with suitable redactions.

15.     None of LSW's responses herein shall constitute a waiver of any and all defenses, protections or rights accorded to it. In addition, none of these responses, including but not limited to any statement that certain information will be provided or a document will be produced, is an admission relative to the existence of any such information or documents, to the relevance or admissibility of any information or documents, or to the truth or accuracy of any statement or characterization contained in the Request for Production. LSW retains the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of the information or documents that it produces, in whole or in part, in this or in any other action.

16.     LSW objects to any Request that purports to require it to produce multiple, identical copies of the same document. Unless otherwise indicated, LSW will only produce non-identical copies of any documents it agrees to produce.

17.     All of these responses are without prejudice to LSW's using or relying on at trial subsequently discovered documents or information, including any such documents or information that are omitted from these responses as a result of good faith oversight, error, or mistake.

- 5 -

18.    The responses herein are made solely for the purpose of this action.  Each response is subject to all objections as to competency, relevancy, materiality, propriety, and admissibility, and any and all other objections on any grounds which would require the exclusion from evidence of any statement herein if any production of document were asked for, or any statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at trial.

19.    LSW's investigation is ongoing.  These responses therefore are made on the basis of LSW's investigation to date and upon information currently available to and located by it after reasonable inquiry.  LSW reserves the right to amend, supplement, or modify its responses, as further information becomes available and known and such information is analyzed.

20.    Subject to its objections, LSW agrees to produce non-privileged responsive documents as expressly identified below, if any, in accordance with a schedule to be determined by the Court and/or agreement of the parties.  Unless otherwise expressly indicated, LSW will not produce any documents encompassed by the foregoing objections.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Subject to and without waiving the foregoing general objections, LSW responds to each Request as follows:

### Request for Production No. 62

DOCUMENTS sufficient to show the date, amount, and reason for all changes in the accumulated value of PLAINTIFFS' POLICIES.

**Response to Request No. 62**

LSW objects to this Request on the ground that it is vague, ambiguous, unduly burdensome, and calls for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. LSW further objects to this Request as vague insofar as the terms "reason" and "changes" are undefined. LSW further objects to this Request on the ground that it calls for documents already in the plaintiffs' custody, possession, or control, including but not limited to their Policies.

Subject to and without waiving the foregoing general and specific objections, LSW will produce the documents it agreed to produce in response to Request Number 4.

**Request for Production No. 63**

Software that YOU used to determine or calculate changes in the accumulated value of PLAINTIFFS' POLICIES or IUL policies.

**Response to Request No. 63**

LSW objects to this Request on the ground that it is vague, ambiguous, overbroad, and calls for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including insofar as the Request is not limited to the SecurePlus Provider and SecurePlus Paragon indexed universal life insurance policies issued by LSW in California during the Relevant Period. LSW further objects to this Request as vague insofar as the terms "determine" and "changes" are undefined. LSW further objects that this Request seeks production of LSW's highly confidential trade secrets.

**Request for Production No. 64**

DOCUMENTS sufficient to show how YOU calculated changes in the accumulated value of PLAINTIFFS' POLICIES.

LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)

**Response to Request No. 64**

LSW objects to this Request on the ground that it is vague, ambiguous, unduly burdensome, and calls for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  LSW further objects to this Request as vague insofar as the phrase "calculated changes" is vague and ambiguous.  LSW further objects to this Request on the ground that it calls for documents already in the plaintiffs' custody, possession or control, including but not limited to their Policies.

**Request for Production No. 65**

DOCUMENTS sufficient to show the date, amount, and reason for all deductions from the accumulated value or account of PLAINTIFFS' POLICIES, including but not limited to deductions for cost of insurance, premium expense charges, monthly expense charges, policy fees, administrative charges or fees, monthly percent of accumulated value charges, and surrender charges.

**Response to Request No. 65**

LSW objects to this Request on the ground that it is vague, ambiguous, unduly burdensome, and calls for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  LSW further objects to this Request as vague insofar as the terms "reason," "deduction," and "account" are undefined.  LSW further objects to this Request on the ground that it calls for documents already in the plaintiffs' custody, possession or control, including but not limited to their Policies.  LSW further objects to this Request on the ground that it is duplicative of Request No. 62.

Subject to and without waiving the foregoing general and specific objections, LSW will produce responsive, non-privileged documents it agreed to produce in response to Request Number 62.

**Request for Production No. 66**

Software that YOU used to determine or calculate deductions from the accumulated value or account of PLAINTIFFS' POLICIES or IUL policies, including but not limited to deductions for cost of insurance, premium expense charges, monthly expense charges, policy fees, administrative charges or fees, monthly percent of accumulated value charges, and surrender charges.

