KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LEVINE & MILLER
HARVEY R. LEVINE (SBN 61879)
CRAIG A. MILLER (SBN 116030)
LEVINE & MILLER
550 West C Street, Suite 1810
San Diego, CA 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>        Defendant. | **CLASS ACTION**<br><br>CASE NO.:  CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW from Northern District of CA<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER; CORRECTED TABLE OF AUTHORITIES**<br><br>Before:    Judge James V. Selna<br><br>Date:       November 14, 2011<br>Time:       1:30 p.m.<br>Courtroom: 10C |

# TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. ARGUMENT | 2 |
|    A. LSW's Claims Of Prejudice Are Baseless, Premised On Falsehoods, And Would Not Defeat Good Cause In Any Event. | 2 |
|       1. LSW, Not Plaintiffs, Refused to Agree to An Extension. | 2 |
|       2. LSW's Existing Discovery Obligations Do Not Constitute Prejudice. | 4 |
|       3. In Any Event, LSW's Claimed Prejudice Fails to Overcome Plaintiffs' Showing of Good Cause. | 5 |
|    B. Plaintiffs Have Demonstrated Good Cause to Extend the Pretrial Schedule. | 6 |
|       1. The Current Pretrial Schedule Does Not Provide "Ample" Time For Plaintiffs To Conduct the Necessary Discovery For Their Class Certification Motion. | 6 |
|       2. Plaintiffs Have Been Diligent in Seeking Discovery And in Seeking This Extension, Which Satisfies Good Cause. | 9 |
|       3. LSW's Production Delays Also Justify An Extension, Notwithstanding LSW's Attempts to Discount Them. | 10 |
| III. CONCLUSION | 12 |

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER; CORRECTED TABLE OF AUTHORITIES
Case No. CV 10-04852 JSW

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*iRise v. Axure Software Solutions, Inc.*,
  2009 WL 3615973(C.D. Cal. July 30, 2009) ................................................. 4, 5

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ................................................................... 5, 6, 9

*Munoz v. Giumarra Vineyards Corp.*,
  2011 U.S. Dist. LEXIS 92792 (E.D. Cal. Aug. 19, 2011) ............................ 6, 10

*Palmer v. Crotty*,
  2010 WL 4279423 (E.D. Cal. Oct. 22, 2010) .................................................. 10

*Rosenblum v. Mule Creek State Prison Med. Staff*,
  2011 U.S. Dist. LEXIS 14334 (E.D. Cal. Feb. 4, 2011) .................................. 10

*Spin Master Ltd. v. Your Store Online*,
  2010 WL 4883884 (C.D. Cal. Nov. 22, 2010) ................................................ 4, 5

**RULES**

Local Rule 7-3 ..................................................................................................... 10

Local Rule 72-2.1 ................................................................................................. 8

Fed. R. Civ. Proc. 16 ............................................................................................. 6

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER; CORRECTED TABLE OF AUTHORITIES
Case No. CV 10-04852 JSW

## I. INTRODUCTION

LSW's opposition lacks any authority or factual support to overcome Plaintiffs' showing of good cause for an extension. LSW's main argument is that Plaintiffs should not obtain an extension now because Plaintiffs allegedly previously refused to agree to an extension of the discovery schedule that would both provide LSW with more time to complete its production and provide Plaintiffs with more time to prepare their class motion. But the factual premise of LSW's argument is false. Plaintiffs approached LSW three times (on September 1, 12, and 14, 2011) about extending the pretrial schedule in order to allow more time to complete discovery, but *LSW refused to do so*. Mr. Foster confirmed LSW's refusal, with no contradiction by LSW, on the record at the September 14 hearing before Judge Block: "[Plaintiffs] in fact, proposed a joint stipulation to extend the deadline. Obviously not knowing that me – I mean, knowing that we cannot bind Judge Selna, of course. But the defendants have rejected any extension of the deadlines." Supplemental Declaration of Jacob N. Foster ("Supp. Foster Dec."), Ex. D at 30:4-8, filed concurrently herewith.

