KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LEVINE & MILLER
HARVEY R. LEVINE (SBN 61879)
CRAIG A. MILLER (SBN 116030)
LEVINE & MILLER
550 West C Street, Suite 1810
San Diego, CA 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW<br>from Northern District of California<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME; MEMORANDUM OF POINTS AND AUTHORTIIES IN SUPPORT THEREOF**<br><br>Magistrate Judge Robert N. Block<br><br>Courtroom: 6D |

# Table of Contents

Page

EX PARTE APPLICATION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 2

    I.    Introduction ................................................................................... 2

    II.   Statement of Facts ........................................................................ 5

    III.  Argument .................................................................................... 12

    IV.  Conclusion .................................................................................. 14

# Table of Authorities

Page(s)

## CASES

*In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) .............. 12

*United States v. Fitch*, 472 F.2d 548, 549 n. 5. (9th Cir. 1973) ............................... 12

## RULES

Central District of California Local Rule 6 ............................................................. 12

Fed. R. Civ. P. 6(c)(1)(C) ....................................................................................... 12

# EX PARTE APPLICATION

Pursuant to Federal Rule of Civil Procedure 6(c)(1)(C) and Central District of California Civil Local Rules 6-1 and 7-19, counsel for plaintiffs Joyce Walker, Kim Bruce Howlett, and Muriel Spooner respectfully file this *ex parte* application to shorten time for the hearing date for Plaintiffs' motion to compel further responses to document requests, deposition notices, and interrogatories, filed February 23, 2012. Defendant opposes this application.

This motion is based on the attached memorandum of points and authorities, the attached declaration of Brian P. Brosnahan, the pleadings, records and files in this case, and such other matters as may be considered by the Court.

DATED: February 23, 2012                KASOWITZ, BENSON, TORRES & FRIEDMAN LLP


                                        By:   /s/ Brian P. Brosnahan
                                              Charles N. Freiberg
                                              Brian P. Brosnahan
                                              Jacob N. Foster
                                              Counsel for Plaintiffs
                                              JOYCE WALKER, KIM BRUCE
                                              HOWLETT, and MURIEL SPOONER, on
                                              behalf of themselves and
                                              all others similarly situated

---

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME
Case No. CV 10-9198 JVS (RNBx)

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction

Plaintiffs file this *ex parte* application to shorten time in order to expedite the currently stalled discovery process and thereby salvage the current case schedule that Judge Selna put in place by his November 9, 2011 Amended Pretrial Scheduling Order and Order Granting Plaintiffs' Motion to Modify the Pretrial Scheduling Order, Dkt 117.  *See* Declaration of Brian P. Brosnahan in Support of Plaintiffs' *Ex Parte* Application for an Order Shortening Time ("Brosnahan Decl."), Exhibit ("Ex.") A.  Defendant Life Insurance Company of the Southwest ("LSW") has refused to comply with nearly all discovery requests served on it since November 17, 2011, producing documents responsive to only 6 of 43 document requests, producing no Rule 30(b)(6) witnesses in any of the 40 deposition categories noticed, and providing adequate responses to none of the 6 interrogatories served by Plaintiffs.  LSW currently refuses to schedule any corporate designee depositions, even in categories as to which it has no objection, until the Court rules on Plaintiffs' pending motion to compel further responses to document requests, the deposition notice, and interrogatories.  LSW also refuses to schedule the deposition of a percipient witness, Stephan Mayr, on the grounds that he may be a named corporate designee and because it refuses even to review his email for responsive documents unless and until ordered by this Court.  Thus, discovery has ground to a nearly complete halt.

Under the current case schedule adopted by Judge Selna on November 9, 2011, Plaintiffs must file their motion for class certification on or before May 14, 2012, and the trial is set for January 22, 2013.  Because of LSW's objections, a large backlog of discovery is effectively on hold until the Court can rule on Plaintiffs' motion to compel.  Once the Court rules, Plaintiffs anticipate that LSW will be required to produce a substantial volume of documents and will no doubt seek a large of amount of time from this Court in order to produce those

documents prior to its Rule 30(b)(6) depositions and its percipient witness depositions. If the Court does not rule on the motion until March 20, 2012, that would leave less than two months for the completion of all the documentary and deposition discovery needed, as well as expert witness work based thereon, before Plaintiffs must file their motion for class certification.

Good cause exists for shortening time because Plaintiffs have acted diligently to serve discovery on LSW, to meet and confer regarding LSW's objections, and to go through the joint stipulation process that the Local Rules require prior to the filing of a motion to compel. However, the number and breadth of LSW's objections has necessitated a lengthy meet-and-confer process, which has been further lengthened by repeated requests for extensions by LSW to respond to the discovery and to delay scheduled meet-and-confer conferences.

LSW's delaying tactics on the present round of discovery resemble those in which LSW engaged leading up to the hearings that resulted in orders by this Court dated August 30, 2011 and September 14, 2011 requiring LSW to produce documents. The time required to process LSW's objections through meet-and-confer, motion practice, and rulings by this Court made it impossible for Judge Selna's then existing case schedule to be maintained. When Plaintiffs moved to extend that schedule, LSW opposed the motion. Judge Selna rejected LSW's position, finding that Plaintiffs had acted diligently in pursuing discovery, meet-and-confer, and motion practice, but that this process necessarily took several months to complete and that too little time remained for completion of discovery prior to the required filing of Plaintiffs' motion for class certification, which was then scheduled to be filed on January 16, 2012. *See* Brosnahan Decl., Ex. A. Judge Selna therefore granted Plaintiffs' motion to extend the motion and trial schedule by approximately four months. *Id*.

LSW has continued the same tactics of opposing legitimate discovery, requiring extensive motion practice, and LSW is entirely refusing to comply with

deposition notices.  LSW's conduct thus threatens Judge Selna's case schedule once again.  And even if the case schedule can be saved, delaying the hearing on Plaintiffs' motion to compel until March 20, 2012 will ensure that essentially all of the discovery that remains to be completed before Plaintiffs must file the class certification motion must be compressed into a short window, giving Plaintiffs little time to review documents produced, take depositions, prepare expert witnesses and prepare class certification papers.  If this Court grants Plaintiffs' *ex parte* application and advances the hearing even by a week or two, it will alleviate, at least somewhat, the coming crush of discovery that will inevitably follow this Court's ruling on the motion to compel.

Plaintiffs accordingly seek to have their motion to compel heard on Tuesday, March 6, 2012, Tuesday, March 13, 2012, or such other expedited date as the Court may have available on its calendar.  Counsel for LSW opposes Plaintiffs' request to shorten time and has refused to advise Plaintiffs' counsel whether counsel has any current scheduling conflicts on any of the dates between March 6 and March 20, indicating only that the regularly scheduled date of March 20, 2012 would be acceptable.  Brosnahan Decl. ¶6, Exs. B & R. Plaintiffs are willing to file their supplemental brief on the motion early, on February 28, 2012, or on such later date as the Court may select.  Plaintiffs are also willing to have LSW's motion to compel responses to deposition questions and for a protective order, which we anticipate will be filed by LSW today or tomorrow, heard on shortened time, though Plaintiffs do not believe this would be necessary because the deposition question portion of the motion is unrelated to Plaintiffs' motion, and the motion for a protective order is, in essence, a mirror image motion to Plaintiffs' motion to compel and was filed solely to delay the hearing of Plaintiffs' motion to compel.

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME
Case No. CV 10-9198 JVS (RNBx)

4

1 For these reasons, discussed more fully below, Plaintiffs request that the Court enter the Order Shortening Time on Plaintiffs' Motion to Compel submitted herewith.

## II. Statement of Facts

### A. The Current Pretrial Schedule

The original pretrial schedule required Plaintiffs to file their motion for class certification on or before January 16, 2012. LSW produced few documents after it responded to Plaintiffs' document requests in May 2011 and waited to move forward with the bulk of its production until after it was ordered to produce documents by this Court's Orders dated August 30, 2011 (Dkt 99) and September 14, 2011 (Dkt 101). Plaintiffs approached LSW (on multiple occasions) about a stipulation to extend the pretrial schedule to provide both parties with additional time – first by letter on September 1 and again during meet and confer discussions on September 12, 2011 and September 14, 2011. LSW refused to stipulate and Plaintiffs were forced to file a motion to modify the pretrial scheduling order, which was contested by LSW. Brosnahan Decl. ¶7.

Judge Selna granted Plaintiffs' motion to modify the schedule and found that "Plaintiffs were diligent in serving their document production requests, diligent in attempting to resolve the disputes between the parties without resort to this Court's intervention, and diligent in presenting their Motions to Compel to the Magistrate Judge." *See* Brosnahan Decl., Ex. A at 1. Judge Selna further found, "Despite this diligence, engaging in that process took several months to complete," and that therefore substantial discovery work remained to be done before the class motion was due. *Id*. LSW complained that "it will be prejudiced by the modification sought by Plaintiffs because it ramped up its discovery schedule and production in reliance on the existing, expedited discovery schedule at tremendous cost." *Id*. at 2. But Judge Selna essentially found that this

problem was of LSW's own making because its failure to proceed with discovery had created a situation where the Magistrate Judge was forced to set an expedited discovery schedule upon ordering LSW to produce the documents it had refused to produce. *Id.* Judge Selna extended the pretrial and trial dates, and provided Plaintiffs until May 14, 2012 to file their motion for class certification. *Id.*

### B. The "Actual Value" Discovery and the Parties' Meet and Confer Discussions

While most of the discovery at issue in the Plaintiffs' first motion to compel dealt with liability, most of the discovery at issue on Plaintiffs' pending motion to compel relates to damages and restitution, specifically to determining the "actual value" of the LSW policies at issue. This theory of damages and restitution was added in Plaintiffs' First Amended Complaint after Judge Selna invited Plaintiffs to replead their injury allegations in ruling on LSW's motion to dismiss (May 5, 2011 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss and Motion to Strike, Dkt 59) at 7-8, and the theory was upheld by Judge Selna in his ruling on LSW's motion for judgment on the pleadings (October 20, 2011 Order Granting in Part and Denying in Part Defendant's Motion for Judgment on the Pleadings, Dkt 112) at 6-7.

Plaintiffs served their Fifth Set of Document Requests on November 17, 2011. Plaintiffs served their Sixth Set of Requests for Production of Documents on December 2, 2011. LSW requested an extension of time to respond to the document requests, which Plaintiffs provided. Brosnahan Decl., Ex. C. LSW's responses and objections to Plaintiffs' Fifth Set of Document Requests and Sixth Set of Document Requests were served on January 4, 2012. Plaintiffs sent meet and confer correspondence to LSW regarding the Fifth and Sixth Sets of Document Requests on January 11 and 31.[1]

---

[1] Plaintiffs' January 11 and 31 letters were filed under seal in support of their

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME
Case No. CV 10-9198 JVS (RNBx)

6

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

On December 1, 2011, Plaintiffs served their First Set of Interrogatories to LSW.  LSW requested an extension of time to respond to the interrogatories, which Plaintiffs provided.  Brosnahan Decl., Ex. C.  LSW's responses and objections to Plaintiffs' First Set of Interrogatories were served on January 4, 2012.  Plaintiffs sent meet and confer correspondence to counsel for LSW on January 20 and February 9.  *Id*. at Exs. F & G.

Plaintiffs served their Seventh Set of Requests for Production of Documents and Second Set of Interrogatories on December 21, 2011.  LSW requested an extension of time to respond to this discovery, which Plaintiffs agreed to provide.  Brosnahan Decl., Ex. D.  LSW's responses and objections were served on January 25, 2012.  Plaintiffs sent meet and confer correspondence to counsel for LSW regarding Plaintiffs' Second Set of Interrogatories and Seventh Set of Document Requests and LSW's responses and objections thereto, on January 31, 2012.  *Id*., Ex. E.

On December 2, 2011, Plaintiffs served their Notice of Deposition of LSW.  LSW's responses and objections to Plaintiffs' Notice of Deposition of LSW were served on January 6, 2012.  Counsel met and conferred by phone on January 17, 2012, and on January 18, 2012, Plaintiffs sent meet and confer correspondence to counsel for LSW regarding Plaintiffs' Deposition Notice to LSW and LSW's responses and objections thereto.  *Id*., Ex. H.  Plaintiffs repeatedly requested that LSW make its deponents available for depositions in regard to topics upon which there was no dispute between the parties.  Plaintiffs proposed setting the depositions for February 27 or shortly thereafter, but LSW did not respond to the deposition date proposed by Plaintiffs or propose alternate deposition dates.  *Id*. at ¶3.  Plaintiffs requested such dates during the parties'

---

motion to compel.  Plaintiffs do not file an additional motion to seal, in order to avoid overburdening the Court.

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME
Case No. CV 10-9198 JVS (RNBx)

7

Rule 37 conferences on February 2 and 9, and further requested dates by letter on February 6 and 16. *Id*., Exs. I & J.  LSW, however, indicated that it would only produce a witness if there was not a possibility that the witness would be re-deposed on other topics if the motion to compel was granted. *Id*. at K.  But Plaintiffs remain unaware of the identities of LSW's corporate designees, and LSW has refused to identify whether there are categories that could go forward without a risk that the designee might have to be re-deposed.  Further, Plaintiffs informed LSW that delaying the corporate designee deposition, in its entirety, until after the motion to compel is heard would unnecessarily delay discovery and interfere with Plaintiffs' preparation for their class certification motion. *See* Brosnahan Decl., Exs. I & J.

The parties initially agreed to hold a meet and confer session to address Plaintiffs' deposition notice and Plaintiffs' Fifth and Sixth Sets of Requests for Production of Documents pursuant to Local Rule 37-1 on January 19, 2012. *See* Brosnahan Decl., Ex. H.  On January 18, counsel for LSW requested that the Rule 37 conference be delayed until January 23. *Id*., Ex. L.  On January 23, counsel for LSW requested, and Plaintiffs agreed, to postpone the call until January 30 so that the parties could discuss all outstanding discovery disputes, including LSW's forthcoming responses to the Seventh Set of Requests for Production of Documents and Second Set of Interrogatories, which were due on January 25. *Id.*, Ex. M.  Counsel for LSW was not available on January 30 and 31, so the Rule 37 conference was postponed until February 2. *Id.*

No progress was made at the discovery conference on February 2. Plaintiffs informed LSW that they would prepare their portion of the parties' joint stipulation quickly in order to have disputes over issues that the parties were unable to resolve adjudicated on March 13, 2012.  In an effort to minimize the number of issues in dispute, Plaintiffs followed up with written compromises in

meet and confer correspondence dated February 6, 2012. *Id*., Ex. I. The parties also had another telephonic meet and confer conference regarding their disputes on February 9, 2012. Plaintiffs informed LSW that they would provide their portion of the joint stipulation by February 13.

During the second Rule 37 conference on February 9, counsel for LSW, Jonathan Shapiro, Esq., stated that he would be unavailable on Plaintiffs' proposed hearing date of March 13 as a result of a scheduled trial. Mr. Shapiro was unable to specify the trial dates, but stated that he would get back to Plaintiffs. When Plaintiffs followed up two days later, Mr. Shapiro stated that his trial date had been continued, "so there may not be a problem at all, only a minimal conflict. We will know on Monday when the Court reopens and we can all call-in." *See* Brosnahan Decl., Ex. N.

When Plaintiffs sought to go forward with their motion to compel for a hearing on March 13, 2012, Mr. Shapiro suddenly announced that he had a conflict due to a "professional program (presenting, not attending)." *See* Brosnahan Decl., ¶9 & Ex. O. On February 15, Plaintiffs offered to stipulate to an order shortening time to have the motion heard on March 6, 2012 – a suggestion originally made by Mr. Shapiro. Plaintiffs noted:

> This is the first time we have heard anything about a professional program to which you are committed on March 13. Before last Friday, you told us that you had a trial set for March 20 and would be tied up with pre-trial activities during the week of March 13. Then last Friday you sent an email saying that the trial had been bumped "so there may not be a problem at all, only a minimal conflict. We will know Monday when the Court reopens and we can all call-in." At no point did you ever mention any professional program, so your current position is perplexing indeed.
>
> We assume that this program is an in-house program since you did not provide us with any flyer or other material advertising that you would be speaking. But regardless of whether it is in-house or not, it is not difficult to get alternative speakers for such programs. I have had people stand in for me to make presentations, and I have stood in for others. I am sure you have too. So getting one of your colleagues to present seems like a very reasonable solution.
>
> An even better solution is the one you invited (in your email of 1:34 p.m. yesterday) and that we have told you is acceptable – jointly seeking

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME
Case No. CV 10-9198 JVS (RNBx)

9

> an order shortening time to have the motion heard on March 6. Now you appear to reject that option on the grounds that you "didn't realize it would squeeze everyone on the briefing over school vacation week." Plaintiffs are the ones who would really be squeezed by the proposal. LSW's brief would remain due on February 20. Plaintiffs' supplemental brief (i.e., reply) will be due earlier – on February 24, but we are willing to do that to accommodate your schedule. LSW has the right to file a 5 page supplemental brief as well, but that should not be a problem since LSW will not be responding to anything from plaintiffs.

*See* Brosnahan Decl., ¶9 & Ex. P.

Mr. Shapiro ignored Plaintiffs' offer and still has not responded to Mr. Brosnahan's February 15 email or otherwise explained the circumstances of his purported conflict. *Id.* at ¶9.

On February 13, Plaintiffs received meet and confer correspondence from LSW regarding Plaintiffs' proposals at the February 2 telephonic conference. *Id.*, Ex. K. LSW's letter did not contain any counter-proposals as to the great majority of the issues in dispute (the "actual value" discovery), and simply invited Plaintiffs to make more proposals. As Plaintiffs informed LSW by email that same day, "[y]our letter of earlier today makes no proposals to resolve our principal disputes and consists simply of continued stonewalling. Plaintiffs have made compromise proposals that have been met by nothing other than demands for new proposals." Brosnahan Decl., Ex. Q. As a result, Plaintiffs served their portion of the joint stipulation on their motion to compel on issues that remained in dispute.

Without mentioning to Plaintiffs that LSW planned to serve a joint stipulation initiating a motion for protective order, LSW went ahead and did so on February 15, 2012 in order to argue that Plaintiffs' motion to compel would have to be heard on March 20, 2012 so that it could be consolidated with LSW's motion for protective order. One part of LSW's motion for a protective order involves a dispute over Ms. Walker's deposition that is completely unrelated to Plaintiffs' motion to compel and need not be heard at the same time. The other

portion of LSW's motion for a protective order is (1) improper since it was not the subject of any discussions in our meet and confer; and (2) an unnecessary mirror image of Plaintiffs' own motion (except for one topic on which Plaintiffs are not presently seeking any deposition) that was transparently filed solely to try to delay resolution of Plaintiffs' own motion.

On February 16, Plaintiffs sent LSW a letter indicating their continued willingness to compromise on a number of matters that were the subject of Plaintiffs' motion to compel. Brosnahan Decl., Ex. J. In particular, Plaintiffs proposed compromises that would resolve Document Request Nos. 94 and 102 and Deposition Topic No. 26. *Id*. Plaintiffs also stated that they were willing to drop the portion of their motion concerning the scheduling of depositions, if LSW was willing to propose dates for deposition. *Id*. LSW did not respond. *Id*. at ¶10.

As it turned out, LSW delayed serving any response to Plaintiffs' joint stipulation on Plaintiffs' motion to compel until nearly midnight on February 21, 2012 (and even then LSW failed to serve its papers in support of sealing its own documents), thus making it impossible for Plaintiffs to maintain the March 13, 2012 motion date they sought without an order shortening time. *Id.*, Ex. P. On February 22, counsel for Plaintiffs wrote to Mr. Shapiro requesting dates that counsel would be available if the motion to compel was heard on shortened time:

> Given LSW's service of its part of the joint stipulation at almost midnight last night and its failure to include anything on the motion to seal that it was supposed to prepare, plaintiffs will have to notice their motion to compel initially for March 20. However, plaintiffs wish to move for an order shortening time to have their motion heard as soon as possible . . . Please advise of all dates between March 6 and March 20 that we could propose to Magistrate Judge Block as agreed-upon dates for the hearing of plaintiffs' motion. Please also advise whether you want your motion to be heard at the same time.

Brosnahan Decl., Ex. R.

Mr. Shapiro refused to provide dates that he would be available for adjudication of the motion to compel, except to state that the March 20 hearing date on normal time was "terrific on my end." *Id.*, Exs. B & R.

## III. <u>Argument</u>

*Ex parte* applications "may be necessary when a party seeks a routine order (e.g., to file an overlong brief or to shorten the time within which a motion may be brought)." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989).[2]  The district court has discretion to order a motion heard on shortened time upon a showing of good cause.  Fed. R. Civ. P. 6(c)(1)(C); Central District of California Local Rule 6; *United States v. Fitch*, 472 F.2d 548, 549 n. 5. (9th Cir. 1973) (Rule 6 "allows the district court discretion to shorten time.").

The Court should grant this *ex parte* application for an order shortening time because Plaintiffs' motion to compel could not otherwise be heard until March 20, less than two months before their motion for class certification is due. Hearing the motion on March 20 would delay the production of documents that is needed for Plaintiffs to proceed with depositions, and LSW has, in any event, taken the position that it will not produce a 30(b)(6) deponent until after Plaintiffs' motion to compel is adjudicated.  Unless this application to shorten time is granted, the parties will be compelled to engage in a crush of documentary and deposition discovery in a short period of time before the class certification motion is due on May 14, 2012, as LSW will undoubtedly request additional time to produce documents after the motion to compel is heard and before it will proceed with depositions.

---

[2] Pursuant to Local Rule 7-19, the name, address and telephone number for opposing counsel in this action is Jonathan A. Shapiro, Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304.  Telephone: (650) 858-6101.

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME
Case No. CV 10-9198 JVS (RNBx)

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

Moreover, good cause exists here because Plaintiffs were diligent in serving their discovery requests, diligent in attempting to resolve the disputes between the parties without resort to this Court's intervention, and diligent in presenting their Motions to Compel to this Court. Most of the discovery disputes between the parties arise from Plaintiffs' new allegations in their FAC that "were the policies sold by LSW sold under conditions of full disclosure, the prices (in the form of policy charges) commanded by those policies in the marketplace would be substantially lower than the prices Plaintiffs and members of the class paid to LSW." FAC ¶77(c) & ¶86(d). These allegations were added to the Complaint in response to Judge Selna's May 5 ruling on LSW's motion to dismiss, in which he invited Plaintiffs to replead their injury claims. *See* May 5, 2011 Order at 7-8. Shortly after Plaintiffs filed the FAC with these new allegations, LSW moved for judgment on the pleadings on the grounds that, among other contentions, the FAC did not allege sufficient injury. In his October 20 ruling, Judge Selna found that Plaintiffs' new allegations of injury and damages are sufficient to state a claim and denied LSW's motion. *See* October 20 Order at 6-7. Subsequently, Plaintiffs served additional document requests and sought testimony on similar deposition topics on LSW pertaining to these newly-alleged theories of injury and damages.

Despite Plaintiffs' diligence, engaging in the discovery and meet and confer process took several months to complete. Although certain delays did occur, they were largely the result of LSW's requests for additional time to serve their discovery responses, additional time to meet and confer, and scheduling conflicts raised by LSW's counsel. Once it became clear that the parties reached an impasse, Plaintiffs sought to bring these matters to the Court's attention as quickly as possible and sought a March 13 hearing date. LSW, however, delayed serving any response to Plaintiffs' joint stipulation until nearly midnight on

PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME
Case No. CV 10-9198 JVS (RNBx)
13

February 21, 2012 (and even then LSW failed to serve its papers in support of sealing its own documents), thus making it impossible for Plaintiffs to maintain the March 13, 2012 motion date they sought without an order shortening time.

Plaintiffs are willing to file their supplemental brief early, on February 28, 2012, or on such later date as the Court may select. Plaintiffs are also willing to shorten the time for hearing of LSW's own motion to compel answers to deposition questions and for a protective order so that it would be heard at the same time as Plaintiffs' motion to compel.

## IV. Conclusion

For the reasons discussed herein, the Court should grant this *ex parte* application and hear the Motion to Compel on Tuesday, March 6, 2012, Tuesday, March 13, 2012, or any other early date that is convenient for the Court.

DATED: February 23, 2012

KASOWITZ BENSON TORRES & FRIEDMAN LLP


By: /s/ Brian P. Brosnahan
    Charles N. Freiberg
    Brian P. Brosnahan
    Jacob N. Foster
Attorneys For Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated