JONATHAN A. SHAPIRO (257199)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:   (650) 858-6101
Fax:   (650) 858-6100
jonathan.shapiro@wilmerhale.com

ANDREA J. ROBINSON (PRO HAC VICE)
TIMOTHY J. PERLA (PRO HAC VICE)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:   (617) 526-6000
Fax:   (617) 526-5000
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com
Attorneys for Defendant Life Insurance Company of the Southwest

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50,<br><br>Defendant. | Case No.: 10-09198 JVS(RNBx)<br><br>**LIFE INSURANCE COMPANY OF THE SOUTHWEST'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME**<br><br>Magistrate Judge Robert N. Block<br><br>Courtroom:  6D |

## I. INTRODUCTION

Plaintiffs' *Ex Parte* Application to Shorten Time (the "Application") is procedurally improper and substantively incorrect. There is no good cause that would require this Court to consider more than two hundred pages of briefing on Plaintiffs' Motion to Compel in a shortened time period — there is no emergency, and in fact, as is clear from the underlying motion papers, the outstanding discovery disputes are a mix of attempts to re-litigate issues that Plaintiffs litigated last August and discovery requests for information that Plaintiffs now say is "fundamental" to any case like this, but (for whatever reason) waited many months to serve. Accordingly, Plaintiffs' Application should be denied, and the substantial discovery disputes that exist should be resolved in accordance with the presumptively fair schedule called for by the Local Rules.[1]

## II. ARGUMENT

### A. PLAINTIFFS' APPLICATION WAS FILED IN VIOLATION OF LOCAL RULE 7-19.1

Due to the tight time constraints imposed by the ex parte procedure, Local Rule 7-19.1 imposes upon the applying attorney the duty "(a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel . . . ." L.R. 7-19.1. This Court makes clear that "[s]trict compliance with Local Rule 7-19 and 7-19.1 will be required." Judges' Procedures and Schedules – Hon. Robert N. Block, Feb. 1, 2012.

Plaintiffs failed to comply with either of these duties under the Local Rules. Plaintiffs did not make any contact with counsel providing the date of the proposed ex

---

[1] The existing, March 20 hearing date is also ideal because it is the date for which LSW has noticed its own soon-to-be-filed motion to compel and for a protective order, which overlaps substantively with Plaintiffs' own motion. Application at 11. Plaintiffs' theory that LSW spent the time and money to prepare a long and substantive motion "solely to try and delay resolution" of Plaintiffs' motion by seven days is baseless. *Id.*

LSW'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME, 10-09198 JVS(RNBx)

parte application, leaving Life Insurance Company of the Southwest ("LSW") with precious few hours — serving the papers after 9:00 PM — and no advance notice to prepare its opposition (though Plaintiffs apparently knew that their application would be opposed, see Application at 1). Perhaps aware that they had not made any such "reasonable, good faith" efforts, Plaintiffs' counsel failed to provide any statement to the Court that they attempted to advise LSW of the date of the proposed application or otherwise comply with the Local Rules. For this reason alone, Plaintiffs' application should be denied.

### B. THERE IS NO GOOD CAUSE FOR THIS COURT TO ACCELERATE THE SCHEDULE ON PLAINTIFFS' MOTION

Plaintiffs' Motion to Compel is more than two hundred pages long. It is that long largely because Plaintiffs expressed no willingness to limit, prioritize, or compromise their discovery requests during the meet-and-confer process, instead insisting that "LSW must comply" with their myriad requests, interrogatories, and deposition topics, in whole and without objection. Brosnahan Decl. Ex. I at 2. When LSW noted the lack of cooperation it was receiving, Plaintiffs informed LSW (at 9:39 PM) that they would be serving a stipulation, and served it two hours later (at 11:52 PM). Brosnahan Decl. Ex. P. Now, having unilaterally cut off the meet and confer process, Plaintiffs seek to cut short the time for this Court to consider their motion.

Plaintiffs served their Motion to Compel in the middle of the night on February 13 with the apparent and mistaken belief that such service would entitle them to a March 13 hearing date. When LSW's counsel promptly informed them that he was unavailable for a March 13 hearing because of a prior commitment, and asked for the professional courtesy of a hearing one week later, Plaintiffs' counsel refused and ***demanded***

***documentary proof of a scheduling conflict*** or that LSW's counsel "get alternative speakers." *See* Application at 9.[2]

That lack of cooperation in scheduling a hearing was based upon the same premise as Plaintiffs' Application: that Plaintiffs need large buckets of discovery because of some (unspecified) emergency, and that because of LSW's objections to their requests "discovery has ground to a nearly complete halt." Application at 2. This position is wrong on every count. Accordingly, there is no good cause for Plaintiffs' Application.

*First*, there is no reason why Plaintiffs imminently need the discovery being sought by their Motion. Much of the discovery involves topics that were already considered, and rejected, by this Court — *e.g.*, Tax Free Retirement (the so-called "Patrick Kelly" documents), life insurance products sold by LSW's competitors, etc. *See* Brosnahan Decl. Ex. K at 4, 8. Plaintiffs' attempt to re-litigate these issues, several months later, cannot possibly be an emergency. Other discovery, relating to the "actual value" of Paragon and Provider policies, is equally non-urgent. Plaintiffs waited until months after the parties' first motions to compel (and more than a year after filing this case) to even seek these documents. *See* Application at 6.

*Second*, Plaintiffs' premise that they need all discovery prior to filing their class certification motion (Application at 4) has been rejected by this Court. In connection with Plaintiffs' previous motion to compel, Plaintiffs also sought to unduly accelerate all discovery because of their impending class certification deadline (in that case, requiring the review and production of more than a million emails in two weeks). This Court made clear, after two full days of hearings, that LSW did "not have to complete their e-production in advance of the class certification motion. Period." Declaration of Seth Moskowitz ("Moskowitz Decl.") Ex. A at 14. Here again, Plaintiffs simply assert that

---

[2] When Plaintiffs had a scheduling conflict for a hearing on LSW's potentially dispositive motion for judgment on the pleadings, LSW agreed to delay that hearing by a month.

1  they need all outstanding discovery to "prepare class certification papers" (Application at
2  4) without making any effort to show that the discovery they are actually seeking is
3  relevant to class certification. In fact, the "actual value" documents — which, by
4  Plaintiffs' admission, constitute "most of the discovery at issue" in the pending motion
5  — "relate[] to damages and restitution," without any explanation of how any of that bears
6  on class certification. Application at 6. Certainly, Plaintiffs have done nothing to
7  demonstrate that moving the hearing a few days or a week will have any sort of material
8  effect on their class certification brief.

*Third*, Plaintiffs' suggestion that LSW has improperly halted discovery is wrong. Discovery has not ceased. To the contrary, LSW is producing an email custodian every week — in accordance with the schedule set by the Court last September — and has produced the documents from 10 different individuals in 2012 alone (on top of the enormous volume produced in 2011). Moskowitz Decl. ¶ 2. In any event, LSW has refused to produce additional categories of documents based on its good faith objections to the discovery being sought. When LSW has attempted to reach give-and-take compromises with Plaintiffs, which might involve both parties surrendering firmly-held positions in the interest of progress, it is Plaintiffs that have been unwilling to move this process forward by limiting or prioritizing their requests. Brosnahan Decl. Ex. K. As long as Plaintiffs' idea of meeting-and-conferring is to demand that "LSW must comply" with all of their requests, it is not LSW's fault that the process has slowed. Brosnahan Decl. Ex. I at 2.

*Finally*, the Application raises the red herring of the time at which LSW served its response to Plaintiffs' stipulation. This is terribly unfair and untrue. LSW served its response in a timely fashion under the Local Rules — indeed, somewhat earlier in the

night (11:36 PM) than Plaintiffs had served the stipulation in the first place (11:52 PM).[3] There is plainly a substantial discovery dispute here, and late-night service of court papers and *ex parte* applications, or other attempts to achieve scheduling advantage or disruption do not help resolve the parties' real discovery dispute with the structure and consistency that the Local Rules seem to contemplate (*e.g.*, an extensive meet-and-confer process, motions filed by joint stipulation, and presumptively fair deadlines).

## III. CONCLUSION

For the foregoing reasons, LSW respectfully requests that Plaintiffs' Application be denied, or in the alternative, that the hearing at least be scheduled for some day other than March 13 (a date for which LSW's counsel has repeatedly indicated that it has a conflict).

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Jonathan A. Shapiro
Jonathan A. Shapiro (257199)
Andrea J. Robinson (*pro hac vice*)
Timothy J. Perla (*pro hac vice*)

Attorneys for Defendant Life Insurance Company of the Southwest

---

[3] Plaintiffs served their stipulation on February 13. Because of the President's Day holiday, LSW's response was not due until February 21. Fed. R. Civ. P. 6. Even if the combined joint stipulation were completed on February 21, LSW had until the close of business on the following day (February 22) to sign and file the stipulation — too late for a March 13 hearing. L.R. 37-2.2. Regardless of when on February 21 LSW served its response, Plaintiffs would never have been entitled to a hearing date earlier than March 20.

- 5 -
LSW'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME, 10-09198 JVS(RNBx)

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304. On February 24, 2012 I served the within document(s):

LSW'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME

I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, CA addressed as set forth below.

I personally caused to be emailed the document(s) listed above to the person(s) at the address(es) set forth below.

[X] I electronically filed the document(s) listed above via the CM/ECF system.

Brian P. Brosnahan
Charles N. Freiberg
Jacob Foster
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111
cfreiberg@kasowitz.com

Harvey R. Levine
LEVINE & MILLER
550 West C. Street, Suite 1810
San Diego, CA 92101-8596
lsmh@levinelaw.com

/s/ Jonathan A. Shapiro
Jonathan A. Shapiro