```
                                                                    1

 1                    UNITED STATES DISTRICT COURT

 2

 3                    CENTRAL DISTRICT OF CALIFORNIA

 4                           WESTERN DIVISION

 5

 6
     JOYCE WALKER, ET AL.,          )
 7                                  )
                                    )
 8                                  )
         PLAINTIFFS,                )
 9                                  )
         VS.                        ) CASE NO. CV 10-9198-JVS(RNBX)
10                                  ) SANTA ANA, CALIFORNIA
                                    ) SEPTEMBER 14, 2011
11   LIFE INSURANCE COMPANY         )
        OF THE SOUTHWEST,           ) (9:36 A.M. TO 10:07 A.M.)
12                                  ) (1:02 P.M. TO 1:20 P.M.)
                                    ) (1:29 P.M. TO 1:36 P.M.)
13         DEFENDANT.               )
     _____)
14

15                        DISCOVERY CONFERENCE

16             BEFORE THE HONORABLE ROBERT N. BLOCK
                  UNITED STATES MAGISTRATE JUDGE
17

18
     APPEARANCES:              SEE NEXT PAGE
19
     COURT REPORTER:           RECORDED; COURT SMART
20
     COURTROOM DEPUTY:         K. HAYS
21
     TRANSCRIBER:              DOROTHY BABYKIN
22                             COURTHOUSE SERVICES
                               1218 VALEBROOK PLACE
23                             GLENDORA, CALIFORNIA  91740
                               (626) 963-0566
24
     PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
25   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

```
                                                                  2

 1   APPEARANCES:  (CONTINUED)
     FOR THE PLAINTIFFS:        KASOWITZ BENSON TORRES & FRIEDMAN
 2                              BY:  JACOB N. FOSTER
                                     ATTORNEY AT LAW
 3                              101 CALIFORNIA STREET
                                SUITE 2300
 4                              SAN FRANCISCO, CALIFORNIA  94111

 5
     FOR THE DEFENDANT:         WILMER CUTLER PICKERING HALE
 6                                & DOOR
                                BY:  JONATHAN A. SHAPIRO
 7                                   MICHAEL NORMAN
                                     ATTORNEYS AT LAW
 8                              950 PAGE MILL ROAD
                                PALO ALTO, CALIFORNIA  94304
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

11

```
 1   MEANT DIFFERENTIATE.  AND IF YOU THINK YOU'VE DONE THAT --
 2   YOU DON'T EVEN HAVE TO RESPOND TO MY COMMENTS BECAUSE I'M
 3   GOING TO MAKE YOU MEET AND CONFER FURTHER.  BUT WHAT I MEANT
 4   BY PRIORITIZE IS DIFFERENTIATE BETWEEN DISCOVERY THAT IS MOST
 5   IMPORTANT TO YOU FOR CLASS CERTIFICATION AND DISCOVERY THAT
 6   MIGHT BE IMPORTANT FOR CLASS CERTIFICATION BUT IS LESS
 7   IMPORTANT THAN OTHER DISCOVERY AND CERTAINLY GOES TO THE
 8   ISSUE OF THE MERITS THAT YOU'RE NOT GOING TO GET BEFORE THE
 9   CLASS CERTIFICATION MOTION.  SIMPLE.
10           FOR EXAMPLE, ON THE ELECTRONIC DISCOVERY YOU'RE NOT
11   GETTING IT ALL BY THE CLASS CERTIFICATION MOTION.
12           NOW, WHAT WAS YOUR DATE?  MAY 2ND, MAY 12TH OR
13   SOMETHING --
14           MR. SHAPIRO:  YOUR HONOR, WE WERE -- WE THINK WE
15   COULD DO IT TWO MONTHS AHEAD OF THE DEADLINE.
16           THE COURT:  YES.  ALL RIGHT.
17           MR. SHAPIRO:  AND WE'RE HAPPY TO TAKE IT IN ANY
18   ORDER THEY WANT.
19           THE COURT:  WELL --
20           MR. FOSTER:  IF I MAY, YOUR HONOR.
21           THE COURT:  -- I MEAN, LET'S ASSUME FOR THE SAKE OF
22   DISCUSSION THAT -- BECAUSE I'M NOT SURE THAT TWO MONTHS -- I
23   AGREE WITH PLAINTIFF.  TWO MONTHS IS NOT NECESSARILY A
24   SUFFICIENT AMOUNT OF TIME TO REVIEW, SCHEDULE DEPOSITIONS OF
25   PEOPLE WHO ARE WHO KNOWS WHERE, CONDUCT THE DEPOSITIONS, MAKE
```

1  MOTIONS TO COMPEL.

2  LET'S ASSUME FOR THE SAKE OF DISCUSSION I'M GOING

3  TO SAY I DON'T AGREE WITH MAY 12TH.

4  WAS IT MAY 4TH OR MAY 12TH?

5  MR. SHAPIRO: I THINK IT WAS MAY -- MAY 4TH. WE --

6  THE COURT: SEE, I DON'T AGREE WITH MAY 4TH. I'LL

7  BACK IT UP, BUT I'M NOT GOING TO BACK IT UP BEFORE THE CLASS

8  CERTIFICATION MOTION NEEDS TO BE FILED OR EVEN BEFORE THE

9  CLASS CERTIFICATION MOTION HAS TO BE DECIDED. BECAUSE TO ME

10 IF HE DENIES CLASS CERTIFICATION, THAT'S GOING TO REDUCE THE

11 BURDEN OF PRODUCTION --

12 MR. SHAPIRO: EFFECTIVELY -- EFFECTIVELY THE CASE

13 ECONOMICALLY IS VERY DIFFERENT.

14 THE COURT: YES.

15 SO, I MIGHT PICK A DATE MARCH 31ST, AND THAT'S

16 ABOUT THE MOST I'D BE WILLING TO ACCOMMODATE PLAINTIFF. NOT

17 MAY 4TH. MARCH 31ST, SOMETHING LIKE THAT. YOU CAN MEET AND

18 CONFER. I'VE GIVEN YOU SORT OF MY THOUGHTS.

19 AS --

20 MR. FOSTER: IF I MAY, YOUR HONOR.

21 THE COURT: YES.

22 MR. FOSTER: WE DID CONSISTENT WITH YOUR ORDER GIVE

23 A LOT OF THOUGHT TO SEQUENCING THE PRODUCTION BY DOCUMENT

24 REQUESTS. AND, INDEED, THAT WAS THE THRUST OF OUR SEPTEMBER

25 1ST LETTER TO LSW.

13

                 1          AND WHAT LSW HAS MAINTAINED IS THAT IT IS NOT

                 2     PRODUCTIVE TO PRODUCE DOCUMENTS THAT WAY BECAUSE THERE'S

                 3     FREQUENTLY OVERLAP IN CATEGORIES.  AND, INSTEAD, THEY

                 4     PROPOSED PRODUCING A ROLLING PRODUCTION BASED ON CUSTODIAN.

                 5          AND UPON RECEIPT OF THAT, WE THOUGHT THAT THAT

                 6     SUGGESTION IS VERY HELPFUL BECAUSE WE CAN PRIORITIZE

                 7     CUSTODIANS.  WE CAN --

                 8          THE COURT:  BUT SOME -- WHEN YOU SAY PRIORITIZE,

                 9     CAN YOU DISTINGUISH BETWEEN CUSTODIANS WHO YOU WANT

                10     PRODUCTION COMPLETED IN ADVANCE FOR USE IN CLASS

                11     CERTIFICATION VERSUS OTHERS WHO YOU'D LIKE TO HAVE BUT BASED

                12     ON MY COMMENTS YOU KNOW I'M NOT GOING TO REQUIRE THEM TO

                13     COMPLETE PRIOR TO CLASS CERTIFICATION.

                14          HAVE YOU DONE THAT?

                15          MR. FOSTER:  WELL, YOUR HONOR, WE HAVE GIVEN SOME

                16     THOUGHT TO PRODUCING IT AND ORDERING.

                17          BUT THE PROBLEM WITH THAT, OF COURSE, IS THAT WE'VE

                18     ONLY RECEIVED VERY MINIMAL DOCUMENTS FROM LSW TO DATE.  AND,

                19     SO, ALL WE KNOW ARE THESE INDIVIDUALS' TITLES.  SO, COULD WE

                20     PRODUCE A COMPLETE ORDERING OF THE 23 CUSTODIANS, I DON'T

                21     KNOW WE'RE PREPARED TODAY TO DO THAT.  BUT WE COULD --

                22          THE COURT:  WELL, BUT --

                23          MR. FOSTER:  -- ORDER THE --

                24          THE COURT:  -- I'M NOT GOING TO ISSUE AN ORDER OR A

                25     SCHEDULE UNTIL YOU'RE PREPARED TO MAKE A PROPOSAL THAT

14

1 ENCOMPASSES THE POINTS I'M MAKING, WHICH IS THEY DO NOT HAVE
2 TO COMPLETE THEIR E-PRODUCTION IN ADVANCE OF THE CLASS
3 CERTIFICATION MOTION.  PERIOD.
4       SO, YOU COME UP WITH SOMETHING THAT'S CONSISTENT
5 WITH WHAT I JUST SAID.  YOU KNOW, IF THEY DON'T LIKE IT,
6 MAYBE I'LL REJECT THEIR POSITION.  BUT YOU HAVE TO PROPOSE
7 SOMETHING THAT'S CONSISTENT WITH WHAT I JUST SAID.
8       MR. FOSTER:  YES, YOUR HONOR.  I UNDERSTAND THAT.
9 AND LET ME CLARIFY.  WE DO NOT BY ANY STRETCH OF THE
10 IMAGINATION THINK THAT DISCOVERY HAS TO BE DONE BEFORE THE
11 CLASS CERTIFICATION MOTION.  WE DO, HOWEVER, THINK THAT
12 THERE'S BEEN UNDUE DELAY IN RESPONDING TO OUR FIRST SET OF
13 REQUESTS FOR PRODUCTION.  AND WE FREQUENTLY --
14       THE COURT:  I HAVEN'T TALKED ABOUT -- YOU KNOW, IF
15 WE'RE TALKING ABOUT HARD COPY STUFF, THEY SAID THEY HAD
16 AGREED TO PRODUCE.  I HAVEN'T ADDRESSED THAT YET.  I'LL COME
17 BACK TO THAT.  I PROBABLY AM CLOSER TO YOUR POSITION ON THAT
18 THAN THEY ARE.
19       BUT IF YOU'RE TALKING ABOUT E- -- I MEAN,
20 E-PRODUCTION IS VERY COMPLICATED.  AND IT REQUIRES THE
21 PARTIES, WHICH I DON'T THINK YOU DID, TO REALLY MAKE A
22 CONCERTED EFFORT TO COME UP WITH -- I MEAN, IN FACT, THE
23 FEDERAL RULES NOW REQUIRE THAT YOU MEET AND CONFER ABOUT THAT
24 -- TO COME UP WITH A GAME PLAN FOR THE PRODUCTION OF
25 E-DISCOVERY THAT BOTH SIDES AGREE WILL WORK AND WILL ADDRESS

15

1 THE DEFENDANT'S CONCERNS ABOUT UNDUE EXPENSE AND RESOURCES
2 BUT ADDRESS YOUR NEED FOR THE INFORMATION.
3 AND -- BECAUSE YOU DIDN'T KNOW WHAT I WAS GOING TO
4 SAY I GUESS PRIOR TO AUGUST WHEN THESE ISSUES WERE RAISED
5 BEFORE ME ACCOUNTED FOR MY POSITION ON WHAT HAS TO BE
6 ACCOMPLISHED OVER WHAT PERIOD OF TIME.  IF YOU HAD MET AND
7 CONFERRED AND RESOLVED THAT, YOU WOULDN'T BE HERE TODAY
8 HAVING THIS DISCUSSION WITH ME, WOULD YOU?
9 MR. FOSTER:  IF I MAY, YOUR HONOR.  I AGREE THAT
10 THE PARTIES ARE REQUIRED TO MEET AND CONFER ABOUT ELECTRONIC
11 DISCOVERY.  AND IF YOU LOOK AT THE EXHIBITS TO THE
12 DECLARATION WE SUBMITTED, WE SOUGHT AT THE EARLIEST POSSIBLE
13 DATE TO MEET AND CONFER WITH LSW ABOUT THESE ISSUES,
14 INCLUDING SEARCH TERMS AND CUSTODIANS.
15 THEY INITIALLY TOOK THE POSITION THAT THEY HAD NO
16 OBLIGATION UNDER THE FEDERAL RULES TO MEET AND CONFER ABOUT
17 THESE ISSUES.  THEY SUBSEQUENTLY TOOK A POSITION THAT THEY
18 WERE NOT GOING TO MEET AND CONFER ABOUT THESE ISSUES --
19 THE COURT:  AND WHEN WAS THAT?
20 MR. FOSTER:  THAT WAS IN MAY, BEGINNING IN MAY.
21 THE COURT:  ALL YOU HAD TO DO WAS BRING A MOTION.
22 MR. FOSTER:  WELL -- WELL, LET ME -- LET ME GIVE
23 YOU --
24 THE COURT:  AND YOU WOULD HAVE BEEN HERE IN THE
25 COURTHOUSE, AND YOU WOULDN'T HAVE BEEN EXCUSED.