UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50,<br><br>    Defendant. | Case No.: 10-09198 JVS(RNBx)<br><br>**[PROPOSED] ORDER GRANTING LIFE INSURANCE COMPANY OF THE SOUTHWEST'S MOTION FOR PROTECTIVE ORDER AND TO COMPEL RESPONSES TO DEPOSITION QUESTIONS** |

### [PROPOSED] ORDER GRANTING PROTECTIVE ORDER AND TO COMPEL RESPONSES TO DEPOSITION QUESTIONS

The Court hereby GRANTS Life Insurance Company of the Southwest's ("LSW") Motion for Protective Order and to Compel Production of Documents (the "Motion").

Accordingly, the Court ORDERS as follows:

**Motion To Compel**

(1)   Defendant LSW shall be entitled to reconvene the deposition of Plaintiff Joyce Walker, live and in-person.  LSW may inquire on the following subjects, generally:

(a) Her role as a class representative, including her role in making decisions in this litigation and her knowledge of the number of potential class members in this action;

(b) Her pre-litigation complaint to the California Department of Insurance; and

(c) Her income as an Emotional Freedom Technique ("EFT") practitioner, including, specifically and without limitation, the reporting or non-reporting of EFT income to tax authorities.

(d) Plaintiffs are ORDERED to pay LSW's reasonable expenses connected with the re-deposition, including attorneys' fees and travel costs.

**Motion For Protective Order**

(2) LSW's motion for a protective order is GRANTED as to Deposition Topics No. 6, 11, 23, 24, 26, 28, 29, 32, 33, 35, and 38.  LSW need not provide a corporate designee to testify about those topics.

(3) LSW's motion for a protective order, limiting the scope of Deposition Topic No. 12 is GRANTED.  LSW need not provide a corporate designee to testify about Topic No. 12, except insofar as that testimony relates to LSW's marketing of Paragon and Provider in California regarding costs associated with the policies, the means by which guaranteed values are calculated, possible variability in non-guaranteed values and the effects of that variability, and tax consequences in the event of policy lapse, or to LSW's marketing strategy generally — *i.e.*, untied to any particular marketing materials or segments.

(4) LSW's motion for a protective order, limiting the scope of Deposition Topic No. 36 is GRANTED. LSW need not provide a corporate designee to testify about Topic No. 36, except insofar as that testimony relates to training between January 1, 2005 and May 12, 2012 of agents, brokers or wholesalers licensed in California and appointed by LSW pertaining to Paragon or Provider

1  IT IS SO ORDERED.

2  Dated: _____

3

4

5                                              _____
                                               Honorable Robert N. Block
                                               United States Magistrate Judge