1  JONATHAN A. SHAPIRO (257199)
   WILMER CUTLER PICKERING HALE
2  AND DORR LLP
   950 Page Mill Road
3  Palo Alto, CA 94304
   Tel:  (650) 858-6101
4  Fax:  (650) 858-6100
   jonathan.shapiro@wilmerhale.com
5
   ANDREA J. ROBINSON (PRO HAC VICE)
6  TIMOTHY J. PERLA (PRO HAC VICE)
   WILMER CUTLER PICKERING HALE
7  AND DORR LLP
   60 State Street
8  Boston, MA 02109
   Tel:  (617) 526-6000
9  Fax:  (617) 526-5000
   andrea.robinson@wilmerhale.com
10 timothy.perla@wilmerhale.com
   Attorneys for Defendant Life Insurance
11 Company of the Southwest



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv-04852 JSW from Northern District of California<br><br>**JOINT APPLICATION TO FILE UNDER SEAL THE PARTIES' JOINT STIPULATION ON LSW'S MOTION TO COMPEL AND CERTAIN EXHIBITS THERETO**<br><br>Magistrate Judge Robert N. Block<br><br>Date: March 20, 2012<br>Time: 9:30 a.m.<br>Courtroom: 6D<br><br>Discovery Cutoff: November 5, 2012<br>Pretrial Conference: January 14, 2013<br>Trial Date: January 22, 2013 |

LODGED

PLEASE TAKE NOTICE THAT pursuant to Civil Local Rule 79-5.1 and the Court's Second Amended Protective Order in this action, Dkt. 102 at ¶ 10 (Sept. 26, 2011), Defendant Life Insurance Company of the Southwest ("LSW") submits this application to the Court for an Order sealing (1) the Parties' Joint Stipulation on LSW's Motion for a Protective Order and Motion to Compel; and (2) Exhibits L, R, T, U, and V attached to the Declaration of Jeanette T. Barzelay In Opposition to Defendant's Motion for Protective Order and to Compel Responses to Deposition Questions.

PLEASE TAKE FURTHER NOTICE THAT pursuant to Civil Local Rule 79-5.1 and the Court's Second Amended Protective Order in this action, Document No. 103 at ¶10 (entered September 26, 2011), Plaintiffs Joyce Walker, Kim Bruce Howlett, and Muriel Spooner ("Plaintiffs") hereby submit this application to the Court for an Order sealing (1) the Parties' Joint Stipulation on LSW's Motion for a Protective Order and Motion to Compel (2) Exhibits C, E, and M attached to the Declaration of Jeanette T. Barzelay in Opposition to LSW's Motion; and (3) Exhibits A, B, C, and D attached to the Declaration of Jonathan A. Shapiro in Support of LSW's Motion.

Under Civil Local Rule 79-5.1, a party can request that documents be filed under seal by submitting a written application along with the documents sought to be filed under seal. The Court's Second Amended Protective Order (the "Protective Order") requires that an application to seal be filed whenever any papers are filed containing information and/or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION – PROTECTIVE ORDER." Dkt. 102 at ¶ 10

## I. LSW's Application

LSW applies to file under seal (1) the Parties' Joint Stipulation on LSW's Motion for a Protective Order and Motion to Compel; and (2) Exhibits L, R, T, U,

V and W attached to the Declaration of Jeanette T. Barzelay In Opposition to Defendant's Motion for Protective Order and to Compel Responses to Deposition Questions ("Barzelay Dec."). The specifics grounds for each document are set forth below:

(i) The Parties' Joint Stipulation contains direct quotations from Exhibits T, U, and V of the Barzelay Declaration. The former two documents are marked as "CONFIDENTIAL" under the protective order and, as described below, include confidential, non-public commercial information that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm. The last document is confidential deposition testimony that is protected by the Protective Order.

(ii) Exhibit L is an internal LSW draft presentation that has been marked CONFIDENTIAL. This draft presentation to be given to LSW agents contains consumer profiling and marketing strategies. This is confidential, non-public commercial information about LSW and LSW products that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm.

(iii) Exhibit R is a letter from Plaintiffs to LSW. The letter describes in detail the contents of documents that are marked CONFIDENTIAL and contains confidential, non-public commercial information that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm. In particular, the letter quotes a CONFIDENTIAL document describing the manner in which LSW calculates deferred amortization costs.

(iv) Exhibit T is an internal LSW draft newsletter that has been marked CONFIDENTIAL. This draft newsletter discusses LSW's competitive positioning strategy. This is confidential, non-public commercial information about LSW's corporate strategy and LSW products that, if disclosed to the general public or

competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm.

(v) Exhibit U is an internal LSW draft presentation that has been marked CONFIDENTIAL. This draft presentation to be given to LSW agents contains confidential LSW strategies regarding marketing approaches and competitive positioning. This is confidential, non-public commercial information about LSW and LSW products that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm.

(vi) Exhibit V contains excerpts from the deposition of Matthew DeSantos. In the testimony excerpted herein, Mr. DeSantos testified to, among other things, LSW's marketing strategies. This is confidential, non-public commercial information about LSW products that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm.

For the foregoing reasons, LSW respectfully request that the Court grant LSW's application to the Court for an Order sealing (1) the Parties' Joint Stipulation on LSW's Motion for a Protective Order and Motion to Compel; and (2) Exhibits L, R, T, U, and V attached to the Declaration of Jeanette T. Barzelay In Opposition to Defendant's Motion for Protective Order and to Compel Responses to Deposition Questions.

## II. **Plaintiffs' Application**

Plaintiffs apply to file (1) the Parties' Joint Stipulation on LSW's Motion for a Protective Order and Motion to Compel; (2) Exhibits C, E, and M attached to the Declaration of Jeanette T. Barzelay ("Barzelay Dec.") in Opposition to LSW's Motion; and (3) Exhibits A, B, C, and D to the Declaration of Jonathan A. Shapiro ("Shapiro Dec.") in Support of LSW's Motion under seal on the grounds that they contain confidential information protected by the Protective Order. The specific grounds that apply to each document are set forth below:

(i) The Parties' Joint Stipulation contains excerpts from the deposition of Ms. Joyce Walker, the transcript of which Plaintiffs have designated as "Confidential" pursuant to the protective order. The relevant excerpts of the Joint Stipulation include "individual personal information," which the protective order specifically protects from disclosure. *See* Document 103 at ¶1(c). In particular, the cited testimony (which has been redacted from the publicly-filed version of the parties' Joint Stipulation) includes statements regarding Ms. Walker's financial and tax situation, which constitutes "individual personal information" that is protected from disclosure. This confidential, non-public personal information about Ms. Walker, if disclosed to the general public, could reasonably and in good faith be expected to result in prejudice or harm.

(ii) Barzelay Dec., Exhibit C is comprised of excerpts from Ms. Walker's deposition transcript, which Plaintiffs have designated "Confidential" pursuant to the protective order. This document includes numerous references to "individual personal information," which the protective order specifically protects from disclosure. *See* Document 103 at ¶1(c). For example, Ms. Walker provided testimony regarding her financial situation, the addresses of various residences at which she has lived (including her current residence), and the names of individuals other than the parties in this litigation (or their employees or agents), among other "individual personal information" that is protected from disclosure. This

confidential, non-public personal information about Ms. Walker and about third parties not involved in this lawsuit, if disclosed to the general public, could reasonably and in good faith be expected to result in prejudice or harm.

(iii)   Barzelay Dec., Exhibit E is a meet and confer letter that contains excerpts from Ms. Walker's deposition transcript, which Plaintiffs have designated "Confidential" pursuant to the protective order. This document includes references to testimony regarding Ms. Walker's financial and tax situation (which have been redacted from the publicly-filed version of this exhibit), which constitutes "individual personal information" that is protected from disclosure under the protective order. *See* Document 103 at ¶1(c). This confidential, non-public personal information about Ms. Walker, if disclosed to the general public, could reasonably and in good faith be expected to result in prejudice or harm.

(iv)   Barzelay Dec., Exhibit M is a meet and confer letter that contains excerpts from Ms. Walker's deposition transcript, which Plaintiffs have designated "Confidential" pursuant to the protective order. This document includes references to testimony regarding Ms. Walker's financial and tax situation (which have been redacted from the publicly-filed version of this exhibit), which constitutes "individual personal information" that is protected from disclosure under the protective order. *See* Document 103 at ¶1(c). This confidential, non-public personal information about Ms. Walker, if disclosed to the general public, could reasonably and in good faith be expected to result in prejudice or harm.

(v)   Shapiro Dec., Exhibit A is comprised of excerpts from Ms. Walker's deposition transcript, which Plaintiffs have designated "Confidential" pursuant to the protective order. This document includes numerous references to "individual personal information," which the protective order specifically protects from disclosure. *See* Document 103 at ¶1(c). For example, Ms. Walker provided testimony regarding her financial situation, the addresses of various residences at which she has lived (including her current residence), and the names of individuals

1 other than the parties in this litigation, or their employees or agents), among other
2 "individual personal information" that is protected from disclosure. This
3 confidential, non-public personal information about Ms. Walker and about third
4 parties not involved in this lawsuit, if disclosed to the general public, could
5 reasonably and in good faith be expected to result in prejudice or harm.

   (vi)   Shapiro Dec., Exhibit B is a meet and confer letter that contains
excerpts from Ms. Walker's deposition transcript, which Plaintiffs have designated
"Confidential" pursuant to the protective order. This document includes references
to testimony regarding Ms. Walker's financial and tax situation (which have been
redacted from the publicly-filed version of this exhibit), which constitutes
"individual personal information" that is protected from disclosure under the
protective order. *See* Document 103 at ¶1(c). This confidential, non-public
personal information about Ms. Walker, if disclosed to the general public, could
reasonably and in good faith be expected to result in prejudice or harm.

   (vii)   Shapiro Dec., Exhibit C is a meet and confer letter that contains
excerpts from Ms. Walker's deposition transcript, which Plaintiffs have designated
"Confidential" pursuant to the protective order. This document includes references
to testimony regarding Ms. Walker's financial and tax situation (which have been
redacted from the publicly-filed version of this exhibit), which constitutes
"individual personal information" that is protected from disclosure under the
protective order. *See* Document 103 at ¶1(c). This confidential, non-public
personal information about Ms. Walker, if disclosed to the general public, could
reasonably and in good faith be expected to result in prejudice or harm.

   (viii)   Shapiro Dec., Exhibit D is a document produced by Ms. Walker in
discovery and designated as "Confidential" pursuant to the protective order. The
document consists of an email between Ms. Walker and Ms. Christine Wilton of
the California Department of Insurance, and includes references to "individual
personal information," which the protective order specifically protects from

disclosure. *See* Document 103 at ¶ 1. In particular, Exhibit D contains information regarding Ms. Walker's financial situation, including references to specific investments and account balances, which constitute "individual personal information" that is properly protected from disclosure. This confidential, non-public personal information about Ms. Walker, if disclosed to the general public, could reasonably and in good faith be expected to result in prejudice or harm.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' application to the Court for an Order sealing (1) the Parties' Joint Stipulation on LSW's Motion for a Protective Order and Motion to Compel; (2) Exhibits C, E, and M attached to the Declaration of Jeanette T. Barzelay in Opposition to LSW's Motion; and (3) Exhibits A, B, C, and D attached to the Declaration of Jonathan A. Shapiro in Support of LSW's Motion to Compel.

Dated: February 23, 2012                    Respectfully submitted,

                                            WILMER CUTLER PICKERING HALE
                                            AND DORR LLP


                                            By:  /s/ Jonathan Shapiro
                                                 Jonathan A. Shapiro

                                            Attorneys for Defendant
                                            LIFE INSURANCE COMPANY OF THE
                                            SOUTHWEST


                                            KASOWITZ, BENSON, TORRES &
                                            FRIEDMAN LLP


                                            By:  /s/ Brian P. Brosnahan
                                                 Brian P. Brosnahan
                                                 Charles N. Freiberg
                                                 Jacob N. Foster

                                            Attorneys for Plaintiffs

JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28