JONATHAN A. SHAPIRO (257199)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:   (650) 858-6101
Fax:   (650) 858-6100
jonathan.shapiro@wilmerhale.com

ANDREA J. ROBINSON (PRO HAC VICE)
TIMOTHY J. PERLA (PRO HAC VICE)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:   (617) 526-6000
Fax:   (617) 526-5000
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com
Attorneys for Defendant Life Insurance Company of the Southwest

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50,<br><br>  Defendant. | Case No.: 10-09198 JVS(RNBx)<br><br>EX PARTE APPLICATION FOR ENTRY OF ORDER RE: CONTACTS WITH PUTATIVE CLASS MEMBERS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Judge James Selna<br>Courtroom: 10C |

# EX PARTE APPLICATION

Pursuant to Fed. R. Civ. Proc. 6(c)(1)(A) and 23(d) and Local Rule 7-19, Life Insurance Company of the Southwest ("LSW") respectfully files this *ex parte* application for an entry of order regarding contacts with absent members of the putative class.

Plaintiffs oppose this motion. On March 5, 2012, Jonathan Shapiro, counsel for LSW attempted to contact Brian Brosnahan, lead counsel for Plaintiffs by telephone. Mr. Brosnahan was unavailable so Mr. Shapiro spoke to Mr. Brosnahan's associate, Jeanette Barzelay, and orally advised her that LSW would be filing an ex parte application for an order governing contacts with absent members of the putative class on March 5, 2012. *See* Declaration of Jonathan Shapiro ("Shapiro Dec.") ¶ 2.

This motion is based on the attached memorandum of points and authorities, the attached Exhibit A (a protective order entered by this Court in *In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*), the attached Exhibit B (a blackline comparing the substantive texts of LSW's proposed order and Exhibit A), the declaration of Jonathan A. Shapiro and exhibits thereto, the pleadings, records and files in this case, and such other matters as may be considered by the Court.

DATED: March 5, 2012

Respectfully submitted,
WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Jonathan A. Shapiro*
Jonathan A. Shapiro (257199)
Andrea J. Robinson (*pro hac vice*)
Timothy J. Perla (*pro hac vice*)

Attorneys for Defendant Life Insurance Company of the Southwest

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

LSW asks this Court to enter an order governing contacts with absent members of the putative class. LSW's proposed order is identical in almost every respect to the Court's order entered in the *Toyota* multi-district litigation.[1] *Compare* Order, *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, 8:10ML2151 JVS (FMOx) (Dkt. 2200) (C.D. Cal. Feb. 3, 2012) (attached as Exhibit A) *with* LSW's Proposed Order; *see also* Exhibit B (blackline comparing substantive text of two orders). LSW's proposed order differs from the Court's order in *Toyota* in only two substantive respects. *First*, LSW's proposed order prohibits Plaintiffs from contacting minors (children). *Second*, it prohibits Plaintiffs from contacting LSW customers who are not members of the proposed, putative class.

This order is necessary because Plaintiffs have already sent letters to LSW customers, using personal identifying information produced by LSW in the course of this litigation. This would not, in itself, be objectionable. But Plaintiffs sent at least one letter to a twelve-year old girl who was not even a member of the proposed class, leaving her mother with the impression that LSW was complicit in the communication.

Mistakes happen. Yet Plaintiffs have refused to cooperate with LSW to prevent a similar mistake from happening again. An *ex parte* order is necessary to prevent Plaintiffs from using the threat of improper interference with LSW's business relationships to obtain leverage in this litigation. In the alternative, an *ex parte* order is necessary to maintain the *status quo* until the parties can appear before the Court in a non-chaotic manner.

## II. Facts

---

[1] Per L.R. 7-19: lead opposing counsel is Brian Brosnahan of Kasowitz Benson Torres & Friedman LLP. 101 California St., Suite 2300, San Francisco, CA 94111. His phone number is (415) 655-4337. His email address is bbrosnahan@kasowitz.com.

- 3 -
EX PARTE APPLICATION FOR ENTRY OF ORDER RE: CONTACTS WITH ABSENT MEMBERS OF THE PUTATIVE CLASS, 10-09198 JVS(RNBx)

On February 13 or 14, 2012, LSW received a complaint from an policyholder who was upset about a letter sent by Plaintiffs to her twelve-year-old daughter (the insured on her mother's LSW policy). Shapiro Dec., Ex. 2 at 1. The young girl's information was produced by LSW in connection with this lawsuit. *Id.* The application *stated five times that she was a "minor"* and her age appeared more than thirty times on other documents in the file produced by LSW. *See id.* The mother was further upset because Plaintiffs' letter had left her with the impression that LSW was somehow complicit in Plaintiffs' communication. *See id.*; Shapiro Dec., Ex. 1 at 1 (copy of Plaintiffs' letter sent to another policyholder) ("We received your name from LSW because, as a purchaser of an LSW EIUL policy after September 24, 2006, you are a member of the proposed class on who behalf the Plaintiffs have brought this case.").

Insureds, like the twelve-year-old girl, who did not purchase the policy are not members of the proposed class. *See* Compl. ¶ 64. In this case, the young girl's mother purchased the policy before September 24, 2006, so the mother is not a member of the proposed class either. *See id.*

LSW quickly wrote to Plaintiffs, letting them know about the mother's complaint and asking that Plaintiffs refrain from contacting any more of LSW's customers until the parties could reach an agreement to ensure that this error was not repeated. *See* Shapiro Dec., Ex. 1 at 4.[2] On February 21, 2012, Plaintiffs responded. *See* Shapiro Dec., Ex. 4. Plaintiffs acknowledged that they had sent a letter to a minor who was not the policy purchaser and whose policy was, in any event, outside the class period. *See id.* at 2. But Plaintiffs did not apologize or offer a solution to prevent this inappropriate contact from

---

[2] LSW has made its own mistake (accidentally sending bulk mail to an adult, who is a represented party), for which LSW has apologized profusely. *See* Shapiro Dec., Ex. 3 at 1. This only serves to underline the need for some Court oversight of bulk mailings to individuals and children.

- 4 -
EX PARTE APPLICATION FOR ENTRY OF ORDER RE: CONTACTS WITH ABSENT MEMBERS OF THE PUTATIVE CLASS, 10-09198 JVS(RNBx)

being repeated—they blamed LSW for their counsel's decision to write to the child. *See id.* ("Our letter was apparently sent to the … family based on an error by LSW[.]").[3]

LSW replied on February 28, explaining that the parties' joint stipulation required LSW to produce a sample of "all Paragon or Provider universal life insurance policies issued in California" and not merely a sample of files from policies issued within the class period. *See* Revised Joint Stipulation Regarding Plaintiffs' Motion to Compel Production of Documents, Sept. 13, 2011 ("Joint Stipulation"), Dkt. 100 at 2 (emphasis added); Shapiro Dec. Ex. 5 at 2. In its letter, LSW attached a copy of the Court's order in *Toyota* regarding contacts with absent class members and asked whether Plaintiffs would agree to the entry of a similar order, subject to the revision that "no children (people under the age of 18) will be contacted under any set of circumstances, nor will Plaintiffs contact anyone who is not even hypothetically a member of your proposed class[.]" *See id.* at 1-2.

On March 2, Plaintiffs responded. Plaintiffs refused to agree to LSW's proposed order unless *(i)* LSW would agree to exempt Plaintiffs from complying with the Order with respect to the 400+ persons to whom Plaintiffs had already sent their original letter requesting assistance and information; and *(ii)* LSW agreed to send an inaccurate and unnecessary "corrective" notice[4] to policyholders who had received an earlier mailing from LSW and. *See* Shapiro Dec., Ex. 6 at 4 ("Plaintiffs are willing to agree to entry of an order along the lines of the *Toyota* order if LSW complies with the requests set forth in this letter…") (enclosing "corrective notice" described as "imperative that LSW send").[5] Yet Plaintiffs offered no legitimate reason that they might have to contact children or LSW

---

[3] Plaintiffs' only proposed remedy was to send *another* letter to minors, explaining that the original letter was intended for the policies' purchasers. *See id.* at 5.
[4] A copy of the letter to which Plaintiffs object is attached as Shapiro Dec., Ex. 8. As the Court will see, the substance of the letter is unobjectionable. Obviously, it should not have been sent to Mr. Howlett and LSW has apologized repeatedly for that mistake.
[5] If the Court does not believe that a toll-free number is warranted in this case, then LSW has no objection to Plaintiffs' suggestion that the toll-free-number provision be omitted. *See* Shapiro Dec., Ex. 6 at 4. LSW does not agree, however, with Plaintiffs' suggestion that they should be exempt from the order when communicating with individuals who are responding to Plaintiffs' first letter. Having already once suggested that LSW was complicit in turning over its customers' information, Plaintiffs should be required to set the record straight if they talk to these people again.

- 5 -
EX PARTE APPLICATION FOR ENTRY OF ORDER RE: CONTACTS WITH ABSENT MEMBERS OF THE PUTATIVE CLASS, 10-09198 JVS(RNBx)

customers who are not even hypothetically members of their proposed class. *See id.* Their unreasonable refusal to agree to these basic limits is an unsubtle attempt to bully LSW by threatening its business relationships. That attempt should not be rewarded.

On March 5, 2012, LSW responded to Plaintiffs' letter and orally advised Plaintiffs' counsel that LSW would be filing this application today. *See* Shapiro Dec., Ex.

### III. Argument

Under Fed R. Civ. Proc. 23(d) the Court may regulate communications with absent members of the putative class to protect them from undue interference. *See In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1242 (N.D. Cal. 2000). That order must be based "on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981).

As set forth above, Plaintiffs have contacted at least one child of an LSW customer —whose policy is not even with the class period—and implied that LSW was complicit in that communication. Their failure to cooperate in reaching a reasonable agreement to prevent a reoccurrence of this inappropriate contact creates a significant risk of interference with LSW's business relationships with its customers. Moreover, Plaintiffs' communications with putative class members included misleading statements that would lead putative class members to believe that Plaintiffs' counsel are their attorneys when, in fact, no class has been certified and no attorney-client relationship exists. *See* Shapiro Dec., Ex. 1 at 1; *Parks v. Eastwood Ins. Services, Inc.*, 235 F.Supp.2d 1082, 1084 (C.D. Cal. 2002) (noting that "The Second Circuit, state and federal district courts in California, and a leading treatise" all conclude that "no attorney-client relationship yet exists" prior to certification).[6]

---

[6] Plaintiffs have suggested that they believe that LSW's own letter to policyholders was misleading. Suffice it to say, LSW's letter was entirely appropriate. In any event, the shared dispute over the information being conveyed by both parties simply confirms the need for a mutual, court-approved procedure to govern these communications.

- 6 -
EX PARTE APPLICATION FOR ENTRY OF ORDER RE: CONTACTS WITH ABSENT MEMBERS OF THE PUTATIVE CLASS, 10-09198 JVS(RNBx)

The order entered by this Court in *Toyota* imposed reasonable, non-prejudicial limits. It is in accord with the decisions of other courts. In *Gottstein v. National Ass'n for the Self Employed*, for example, the court required Plaintiffs' counsel to include the following, similar script in each communication (written or oral) with putative class members:

> BY ORDER OF THE DISTRICT COURT, I REMIND YOU THAT THE ALLEGATIONS OF PLAINTIFFS ARE, TO DATE, JUST THAT—ALLEGATIONS. THEY HAVE NOT BEEN PROVEN IN A COURT OF LAW. IN ADDITION THE COURT HAS NOT YET APPROVED THIS ACTION TO PROCEED AS A CLASS ACTION. DEFENDANTS, FURTHERMORE, PRODUCED CONFIDENTIAL INFORMATION OF THEIR POLICYHOLDERS IN CONNECTION WITH THIS LITIGATION AND FOR NO IMPROPER OR UNETHICAL PURPOSE.

186 F.R.D. 654, 659 (D. Kan. 1999).

As recognized in *Toyota* and *Gottstein*, Plaintiffs should be required to explain that LSW was required to produce policyholders' information because of this lawsuit. Moreover, Plaintiffs have no legitimate reason to contact minors or non-class-members. The only possible effect of further communications by Plaintiffs with children or non-class members would be to harm LSW's business relationships with its customers. As the court held in *Jackson v. Motel 6 Multipurpose, Inc.*, plaintiffs should not be permitted to use inappropriate pre-certification communications "to coerce defendants into settlement." 130 F.3d 999, 1004 (11th Cir. 1997).

## III. CONCLUSION

For all the foregoing reasons, LSW asks that this Court enter the attached Proposed Order.

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Jonathan A. Shapiro
Jonathan A. Shapiro (257199)
Andrea J. Robinson (*pro hac vice*)
Timothy J. Perla (*pro hac vice*)

Attorneys for Defendant Life Insurance Company of the Southwest

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304. On March 5, 2012 I served the within document(s):

LSW'S EX PARTE APPLICATION FOR ENTRY OF ORDER RE: CONTACTS WITH PUTATIVE CLASS MEMBERS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JONATHAN SHAPIRO

I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, CA addressed as set forth below.

I personally caused to be emailed the document(s) listed above to the person(s) at the address(es) set forth below.

[X] By transmitting via facsimile the document(s) listed above to the facsimile numbers set forth below.

[X] I electronically filed the document(s) listed above via the CM/ECF system.

> Brian P. Brosnahan
> Charles N. Freiberg
> Jacob Foster
> KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
> 101 California Street, Suite 2300
> San Francisco, CA 94111
> cfreiberg@kasowitz.com
> Fax No. 415-398-5030
>
> Harvey R. Levine
> LEVINE & MILLER
> 550 West C. Street, Suite 1810
> San Diego, CA 92101-8596
> lsmh@levinelaw.com
> Fax No. 619-231-8638

_/s/ Jonathan A. Shapiro_
Jonathan A. Shapiro