UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-9198-JVS (RNBx) | Date | March 20, 2012 |

| | |
|---|---|
| Title | Joyce Walker, et al. v. Life Insurance Company of the Southwest |

| Present: The Honorable | Robert N. Block, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | n/a | CourtSmart |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Brian P. Brosnahan
Jeanette T. Barzelay

Attorneys Present for Defendants:

Jonathan A. Shapiro
Joel Fleming

**Proceedings:** (LAW AND MOTION CALENDAR/ DISCOVERY CONFERENCE)

## Plaintiffs' Motion to Compel, filed February 23, 2012
and
## LSW's Motion for Protective Order, filed February 27, 2012

Case called. Counsel make their appearances. With respect to the document requests, deposition topics, and interrogatories in dispute as to which the Court is not requiring counsel to meet and confer further, after affording counsel the opportunity to be heard on the Court's tentative ruling (see attached), the Court rules that the tentative shall stand except as follows:

1. <u>Document Request No. 100.</u> Plaintiffs' Motion to Compel is denied without prejudice to reconsideration if, at a later juncture in the proceedings, plaintiffs provide an expert declaration attesting to the relevance of the documents sought by this request to the issue of the value of the death protection benefit provided during the period of time the Provider and Paragon policies were in force.

2. <u>Document Request No. 101.</u> The Motion to Compel is granted as follows. Within 14 days of today's date, LSW shall ascertain from Elizabeth MacGowan whether she has any of the identified illustrations in her custody, possession, or control; and if so, produce those documents.

3. <u>Document Request No. 110.</u> The Motion to Compel is granted with respect to the Provider and Paragon policies. LSW shall produce the responsive documents within 14 days of today's date.

4. <u>Deposition Topic 33.</u> With respect to the Provider and Paragon policies, the Motion to Compel is granted and the Motion for Protective Order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-9198-JVS (RNBx) | Date | March 20, 2012 |
| Title | Joyce Walker, et al. v. Life Insurance Company of the Southwest | | |

is denied. With respect to the term life insurance products, the Motion to Compel is denied and the Motion for Protective Order is granted, except that this ruling is without prejudice to reconsideration if, at a later juncture in the proceedings, plaintiffs provide an expert declaration attesting to the relevance of LSW's cost of insurance charges for its term life insurance products to the issue of the value of the death protection benefit provided during the period of time the Provider and Paragon policies were in force.

With respect to the document requests, deposition topics, interrogatories, and other discovery issues in dispute as to which the Court contemplated requiring counsel to meet and confer further, counsel advise that some of the disputes have already been resolved, including the dispute over the scheduling of depositions. With respect to the remaining disputes, the Court provides counsel with some guidance, and then takes a recess. Back on the record, the Court provides counsel with further guidance and then takes another recess. Back on the record, counsel recite what they have agreed to and the Court rules on the open issues.

As to Document Request No. 102, the Motion to Compel is granted, subject to LSW confirming the appropriate cut-off date with Ms. MacGowan, but only with respect to six custodians to be designated by plaintiffs. LSW shall produce the responsive documents within 28 days of plaintiffs' designation.

As to Document Request No. 113, the Motion to Compel is denied, subject to LSW's ongoing duty to supplement (including if LSW identifies additional documents in its supplemental response to Interrogatory No. 6).

As to Document Request Nos. 114 and 115, the Motion to Compel is granted. LSW shall produce the responsive documents within 28 days of today's date and use its best efforts to make a partial production within 14 days of today's date.

As to Interrogatory Nos. 2-6, the Motion to Compel is granted and LSW shall produce supplemental responses within 14 days of today's date. With respect to LSW's qualification of its narrative answers (including in any supplemental responses hereafter served), it shall suffice if LSW states that its answers are not dependent on LSW's objections, meaning that LSW's answers would be the same even if LSW had not made any objections. Such a statement shall not constitute a waiver of any otherwise proper objections.

As to the dispute over the production of the data input files, plaintiffs' counsel recites for the record the resolution reached by the parties.

As to the dispute over the search of Stephan Mayr's e-mails, the parties advise that they have reached the following resolution. Plaintiffs may designate two additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  CV 10-9198-JVS (RNBx)                                   Date   March 20, 2012

Title   Joyce Walker, et al. v. Life Insurance Company of the Southwest

custodians by July 15, 2012. Plaintiffs will need to show good cause for the designation of any custodians in addition to those two. If the Court finds that plaintiffs have not made a sufficient showing of good cause, plaintiffs shall have the option of electing that a search be made of the additional custodian(s) at plaintiffs' sole expense.

Plaintiffs' counsel also recites for the record the agreements reached by counsel prior to today's discovery conference.

The Court orders LSW to perform in accordance with the agreements recited on the record and the Court's rulings.


cc:     Judge Selna


                                                                __2__ : __47__
                                        Initials of Preparer       KLH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HONORABLE ROBERT N. BLOCK, U.S. MAGISTRATE JUDGE

TENTATIVE RULING ON LAW & MOTION MATTERS

DATE:   **March 20, 2012**

CASE:   **Joyce Walker, et al. v. Life Insurance Company of the Southwest**
        **CV 10-9198-JVS (RNBx)**

MOTIONS
PENDING: **Plaintiffs' Motion to Compel, filed February 23, 2012**
         and
         **LSW's Motion for Protective Order, filed February 27, 2012**

---

In its February 27, 2012 Minute Order, the Court advised that, with respect to certain of the discovery issues in dispute, counsel would be required to meet and confer further under the Court's auspices on March 20, 2012. Although the Court listed Document Request No. 95 as one of those as to which counsel would be required to meet and confer further, the Court meant to list Document Request No. 102, as opposed to Document Request No. 95.

With respect to the remaining document requests, deposition topics, and interrogatories in dispute, the Court is inclined to rule as follows.

**Document Request Nos. 74-80, 95-96, 98-101, and 110-12; and Deposition Topics 6, 11, 28-29, 32-33, 36, 38**

Under Fed. R. Civ. P. 26(b)(1), the scope of permissible discovery is any unprivileged matter relevant to the claim or defense of any party, and/or relevant information reasonably calculated to lead to the discovery of admissible evidence. The Court subscribes to the view that the burden of demonstrating relevance rests with the party seeking the discovery. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial ¶ 11:615 (2010 rev. ed.).

Plaintiffs contend that the information sought by each of the foregoing Document Requests and Deposition Topics is relevant to its "actual value" damages theory, and specifically is relevant to establishing the "actual value" of the policies purchased by plaintiffs.

TENTATIVE RULING
**Joyce Walker, et al. v. Life Insurance Company of the Southwest**
**March 20, 2012**
Page: 2

Under *Bagdasarian v. Gragnon*, 31 Cal. 2d 744, 753-54, 192 P.2d 935 (1948), the term "actual value of that which he received" as used in Cal. Civ. Code § 3343 refers to the market value of the property at the time of purchase. In reaching its conclusion that "actual value" meant "market value," one of the authorities cited by the California Supreme Court was the statement in Comment c to Section 549 of the Restatement of Torts that "in deceit cases the value of an article 'is normally determined by the price at which it could be resold in an open market or by private sale if its quality or other characteristics which affect its value were known.'" See *id.* at 753.

In its February 27, 2012 Minute Order, the Court placed plaintiffs on notice that they would need to do a better job than they had done in the Joint Stipulation in order to satisfy their burden of convincing the Court that any of the discovery that they were contending was relevant to their "actual value" damages theory indeed was relevant to establishing the "actual value" of the policies purchased by plaintiffs. The Court advised plaintiffs in this regard that it had reviewed every single case citation provided by plaintiffs and so far was not convinced.

The only new case cited by plaintiffs in their Supplemental Memorandum filed in support of their Motion to Compel is *Juarez v. Arcadia Financial, Ltd.*, 152 Cal. App. 4th 889, 61 Cal. Rptr. 3d 382 (2007). The Court has reviewed that case and finds it completely inapposite. The plaintiffs there were not seeking to recover "actual value" damages under Cal. Civ. Code § 3343. Rather, the plaintiffs were seeking "restitutionary disgorgement" under Cal. Bus. & Prof. Code § 17203 of the monies they had paid to the defendant. The issue presented was whether plaintiffs were entitled to discovery of the profits that the defendant may have gained through interest or earnings on the plaintiffs' money that the defendant wrongfully held, on the theory that plaintiffs had an ownership interest in any such profits. See *id.* at 913-15. The Court of Appeal ruled that the information sought by the plaintiffs was "reasonably calculated to lead to the discovery of admissible evidence since the plaintiffs are trying to determine whether any of Arcadia's profits can be traced directly to the ill-gotten funds." See *id.* at 917.

The Court therefore finds that plaintiffs here have failed to satisfy their burden of demonstrating the relevance of the information sought by each of the foregoing Document Requests and Deposition Topics. Accordingly, LSW's relevance objection to each of the foregoing Document Requests and Deposition Topics is sustained and plaintiffs' Motion to Compel is denied. Further, with respect to the foregoing Deposition Topics, LSW's Motion for Protective Order is granted.

TENTATIVE RULING
**Joyce Walker, et al. v. Life Insurance Company of the Southwest**
**March 20, 2012**
Page: 3

### Deposition Topic 23

With respect to this Deposition Topic, plaintiffs' Motion to Compel is denied and LSW's Motion for Protective Order is granted on the condition that LSW serve a full and complete answer without objections to Interrogatory No. 12 within 30 days of this ruling.

### Deposition Topic 24

The Court notes that this deposition topic was included in LSW's Motion for Protective Order, but not included in plaintiffs' Motion to Compel. Indeed, plaintiffs maintain that any dispute over the relevance of this deposition topic is not ripe because they "made clear that they are not seeking a deposition on Topic No. 24 at this time." Based on plaintiffs' representation, the Motion for Protective Order with respect to this deposition topic is denied as moot because LSW is under no obligation to designate a person to testify with respect to this deposition topic.

### Deposition Topic 35

The Court notes that it previously denied plaintiffs' Motion to Compel the production of documents responsive to their requests regarding Kelly and TFR on the basis that plaintiffs had failed to convince the Court that such documents were relevant to the claim or defense of any party and/or contained relevant information reasonably calculated to lead to the discovery of admissible evidence. Although the Court qualified that ruling by acknowledging that documents concerning Kelly and/or TFR would be relevant if encompassed by other "bona fide" requests, this qualification does not extend to Deposition Topic 35 as framed.

Accordingly, LSW's relevance objection to this deposition topic is sustained and plaintiffs' Motion to Compel is denied. Further, with respect to this deposition topic, LSW's Motion for Protective Order is granted.

### Interrogatory No. 1

LSW is unable to dispute that the factual bases for LSW's denials of these allegations of the First Amended Complaint fall within the permissible scope of discovery. As to LSW's objection that this interrogatory is premature, the Court's position on contention interrogatories is that contention interrogatories may be propounded at the outset of the formal discovery period (i.e., after the initial disclosures); that the responding party must provide all responsive information then known or available to it; and that the responding party then has a continuing duty under Rule 26(e) to supplement or correct its earlier response if it later learns that the

TENTATIVE RULING
**Joyce Walker, et al. v. Life Insurance Company of the Southwest**
**March 20, 2012**
Page: 4

earlier response is in some material respect incomplete or incorrect.

Accordingly, LSW's objections to this interrogatory are overruled and the Motion to Compel is granted as follows. Within 30 days of this ruling, LSW is ordered to serve a full and complete answer without objections to this interrogatory, subject to LSW's ongoing duty to supplement.