# EXHIBIT 2

# KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP

101 CALIFORNIA STREET

SUITE 2300

SAN FRANCISCO, CALIFORNIA 94111

415-421-6140

FACSIMILE: 415-398-5030

BRIAN P. BROSNAHAN
PARTNER
BBROSNAHAN@KASOWITZ.COM
DIRECT DIAL 415-655-4337

ATLANTA
HOUSTON
MIAMI
NEWARK
NEW YORK

June 8, 2011

**By Email and Regular Mail**

Jonathan A. Shapiro
Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA  93304

      Re:    *Walker et al. v. Life Insurance Company of the Southwest*
              *USDC Case No. CV 10-9198-JVS (RNBx)*

Dear Jonathan:

      We write to follow up on our discussion on May 31, 2011 regarding Plaintiffs' first set of document requests, where you agreed to confer with your client and consider whether the parties are able to resolve certain of these disputes without bringing them to the attention of the Court. Plaintiffs proposed significant narrowing of their requests in an effort to reach potential compromises and await your response.

      This letter outlines, request by request, Plaintiffs' proposed narrowing of certain requests as discussed during the May 31 call and any issues that, because of the parties' fundamentally different viewpoints, the parties were unable to resolve. Unless explicitly stated, nothing in this letter shall be construed as a waiver by Plaintiffs of their right to any documents encompassed by their document requests; the limitations proposed below are without prejudice to Plaintiffs' rights to seek such documents.

*General Objections*

      1.    General Objection No. 1.  In light of LSW's representation in its May 27 letter that it is not refusing to produce any documents on the basis of its objection that the document requests were prematurely served, the parties have resolved their dispute as to this objection.

1

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

  2. <u>General Objection No. 3</u>. LSW's refusal to produced documents outside the date from the beginning of the class period to the filing of the complaint is improper because pre- and post-class period documents are relevant to Plaintiffs' claims, and in all events LSW's objection is improper as a general objection.

  Responsive documents created after the date the complaint was filed must be produced because they are relevant to, inter alia, Plaintiffs' claim for injunctive relief and because the class includes putative class members who purchased their policies after the complaint was filed.

  While Plaintiffs are unwilling to cut discovery off as of the date that the complaint was filed, they are willing to narrow the time period to the beginning of the class period for certain of the requests based on LSW's representations that SecurePlus Life was not sold during the class period, SecurePlus Provider was first introduced on July 29, 2005, and SecurePlus Paragon was first introduced on April 23, 2007. Plaintiffs are willing to accept LSW's narrowing of the relevant period to the beginning of the class period, except for the following requests for which there should not be a limitation on the relevant period to ensure that Plaintiffs receive responsive documents that relate to LSW's creation of the policy and decision not to disclose material information, including the policy costs and material risks of policy failure: 4-5, 7-9, 10-15, 18-25, 28-37, 41-42, 45-46.

  <u>General Objection Nos. 10 and 13</u>. LSW's General Objection No. 10 states, *inter alia*, that it will not produce documents related to LSW's IUL insurance policies except for the SecurePlus Provider and SecurePlus Paragon policies. Plaintiffs are entitled to this discovery to demonstrate, among other things, typicality and commonality among the putative class members.

  In an effort to, resolve this disagreement through meet and confer, LSW agreed to provide Plaintiffs with the names of any other IUL policies sold during the class period. LSW subsequently informed Plaintiffs that the only other IUL policies that it sold are SecurePlus Advantage and possibly SecurePlus Life. Please inform Plaintiffs when LSW stopped issuing SecurePlus Life.

  3. <u>General Objection No. 15</u>. Plaintiffs agreed to narrow any requests seeking identifying information of LSW employees or third parties to the extent that such requests call for documents or information reflecting an individual's age. LSW agreed to this narrower construction and agreed to produce documents (subject to any other applicable objections) containing the contact information of its employees and third parties that will make it possible for Plaintiffs to contact potential witnesses or individuals with information relevant to their claims, but LSW need only provide the names of current or former LSW employees who are represented by LSW's counsel in this matter.

  4. <u>General Objection No. 21</u>. LSW represented that it is in the process of determining when it will begin producing documents it has agreed to produce. LSW stated that it would provide Plaintiffs with an estimated date for the beginning of production within the next week after the call, but has yet to do so. Please advise when production will begin.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

*Responses*

  <u>Response to Request Nos. 1 and 3</u>. These requests seek EXEMPLARS of IUL ILLUSTRATIONS (Request No. 1) and EXEMPLARS of all DISCLOSURES provided to IUL policyholders (Request No. 3). Plaintiffs understand that LSW will produce all responsive documents that were either (a) approved for use in California or (b) created by an agent who is or was licensed in California. Without waiving their right to documents from states other than California encompassed by these requests, Plaintiffs agree to defer the dispute as to exemplars of illustrations and disclosures for IUL policies issued in or used in states other than California.

  5. <u>Response to Request No. 4</u>. Request No. 4 seeks all documents that refer or relate to the named plaintiffs. Without waiving their right to documents and data that do not "refer or relate" to the named plaintiffs in a substantive way – such as "databases or lists containing names of policyholders" (May 27 Letter at 5) – Plaintiffs agree that such documents need not be produced in response to this request at this time, provided that, to the extent any such documents are responsive to Plaintiffs' other requests, they will be produced in response to those requests.

  6. <u>Response to Request Nos. 5, 7, and 9</u>. These requests seek all documents that refer or relate to marketing (Request No. 5), IUL ILLUSTRATIONS (Request No. 7), or the use of IUL ILLUSTRATIONS by agents or brokers to market IUL (Request No. 9), which LSW objected to as overly broad. In addition to the documents that LSW has agreed to produce, it must produce other documents responsive to these requests, including memorandum or email communications. Without waiving their rights, Plaintiffs have offered to narrow these requests to documents discussing marketing strategy or policy and documents discussing the sufficiency or insufficiency of disclosures. Please inform Plaintiffs whether LSW is willing to produce such documents.

  7. <u>Response to Request No. 8.</u> Request No. 8 seeks the software that generates IUL ILLUSTRATIONS, including all data or instructions necessary to run the ILLUSTRATIONS for any given policyholder. The software is relevant to Plaintiffs' claims, including: (1) examination and analysis of any optional fields; (2) verification of illustration calculations, including guaranteed values; and (3) determination and analysis of the level of risk with non-constant rates of return.

  You agreed to discuss this request with your client. Please advise whether LSW will produce the software responsive to this request.

  8. <u>Response to Request Nos. 10 and 11</u>. Request Nos. 10 and 11 seek instructional documents provided to agents or brokers that refer or relate to IUL ILLUSTRATIONS (Request No. 10) and documents that refer or relate to LSW's training of agents or brokers regarding IUL (Request No. 11). In its responses and objections, LSW stated that it would limit its production to "policies, guides, manuals, and training materials." This limitation is improper, as there may be other documents (*e.g.*, bulletins, memoranda or emails) that are not encompassed by LSW's proposed limitation. With respect to documents that were not transmitted or communicated to agents or brokers, Plaintiffs are willing to narrow these requests to documents that discuss disclosure to policyholders or the effectiveness or tactics of agent or broker sales efforts. Thus,

3

for example, LSW would not have to produce documents discussing the printing of training manuals. Please advise whether LSW will produce the documents responsive to these requests.

        9.     <u>Response to Request Nos. 12, 13, and 14</u>. Request Nos. 12, 13, and 14 seek documents that refer or relate to LSW's rules or regulations or policies regarding the use of IUL ILLUSTRATIONS by agents or brokers, which LSW objected to as overly broad. Plaintiffs are willing to limit these requests to encompass (1) LSW's rules, regulations, and policies relating to the use of IUL ILLUSTRATIONS by agents or brokers and (2) documents discussing disclosure to policyholders or the effectiveness or tactics of agent or broker sales efforts. Please advise whether LSW will produce the documents responsive to these requests.

        10.     <u>Response to Request No. 15.</u> Request No. 15 seeks FORM COMMUNICATIONS sent to, or intended to be sent by LSW to, brokers or agents that refer or relate to IUL, which LSW objected to as overly broad. Documents responsive to Request No. 15 are relevant to class certification, among other reasons, to the extent LSW may take the position that agents or brokers played some role in class members' understanding of their policies and/or LSW's promises in connection therewith. Plaintiffs are willing to narrow this request to documents discussing disclosure to policyholders or the effectiveness or tactics of agent or broker sales efforts. Please advise whether LSW will produce the documents responsive to this request and/or provide us with information sufficient to allow us to assess the validity of LSW's undue burden objection.

        11.     <u>Response to Request Nos. 16 and 17.</u> Request Nos. 16 and 17 seek the IDENTITIES of LSW employees involved in the underwriting, marketing, or sale of IUL policies (Request No. 16), as well as any organization charts of organizations, departments, or divisions within LSW to which those individuals belong (Request No. 17). As to documents reflecting the identities of LSW employees, Plaintiffs agree to narrow this request in accordance with their response to General Objection No. 15.

     These requests cannot be limited to LSW employees or organizations directly involved in the sale and marketing of IUL policies, because other types of LSW employees, such as IT and systems employees, may have relevant information. Plaintiffs are entitled to know who is responsible for these other functions. LSW agreed to discuss these requests with the client and to determine, as a preliminary matter, what kinds of organization charts are maintained by LSW. Please provide us with the information obtained from LSW and advise whether LSW will produce the documents responsive to these requests.

        12.     <u>Response to Request Nos. 18, 19, 20, 21, 22, 23, 24, 25, and 46.</u> In its May 27 Letter and the May 31 conference, LSW refused to produce documents responsive to these requests on the grounds that they seek information LSW contends is no longer at issue in the case. This objection is meritless because all of Plaintiffs' claims remain in the case as part of their causes of action under the unfair and fraudulent prongs of the UCL. Moreover, the amended complaint contains all of the factual theories supporting these requests and LSW is obligated to produce documents responsive to such factual theories.

     Please advise whether LSW will produce the documents responsive to this request.

4

Kasowitz, Benson, Torres & Friedman LLP

    13.    <u>Response to Request No. 26</u>. Request No. 26 seeks DOCUMENTS sufficient to show the number of IUL policies in force in California, by calendar month and type of policy. As with General Objection Nos. 10 and 13, the parties fundamentally disagree as to the proper scope of discovery with respect to IUL policies not held by the named plaintiffs. Plaintiffs understand that LSW will produce responsive documents pertaining to the Paragon and Provider policies and that production of responsive documents relating to other IUL policies will be dependent on the parties' resolution of General Objection Nos. 10 and 13.

    14.    <u>Response to Request No. 27 and Supplemental Request for Production No. 1</u>. Request No. 27 and Supplemental Request No. 1 seek DOCUMENTS sufficient to show the amount of premiums received by LSW from IUL policies, on a calendar month basis. Information about premiums is relevant to damages and restitution of amounts that may have been obtained by means of unfair competition. To the extent that premium payments were subject to any offsets, as set forth in LSW's May 27 letter, LSW should produce such documents as well because, among other reasons, they are responsive to Request No. 47.

    You agreed to discuss this request with your client. Please advise whether LSW will produce (a) documents responsive to this request; and (b) documents relevant to the setoff issues mentioned in your May 27 letter.

    15.    <u>Response to Request Nos. 29, 30, and Supplemental Request for Production No. 2.</u> Requests No. 29 and 30 seek documents sufficient to show the number of IUL policies and percentage of total IUL policies that are surrendered (Request No. 29) or lapse (Request No. 30) by the policyholder, by time in force, calendar year, and type of policy. Supplemental Request for Production No. 2 seeks surrender charges paid on the Provider and Paragon policies for each month since the beginning of the class period. LSW clarified that it will produce data sufficient to show the date of issue, date of surrender, and/or date of lapse for Paragon and Provider policies in California, and also produce data regarding the time in force of the policies to the extent it exists.

    Please confirm that LSW also will produce documents in response to Supplemental Request for Production No. 2 reflecting surrender charges paid on Provider and Paragon policies.

    16.    <u>Response to Request Nos. 31, 32, 33, 34, 35, and 42</u>. Requests No. 31, 32, 33, 34, 35, and 42 seek documents that refer or relate to complaints by LSW policyholders regarding the marketing, sale, or performance of IUL. Complaints by absent class members are relevant to Plaintiffs' claims regarding the marketing, sale, and performance of the policies and must be produced.

    You agreed to discuss this request with your client and, if you are unwilling to produce such documents, provide Plaintiffs with information sufficient to allow an assessment of your undue burden objection.

    17.    <u>Response to Request No. 37</u>. Request No. 37 seeks the number and percentage of IUL policies that are canceled by the policyholder during the free-look period. This information is relevant to Plaintiffs' claims and LSW's defenses because it is probative of whether the free-look period allows people to determine the alleged insufficiencies and defects in the policy.

5

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

You agreed to discuss this request with your client. Please advise whether LSW will produce the documents responsive to this request.

18.     Response to Request No. 38. In the May 31 meet and confer session, LSW maintained its refusal to produce documents sufficient to show the identity and contact information of absent class members. The parties fundamentally disagree as to Plaintiffs' entitlement to such information.

19.     Response to Request No. 39. Request No. 39 seeks the IDENTITIES of agents or brokers who sold IUL policies in California during the class period. Plaintiffs agreed to narrow this request in accordance with their response to General Objection No. 15. LSW agreed to produce the names and contact information for agents and brokers who sold Paragon and Provider policies during the class period. Please advise whether you will produce documents prepared after September 24, 2010.

20.     Response to Request No. 40. Request No. 40 seeks all form communications sent to IUL policyholders. In its May 27 letter, LSW limited this request and agreed to produce only marketing documents and public disclosures created for use in California for Paragon and Provider policies. Notwithstanding Plaintiffs' disagreement with LSW's limitation of this request, Plaintiffs agree to defer this request until they have received documents responsive to other requests (such as Request No. 3) that may also be encompassed by this request. Plaintiffs do not waive their right to any documents encompassed by this request.

21.     Response to Request No. 41. Request No. 41 seeks documents that refer or relate to, or concern or constitute, projections of the number or percentage of IUL that are surrendered or lapse. This information is relevant and material because it tends to show the likelihood that policies would lapse or surrender and LSW's knowledge thereof. Moreover, because the policies at issue have a life cycle that may extend beyond the class period, information regarding only those policies that lapse or surrender during the class period is insufficient.

You agreed to discuss this request with your client. Please advise whether LSW will produce the documents responsive to this request.

22.     Response to Request No. 45. Request No. 45 seeks documents that refer or relate to LSW's underwriting guidelines. Plaintiffs explained that this information is relevant and material to the unfairness claim under the UCL because it may show that LSW is attempting to take fees from policyholders regardless of whether they need or qualify for life insurance, as is alleged in the complaint and happened to Ms. Walker.

You agreed to discuss this request with your client. Please advise whether LSW will produce the documents responsive to this request.

23.     Response to Request No. 48. This request seeks documents that refer or relate to any reason LSW contends a class should not be certified. Plaintiffs proposed that LSW produce documents responsive to this request (and which are not responsive to any other request) by September 1, 2011, which will afford LSW additional time to consider any applicable defenses to class certification. Consistent with its continuing discovery obligations, LSW would be

6

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

permitted (and in fact required) to supplement its September 1 production if necessary. LSW agreed to discuss this proposal with the client.

\*       \*       \*

To clarify the parties' obligations, Plaintiffs provide their position on the remaining requests that were not previously addressed during the meet and confer:

24.     <u>Response to Request No. 43.</u>  Request No. 43 seeks disclosures to IUL policyholders regarding the costs or risks of IUL, including all draft disclosures and all documents that refer or relate to draft disclosures. While LSW stated that it would produce the documents it agreed to produce in response to Request No. 3, Request No. 43 is broader than Request No. 3 because, among other reasons, Request No. 43 explicitly calls for production of drafts, as well as disclosures actually made to IUL policyholders. Please advise whether LSW will produce the documents responsive to this request in addition to documents responsive to Request No. 3.

25.     <u>Response to Plaintiffs Other Requests.</u>  With respect to Plaintiffs' other requests, including Request Nos. 2, 6, 28, 36, and 44, Plaintiffs understand that LSW will produce the documents that it agreed to produce in response to these requests, subject to the discussion above regarding the general objections.

\*       \*       \*

So that the parties may continue to resolve any of the discovery issues appearing hereinabove and better frame those issues that cannot be resolved, we request that you respond to this letter by Wednesday, June 15, 2011.

Sincerely,

Brian P. Brosnahan

BPB:js

cc:   James Lux  (by e-mail)
      Andrea Robinson  (by e-mail)
      Timothy Perla (by e-mail)

7