# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and Does 1-50,<br><br>                    Defendant. | Case No.: CV-10-9198-JVS (RNBx)<br><br>**ORDER RE: CONTACTS WITH CLASS MEMBERS** |

## ORDER RE: CONTACTS WITH CLASS MEMBERS

WHEREAS, on September 27, 2011, the Court entered the Second Amended Protective Order [Dkt. No. 103], pertaining to confidential information produced by the parties;

WHEREAS, counsel for both parties wish to implement a procedure for contacting absent putative class members to protect against putative class members being inappropriately influenced or subjected to harassment;

Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this Order shall govern contact with putative class members by Plaintiffs' counsel, Life Insurance Company of the Southwest ("LSW")'s counsel, and those acting on their behalf:

1. **Limitations on Oral Communications with Putative Class Members:** Plaintiffs' Counsel, LSW's Counsel, and those acting on their behalf shall be permitted to initiate informal oral communications with any putative class member who is not already represented by counsel, regardless of whether their identities are discovered through LSW's records or otherwise, if the procedures set forth below are followed.

2. **Script to Be Read to Putative Class Members:** Prior to speaking with putative class members, Plaintiffs' Counsel, LSW's Counsel, and their representatives shall read a "script" that will inform the individual:

    a. That litigation has been commenced against LSW regarding certain of its equity-indexed universal life policies;

    b. That the caller is contacting the individual on behalf of [plaintiffs or LSW];

    c. That the individual does not have any obligation to speak with the caller;

    d. That the individual is free to end the conversation at any time; and

    e. **[For putative class members whose contact information was gained through personal identifying information produced by LSW in this litigation:]** that LSW was required to produce the individual's personal identifying information by Court order.

Counsel shall maintain for inspection as copy of the actual script(s) used.

3. **Disclosure of Putative Class Member Contact and Depositions:** In the event that either side intends to rely upon testimony from a putative class

member in support of their class certification briefing, the party shall notify the other side of their intent and identify such individual(s) no later than April 30, 2012.  The other side will then be permitted to depose such individual(s).

4. **No Contact with Minors:** The parties shall not contact any person that they know or reasonably ought to know to be under the age of eighteen at the time that the contact occurs.

5. **No Contact with Policyholders Who Are Not Class Members:** Plaintiffs shall not contact any LSW policyholder who they know or reasonably ought to know is not a member of the putative class.  For greater certainty, this includes any individual who is an insured but who is not also a policy owner as well as any individual whose policy was issued before September 24, 2006.

6. **No Disruption of Business Operations:** This Order shall not prevent LSW or its agents from acting in the normal course of their business or in any way alter LSW's normal continuing business operations.  Nor shall this Order in any way limit LSW or LSW's counsel's ability to communicate with authorized LSW agents or LSW employees and similar persons who are not exclusively customers of LSW.

7. **No Solicitation:** The parties shall not contact putative class members for the purpose of soliciting clients to represent in this litigation.

8. All individuals, other than minors, who received a letter from either the Plaintiffs or LSW are to receive a notice from the Court (attached as Exhibit A). The parties are to share equally the cost of sending the notice.  The notice shall be mailed by LSW within ten days of the date of this Order.

9. **Applicability of Other Orders:** The Second Amended Protective Order [Dkt. 103] is hereby amended to the extent necessary to allow putative class member contact as set forth herein.

IT IS SO ORDERED.

Dated: April 4, 2012

_____
James V. Selna
United States District Judge

# EXHIBIT A: COURT NOTICE

UNITES STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES DISRCIT JUDGE JAMES V. SELNA

Dear Mr./Ms. NAME,

This is a notice from the U.S. District Court for the Central District of California, concerning a lawsuit titled, *Joyce Walker, et al.*, *v. Life Insurance Company of the Southwest.* The case number is CV 10-9198 JVS (RNBx). The Court is providing this notice to anyone not a minor who previously received correspondence either from the Plaintiffs (dated January 30 or 31, 2012) or from the defendant LSW (dated February 10, 2012).

The Court is contacting you to provide the following information and not because either party has done anything improper in contacting you previously. You are not obligated to do anything in response to this notice.

The lawsuit was filed against Life Insurance Company of the Southwest ("LSW") by Joyce Walker, Kim Howlett, and Muriel Spooner. These individuals, the "Plaintiffs," allege that LSW did not disclose in its policy illustrations (1) certain policy fees and charges; (2) how guaranteed values are calculated; (3) how stock market volatility affects the risks that the policies will not perform as illustrated; and (4) the tax risks of policy loans, and that these policies are worth far less than had been represented by LSW.

These are only allegations and LSW has not yet had the opportunity to present evidence on its own behalf. LSW says that it has done nothing wrong. LSW alleges that (1) the Plaintiffs received full and accurate information about their policies, (2) LSW's illustrations comply with California law, and (3) LSW provided all insurance coverage and guarantees due under the Plaintiffs' policies, and they have not suffered any injury as a result of any alleged wrongdoing by LSW.

On January 30 and 31, 2011, lawyers representing the Plaintiffs sent a mailing concerning the lawsuit, which you may have received. The purpose of that mailing was to gather information about their claims. Plaintiffs' lawyers were not soliciting new clients. Your contact information was provided to Plaintiffs' lawyers by LSW only for the purposes of this lawsuit and subject to the terms of an order requiring that your information be otherwise kept confidential.

Plaintiffs and their lawyers would like to proceed with their lawsuit as a

---
ORDER RE: CONTACTS WITH CLASS MEMBERS
USDC Case No. CV-10-9198-JVS [RNBx]

5

class action. This means that the Plaintiffs and their lawyers would like to act on behalf of "all person who purchased an Indexed Universal Life Insurance policy, including but not limited to persons who purchased a SecurePlus Provider policy or SecurePlus Paragon policy, from Life Insurance Company of the Southwest on or after September 24, 2006 and who resided in California at the time the policy was initially issued."

If you purchased your policy before September 24, 2006 or if you were not the purchaser of the policy on which you are the insured, you are not a member of the proposed class.

Before this case can proceed as a class action, however, the Court will have to decide whether this case is appropriate for a class action. As part of that decision, the Court will decide (1) whether this is an appropriate case to be treated as a class action under the Court's rules, (2) whether the Plaintiffs would be appropriate representatives of a class, and (3) whether the Plaintiffs' lawyers would be appropriate attorneys for the class. Plaintiffs are expected to file their request for class certification in May 2012, and the Court will then rule on these issues.

Because Plaintiffs have not yet filed that request, the Court has not yet decided whether this case can proceed as a class action, and has not appointed the Plaintiffs' lawyers to represent the class.

You are not under any obligation to speak either with Plaintiffs' counsel or with LSW or with LSW's counsel, but you may do so if you wish.

The contact information for counsel for the Plaintiffs and for LSW is set forth below:

Plaintiffs' Counsel: Brian P. Brosnahan, Kasowitz, Benson, Torres & Freidman LLP, 101 California St., Suite 2300, San Francisco, CA 94111; 415.655.4337; bbrosnahan@kasowitz.com

Defendant's Counsel: Joel Fleming, Wilmer, Cutler, Pickering, Hale and Dorr LLP; 950 Page Mill Rd., Palo Alto, California; 650.858.6114; joel.fleming@wilmerhale.com

Customer Service for Life Insurance Company of the Southwest: 1.800.554.8723

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28