UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 10-09198 JVS (RNBx)** | Date | April 16, 2012 |
| Title | **Joyce Walker, et al. v. Life Insurance Co., of the Southwest, et al.** | | |

Present: The Honorable    James V. Selna

| Adrianna Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:   [IN CHAMBERS]  Order GRANTING Plaintiffs' Motion for Leave to File Second Amended Complaint**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling, hereby GRANTS Plaintiffs' Motion for Leave and rules in accordance with the tentative ruling as follows:**

This putative class action arises out of Plaintiffs' purchase of a life insurance investment policy from Defendant Life Insurance Company of the Southwest ("LSW"). Based on recently produced discovery, Plaintiffs move to amend the scheduling order to permit the filing of their Second Amended Complaint ("SAC").  (Docket No. 160.) Defendants have filed a timely Opposition brief, and Plaintiffs have filed a timely Reply brief.  (Docket Nos. 178, 181.)

As set forth below, the Court grants Plaintiffs' Motion for Leave to File the SAC.

I.      Factual Background and Proposed Amendments

In fall of 2007, each named Plaintiff[1] applied for an equity indexed universal life

---

[1] This action is contemplated as a class action.  Plaintiffs have defined their putative class as persons who purchased "an indexed universal life insurance policy, including but not limited to persons who purchased a SecurePlus Provider [P]olicy or SecurePlus Paragon [P]olicy, from Life Insurance Company of the Southwest on or after September 24, 2006 and who resided in California at the time the [P]olicy was initially issued."  (FAC ¶ 64.)

The Court notes that this case is related to Krall v. Life Ins. Co. of the Southwest et al., Case No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-09198 JVS (RNBx) | Date | April 16, 2012 |
| Title | Joyce Walker, et al. v. Life Insurance Co., of the Southwest, et al. | | |

insurance policy (the "Policy") from LSW. (FAC ¶¶ 48, 53, 58.) The Policy provides a death benefit if the Policyholder dies while the Policy is in force. While the Policyholder is alive, the Policy earns interest ("Accumulated Value"). (FAC ¶ 2.) The Policy is subject to certain monthly costs, deducted from the accumulated value of the Policy each month. (See, e.g., FAC Ex. E at 3, 18.) The Policy is subject to a surrender charge for the first ten years that the Policyholder owns the Policy. (Id. at 4.) Prior to purchasing a Policy, each Plaintiff received a customized Illustration with summary information about values "guaranteed" or not guaranteed to accrue. (See FAC Ex. E)[2] Each Illustration contained the following language in capital letters and bold font:

> THIS IS AN ILLUSTRATION. AN ILLUSTRATION IS NOT INTENDED TO PREDICT ACTUAL PERFORMANCE. INTEREST RATES, DIVIDENDS, OR VALUES THAT ARE SET FORTH IN THE ILLUSTRATION ARE NOT GUARANTEED, EXCEPT FOR THOSE ITEMS CLEARLY LABELED AS GUARANTEED.

(Id. Ex. E at 14.)

Summarizing the factual allegations in both the original Complaint and the FAC, Plaintiffs have stated that LSW engaged in "unfair, unlawful, and fraudulent business acts or practices" without "specifically disclos[ing] and identify[ing] the cost of buying and maintaining the policies" and instead "conceals these very substantial costs within the projected earnings of these policies." (Compl. ¶ 1; FAC ¶ 1.) Plaintiffs have also consistently maintained that as a result of both "misrepresentations and nondisclosures," they were induced to invest in LSW's policies and then were unable to take the money out of their policies "without paying enormous surrender charges." (Compl. ¶ 1; FAC ¶ 1.) The proposed SAC sets forth this same summary.

Plaintiffs' proposed amendments merely further articulate their claims for fraudulent concealment and violation of California's Unfair Competition Law ("UCL"). Plaintiffs do not seek to assert any additional claims.

---

09-1043, JVS (RNBx), which has been resolved by the parties' agreement.

[2] Because each named Plaintiff's Policy and Illustration is substantially similar, the Court relies upon the Spooner Policy and Illustration (FAC Exs. E and F, respectively) for ease of reference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-09198 JVS (RNBx) | Date | April 16, 2012 |
| Title | Joyce Walker, et al. v. Life Insurance Co., of the Southwest, et al. | | |

At its essence, the expansion of the factual basis upon which Plaintiffs rest their claims may be stated simply: The non-guaranteed Illustrations that were purportedly based on the Policies' "current bas[e]s" actually factored into the various stated policy values certain discounted fees that were not available to any policyholder until the tenth and eleventh years of his or her policy. In actuality, because the two types of policies at issue were sold beginning in 2005, no policy in existence at the time of the Illustrations had yet entered its tenth or eleventh year; thus, no policy qualified for the discounted fees. (See Brosnahan Decl. Ex. A (Docket No. 165) (Proposed SAC) ¶¶ 9-18.)

II.   Standard for Amending Pleadings After Scheduling Deadline

A party seeking to amend pleadings after a scheduling deadline must satisfy the standard set forth in Rule 16(b) of the Federal Rules of Civil Procedure for modifying the scheduling order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), a party must show "good cause" to be granted relief from a scheduling order. Fed. R. Civ. P. 16(b); Johnson, 975 F.2d at 609 (9th Cir. 1992). The good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. The court may grant relief from a scheduling deadline "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. While a court may consider prejudice to the opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

Except for limited circumstances which do not apply here, Fed. R. Civ. P. Rule 15(a)(2) provides that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-09198 JVS (RNBx) | Date | April 16, 2012 |
| Title | Joyce Walker, et al. v. Life Insurance Co., of the Southwest, et al. | | |

Cir. 2003).

III. <u>Rule 16(b) Good Cause to Amend Scheduling Order</u>

In his declaration, counsel set forth his attempts to work with experts retained to analyze the unstated variables embedded in LSW's Illustrations based on information that could be gleaned from limited discovery produced by LSW. (Brosnahan Decl. ¶¶ 4, 8-9 & 11.) He also sets forth efforts at obtaining discovery regarding the bases for the calculations presented by the Illustrations. (<u>Id.</u> ¶¶ 5-8 & 11-15.) Plaintiffs' counsel describes his work with Plaintiffs' experts and in reviewing LSW's production of documents that led him in late January 2012 to surmise that the discounted monthly fees were not extended to any current policyholder but that they were nevertheless factored into the "current bas[e]s" representation made in the Illustrations. (<u>Id.</u> ¶¶ 10-11.) He then promptly served a Request for Admission, and a month later, LSW made admissions related to these facts. (<u>Id.</u> ¶¶ 12-15.)

On these facts, the Court has no difficulty concluding Plaintiffs have shown sufficient diligence to meet the good cause standard of Rule 16(b).

IV. <u>Rule 15(a)(2) Amendment</u>

LSW challenges the proposed amendment based on futility, lack of diligence, and resulting prejudice.[3]

    A.    <u>Futility</u>

To assert a claim for fraud or misrepresentation, a plaintiff must allege "(a) misrepresentation, (b) knowledge of falsity (or scienter), (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting . . . damage[s]." <u>Small v. Fritz Cos., Inc.</u>, 30 Cal.4th 167, 174 (2003); <u>see generally</u> Cal. Civ. Code §§ 1709-1710. To state a claim for fraud based on nondisclosure, a plaintiff must allege "(1) the defendant failed to disclose a material fact which he knew or believed

---

[3] LSW also challenges Plaintiffs' standing, which the Court addresses in a separate section.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-09198 JVS (RNBx) | Date | April 16, 2012 |
| Title | Joyce Walker, et al. v. Life Insurance Co., of the Southwest, et al. | | |

to be true; and (2) the defendant had a duty to disclose that fact. . . . The duty to disclose arises when . . . : (1) the material fact is known to (or accessible only to) the defendant; and (2) the defendant knows the plaintiff is unaware of the fact and cannot reasonably discover the undisclosed fact." San Diego Hospice v. County of San Diego, 31 Cal.App.4th 1048, 1055 (1995) (internal citations omitted).

     LSW argues Plaintiffs have failed to plead the elements of falsity and reliance. As to falsity, LSW contends that Plaintiffs fail to allege anyone promised them the benefit of the discounted fees and that reliance on any such promise would be unreasonable in light of LSW's disclaimers regarding "non-guaranteed" values. (Opp'n at 10-13.) LSW's argument misses the point. Plaintiffs do not allege that they were promised the benefit of the discounted fees because that is not the basis of their claim. Rather, Plaintiffs allege that the "current bas[e]s" description is misstated because certain discounted fees are factored into those bases when those discounts are not currently being extended to a single policy holder.

     Nor are Plaintiffs' claims based on any failure to achieve a particular rate of return; thus, whether a given rate of return was a "non-guaranteed" projection is quite beside the point. Plaintiffs' allegations regarding reliance are sufficient. Reliance on LSW's disclosed "current bas[e]s" is justified because it tends to convey the performance of the policy based on current market conditions which, in turn, tends to permit an applicant to more effectively evaluate the policy under anticipated market conditions.

     The proposed amendments are not futile.

    B.    Lack of Diligence

     For the reasons set forth in connection with the Court's good cause finding, the Court does not find any lack of diligence on Plaintiffs' part that would preclude the proposed amendments.

    C.    Prejudice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 10-09198 JVS (RNBx)　　　　Date  April 16, 2012

Title  **Joyce Walker, et al. v. Life Insurance Co., of the Southwest, et al.**

    LSW argues in general terms that it will be prejudiced by the new allegations and that it will be required to take extensive discovery in order to defend against them. However, it is clear that the proposed amendments are merely detailed allegations that fit into a legal theory that has been asserted against LSW from the outset of this case. However long it took for Plaintiffs' counsel to discern the variables embedded in LSW's Illustrations, LSW has been aware of those variables from the time of each Illustration's creation. Lacking greater specificity from LSW, the Court has difficulty envisioning the additional discovery that will need to occur and therefore discerns no prejudice.

V.　　Standing

    LSW also challenges Plaintiffs' standing by arguing that Plaintiffs suffered no injury in fact as a result LSW's conduct. (Opp'n at 6-7.) As LSW explains it, Plaintiffs suffered no injury in fact because they surrendered their policies before those policy would have been subjected to the discounted fee rate, i.e., before the policies were in their tenth year. (Id. at 7.)

    This argument misstates the substance of Plaintiffs' claims. Plaintiffs do not claim that they were entitled to receive, but failed to receive, the fee discounts. Rather, Plaintiffs' claims are based on the fact that LSW by calculating its "current bas[e]s" in the manner it did, effectively represented that it was providing the fee discount as part of its then-current rate of return when in fact it was not. (See Proposed SAC ¶¶ 9-18.) As a result, Plaintiffs allege they were injured in at the time of purchase because if they had had full knowledge of the facts, they would not have bought the policies. (Proposed SAC ¶ ¶ 59, 64 & 69.)

    The Court has previously held this type of benefit-of-the-bargain damages constitute an injury in fact sufficient to satisfy the injury-in-fact requirement of standing. In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig., 754 F. Supp. 2d 1145, 1167 (C.D. Cal. 2010). The Ninth Circuit has recently held the same. See Mazza v. Am. Honda Motor Co., Inc., 666 F.3d 581, 595 (9th Cir. 2012) (holding the injury-in-fact requirement was met where plaintiffs alleged that they would not have purchased their vehicles in the absence of defendant's misrepresentations).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 10-09198 JVS (RNBx)** | Date | April 16, 2012 |
| Title | **Joyce Walker, et al. v. Life Insurance Co., of the Southwest, et al.** | | |

Plaintiffs do not lack standing to assert claims based on the proposed amendments.

VI.   Conclusion

As set forth herein, the Court grants Motion for Leave to File the SAC. Within seven days of the entry of this Order, Plaintiffs may file their SAC in conformity with the Court's Local Rules.

**IT IS SO ORDERED.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | ag | | |