## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   **CV 10-9198 JVS (RNBx)**                    Date   May 4, 2012

Title   Joyce Walker, et al. v. Life Insurance Company of the Southwest

Present: The Honorable          James V. Selna

| Adrianna Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers)** Order Denying Motion for Review of Magistrate Judge's Discovery Order; Order Vacating Hearing

This putative class action arises out of Plaintiffs' purchase of whole life insurance investment policies from Defendant Life Insurance Company of the Southwest ("LSW"). Plaintiff seeks review of a portion of the Magistrate Judge's Discovery Order. Defendant Opposes. As set forth below, the Court denies the Motion for Review.

I.   The Discovery Dispute and the Magistrate Judge's Order Denying the Motion to Compel

After the Court denied in part a Motion for Judgment on the Pleadings (see Docket No. 112) that expressly permitted a theory of damages based on the difference in price of the policy at the time of its sale in light of certain allegedly misleading Illustrations,[1] Plaintiffs served discovery requests related to Defendant's pricing strategies. Plaintiffs also sought discovery regarding Defendant's term life policies, regarding riders and other optional features of the policies at issue in this action, and regarding compensation and commissions paid to agents and brokers. Defendant objected, and the parties submitted the issue for the Magistrate Judge's consideration. (See Docket No. 131.)

Thereafter, the Magistrate Judge issued a tentative Order, held a hearing, and ruled mostly in conformity with the tentative Order. (See Docket No. 169.) Applicable to the present Motion for Review, the Magistrate Judge ruled that a number of Document Requests and Deposition Topics were not relevant (under the discovery relevance

---

[1] Those damages are referred to herein as "actual damages."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 10-9198 JVS (RNBx)                     Date   May 4, 2012

Title   Joyce Walker, et al. v. Life Insurance Company of the Southwest

standard set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure) to a determination of "actual damages." (Id. at 4-5.)

The Magistrate Judge articulated his reasoning at the hearing and in the written Order. In the March 20, 2012 Order, the Magistrate Judge took note of Bagdasarian v. Gragnon, 31 Cal. 2d 744, 753-54 (1948), which considered the meaning of the term "actual value of that which he received" as used in Cal. Civ. Code § 3343, which sets forth permissible measures of damages in fraud cases. There, the California Supreme Court concluded that "actual value" meant "market value," relying in part on Comment c to Section 549 of the Restatement of Torts that "in deceit cases the value of an article 'is normally determined by the price at which it could be resold in an open market or by private sale if its quality or other characteristics which affect its value were known.'" Bagdasarian, 31 Cal. 2d at 753. Because the discovery requests were not reasonably calculated to lead to admissible evidence on this theory, the Magistrate Judge denied the Motion to Compel because they were not related to determining what the price a willing buyer with full knowledge would pay. (See Mar. 20 Tr. (attached as Ex. I to Barzelay Decl. (Docket No. 185-10)) at 5-8.) At the hearing, the Magistrate Judge expressly rejected a definition of "market value" that implicates a supply-side argument — i.e., that the market price is the price at which a willing seller will sell a product — proffered by Plaintiffs. (Id.) Plaintiffs contend that rejection is contrary to law.

II.    Standard of Review

A magistrate judge may resolve and issue orders on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 72-2.1. A district court may review a non-dispositive order by the magistrate judge, but the magistrate judge's order may only be set aside if it is found to be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The order is "not subject to de novo determination . . . [and t]he reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted). Rather, the district court must affirm the magistrate judge's order unless the district court is left with the "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r, 979 F.2d 1369, 1370 (9th Cir. 1992).

III.    Discussion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 10-9198 JVS (RNBx)                     Date   May 4, 2012

Title      Joyce Walker, et al. v. Life Insurance Company of the Southwest

The California Supreme Court case upon which the Magistrate Judge relied,
Bagdasarian, 31 Cal. 2d at 754, unquestionably establishes that "actual value" means
"market value."  Plaintiffs do not appear to disagree with this proposition; however,
Plaintiffs take issue with the Magistrate's limitation of "market value" to the demand side
of the familiar law of supply and demand that establishes the price equilibrium that is
more generally described as market value.  (See Opp'n at 10.)  Plaintiffs argue that they
should be permitted to obtain the discovery they seek because in instances where market
value (from the demand side) is not ascertainable or "[w]here proof of market value is not
obtainable" (Opp'n at 13), then California law permits damages to be measured by "proof
of intrinsic value" (id.).

The cases upon which Plaintiffs rely establish a permissible alternative to "market
value," called "intrinsic value", but none of the cases cited by Plaintiffs defines this term.
In any event, none of those cases establish that the Magistrate Judge's ruling was
contrary to law when it rejected Plaintiffs' alternative supply-side theory of establishing
market value.  Plaintiffs rely first on Buist v. C. Dudley De Velbiss Corp., 182 Cal. App.
2d 325, 334 (1960), which indeed refers to "proof of intrinsic value" but neither the
court's discussion nor the facts presented implicate supply-side price points.  Instead, the
Court in Buist permitted both an appraiser (as an expert) and a homeowner (as a lay
witness) to testify that the value of certain property and improvements was at best
nominal — testimony that went to the property's "intrinsic value" — in light of certain
soil conditions that rendered the property unuseable.  Id.

Plaintiffs next rely on Martin v. Tully, 44 Cal. App. 2d 226, 234-35 (1941), for
which they cite that where "proof of market value . . . is not obtainable," "proof . . . of
actual or intrinsic value" can be substituted and need not be "closely scrutinized."  Id.
However, the language upon which Plaintiffs quote rely specifically limits itself to
whether the evidence was sufficient to avoid a non-suit:   "If [proof of market value] is
not obtainable, proof may be offered of actual or intrinsic value, which, upon a motion
for nonsuit, need not be closely scrutinized if in fact it shows a prima facie case of
difference in value from which a reasonable inference may be drawn that a party has been
damaged."  Id. (quoted in part in Ptlfs.' Opp'n at 13).  In any event, the language quoted
does not support Plaintiffs' supply-side argument, and the facts of Martin involved
evidence upon which the court noted that a reasonable jury could have concluded the
value of the stock at issue was unaffected by a certain real estate transaction at issue in
the case.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 10-9198 JVS (RNBx)                    Date   May 4, 2012

Title      Joyce Walker, et al. v. Life Insurance Company of the Southwest

Plaintiffs other cases fare no better.  (See Opp'n at 14-15.)  Plaintiffs cite Peek v. Steinberg, 163 Cal. 127, 134 (1912), but that case merely discusses that shares of stock with no definable market value might be valued either based on its par value, a pro rata share of the corporation's assets, or other valuations.  Plaintiffs also rely on City Solutions, Inc. v. Clear Channel Communications, 365 F.3d 835, 842-43 (9th Cir. 2004), but that case merely refers to dicta in the lower court's ruling regarding the "intrinsic value" of defendant's "business acumen" before affirming an award of "lost profits" based on expert testimony.

Plaintiffs' authority tends to support the suggestion that there is more than one measure of damages, but it does not support the proposition for which Plaintiffs cite it: That proving market value should take into account not only what a willing buyer would pay for a product, but also must take into account the supply side of the equation. Because the relevant inquiry is what is the proper measure of loss for a defrauded buyer, it focuses most appropriately on what a willing buyer would pay for a product in the absence of that fraud.  At the very least, here, the Court is unable to conclude that the Magistrate Judge's conclusion that defendant's internal pricing strategies and cost analyses are not relevant to the question of market value is contrary to law.

The same is true regarding the Magistrate Judge's conclusion regarding the relevance of the pricing of Defendant's unrelated term life policies, riders and other optional features of the policies at issue in this action, and compensation and commissions paid to agents and brokers.  This discovery is even further removed from the relevant inquiry than is the pricing strategies for the policies at issue, and thus, this contributes even less to the relevant inquiry than does the discovery regarding the policies at issue.

IV.   Conclusion

As set forth herein, the Court is unpersuaded that the Magistrate Judge's March 20, 2012 decision must be modified or set aside as clearly erroneous or contrary to law. Plaintiffs' Motion for Review is therefore denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 10-9198 JVS (RNBx)                     Date   May 4, 2012

Title   Joyce Walker, et al. v. Life Insurance Company of the Southwest

       The Court finds that oral argument would not be helpful on this matter and vacates the May 7, 2012 hearing. Fed. R. Civ. P. 78; Local Rule 7-15.

       **IT IS SO ORDERED.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | ag | | |