KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LEVINE & MILLER
HARVEY R. LEVINE (SBN 61879)
CRAIG A. MILLER (SBN 116030)
LEVINE & MILLER
550 West C Street, Suite 1810
San Diego, CA 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW<br>from Northern District of California<br><br>**PLAINTIFFS' STATEMENT OF POSITION REGARDING DEFENDANT LIFE INSURANCE COMPANY OF THE SOUTHWEST'S APPLICATION TO SEAL MATERIALS SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge James V. Selna |

In response to the Court's May 15, 2012 email from Ms. Tunis requesting "a further declaration from either party…from counsel as to…what the Plaintiffs' position is in regards to this application," Plaintiffs Joyce Walker, Kim Bruce Howlett, and Muriel Spooner (collectively, "Plaintiffs") submit this Statement of Position Regarding Defendant Life Insurance Company of the Southwest's ("LSW") Application to Seal Materials Submitted in Support of Plaintiffs' Motion for Class Certification.

I.  FACTUAL BACKGROUND.

LSW has produced a number of documents to Plaintiffs that have been designated "Confidential" pursuant to the protective order in this matter. The protective order provides that as to "any papers to be filed with the Court [that] contain information and/or documents that have been designated as 'CONFIDENTIAL' or 'CONFIDENTIAL INFORMATION – PROTECTIVE ORDER,' the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal." Dkt. 103 ¶10. In keeping with this provision, for Plaintiffs' motion for class certification, as well as prior discovery motions, Plaintiffs have coordinated with LSW (for the sake of efficiency and to defer any separate dispute over the merits of LSW's confidentiality designations) the filing under seal of documents designated by LSW as "Confidential" pursuant to the protective order.[1] This coordination was without prejudice to either party to challenge the confidentiality designation of any given document and whether that document should be filed under seal. *See* Dkt. 103 ¶11. Plaintiffs have made no representations as to whether any given document has properly been designated "Confidential" by LSW or should be filed under seal.

---

[1] Specifically with respect to Plaintiffs' motion for class certification, Plaintiffs tried to be cautious in redacting information from their papers that could be perceived by LSW as referring to or having been obtained through discovery designated by LSW as "Confidential."

## II. LEGAL STANDARDS.

In the Ninth Circuit, courts begin with "a strong presumption in favor of access to court records." *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Accordingly, a "compelling reasons" standard applies to most judicial records, which is derived from the common law right to "inspect and copy public records and documents, including judicial records and documents." *See, e.g., Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). To succeed on a motion to seal, a party must show that "compelling reasons supported by specific factual findings…outweigh the general history of access and the public policies favoring disclosure." *Id.* (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).

The "compelling reasons" standard generally applies to materials filed in support of dispositive, as opposed to non-dispositive, motions. The Ninth Circuit has made this distinction based on the rationale that "the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action." *Foltz*, 331 F.3d at 1135. Where, on the other hand, the particular motion "adjudicates substantive rights" or may be dispositive of the litigation, the "compelling reasons" standard is appropriate. *Id.* Although not a decision on the merits, a class certification motion raises similar policy issues as does a dispositive motion with respect to the public's right to know, and may also be dispositive as a practical matter "by creating a 'death knell' for either plaintiff or defendant." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000) (setting forth guideposts to be utilized in determining whether to grant interlocutory appeal under Rule 23(f)). Indeed, in adopting Federal Rule of Civil Procedure 23(f), the Advisory Committee noted:

> An order denying certification may confront the plaintiff with a situation in which the only sure path to appellate review is by proceeding to final judgment on the merits of an individual

> claim that, standing alone, is far smaller than the costs of litigation. An order granting certification, on the other hand, may force a defendant to settle rather than incur the costs of defending a class action and run the risk of potentially ruinous liability.

Fed. R. Civ. Proc. 23(f), Advisory Committee's Note to 1998 Amendments.

The Ninth Circuit has not ruled as to whether the "compelling reasons" standard applies to a motion for class certification. *Labrador v. Seattle Mortgage Co.*, 2010 U.S. Dist. LEXIS 95763, at *5 (N.D. Cal. Sept. 1, 2010). District courts, however, have applied the "compelling reasons" standard in determining whether to seal materials submitted in support of a class certification motion. *Id.* (finding that "many of the concerns the Ninth Circuit identified in *Kamakana* for applying the 'compelling reasons' test to dispositive motions" applied to defendant's application to seal its opposition to plaintiffs' motion for class certification, including that "the grounds for the ruling would be kept secret from the public," which would "hinder 'the public's understanding of the judicial process'" and "slow the development of the law on class certification"); *Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2007 U.S. Dist. LEXIS 20570, at *31-32 (N.D. Cal. Mar. 6, 2007) (noting that the court had applied the "compelling reasons" standard to the parties' motions to seal in connection with the motion for class certification, "finding that motion akin to a dispositive motion"); *but see Rich v. Hewlett-Packard Co.*, 2009 U.S. Dist. LEXIS 64033, at *3-4 (N.D. Cal. July 20, 2009) (class certification motion not dispositive in the relevant sense because contested issues in plaintiffs' motion involve procedural requirements of Rule 23 and relate only tangentially to the underlying merits of plaintiffs' claims). In light of the important issues presented on Plaintiffs' motion for class certification and the supporting papers submitted therewith, Plaintiffs agree with the *Labrador* and *DRAM Antitrust Litigation* courts that the better policy on a motion for class

certification is to apply the presumptive "compelling needs" standard in determining whether judicial records should be sealed.[2]

### III. PLAINTIFFS' POSITIONS WITH RESPECT TO DOCUMENTS FILED IN SUPPORT OF MOTION FOR CLASS CERTIFICATION.

Plaintiffs understand that LSW has withdrawn its application to seal (1) the Declaration of Brian P. Brosnahan; (2) Exhibits D, G, H, L, Q, R, T, V, W, X, and Y to the Declaration of Brian P. Brosnahan; (3) Exhibits F, M, O, P. R, and T to the Declaration of Dr. Patrick Lee Brockett; and (4) Exhibit G to the Declaration of Lesa Dinglasan. *See* Declaration of Timothy Perla in Support of LSW's Application to Seal, Dkt. 236. LSW asks the Court to seal (1) Plaintiffs' Motion for Class Certification; (2) exhibits C, E, F, I, S, and U to the Declaration of Brian P. Brosnahan; (3) the Declaration of Dr. Patrick Lee Brockett and exhibits G, H, L, N, Q, and S thereto; and (4) the Declaration of Lesa Dinglasan and exhibits C, D, E, F, and H thereto. *Id.*

Plaintiffs do not object to the protection from public disclosure of any confidential or identifying information of non-party policyholders, such as that contained in Exhibit F to the Brosnahan Declaration and Exhibits C, D, E, and F to the Dinglasan Declaration. As a less restrictive alternative, however, Plaintiffs propose that instead of sealing these materials, Plaintiffs will publicly file redacted versions of these exhibits that remove any reference to policyholder identifying information (*e.g.*, names, addresses, social security numbers, medical information, etc.), which identifying policyholder information is not relevant to Plaintiffs' motion for class certification.[3]

---

[2] If the Court instead elects to apply the lesser "good cause" standard here (*see Foltz*, 331 F.3d at 1135), Plaintiffs believe that, with respect to the documents addressed herein, LSW's interest in confidentiality is outweighed by the fact that this case involves issues important to the public. *See, e.g., Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 n.6 (9th Cir. 2004) (good cause standard is a "heavy burden").
[3] Plaintiffs would be willing to discuss and coordinate these redactions with LSW prior to filing any such exhibits.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

Of the other documents LSW seeks to have filed under seal, Exhibits G and H to the Brockett Declaration – LSW's internal pricing memoranda – stand out as the most competitively significant documents, although the significance of the Paragon pricing memorandum is greatly diminished now that Paragon is no longer sold. Whether these documents meet the "compelling reasons" test and should be sealed, Plaintiffs leave to LSW to argue, but Plaintiffs do not see great competitive significance to the other documents submitted with the motion.

Plaintiffs do not believe that the remaining material, including the text of the briefing and declarations, is entitled to sealing protection. The public's right to know the arguments made by Plaintiffs in support of their class certification motion and the rationale for the rulings the Court makes on Plaintiffs' motion is very important regardless of whether Plaintiffs' motion for class certification is a "dispositive motion." The policy reasons for public access to the briefing and declarations in this case are strong and should prevail over LSW's interest in secrecy.

Dated: May 21, 2012        KASOWITZ, BENSON, TORRES & FRIEDMAN LLP


By:  /s/ Brian P. Brosnahan
     Brian P. Brosnahan

PLAINTIFFS' STATEMENT OF POSITION REGARDING LSW'S APPLICATION TO SEAL
Case No. CV 10-9198 JVS (RNBx)
5