# EXHIBIT B

# Kasowitz, Benson, Torres & Friedman LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP

101 CALIFORNIA STREET

SUITE 2300

SAN FRANCISCO, CALIFORNIA 94111

415-421-6140

FACSIMILE: 415-398-5030

ATLANTA
HOUSTON
MIAMI
NEWARK
NEW YORK

June 4, 2012

**By Federal Express**
Esquire Deposition Solutions
44 Montgomery Street
Suite 1100
San Francisco, CA 94104

      *Re:*    *Deposition of Kim Bruce Howlett*
             *Walker et al. v. Life Insurance Company of the Southwest*
             *USDC Case No. CV 10-9198-JVS (RNBx)*

To whom it may concern:

    Enclosed please find the Errata Sheets for the deposition of Kim Bruce Howlett, the second volume of which was taken on May 10, 2012 and recorded by Mr. Corey Anderson of Esquire Deposition Solutions.

                                      Sincerely,

                                      Jeanette T. Barzelay

Enclosures

cc:    Jonathan A. Shapiro, Esq. (w/ enclosures, via Federal Express)
       Timothy Perla, Esq. (via email only)
       James Lux, Esq. (via email only)
       Andrea Robinson, Esq. (via email only)
       Joel Fleming, Esq. (via email only)
       Charles N. Freiberg, Esq. (via email only)

# ERRATA SHEET

## CORRECTIONS TO DEPOSITION OF KIM BRUCE HOWLETT
### April 26, 2012; May 10, 2012

| No. | Page | Line | Corrections/Insertions: |
|---|---|---|---|
| 1. | 20 | 12-13 | Q: Were you surprised that you didn't find any notes?<br>A: No. |
| 2. | 31; 32 | 25; 1 | I would approximate sometime in the early/mid part of 2008. After reviewing the documents further, I now recall it was in the mid/late part of 2008. |
| 3. | 41 | 21 | At this point in time, I have not been contemplating talking to the press about this lawsuit. |
| 4. | 74 | 18 | I have not. |
| 5. | 83 | 24 | It's been some time ago. I believe it was in the winter, November/December, time frame. After further review, I now recall it was earlier, approximately in September and October. |
| 6. | 84 | 14 | E-mails related to this case, prior to the initiation of the case, were either deleted or stored on a personal folder within the e-mail program. |
| 7. | 87 | 12 | company where there's request for e-mails and he could assist with retrieving them. |
| 8. | 91 | 17 | respect to investments that had tax advantages. |
| 9. | 95 | 11 | I have no reason to think that he wouldn't have responded to the questions I raised at that point in time. |
| 10. | 107 | 14 | retrieval of e-mails. |
| 11. | 113 | 19 | further, and so it seemed to me that we couldn't afford |
| 12. | 113 | 22 | good money after bad. So from an affordability standpoint, it |
| 13. | 125 | 14 | in the fall of 2009. |
| 14. | 140 | 23 | That was the first time I ever saw Joyce Walker. |
| 15. | 151 | 3 | general about IGLI. |
| 16. | 151 | 10 | it's to both the LSW and to IGLI in general, IGLI. |

| No. | Page | Line | Corrections/Insertions: |
|---|---|---|---|
| 17. | 152 | 7 | that we discussed the IGLI with you prior to purchasing |
| 18. | 153 | 18 | Yes, that's correct. I have searched for them, and we no longer have the notes. |
| 19. | 168 | 16 | again, the specific implementation of the LSW product. |
| 20. | 174 | 13 | I don't recall reading either my September illustration or my wife's September illustration. |
| 21. | 204 | 8 | return on that money based on the S&P 500 index. |
| 22. | 208 | 13 | member of the class's motivation would be. |
| 23. | 208 | 20 | individual within the class's motivation would be in |
| 24. | 232 | 21 | September 27th, as compared to the July 27th |
| 25. | 237 | 24 | And also it did not disclose all of the |
| 26. | 248 | 14 | Prior to meeting with my legal counsel for the first time |
| 27. | 248 | 23 | It was probably arbitrary. I may have |
| 28. | 264 | 25 | counsel. |
| 29. | 268 | 9 | the disclosure of costs. And it turns out there are other |
| 30. | 277 | 2 | I – I don't recall him providing this information. |
| 31. | 277 | 6 | I really don't recall him providing this information. |
| 32. | 281 | 4 | I do not know where those meeting notes are. I have searched for them, and we no longer have them. |
| 33. | 282 | 2 | retirement income that we were led to believe we |

I have read the foregoing transcript and found it to be a truthful and accurate representation of the testimony I gave in connection with the captioned matter on April 26, 2012 and May 10, 2012.

May 31, 2012
Date

Kim Bruce Howlett



# All-purpose Acknowledgment   California only

State of California

County of __San Diego__

On __May 31, 2012__ before me, __C. Ballesteros, a notary public__ (here insert name and title of the officer),

personally appeared __Kim Bruce Howlett__

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

[Notary Seal: C. BALLESTEROS, COMM. #1814421, Notary Public - California, San Diego County, My Comm. Expires Oct. 7, 2013]

Notary Seal

Scanner Enabled Stores should scan this form
Manual Submission Route to Deposit Operations

DSG5350 CA (12-07 113424)



FO01-000DSG5350CA-01

# KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP

101 CALIFORNIA STREET

SUITE 2300

SAN FRANCISCO, CALIFORNIA 94111

415-421-6140

FACSIMILE: 415-398-5030

ATLANTA
HOUSTON
MIAMI
NEWARK
NEW YORK

June 4, 2012

**By Federal Express**
Litigation Support
Veritext
550 South Hope Suite 1775
Los Angeles, CA 90017

    Re:    *Deposition of Kim Bruce Howlett*
             *Walker et al. v. Life Insurance Company of the Southwest*
             *USDC Case No. CV 10-9198-JVS (RNBx)*

To whom it may concern:

Enclosed please find the Errata Sheets for the deposition of Kim Bruce Howlett, the first volume of which was taken on April 26, 2012 and recorded by Ms. Lynne Ledanois of Veritext.

Sincerely,

*/s/ Jeanette T. Barzelay*
Jeanette T. Barzelay

Enclosures

cc:    Jonathan A. Shapiro, Esq. (w/ enclosures, via Federal Express)
        Timothy Perla, Esq. (via email only)
        James Lux, Esq. (via email only)
        Andrea Robinson, Esq. (via email only)
        Joel Fleming, Esq. (via email only)
        Charles N. Freiberg, Esq. (via email only)

# ERRATA SHEET

## CORRECTIONS TO DEPOSITION OF KIM BRUCE HOWLETT
### April 26, 2012; May 10, 2012

| No. | Page | Line | Corrections/Insertions: |
|---|---|---|---|
| 1. | 20 | 12-13 | Q: Were you surprised that you didn't find any notes?<br>A: No. |
| 2. | 31; 32 | 25; 1 | I would approximate sometime in the early/mid part of 2008. After reviewing the documents further, I now recall it was in the mid/late part of 2008. |
| 3. | 41 | 21 | At this point in time, I have not been contemplating talking to the press about this lawsuit. |
| 4. | 74 | 18 | I have not. |
| 5. | 83 | 24 | It's been some time ago. I believe it was in the winter, November/December, time frame. After further review, I now recall it was earlier, approximately in September and October. |
| 6. | 84 | 14 | E-mails related to this case, prior to the initiation of the case, were either deleted or stored on a personal folder within the e-mail program. |
| 7. | 87 | 12 | company where there's request for e-mails and he could assist with retrieving them. |
| 8. | 91 | 17 | respect to investments that had tax advantages. |
| 9. | 95 | 11 | I have no reason to think that he wouldn't have responded to the questions I raised at that point in time. |
| 10. | 107 | 14 | retrieval of e-mails. |
| 11. | 113 | 19 | further, and so it seemed to me that we couldn't afford |
| 12. | 113 | 22 | good money after bad. So from an affordability standpoint, it |
| 13. | 125 | 14 | in the fall of 2009. |
| 14. | 140 | 23 | That was the first time I ever saw Joyce Walker. |
| 15. | 151 | 3 | general about IGLI. |
| 16. | 151 | 10 | it's to both the LSW and to IGLI in general, IGLI. |

| No. | Page | Line | Corrections/Insertions: |
|---|---|---|---|
| 17. | 152 | 7 | that we discussed the IGLI with you prior to purchasing |
| 18. | 153 | 18 | Yes, that's correct. I have searched for them, and we no longer have the notes. |
| 19. | 168 | 16 | again, the specific implementation of the LSW product. |
| 20. | 174 | 13 | I don't recall reading either my September illustration or my wife's September illustration. |
| 21. | 204 | 8 | return on that money based on the S&P 500 index. |
| 22. | 208 | 13 | member of the class's motivation would be. |
| 23. | 208 | 20 | individual within the class's motivation would be in |
| 24. | 232 | 21 | September 27th, as compared to the July 27th |
| 25. | 237 | 24 | And also it did not disclose all of the |
| 26. | 248 | 14 | Prior to meeting with my legal counsel for the first time |
| 27. | 248 | 23 | It was probably arbitrary. I may have |
| 28. | 264 | 25 | counsel. |
| 29. | 268 | 9 | the disclosure of costs. And it turns out there are other |
| 30. | 277 | 2 | I – I don't recall him providing this information. |
| 31. | 277 | 6 | I really don't recall him providing this information. |
| 32. | 281 | 4 | I do not know where those meeting notes are. I have searched for them, and we no longer have them. |
| 33. | 282 | 2 | retirement income that we were led to believe we |

I have read the foregoing transcript and found it to be a truthful and accurate representation of the testimony I gave in connection with the captioned matter on April 26, 2012 and May 10, 2012.

May 31, 2012
Date

Kim Bruce Howlett



# All-purpose Acknowledgment  California only

State of California

County of __San Diego__

On __May 31, 2012__ before me, __C. Ballesteros, a notary public__ (here insert name and title of the officer),

personally appeared __Kim Bruce Howlett__

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Notary Seal

[Notary stamp: C. BALLESTEROS, COMM. #1814821, Notary Public - California, San Diego County, My Comm. Expires Oct. 7, ____]

Scanner Enabled Stores should scan this form
Manual Submission Route to Deposit Operations

DSG5350 CA (12-07 113424)



FO01-000DSG5350CA-01