JONATHAN A. SHAPIRO (257199)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:   (650) 858-6101
Fax:   (650) 858-6100
jonathan.shapiro@wilmerhale.com

ANDREA J. ROBINSON (PRO HAC VICE)
TIMOTHY J. PERLA (PRO HAC VICE)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:   (617) 526-6000
Fax:   (617) 526-5000
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com
Attorneys for Defendant Life Insurance
Company of the Southwest

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER on behalf of themselves and all others similarly situated, | Case No.: 10-09198 JVS(RNBx) |
| Plaintiffs, | EX PARTE APPLICATION FOR ENTRY OF ORDER STRIKING PLAINTIFFS' OBJECTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| vs. | |
| LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50, | Judge James Selna Courtroom:  10C |
| Defendant. | |

# EX PARTE APPLICATION

Pursuant to Fed. R. Civ. Proc. 6(c)(1)(A) and Local Rule 7-19, Life Insurance Company of the Southwest ("LSW") respectfully files this *ex parte* application for an entry of order striking Plaintiffs' "Objections" to LSW's Opposition to Class Certification.  See Docket Nos. 301, 302, 303, 304, 305, 306.

Plaintiffs oppose this motion.  On August 28, 2012, Joel Fleming, counsel for LSW, contacted Brian Brosnahan and Jacob Foster, lead counsel for Plaintiffs, by telephone.  Mr. Fleming advised Messrs. Brosnahan and Foster that LSW would be filing an ex parte application to strike Plaintiffs' objections on August 28, 2012 and advised them of the substance of the application.  *See* Declaration of Joel Fleming ("Fleming Dec.") ¶ 2.

This motion is based on the attached memorandum of points and authorities, the declaration of Joel Fleming and exhibits thereto, the pleadings, records and files in this case, and such other matters as may be considered by the Court.

DATED: August 28, 2012

Respectfully submitted,
WILMER CUTLER PICKERING HALE AND DORR LLP


By:  */s/ Jonathan A. Shapiro*
Jonathan A. Shapiro (257199)
Andrea J. Robinson (*pro hac vice*)
Timothy J. Perla (*pro hac vice*)

Attorneys for Defendant Life Insurance Company of the Southwest

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

LSW asks this Court to enter an order striking Plaintiffs' various "objections" to the evidence LSW filed in opposition to Plaintiffs' class certification motion.[1]  LSW does not lightly complain about things like page limitations or procedural violations.  Plaintiffs had a 20-page limit on their class certification reply.  Had they modestly exceeded that budget, LSW would have let silence rule the day.  But Plaintiffs have grossly overreached.  In addition to their 20 page brief (and numerous appendices and declarations attached to that brief), Plaintiffs filed ***another 168 pages*** of purported "objections" — excessive, verbose additional briefing that, in many respects, has nothing to do with legitimate "evidentiary" objection.  And Plaintiffs never met and conferred about the substance of any of it.

LSW worked diligently to abide by the Court-imposed firm but fair limitations on pages — and did so assuming that the limitations were real, especially after the Court had already reduced the number of allowable pages.  The Court should strike the objections, which appear at Docket Nos. 301-06.

### II.   Argument

Well prior to class certification proceedings, the parties negotiated and proposed to the Court a comprehensive briefing plan, including deadlines and page limitations.  Joint Stipulation Regarding the Class Certification Briefing Schedule and Page Limitations, Apr. 30, 2012, Dkt. 219.  The Court signed the stipulation, but in the process reduced the proposed page limits:  limiting the parties to only 30 pages for the opening brief (Plaintiffs) and opposition (LSW), and 20 pages for reply (Plaintiffs).  Order, May 4, 2012, Dkt. 222.

---

[1] Per L.R. 7-19:  lead opposing counsel is Brian Brosnahan of Kasowitz Benson Torres & Friedman LLP. 101 California St., Suite 2300, San Francisco, CA 94111. His phone number is (415) 655-4337.  His email address is bbrosnahan@kasowitz.com.

EX PARTE APPLICATION FOR ENTRY OF ORDER STRIKING PLAINTIFFS' OBJECTIONS, 10-09198 JVS(RNBx)

LSW's Opposition complied.  *See* LSW's Opposition to Plaintiffs' Motion for Class Certification, July 13, 2012, Dkt. 250.[2]  Within the limitations that this Court ordered, LSW presented all of its arguments, including responses to the evidence that Plaintiffs offered in support of class certification (*i.e.,* what Plaintiffs characterize as objections).  That process required extensive prioritization, omission of some arguments, and truncation of others.

Just three days before Plaintiffs' reply brief was due, Plaintiffs' counsel (apparently struggling with page limitations) approached LSW to propose a schedule for evidentiary objections.  Fleming Dec. Ex. 1.  LSW's counsel responded that the parties' agreement on briefing limitations did not allow for separate objections, nor did the Court's order, and that LSW could not agree to "yet another new round of briefs" at such a late date.  *Id*.  Plaintiffs did not meet and confer any further.

Instead, with their reply, Plaintiffs exercised self-help.  ***They filed six additional briefs, totaling 168 pages***.  *See* Dkt. Nos. 301, 302, 303, 304, 305 and 306.  They neither sought leave of Court to do so nor met and conferred about any of their objections.[3]  Plaintiffs did not notice a motion to strike the objected-to exhibits, provide for a hearing time, or for time to respond.  These additional pages of briefing should be stricken.

*First*, Plaintiffs' decision to submit excess pages violates this Court's order on page limitations.  That order established a fair and balanced set of limitations that LSW lived within, and Plaintiffs have unilaterally ignored.  *See Fahmy v. Hogge*, 2008 WL 4614322, at *2 (C.D. Cal. Oct. 14, 2008) ("it is within the Court's discretion to strike oversized briefs in their entirety").

---

[2] Plaintiffs allege that LSW's appendices exceeded the page limitations, but this position is wrong—LSW's appendices were clearly just graphical representations of arguments and concepts contained in the brief itself (*i.e.,* hearing chalks).  In any event, Plaintiffs replied in kind to these appendices, then unilaterally filed ***168 pages*** over and on top of this.

[3] *Cf*. L.R. 16-2.6 (in connection with trial, parties must "attempt to resolve any objections to the admission of testimony, documents, or other evidence").

EX PARTE APPLICATION FOR ENTRY OF ORDER STRIKING PLAINTIFFS' OBJECTIONS, 10-09198 JVS(RNBx)

*Second*, many of Plaintiffs' "objections" are actually just additional argument and briefing.  For example, in their 71-page "objections" to the declarations of five LSW agents, Plaintiffs devote pages to arguing that LSW is somehow "equitably estopped" from offering agent declarations because of a certification that the agents signed, which is not an "objection" and which draws no force from any Federal Rule of Evidence.  Plaintiffs' Objections to LSW's Agent Declarations, Aug. 24, 2012, Dkt. 302 at 2-5.  Plaintiffs' "objections" to the Pfeifer declaration are, in their entirety, substantive criticisms of Pfeifer's analysis, which are also not objections.  Plaintiffs' Objections to LSW's Expert Declarations, Aug. 24, 2012, Dkt. 301.

*Finally*, even if Plaintiffs wanted to strike evidence submitted by LSW, they did not follow the proper procedure for doing so.  They:

- did not meet and confer regarding the objections (L.R. 7-3);
- did not properly notice the motion or a hearing (L.R. 7-4);
- did not comply with the applicable page limitations (even if each set of objections were its own motion) (L.R. 11-6);
- did not provide LSW with an opportunity to respond (L.R. 7-9); and
- did not provide the Court with the required time to consider the motion (L.R. 6-1).

*See* L.R. 7-2 (local motion rules apply to "all other proceedings except a trial on the merits").  These rules exist for a reason:  to ensure fair proceedings where both sides can be heard.[4]

---

[4] Plaintiffs' motion for class certification is scheduled for a hearing on September 10, 2012.  That is less than 28 days after Plaintiffs filed their objections and does not provide LSW with any time to oppose within the time period provided by the local rules (and, in any event, LSW was deprived of the pre-motion notice that would have allowed it to resolve any objections and/or prepare its response materials).

EX PARTE APPLICATION FOR ENTRY OF ORDER STRIKING PLAINTIFFS' OBJECTIONS, 10-09198 JVS(RNBx)

Indeed, Plaintiffs unfair approach to challenging evidence contrasts starkly with LSW's approach.  When LSW sought to exclude Dr. Brockett's testimony, it met and conferred ten days before moving, properly noticed a motion to strike with a corresponding memorandum of points and authorities, properly noticed a hearing, and provided Plaintiffs with the opportunity to oppose.  Plaintiffs opposed and were able to file a supplemental declaration from their expert.  However, when Plaintiffs sought to exclude Pfeifer's testimony (although they call it an "objection", they are trying to strike his testimony), *none of these protections were afforded to LSW.*  Plaintiffs never met and conferred regarding their issues with Pfeifer's testimony, they did not notice a motion or a hearing, and did not give LSW a chance to oppose (or to file a supplemental declaration responding to Plaintiffs' challenges).

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' objections (Docket Nos. 301, 302, 303, 304, 305 and 306) should be stricken.


Respectfully submitted,

                                    WILMER CUTLER PICKERING HALE AND
                                    DORR LLP


                                    By: */s/ Jonathan A. Shapiro*
                                    Jonathan A. Shapiro (257199)
                                    Andrea J. Robinson (*pro hac vice*)
                                    Timothy J. Perla (*pro hac vice*)

                                    Attorneys for Defendant Life Insurance Company of
                                    the Southwest

1

**PROOF OF SERVICE**

2

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304.  On August 28, 2012 I served the within document(s):

3

4

LSW'S EX PARTE APPLICATION FOR AN ORDER STRIKING PLAINTIFFS' OBJECTIONS

5

I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, CA addressed as set forth below.

6

7

I personally caused to be emailed the document(s) listed above to the person(s) at the address(es) set forth below.

8

9

☒ I electronically filed the document(s) listed above via the CM/ECF system.

10

11

☒ I personally caused to be delivered by Facsimile the document(s) listed above to the person(s) at the facsimile number(s) set forth below.

12

13

Brian P. Brosnahan
Charles N. Freiberg
Jacob Foster
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111
(415) 358-4278

14

15

16

17

18

Harvey R. Levine
LEVINE & MILLER
550 West C. Street, Suite 1810
San Diego, CA 92101-8596
(619) 231-8638

19

20

21

22

23

   _/s/Joel Fleming_

24

Joel Fleming

25

26

27

28

EX PARTE APPLICATION FOR ENTRY OF ORDER STRIKING PLAINTIFFS' OBJECTIONS, 10-09198 JVS(RNBx)