KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LEVINE & MILLER
HARVEY R. LEVINE (SBN 61879)
CRAIG A. MILLER (SBN 116030)
LEVINE & MILLER
550 West C Street, Suite 1810
San Diego, CA 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW from Northern District of CA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT LIFE INSURANCE COMPANY OF THE SOUTHWEST'S EX PARTE APPLICATION FOR ENTRY OF AN ORDER STRIKING PLAINTIFFS' OBJECTIONS**<br><br>Judge James V. Selna<br>Courtroom: 10C |

# TABLE OF CONTENTS

**Page(s)**

I.    LSW MAKES NO ATTEMPT TO DEMONSTRATE THAT EXTRAORDINARY EX PARTE RELIEF IS WARRANTED. ................... 1

II.    LSW'S PROPOSED MOTION TO STRIKE PLAINTIFFS' EVIDENTIARY OBJECTIONS IS MERITLESS. ....................................... 4

    A.    A Party Has A Right to Submit Written Objections to Evidence And Need Not Move to Strike. ............................................................. 4

    B.    The Local Rules Contain No Page Limitations for Evidentiary Objections. ................................................................................................ 6

    C.    The Court's Order Regarding Page Limits Does Not Apply to Evidentiary Objections ................................................................................ 8

    D.    Plaintiffs' Objections Were Procedurally Proper In Other Respects. ................................................................................................ 9

III.    CONCLUSION ................................................................................................ 10

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, California 94111

# Table of Authorities

**Page(s)**

## CASES

*AF Holdings LLC v. Doe*, 2012 U.S. Dist. LEXIS 104396 (S.D. Cal. July 25, 2012) ................................................................................................................................. 3

*Herrera v. Louisville Ladder Group, LLC*, 2009 U.S. Dist. LEXIS 107384 (C.D. Cal. Nov. 16, 2009) ........................................................................................... 5

*Kesler v. IKEA U.S., Inc.*, 2008 U.S. Dist. LEXIS 97555 (C.D. Cal. Feb. 4, 2008) . 5

*Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995) ............................................................................................................... 1, 2, 3

*Scott v. Ross,* 140 F.3d 1275 (9th Cir. 1998) ............................................................. 5

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983) ........................... 5

*Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159 (C.D. Cal. 2002) .................................................................................. 6

*United States v. Jamerson*, 549 F.2d 1263 (9th Cir. 1977) ....................................... 4

## RULES

Fed. R. Evid. 103(a) ............................................................................................. 5, 6

Local Rule 11-6 .................................................................................................... 6, 8

Local Rule 11-7 .................................................................................................... 6, 7

Local Rule 16.2 ....................................................................................................... 10

Local Rule 16-2.6 .................................................................................................... 10

Local Rule 7-19 ......................................................................................................... 2

Local Rule 7-2 ........................................................................................................... 9

## TREATISES

2-12 Moore's Fed. Prac. – Civ. § 12.37 (MB 2012) ................................................. 5

Weinstein's Fed. Evid. § 103.02 ............................................................................... 4

William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, Cal. Prac. Guide: Fed. Proc. Before Trial, §§ 12:94-95 (Rutter 2012) ............................. 5

LSW's motion to strike Plaintiffs' evidentiary objections should be denied because (1) the evidentiary objections are procedurally and substantively proper; and (2) LSW has not made the requisite showing of "irreparable prejudice" that is required to justify *ex parte* relief.  LSW's motion advances the novel contention that evidentiary objections are prohibited unless filed in the form of a "motion to strike," and therefore that the Court should strike Plaintiffs' evidentiary objections to fourteen declarations that LSW submitted in support of its opposition to class certification.  LSW's position is contrary to Federal Rule of Evidence 103, case law, and persuasive secondary source authority, which all clearly establish that Plaintiffs are entitled to file objections to evidence and are not required to file a motion to strike.  LSW is also wrong in asserting that Plaintiffs' objections were subject to page limitations imposed by Local Rule or order of the Court.  Plaintiffs' objections raise appropriate evidentiary issues regarding LSW's fourteen declarations (which themselves totaled 147 pages (excluding exhibits), and which similarly were not subject to page limitations concerning the length of briefs).  Since Plaintiffs offered to stipulate to an order shortening time so that LSW's motion to strike could be heard on the same date as the motion for class certification, there was no need for LSW to file its motion *ex parte* and no basis for the extraordinary relief sought by an *ex parte* order.

I. **LSW MAKES NO ATTEMPT TO DEMONSTRATE THAT EXTRAORDINARY EX PARTE RELIEF IS WARRANTED.**

"*Ex parte* applications are solely for extraordinary relief and should be used with discretion."  *See* Initial Order Following Filing of Complaint Assigned to Judge Selna at 3 (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)).  Accordingly, a party seeking *ex parte* relief must demonstrate, as a threshold matter, that extraordinary relief is warranted – that is, "establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner," with reasons "supported by…affidavits

or declarations whose contents would be admissible if the…affiants, or declarants were testifying in court." *Mission Power Eng'g*, 883 F. Supp. at 492; *see* L.R. 7-19 ("An application for an ex parte order shall be accompanied by a memorandum containing…the reasons for the seeking of an ex parte order."). To justify *ex parte* relief, a party must show (1) that it will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) that it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g*, 883 F. Supp. at 492.

In its *ex parte* application, LSW does not attempt to justify the extraordinary relief it is seeking. Nowhere does LSW explain why its motion to strike cannot be heard according to regular noticed motion procedures (even if on shortened time – as Plaintiffs offered to stipulate). *See* Declaration of Brian P. Brosnahan in Support of Plaintiffs' Opposition to LSW's *Ex Parte* Application ("Brosnahan Dec.") ¶¶4-5 and Ex. B. Nor does LSW explain how it would be "irreparably prejudiced" if LSW is not "allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g*, 883 F. Supp. at 492. LSW also failed to submit any affidavit or declaration in support of its request for *ex parte* relief. The sole declaration submitted, from LSW's counsel, Joel Fleming, Esq., supplies no reasoning to support the *ex parte* application and attaches one document, an email, which itself supplies no justification for *ex parte* relief and instead simply reflects LSW's (incorrect) interpretation of this Court's orders and the Federal Rules. *See* Declaration of Joel Fleming ("Fleming Dec."), Ex. 1.

Failure to justify its application for *ex parte* relief is by itself sufficient grounds for denying LSW's application. *See, e.g., Mission Power Eng'g*, 883 F. Supp. at 492 ("[M]any ex parte motions are denied…because the papers do not show that bypassing the regular noticed motion procedure is necessary."); *AF*

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

*Holdings LLC v. Doe*, 2012 U.S. Dist. LEXIS 104396, at *3-4 (S.D. Cal. July 25, 2012) (denying *ex parte* application because moving party did not "discuss whether its request is a proper subject for ex parte consideration or why the regular noticed motion procedures must be bypassed").

When Plaintiffs asked LSW to explain "why [it] believe[s] [its] motion needs to be resolved on an *ex parte* basis" (*see* Brosnahan Dec. ¶¶4, 7 and Ex. D), LSW could supply no justification:

> It certainly seems extraordinary for Plaintiffs to have unilaterally submitted more than eight times the allowed number of pages. In any event, it is only efficient for the parties and the Court to know ahead of time what arguments are in play for the hearing. Either way, an ex parte application is appropriate, and we will file this evening as we described.

*See* Brosnahan Dec. ¶8 and Ex. E. The fact that Plaintiffs' proper submission of evidentiary objections may "*seem[]* extraordinary" to LSW, or that it may be "*efficient* for the parties and the Court to know ahead of time what arguments are in play," does not come close to establishing irreparable (or *any*) prejudice to LSW to justify the extraordinary relief of an *ex parte* order. *Cf. Mission Power Eng'g*, 883 F. Supp. at 492 ("[F]iling an ex parte motion…is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire."). Even if LSW's "reason" were to ensure that its motion to strike be heard in conjunction with the Court's September 10, 2012 class certification hearing (which it does not say in its papers), that, too, fails to meet the "irreparable prejudice" standard, particularly because Plaintiffs offered to "discuss a stipulation for an order shortening time so [LSW could] file a motion to strike to be heard on September 10, 2012," but LSW ignored Plaintiffs' proposal. *See* Brosnahan Dec. ¶¶5-6 and Exs. B, C. To the contrary, it is Plaintiffs who would be prejudiced by *ex parte* practice if their objections were stricken without a hearing, particularly since, as described in Part II below, no order or rule gave Plaintiffs notice that they

1  would not be permitted to file objections as they did.

2  The only rationale Plaintiffs can imagine for this *ex parte* application is so
3  that LSW can obtain a ruling on its motion to strike in advance of the class
4  certification hearing and preempt the Court from reviewing certain of Plaintiffs'
5  objections – for instance, to the Pfeifer declaration – which make plain the fatal
6  (indeed embarrassing) deficiencies in LSW's supposed "expert" testimony.[1]  This,
7  too, fails to justify LSW's *ex parte* application.

**II.  LSW'S PROPOSED MOTION TO STRIKE PLAINTIFFS' EVIDENTIARY OBJECTIONS IS MERITLESS.**

**A.  A Party Has A Right to Submit Written Objections to Evidence And Need Not Move to Strike.**

LSW's contention that Plaintiffs cannot file objections to evidence without filing a motion to strike is unsupported by the Federal Rules, Local Rules, or case law.  In fact, Plaintiffs have an inherent right to object to any proffered evidence that may be objectionable.  Indeed, "[i]t is a fundamental rule of evidence that an objection not timely made is waived.  If testimony, even though improper, is introduced into evidence without objection, it becomes part of the record and is available to be considered for its probative value by the trier of fact."  *United States v. Jamerson*, 549 F.2d 1263, 1266 (9th Cir. 1977) (citing Fed. R. Evid. 103(a)); *see* Weinstein's Fed. Evid. § 103.02 ("Rule 103…forc[es] parties to object in the trial court or risk being foreclosed from raising the error on appeal.").  Plaintiffs were entirely within their rights and the pertinent procedural rules to make timely written objections.  *Id.*

Nor were Plaintiffs required, as LSW suggests, to present their objections in the form of a motion to strike.  Rule 103(a), for instance, expressly recognizes that

---

[1] For instance, Mr. Pfeifer was not familiar with the actual value test, made no attempt to find out about it, and received no instructions on it from LSW's counsel; his testimony is based simply on his own views of "fairness."  Reply Declaration of Brian P. Brosnahan ISO Class Certification (Dkt. 293) ¶14 and Ex. H (Pfeifer Dep. at 28:1-21; 299:10-301:22; 387:18-388:7; 390:22-391:6).

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

a party may choose *either* to object *or* to move to strike the offending evidence. Fed. R. Evid. 103(a)(1)(A) (claim of error is preserved if the party "timely objects *or* moves to strike); *see also* William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, Cal. Prac. Guide: Fed. Proc. Before Trial, §§ 12:94-95 (Rutter 2012) (where a motion is based on incompetent or inadmissible evidence, the only requirement is that the objection "be in writing").  In addition, numerous courts in this circuit, including this Court, have entertained challenges to evidence in the form of written objections as opposed to a motion to strike, including challenges to expert testimony premised on *Daubert*.  *See, e.g., Kesler v. IKEA U.S., Inc.*, 2008 U.S. Dist. LEXIS 97555, at *28-29 (C.D. Cal. Feb. 4, 2008) (Selna, J.) (considering evidentiary objections to declarations submitted on motion for class certification); *Herrera v. Louisville Ladder Group, LLC*, 2009 U.S. Dist. LEXIS 107384, at *2-3 (C.D. Cal. Nov. 16, 2009); *see also Scott v. Ross,* 140 F.3d 1275, 1285 (9th Cir. 1998) (*Daubert* challenge was waived because party failed to "object *or* move to strike" the expert testimony).  LSW provides no authority for its suggestion that Plaintiffs were required to assert their objections via a motion to strike.

Indeed, except in the context of a motion to strike testimony on the record at trial or deposition where no objection could be timely made (*e.g.*, because the answer was not responsive to the question), many authorities expressly reject the notion that objections to evidence should be presented in the form of a motion to strike.  "Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly."  2-12 Moore's Fed. Prac. – Civ. § 12.37 (MB 2012); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike.  The appellees have cited no cases that have construed F.R.Civ.P. 12(f) as allowing a district court to strike material not contained in the pleadings of the case.").  Indeed, courts in this district, when

presented with evidentiary challenges styled as a "motion to strike," have construed such motions as objections to evidence. *See Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159, 161 (C.D. Cal. 2002) (Cooper, J.) (on defendants' motion to strike plaintiffs' expert declaration, court "notes that the present Motion is not properly a motion to strike, which should be addressed to the pleadings only," but construed the Motion as "an objection to evidence offered in support of class certification").

### B. The Local Rules Contain No Page Limitations for Evidentiary Objections.

LSW argues that Plaintiffs' evidentiary objections should be stricken because they are purportedly subject to and in violation of certain page limitations set by the Local Rules. LSW is wrong. There is nothing in the rules establishing page limits for evidentiary objections. Local Rule 11-6, which LSW cites, applies only to a "memorandum of points and authorities, pre-trial brief, trial brief, or post-trial brief" (none of which can exceed 25 pages in length), not to evidentiary objections. The Local Rules also explicitly address appendices and caution that "[a]ppendices shall not include any matters which properly belong in the body of the memorandum of points and authorities." L.R. 11-7. But there is no parallel rule applicable to evidentiary objections. LSW's contention that Plaintiffs' objections to evidence are actually "additional briefing" (LSW App. at 3) is equally false. Plaintiffs' objections are narrowly limited to the admissibility of LSW's declarations. And the length of the objections is due only to the length of the declarations (147 pages, excluding exhibits) and to Plaintiffs' obligation to identify with specificity the testimony to which Plaintiffs object and the "specific ground" for each objection. *See* Fed. R. Evid. 103(a).[2]

---

[2] For instance, Plaintiffs' objection that LSW is "equitably estopped" from offering the five agent declarations "draws force from" (LSW App. at 5) Federal Rule of Evidence 403. Plaintiffs' Objections to Agent Declarations (Dkt. 302) at 2-5. And Plaintiffs' "substantive criticisms of Pfeifer's analysis" (LSW App. at 5) are proper

1    Further, LSW's repeated complaint about the 168-page combined length of
2 the objections is misleading.  The page length of the objections is inflated both by
3 Plaintiffs' direct quotation of (often lengthy) testimony from LSW's declarants,
4 and by Plaintiffs' reiteration of substantive objections that apply to multiple
5 portions of LSW's proffered testimony.  For instance, the sum and substance of
6 Plaintiffs' objections to LSW's five agent declarations are set forth in a mere 13
7 pages, which are then supplemented by Plaintiffs' particular objections to specific
8 portions of testimony on the same grounds as set forth in the preceding 13 pages.
9 *See* Plaintiffs' Objections to Agent Declarations (Dkt. 302).  The same is true of
10 Plaintiffs' objections to LSW's expert declarations, which are generally set out in 7
11 pages and supplemented by specific objections, on the same grounds, to the
12 offending testimony.  *See* Plaintiffs' Objections to Expert Declarations (Dkt. 301).

13    LSW, on the other hand, availed itself of additional pages of argument
14 (despite its claim that it "worked diligently to abide by" the page limits (LSW App.
15 at 3)) by filing four "appendices" that assert extensive arguments not set forth in
16 the opposition brief covering the full range of issues on this motion, not simply
17 evidentiary matters.  For instance, in Appendix C, LSW explicitly responds to the
18 list of common questions raised in Plaintiffs' opening memorandum of law, which
19 LSW *did not address* in its opposition brief.  Likewise, in Appendices A, B, and D,
20 LSW provides additional argument to elaborate on general contentions it makes in
21 the brief regarding individual issues.  These appendices are not "just graphical
22 representations of arguments and concepts contained in the brief itself" (LSW App.
23 at 4 n.2); instead, they present "matters which properly belong in the body of the
24 memorandum of points and authorities" in direct contravention of Local Rule 11-
25 7.[3]

---

27 Rule 702 objections.  Plaintiffs' Objections to Expert Declarations (Dkt. 301).
28 [3] LSW notes that Plaintiffs "replied in kind to these appendices" (LSW App. at 4 n.2) but this, too, was not an attempt to secure more pages.  Plaintiffs have asked

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

Finally, even if LSW were correct that Plaintiffs' objections should have been made as motions to strike, subject to the 25-page limit of Local Rule 11-6, LSW is incorrect that Plaintiffs' objections would not comply with the applicable page limitations "even if each set of objections were its own motion." LSW App. at 5. LSW submitted, and Plaintiffs objected to, fourteen separate declarations. Accordingly, Plaintiffs could have submitted fourteen separate motions to strike each individual declaration, totaling a potential 350 pages of motions, plus an *additional* 350 pages in reply. Clearly, Plaintiffs' 168 pages of evidentiary objections (approximately 12 pages per declaration) would comply with the applicable page limitations if they were instead construed as motions to strike.

### C. The Court's Order Regarding Page Limits Does Not Apply to Evidentiary Objections.

LSW's "page limits" argument fails equally with respect to the Court's May 4, 2012 Order concerning page limitations for the parties' class certification briefs. That Order – and the parties' stipulation on which it was based – pertains solely to page limits for the parties' "memorand[a] of law." *See* May 4, 2012 Order (Dkt. 222). Nothing in the Order remotely suggests that it is intended to apply to evidentiary objections, and LSW's contrary reading makes no sense. As discussed above, there are no page limits for objections set out in the Local Rules, meaning that under the presumptive page limits (*see* L.R. 11-6), Plaintiffs could have filed 50 pages of briefing (and LSW could have filed 25 pages of briefing), plus any number of pages of evidentiary objections. According to LSW's interpretation of the Court's Order, however, Plaintiffs would have *even less* than what the Local Rules provide because their combined 50 pages of briefing (30 for the opening

---

the Court to disregard the appendices as violating Local Rule 11-7, in which case Plaintiffs' responses would be moot. Plaintiffs supplied substantive responses to the appendices only in the alternative should the Court decide to consider them.

brief and 20 for the reply)[4] also would have to include objections to LSW's evidence. There is nothing in the Order or the Local Rules to suggest that this was the Court's intention.

Further, contrary to LSW's contention that the parties' stipulation regarding class briefing was a "comprehensive briefing plan" (LSW App. at 3), that stipulation, and the Order that followed, was limited to setting filing deadlines for "briefs" and page limitations for the parties' "memoranda of law." *See* Joint Stipulation Regarding Class Certification Briefing Schedule and Page Limits (Dkt. 219) ¶¶1-2; May 4, 2012 Order (Dkt. 222) ¶¶1-2.[5]

### D. Plaintiffs' Objections Were Procedurally Proper In Other Respects.

Finally, LSW contends that Plaintiffs' objections should be stricken because Plaintiffs did not follow the proper procedures, including that they purportedly failed to meet and confer with LSW about their objections or provide LSW with an opportunity to respond. This argument lacks merit because the procedural rules LSW cites apply to *motions*, not objections to evidence, which are not "proceedings." *See* L.R. 7-2. Indeed, LSW admits that these procedures are only applicable to a motion to strike, stating that "*if* Plaintiffs wanted to strike evidence submitted by LSW, they did not follow the proper procedure for doing so." LSW App. at 5 (emphasis added). But Plaintiffs did not move to "strike" LSW's evidence; they objected to it.

Accordingly, none of the procedural rules LSW cites applies to Plaintiffs' objections. For instance, there is no general meet and confer requirement for

---

[4] The Court provided LSW with 30 pages for its opposition brief instead of the usual 25, but did not enlarge Plaintiffs' total number of pages.

[5] LSW suggests that Plaintiffs contacted LSW about a deadline for objections because Plaintiffs were "struggling with page limitations." LSW App. at 4. In fact Plaintiffs had no concerns about page limits but wanted to agree on a deadline for objections because the Local Rules specify no deadline. LSW rejected this offer, so Plaintiffs filed objections with their reply papers. Brosnahan Dec. ¶3 & Ex. A.

OPPOSITION TO LSW'S EX PARTE APPLICATION FOR ORDER STRIKING PLAINTIFFS' OBJECTIONS
Case No. CV 10-04852 JSW
9

evidentiary objections. The sole exception, Local Rule 16-2.6, cited by LSW, requires the parties to "attempt to resolve any objections to the admission of testimony, documents, or other evidence" *at a meeting of counsel before the final pretrial conference* (*see* L.R. 16.2), not *any* time a party intends to object to the opposing party's evidence on a motion. This makes sense because, as a general matter, no party would agree to strike its own evidence on a motion. The parties' "meet and confer" process with respect to LSW's motion to strike the Brockett declaration underscores LSW's insistence on form over substance. During a break in Dr. Brockett's deposition, counsel for LSW asked counsel for Plaintiffs if they would stipulate to the wholesale withdrawal or striking of Dr. Brockett's declaration, and Plaintiffs declined; this was the whole of the parties' meet and confer. *See* Brosnahan Dec. ¶2. LSW does not suggest that meet and confer would have been any more fruitful with respect to any of the declarations as to which Plaintiffs have objected.

Nor were Plaintiffs required to provide LSW with notice or an opportunity to respond, as they would on a motion. It is true that submitting objections in the form of a motion to strike offers a different procedural framework with certain procedural requirements applicable to motions, such as notice, built-in time for opposition, and built-in time for the moving party to reply. But by submitting written objections and not a motion to strike, Plaintiffs have not violated any such rules, but instead have foregone their opportunity to submit a reply in support of their objections.[6] This does not make their objections improper.

## III. CONCLUSION

Because LSW failed to provide any justification for the extraordinary relief of an *ex parte* motion, and because LSW's proposed motion to strike Plaintiffs'

---

[6] Plaintiffs note that with respect to LSW's objections to the declaration of Dr. Brockett (presented via motion to strike), LSW improperly used its reply brief to advance new arguments not raised in its opening brief.

evidentiary objections lacks merit, LSW's *ex parte* application should be denied.

DATED: August 29, 2012      KASOWITZ BENSON TORRES & FRIEDMAN LLP


By: */s/* Brian P. Brosnahan
    Brian P. Brosnahan

Attorneys For Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Kasowitz, Benson, Torres & Friedman LLP, 101 California Street, Suite 2300, San Francisco, California 94111. On August 29, 2012, I served the within document(s):

**PLAINTIFFS' OPPOSITION TO DEFENDANT LIFE INSURANCE COMPANY OF THE SOUTHWEST'S EX PARTE APPLICATION FOR ENTRY OF AN ORDER STRIKING PLAINTIFFS' OBJECTIONS**

**DECLARATION OF BRIAN P. BROSNAHAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT LIFE INSURANCE COMPANY OF THE SOUTHWEST'S EX PARTE APPLICATION FOR ENTRY OF AN ORDER STRIKING PLAINTIFFS' OBJECTIONS**

I electronically filed the document(s) listed above via the CM/ECF system.

Jonathan A. Shapiro
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA   94304

*/s/* Jo Anne Childress
Jo Anne Childress