KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LEVINE & MILLER
HARVEY R. LEVINE (SBN 61879)
CRAIG A. MILLER (SBN 116030)
LEVINE & MILLER
550 West C Street, Suite 1810
San Diego, CA 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW<br>from Northern District of California<br><br>**DECLARATION OF BRIAN P. BROSNAHAN IN OPPOSITION TO EX PARTE APPLICATION**<br><br>Judge James V. Selna<br>Courtroom: 10C |

DECLARATION OF BRIAN P. BROSNAHAN IN OPPOSITION TO EX PARTE APPLICATION
Case No. CV 10-9198 JVS (RNBx)

I, Brian P. Brosnahan, declare as follows:

1. I am an attorney authorized to practice in the courts of California and in the United States District Court for the Central District of California. I am a partner of Kasowitz, Benson, Torres & Friedman, LLP, counsel for Plaintiffs in these proceedings. I have personal knowledge of the facts stated herein and if required could and would testify under oath thereto.

2. On July 3, 2012, counsel for LSW took the deposition of Dr. Patrick L. Brockett. During a break in the deposition, Mr. Joel Fleming, counsel for LSW, asked whether pursuant to L.R. 7-3, Plaintiffs would stipulate to a motion striking Dr. Brockett's declaration or to the withdrawal of the declaration. Mr. Fleming did not discuss the substance of LSW's planned motion. My colleague, Jacob Foster, informed Mr. Fleming that Plaintiffs would not withdraw Dr. Brockett's declaration and that LSW was free to file a motion. Ten days later, LSW filed its motion to strike Dr. Brockett's declaration.

3. On August 21, 2012, I sent an email to Jonathan Shapiro inquiring whether LSW would stipulate to an August 31, 2012 due date for the evidentiary objections by both sides. This request had nothing to do with any concern about page limits since Plaintiffs' objections are not subject to any page limits. Mr. Shapiro rejected this proposal and provided LSW's interpretation of the Scheduling Order. On August 23, 2012, I responded to Mr. Shapiro by thanking him for providing LSW's interpretation of the Order. Since LSW refused to agree on any due date for objections, Plaintiffs filed their objections with their reply papers on August 24, 2012. A true and correct copy of an email chain including all of the foregoing emails is attached hereto as Exhibit A.

4. On August 28, 2012, Mr. Fleming telephoned Mr. Foster and myself, and indicated that LSW intended to file an *ex parte* motion to strike Plaintiffs' objections to evidence submitted with LSW's opposition to class certification. When I inquired as to the basis of LSW's *ex parte* motion, Mr. Fleming stated that

DECLARATION OF BRIAN P. BROSNAHAN IN OPPOSITION TO EX PARTE APPLICATION
Case No. CV 10-9198 JVS (RNBx)
1

1  the objections to evidence were required to be filed in the form of a motion to
2  strike, and Plaintiffs had not met and conferred regarding a motion to strike.  When
3  I inquired whether there was any case law or other authority supporting LSW's
4  argument that objections to evidence were required to be filed in the form of a
5  motion to strike, Mr. Fleming stated that the authority was contained in LSW's *ex*
6  *parte* motion, which would be filed shortly.  On reviewing LSW's *ex parte*
7  application (Dkt. 311), I noted that it does not contain any applicable case law (or
8  other authority) for the proposition that objections to evidence are required to be
9  filed in the form of a motion to strike.

10       5.     On August 28, 2012, at 12:41 p.m., approximately one hour after Mr.
11  Fleming's phone call, I sent an email to counsel for LSW, which stated that
12  "[h]aving consulted the pertinent rules and Judge Selna's General Order, we do not
13  believe that the relief you describe can be obtained via an ex parte application.  We
14  would be happy to discuss a stipulation for an order shortening time so that you can
15  file a motion to strike to be heard on September 10, 2012."  Attached hereto as
16  Exhibit B is a true and correct copy of this email.

17       6.     Attached hereto as Exhibit C is an email from James Lux to Brian
18  Brosnahan, dated August 18, 2012, at 2:04 p.m.  Mr. Lux responded to my earlier
19  email (Exhibit B) by stating, "[w]e don't see the rule you are referring to … Is there
20  some rule we're missing?"

21       7.     Attached hereto as Exhibit D is a true and correct copy of an email
22  from Brian Brosnahan to James Lux, dated August 18, 2012, at 2:17 p.m.  I
23  responded to Mr. Lux's earlier email (Exhibit C) by stating:

> Nothing in the Local Rules, Judge Selna's rules, or his order regarding
> page limits precludes the filing of objections to evidence or includes
> objections to evidence within any page limits applicable to briefs.
>
> Judge Selna's Initial Order Following Filing of Complaint Assigned
> to Judge Selna states (in Part D) that "Ex Parte applications are solely

for extraordinary relief and should be used with discretion." There is nothing extraordinary about your motion to strike, and we see no reason why it needs to be heard before September 10. Please advise us why you believe your motion needs to be resolved on an ex parte basis.

8. Attached hereto as Exhibit E is a true and correct copy of an email from James Lux to Brian Brosnahan, dated August 18, 2012, at 3:08 p.m. Mr. Lux responded to my earlier email (Exhibit D) by stating, "[i]t certainly seems extraordinary for Plaintiffs to have unilaterally submitted more than eight times the allowed number of pages … an ex parte application is appropriate, and we will file this evening as we described."

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 29th day of August, 2012 at San Francisco, California.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP


By:   /s/ Brian P. Brosnahan
        Brian P. Brosnahan

DECLARATION OF BRIAN P. BROSNAHAN IN OPPOSITION TO EX PARTE APPLICATION
Case No. CV 10-9198 JVS (RNBx)
3