**Response to Request No. 66**

LSW objects to this Request on the ground that it is vague, ambiguous, overbroad, and calls for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including insofar as the Request is not limited to the SecurePlus Provider and SecurePlus Paragon indexed universal life insurance policies issued by LSW in California during the Relevant Period.  LSW further objects that this Request seeks production of LSW's highly confidential trade secrets.

**Request for Production No. 67**

DOCUMENTS sufficient to show how YOU calculated deductions taken from the accumulated value or account of PLAINTIFFS' POLICIES, including but not limited to deductions for cost of insurance, premium expense charges, monthly expense charges, policy fees, administrative charges or fees, monthly percent of accumulated value charges, and surrender charges.

**Response to Request No. 67**

LSW objects to this Request on the ground that it is vague, ambiguous, unduly burdensome, and calls for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  LSW further objects to this Request on the ground that it calls for documents already in the plaintiffs' custody, possession, or

1  control, including but not limited to their Policies.  LSW further objects to this Request

2  on the ground that it is duplicative of Request Nos. 62 and 66.

3         Subject to and without waiving the foregoing general and specific objections,

4  LSW will produce responsive, non-privileged documents it agreed to produce in

5  response to Request Numbers 62 and 66.

6  **Request for Production No. 68**

7         DOCUMENTS sufficient to show the date, amount, and reason for all interest or

8  other benefits credited to the accumulated value or account of PLAINTIFFS'

9  POLICIES.

10  **Response to Request No. 68**

11        LSW objects to this Request on the ground that it is vague, ambiguous, unduly

12  burdensome, and calls for documents that are neither relevant nor reasonably calculated

13  to lead to the discovery of admissible evidence.  LSW further objects to this Request

14  insofar as the phrases "reason for all interest" and "other benefits" are vague and

15  ambiguous.  LSW further objects to this Request on the ground that it calls for

16  documents already in the plaintiffs' custody, possession, or control, including but not

17  limited to their Policies. LSW further objects to this Request on the ground that it is

18  duplicative of Request No. 62.

19        Subject to and without waiving the foregoing general and specific objections,

20  LSW will produce responsive, non-privileged documents it agreed to produce in

21  response to Request Number 62.

22  **Request for Production No. 69**

23        Software that YOU used to determine or calculate interest or other benefits

24  credited to the accumulated value or account of PLAINTIFFS' POLICIES or IUL

25  policies.

**Response to Request No. 69**

LSW objects to this Request on the grounds that it is vague, ambiguous, overbroad, and calls for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including insofar as the Request is not limited to the SecurePlus Provider and SecurePlus Paragon indexed universal life insurance policies issued by LSW in California during the Relevant Period.  LSW further objects that this Request seeks production of LSW's highly confidential trade secrets.

**Request for Production No. 70**

DOCUMENTS sufficient to show how YOU calculated interest or other benefits credited to the accumulated value or account of PLAINTIFFS' POLICIES.

**Response to Request No. 70**

LSW objects to this Request on the ground that it is vague, ambiguous, unduly burdensome, and calls for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  LSW further objects to this Request as vague insofar as the phrase "other benefits" is undefined.  LSW further objects to this Request on the ground that it calls for documents already in the plaintiffs' custody, possession, or control, including but not limited to their Policies.  LSW further objects to this request on the ground that it is duplicative of Request Nos. 62 and 63.

Subject to and without waiving the foregoing general and specific objections, LSW will produce responsive, non-privileged documents it agreed to produce in response to Request Numbers 62 and 63.

DATED:  June 22, 2011

WILMER CUTLER PICKERING HALE AND
DORR LLP

By:_____
    Jonathan A. Shapiro
    Andrea J. Robinson
    Timothy J. Perla

Attorneys For Defendant
Life Insurance Company of the Southwest

LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)

1

## CERTIFICATE OF SERVICE

2     I HEREBY CERTIFY that on this 22nd day of June, 2011, a copy of the

3 foregoing was sent via the means set forth below, to the following persons:

4                          Charles N. Freiberg (*by email and first-class mail*)
                           Brian P. Brosnahan (*by email and first-class mail*)
5                          Jacob N. Foster (*by email and first-class mail*)
                           KASOWITZ, BENSON, TORRES & FREIDMAN LLP
6                          101 California Street, Suite 2300
                           San Francisco, CA 94111
7                          cfreiberg@kasowitz.com
                           bbrosnahan@kasowitz.com
8                          jfoster@kasowitz.com

9                          Harvey R. Levine (*by first-class mail*)
                           Craig A. Miller (*by first-class mail*)
10                         Levine & Miller
                           550 West C Street, Suite 1810
11                         San Diego, CA 92101

12

13

14                         Timothy J. Perla

15

16

17

18

19

20

21

22

23

24

25

26                                    - 13 -
27         LSW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS
              FOR PRODUCTION OF DOCUMENTS, 10-9198-JVS (RNBx)
28