In attempting to overcome Plaintiffs' showing of good cause, LSW notes that Plaintiffs will receive an "enormous volume" of discovery before their class certification motion. But LSW had only produced 366 documents (2,508 pages) as of the August 30, 2011 hearing on the motion to compel, five months after Plaintiffs served their document requests. The fact that LSW has produced 7,391 documents (81,355 pages) – most of which (5,944 documents, or 64,231 pages) were only produced in the last *two weeks* – fails to address Plaintiffs' main argument – that they lack sufficient *time* to review the "enormous volume" of discovery that LSW just started producing on September 30, 2011, take depositions based on those documents, work with experts, prepare expert reports, and prepare their class motion for filing by January 16.

LSW also tries, unsuccessfully, to discount its production delays and the

impact of that delay on Plaintiffs' ability to prepare their motion. LSW instead falsely accuses Plaintiffs of unrelated delays that have no bearing on LSW's failure to timely produce documents, of using the schedule intentionally to impose "enormous" discovery costs on LSW, and of forcing LSW to work over the holidays. But Plaintiffs served their document requests three days after discovery opened, and LSW failed to produce any significant number of documents until after the Court ordered it to do so. Despite Plaintiff's diligence, and in light of the pace of LSW's document productions, there is simply not enough time in the current schedule for Plaintiffs to take discovery and prepare their class certification motion. Accordingly, there is good cause for an extension.

## II. ARGUMENT

### A. LSW's Claims Of Prejudice Are Baseless, Premised On Falsehoods, And Would Not Defeat Good Cause In Any Event.

#### 1. LSW, Not Plaintiffs, Refused to Agree to An Extension.

LSW claims that altering the pretrial schedule would "greatly prejudice LSW."[1] Opposition ("Opp.") at 13. This claim is baseless.

LSW is correct that Plaintiffs approached LSW (on multiple occasions) about a stipulation to extend the pretrial schedule to provide both parties with additional time – first by letter on September 1 and again during meet and confer discussions on September 12, 2011 and September 14, 2011. Opp. at 12; Supp. Foster Dec. ¶2-3; Ex. A (letter from Mr. Brosnahan to LSW's counsel suggesting that the parties "discuss a joint request to Judge Selna to extend the existing schedule in order to allow for extended production deadlines"). When Plaintiffs followed up on the possibility of such an extension on September 12, LSW's counsel, Timothy Perla, Esq., stated that if Plaintiffs proposed an extended

---

[1] Despite accusing Plaintiffs of *ad hominem* attacks (Opp. at 4, n.1), LSW attacks Plaintiffs *ad hominem* for " imposing enormous costs on LSW," which are simply the costs that LSW inevitably needs to incur to fulfill its discovery obligations.

schedule, he would be willing to inquire whether LSW would agree to an extension. Supp. Foster Dec. ¶2.

In light of Mr. Perla's representations, on the morning of September 14, 2011, prior to the hearing before Magistrate Judge Block, Plaintiffs' counsel, Jacob Foster, Esq., proposed to Jonathan Shapiro, Esq., LSW's counsel of record and lead attorney in this action, that the parties stipulate to a joint proposal to extend the scheduling deadlines by three months in order to allow Plaintiffs sufficient time to review their documents and alleviate LSW's burden objection to producing the documents in a timely manner.[2] Supp. Foster Dec. ¶3. However, Mr. Shapiro informed Mr. Foster that LSW would not stipulate to any request to extend the schedule. *Id.* When the parties were subsequently directed by Judge Block to meet and confer in the courtroom regarding a timeline for production, Mr. Foster again raised the possibility of an extension, and Mr. Shapiro again refused to consider an extension. *Id.* Accordingly, Mr. Foster informed the Court, on the record, that Plaintiffs "in fact, proposed a joint stipulation to extend the deadline" and that "the defendants have rejected any extension of the deadlines." Supp. Foster Dec., Ex. D at 30:4-8; ¶4. Mr. Shapiro did not object to Plaintiffs' characterization of LSW's position. *Id*.

Thus, LSW's claim that "[h]ad Plaintiffs worked with LSW to develop a mutually agreeable solution that might have benefitted both sides, LSW could have avoided its massive expenditures" (Opp. at 13) is completely inaccurate because it was LSW – *not Plaintiffs* – that refused to work together on a mutually agreeable schedule. LSW's statements to the contrary are false.

---

[2] Accordingly, Mr. Perla's declaration is incorrect when it states that Plaintiffs' counsel "never submitted any proposal" to extend the discovery schedule. Declaration of Timothy J. Perla ¶4. Mr. Foster submitted such a proposal on behalf of Plaintiffs to Mr. Shapiro before the September 14, 2011 hearing, and it was rejected by Mr. Shapiro. Supp. Foster Dec. ¶4.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER; CORRECTED TABLE OF AUTHORITIES
Case No. CV 10-04852 JSW

3

### 2. LSW's Existing Discovery Obligations Do Not Constitute Prejudice.

LSW also will not be prejudiced because Plaintiffs' requested extension will not alter the production schedule or impose any different or additional discovery obligations on LSW other than those it is already required to fulfill. Mot. at 15. Under both the existing and proposed schedules, LSW must produce documents in accordance with the schedule set by Judge Block on September 14, 2011. Whatever expenses and hours are required to meet those deadlines will be *exactly the same* under an extended schedule as they are under the current pretrial schedule.[3] LSW is required by the Federal Rules to produce responsive documents. That LSW must fulfill its discovery obligations is not grounds for prejudice.[4]

The cases LSW cites in support of its prejudice claim are inapposite because the parties in those cases would have incurred *additional* discovery expenses if an extension were granted – whereas LSW's obligations and costs *will not change*. Opp. at 13 (LSW citing *Spin Master Ltd. v. Your Store Online*, 2010 WL 4883884, at *6 (C.D. Cal. Nov. 22, 2010), and *iRise v. Axure Software Solutions, Inc.*, 2009 WL 3615973, at *4 (C.D. Cal. July 30, 2009), for the proposition that imposing "additional" discovery costs is reason to deny Plaintiffs' motion). In both *Spin Master* and *iRise*, the courts refused to extend the schedule because adding the changes requested would result in additional discovery and additional cost. *Spin*

---

[3] Although LSW claims it is reviewing and producing as many as 100,000 documents per week, in the five weeks since the production schedule was set (during which, using LSW's numbers, it reviewed up to 500,000 documents), LSW has produced a total of 6,880 documents.

[4] LSW accuses Plaintiffs of forcing LSW to work over the holidays despite Plaintiffs' alleged "concerns for the sanctity of their own holidays." Opp. at 12, n.11. This obfuscates Plaintiffs' point: that scheduling depositions, communicating with experts, and communicating with class members will be *even more difficult* during the already-too-short timeframe in light of the holidays.

1 *Master*, 2010 WL 4883884, at *6; *iRise v. Axure Software Solutions, Inc.*, 2009
2 U.S. Dist. LEXIS 102189, at *18-26 (C.D. Cal. July 30, 2009).  Here, Plaintiffs'
3 proposed extension will not impose any additional expenses on LSW.
4     It goes without saying, therefore, that Plaintiffs should not be required to pay
5 LSW's discovery costs.  LSW could have avoided or alleviated the "massive build-
6 up" it claims was necessary if it had begun reviewing and then producing
7 documents from May to September, after it agreed in May to produce a substantial
8 number of documents.  Instead, LSW apparently waited to move forward with its
9 review until after it was ordered to produce documents by Judge Block in
10 September.  Most importantly, it was *LSW's* – not Plaintiffs' – "failure to resolve
11 this issue when costs could have been avoided" (Opp. at 13), when LSW refused to
12 stipulate to a mutually beneficial extension at the September 14 hearing.  Supp.
13 Foster Dec. ¶¶3-4.  Moreover, LSW will not incur any additional costs as a result
14 of this extension - only those costs already required in order to meet its discovery
15 obligations under Judge Block's production schedule and the Federal Rules.  To
16 require Plaintiffs to pay for LSW's ordinary discovery costs – any escalation of
17 which was due entirely to LSW's own refusal to agree to an extension – would
18 reward LSW for *its* "failure to resolve this issue when costs could have been
19 avoided." Opp. at 13.

20     **3.    In Any Event, LSW's Claimed Prejudice Fails to Overcome
21              Plaintiffs' Showing of Good Cause.**

22     Even if LSW could show that it would be prejudiced in some way by a four-
23 month extension (which it cannot), that alone would be insufficient to overcome
24 Plaintiffs' showing of good cause.  *See Johnson v. Mammoth Recreations, Inc.*,
25 975 F.2d 604, 609 (9th Cir. 1992) (prejudice to the opposing party *might* supply
26 reasons for denying an extension).  Rather, whether an extension should be granted
27 depends above all on the moving party's diligence.  *Id*.  Although prejudice to the
28 opposing party *might* in certain circumstances supply additional reasons to deny an

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

extension, it does not where, as here, the schedule cannot reasonably be met despite the diligence of the party seeking the extension. *Id.* (quoting Fed. R. Civ. Proc. 16 advisory committee's notes (1983 amendment)).

### B. Plaintiffs Have Demonstrated Good Cause to Extend the Pretrial Schedule.

An extension of a deadline should be granted "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* Despite Plaintiffs' diligence, the current pretrial schedule fails to provide sufficient time for Plaintiffs to obtain the discovery they need to file their class certification motion by the current January 16 deadline. This constitutes good cause for the modest four-month extension Plaintiffs are requesting.

#### 1. The Current Pretrial Schedule Does Not Provide "Ample" Time For Plaintiffs To Conduct the Necessary Discovery For Their Class Certification Motion.

LSW contends that Plaintiffs do not need more time because Plaintiffs will receive "ample discovery" before filing their class certification motion. Opp. at 8. But nowhere in LSW's opposition does it actually address the *time* Plaintiffs need to conduct discovery and prepare their class certification motion after documents are produced.[5] Opp. at 8-10. LSW is comparing apples (the *volume* of documents) to oranges (the *time* needed to review those documents, take the appropriate depositions, work with experts, prepare expert reports, and prepare the class certification motion by January 16). *See* Plaintiffs' Memorandum of Points and Authorities in Support of the Motion to Modify the Pretrial Scheduling Order ("Mot.") at 6-7.

---

[5] That LSW is producing an "enormous volume" of documents 2-3 months before Plaintiffs' motion is due actually supports granting an extension, since Plaintiffs need time to review those documents and conduct related discovery. *See Munoz v. Giumarra Vineyards Corp.*, 2011 U.S. Dist. LEXIS 92792, at *4 (E.D. Cal. Aug. 19, 2011) (extending class certification motion due to "voluminous" discovery).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER; CORRECTED TABLE OF AUTHORITIES
Case No. CV 10-04852 JSW

6

Two months is not enough time to complete these necessary steps in time for Plaintiffs to prepare their class motion for filing on January 16. *See* Mot. at 6-7. Plaintiffs will not receive a complete production of sample policyholder illustrations and complaints or a class member list until November 14 – leaving only 63 days before their class certification motion must be filed. *Id.* at 6. Even Judge Block commented that "[t]wo months is not necessarily a sufficient amount of time to review, schedule depositions of people who are who knows where, conduct the depositions, make motions to compel." *See* Supp. Foster Dec., Ex. D at 11:22-12:1.

LSW quibbles that Plaintiffs "blatantly strip" Judge Block's language out of context because he did not say that the production schedule "was insufficient to permit Plaintiffs to prepare their motion"[6] and was referring specifically to the two-month period of time before the close of fact discovery. Opp. at 7, n.4. LSW is splitting hairs. Judge Block's two month reference is as meaningful with respect to the filing of the class certification motion as it is with respect to the close of fact discovery. If two months is "not necessarily sufficient" to review documents, schedule depositions, conduct depositions, and move to compel before the close of fact discovery, it follows that the same amount of time may be insufficient to complete those very same tasks before the class certification filing deadline.

Further, Plaintiffs have demonstrated good cause because it is not practicable for Plaintiffs to *actually use* LSW's discovery to support their class certification motion. LSW claims that "all hard copy documents and email from 16 of 23 total custodians" will be produced in time for the class motion. But emails for 2 of the 16 custodians LSW mentions will not be produced until *the date the class motion must be filed*, and documents from 4 other custodians will not be

---

[6] Contrary to LSW's characterization, Plaintiffs never referred to Judge Block as having said that the production schedule "was insufficient to permit Plaintiffs to prepare their motion." Opp. at 7, n.4.

produced until December 17, which is far too late to be reviewed, used in depositions and by experts, and incorporated into Plaintiffs' class certification motion on January 16.

Indeed, documents from only 10 of 23 custodians will be produced by December 17. This is not a "small percentage." Opp. at 10. Although LSW states that many of the custodians are not essential, it was LSW (not Plaintiffs) that selected 21 of the 23 custodians, and Plaintiffs' prioritization of the document production was based solely on the individual's title with the company, because LSW only five weeks ago began to produce documents that shed light on their responsibilities.

Although an extension would avoid prejudice caused by the current schedule, Plaintiffs' motion is not, as LSW claims, an improper appeal of Judge Block's production schedule.[7] Opp. at 4-8. The appeal procedure set forth in Local Rule 72-2.1 is completely inapplicable here because Plaintiffs are not appealing the production schedule Judge Block ordered, which will remain exactly the same whether or not Plaintiffs' extension is granted. Judge Block himself recognized that he could not give Plaintiffs the relief sought in this motion, stating that his ruling was "without prejudice to Plaintiffs seeking relief from the case management deadline set by the district judge." Supp. Foster Dec., Ex. D at 29:22-24.

Plaintiffs also are not, and have never been, seeking to complete all discovery before their class certification motion. Plaintiffs are only seeking to have a sufficient amount of documents responsive to their initial sets of document requests produced in enough time to effectively conduct depositions about those

---

[7] LSW's statement that Plaintiffs "explicitly criticiz[e]" Judge Block's ruling "on the production schedule" is false. Opp. at 7 (citing Mot. at 9). Plaintiffs were discussing the added costs of *one specific provision* – permitting Plaintiffs to take a second round of depositions – which Judge Block only ordered because *LSW refused to produce documents sooner*. Mot. at 8-9.

documents and work with experts in order to prepare their class certification motion.

### 2. Plaintiffs Have Been Diligent in Seeking Discovery And in Seeking This Extension, Which Satisfies Good Cause.

Plaintiffs have been diligent in seeking discovery and attempting to comply with the Court's tight schedule, which alone satisfies good cause for an extension. *See Mammoth*, 975 F.2d at 609; Mot. at 9-11 (demonstrating Plaintiffs' diligence in serving document requests, initiating meet and confer, moving to compel, and scheduling depositions).

LSW tries to paint Plaintiffs' diligence as delays. It argues that Plaintiffs' "overbroad" document requests "concerning topics including other insurance products, other insurance companies, and interactions with third parties" constitute delays and negate Plaintiffs' showing of diligence. Opp. at 11. To the contrary, although Judge Block narrowed these requests, he nevertheless granted Plaintiffs' motion to compel documents regarding other insurance products, other insurance companies, and third parties. *See, e.g.*, Supp. Foster Dec., Ex. C at 56 (ordering LSW to produce documents comparing its products to "other insurance products" of "other insurance companies"); *id*. (acknowledging that certain documents related to third parties would be relevant and must be produced as responsive to other document requests).

Further, Plaintiffs have been diligent in seeking this extension, contrary to LSW's characterization that they "wait[ed] until October" to seek relief. Opp. at 4. Plaintiffs tried their best to comply with the schedule and gave LSW ample time to produce documents, which it essentially did not do for five months. Plaintiffs then approached LSW on September 1, September 12, and September 14 – before the production schedule was finalized – to try to work out an agreement that would extend the schedule for both parties. Supp. Foster Dec., ¶¶2-4. LSW refused. After realizing that the production schedule would not afford sufficient time to

prepare their class motion, Plaintiffs again asked LSW, on September 29, whether it would stipulate to the requested extension. *See* Declaration of Jacob N. Foster in Support of Motion ("Foster Dec.") (Document 111), Ex. L. Plaintiffs thus asked LSW to stipulate to the requested relief *four times* in September – three times before the production schedule was set and, according to LSW, costs could have been avoided.[8]

Finally, none of the cases LSW cites negates Plaintiffs' showing of diligence and good cause. *See Munoz*, 2011 U.S. Dist. LEXIS 92792, at *4 (denying the parties' request to extend the deadlines for the opposition and reply to the motion for class certification because no explanation was given, but earlier *granting* an extension of the class certification deadline because of "voluminous" discovery that made timely filing impossible); *Rosenblum v. Mule Creek State Prison Med. Staff*, 2011 U.S. Dist. LEXIS 14334, at *10 (E.D. Cal. Feb. 4, 2011) (denying request to modify the scheduling order because it was unclear why the plaintiff needed more than *five months* to complete his *modest* discovery goals); *Palmer v. Crotty*, 2010 WL 4279423, at *1 (E.D. Cal. Oct. 22, 2010) (party failed to show good cause because he failed to submit any document requests). In each of these cases, unlike here, the parties failed to show good cause because they either provided no explanation to support their request for an extension, or they failed to propound discovery. Plaintiffs, on the other hand, have diligently sought discovery and have provided ample support as to why their request should be granted.

### 3. LSW's Production Delays Also Justify An Extension, Notwithstanding LSW's Attempts to Discount Them.

Notwithstanding LSW's attempt to ignore its months-long delay in

---

[8] Plaintiffs filed their motion in October because of the 10-day notice period required by Local Rule 7-3, which was triggered by a conference of the parties that took place via an exchange of emails between September 29 and October 6, 2011. Foster Dec., Ex. L.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER; CORRECTED TABLE OF AUTHORITIES
Case No. CV 10-04852 JSW

10

1 producing documents, these delays provide further support for an extension here.
2 LSW argues that Plaintiffs "get no traction" by complaining about LSW's
3 "purported" delays in producing documents and claims that the record "vitiates that
4 claim" because "Plaintiffs have more than 82,000 pages of documents [and]
5 several depositions scheduled." Opp. at 11. But LSW blatantly misconstrues "the
6 record," which shows that between May and the August 30 hearing on Plaintiffs'
7 motion to compel, LSW produced only 2,508 pages of documents – despite the fact
8 that LSW agreed *in May* to produce documents pertaining to another 12 categories
9 of requests that were not forthcoming until the September 30 Court-ordered
10 production. Mot. at 12-13; Foster Dec., Ex. L; Supp. Foster Dec., Ex. C at 56
11 (Judge Block stating to LSW, "I'm a little bothered by the fact that you agreed to
12 produce stuff in May. And now it's going to be September. And you're still in the
13 we've-agreed-to-produce-them stage."). The fact that, as of October 24, 2011,
14 Plaintiffs have now received 82,000 pages does not refute the fact that LSW
15 produced a *de minimus* number of documents in the five months after it agreed to
16 start producing documents.

17 LSW also tries to distract from its delays by claiming that Plaintiffs'
18 "overbroad" requests, the meet and confer process, and so-called "collateral"
19 matters (such as the scope of the parties' protective order) were the reason for any
20 delay in producing documents. Opp. at 11. But none of the things LSW mentions
21 had *any* bearing on the timing of its production of the documents it agreed to
22 produce in May. The fact that the parties were in disagreement with respect to
23 other requests did not impede LSW from producing the documents it *already*
24 *agreed to produce* and that were not the subject of Plaintiffs' motion to compel.
25 Nor did the parties' dispute with respect to a single provision of the protective
26 order have anything to do with LSW's ability to produce the agreed-upon
27 documents, because Plaintiffs agreed that any documents produced would be
28 subject to the final version of the protective order. Supp. Foster Dec. ¶5; Ex. B.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

Finally, the fact that the parties did not finalize their production protocol, custodians, or email search terms until July (Declaration of Timothy J. Perla, Exs. B, F) also does not excuse LSW's failure to produce more than a *de minimus* number of documents until September 30. LSW agreed to produce 15 categories of documents in May, an agreement that was not conditioned on the identification of custodians or search terms. On June 9, when the production protocol was nearly finalized, LSW informed Plaintiffs that resolution of the remaining issues in dispute would not delay its production of other documents. Supp. Foster Dec., Ex. B. In fact, LSW made its first production of documents in June, in temporary format, pending resolution of the production protocol. Clearly, LSW could have done the same for the 15 categories of documents it had already agreed to produce. That LSW instead waited months to produce these documents is further justification for granting Plaintiffs' requested extension.

### III. CONCLUSION

Because the pretrial schedule is not workable and because Plaintiffs have demonstrated good cause to extend the scheduling order by four months, Plaintiffs respectfully request that the dates in the pretrial scheduling order be extended by four months.

DATED: November 1, 2011   KASOWITZ BENSON TORRES & FRIEDMAN LLP


By: */s/* Charles N. Freiberg
     Charles N. Freiberg


Attorneys For Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated