1  JONATHAN A. SHAPIRO (257199)
   JOEL FLEMING (281264)
2  WILMER CUTLER PICKERING HALE
   AND DORR LLP
3  950 Page Mill Road
   Palo Alto, CA 94304
4  Tel:   (650) 858-6101
   Fax:   (650) 858-6100
5  jonathan.shapiro@wilmerhale.com

6  ANDREA J. ROBINSON (PRO HAC VICE)
   TIMOTHY J. PERLA (PRO HAC VICE)
7  WILMER CUTLER PICKERING HALE
   AND DORR LLP
8  60 State Street
   Boston, MA 02109
9  Tel:   (617) 526-6000
   Fax:   (617) 526-5000
10 andrea.robinson@wilmerhale.com
   timothy.perla@wilmerhale.com
11 Attorneys for Defendant Life Insurance
   Company of the Southwest

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50 <br><br> Defendant. | **CLASS ACTION** <br><br> CASE NO.: CV 10-9198 JVS (RNBx) <br><br> Formerly Case No.: 3:10-cv -04852 JSW from Northern District of California <br><br> **APPLICATION TO SEAL PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND CERTAIN DOCUMENTS AND EXHIBITS SUBMITTED IN SUPPORT THEREOF** <br><br> Judge: Hon. James V. Selna <br> Courtroom: 10C <br> Date: September 18, 2012 <br> Time: 1:30 p.m. |

PLEASE TAKE NOTICE THAT pursuant to the Court's emailed request of September 11, 2012, Civil Local Rule 79-5.1 and the Court's Second Amended Protective Order in this action, Dkt. 103 at ¶ 10 (Sept. 27, 2011), Defendant Life Insurance Company of the Southwest ("LSW") submits this application to the Court for an Order sealing (1) Plaintiffs' Motion for Class Certification; (2) exhibits C, E, F, I, S, and U to the Declaration of Brian P. Brosnahan; (3) the Declaration of Dr. Patrick L. Brockett and exhibits G, H, L, N, Q, and S thereto; and (4) the Declaration of Lesa Dinglasan and exhibits C, D, E, F, and H thereto.

Under Civil Local Rule 79-5.1, a party can request that documents be filed under seal by submitting a written application along with the documents sought to be filed under seal. The Court's Second Amended Protective Order (the "Protective Order") requires that an application to seal be filed whenever any papers are filed containing information and/or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION – PROTECTIVE ORDER."  Dkt. 103 at ¶10.

## I.  LSW's Application

LSW applies to seal the above-listed materials on the grounds that they contain confidential information protected by the Protective Order. The Court previously granted LSW's application to seal certain of these materials when submitted with the parties' Joint Stipulation on Plaintiffs' Motion to Compel and Plaintiffs' motion for review of Magistrate Judge Block's order pertaining thereto and supporting papers. *See* Civil Minutes, Dkt. 136; Dkt. 197; Dkt. 209. The specific grounds that apply to each document are set forth below:

**Plaintiffs' Motion for Class Certification**

(i)  Plaintiffs' Motion for Class Certification refers to and/or directly quotes confidential information from the sealed exhibits listed below. To the extent it does so, those references should be sealed as well.

**Certain Exhibits to the Declaration of Brian P. Brosnahan**

Case 2:10-cv-09198-JVS -RNB   Document 329   Filed 09/11/12   Page 3 of 9   Page ID
 #:14614

(i) Brosnahan Dec., Ex. C is a letter from LSW to Plaintiffs, which contains information about LSW's internal processes with respect to life insurance policies, which are proprietary. This letter was drafted by LSW for Plaintiffs pursuant to a negotiated agreement which contemplated confidential treatment of the information provided. If released, this information would likely be sufficient to allow a competitor understand how LSW designs, constructs, and implements its life policies.  Thus, this document further reflects confidential financial information about the value of Plaintiffs' LSW policies. The information contained in the letter is confidential, non-public commercial information that, if disclosed to the general public or competitors of LSW could reasonably and in good faith be expected to result in prejudice or harm.  For this reason, it was designated as CONFIDENTIAL.

(ii) Brosnahan Dec., Ex. E is an internal LSW document containing discussions of LSW's business strategies and internal compliance policies. The face of the document states "For Agent Use Only–Not For Use With The Public." And with good reason: this document contains, among other things, confidential communications between LSW and its agents about marketing policies, replacement of policies, and procedures for addressing customer complaints. This is confidential, non-public commercial information about LSW that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm. For that reason, it was designated CONFIDENTIAL.

(iii) Brosnahan Dec., Ex. F is a non-party's LSW Illustration, which contains confidential information about an individual, including age, underwriting class and policy value.  This is confidential, non-public personal identifying information that, if disclosed could reasonably and in good faith be expected to result in prejudice or harm. For that reason, it was designated CONFIDENTIAL.

(iv) Brosnahan Dec., Ex. I is an internal LSW  email chain discussing marketing strategies and compliance policies, as well as strategies regarding positioning vis-à-vis LSW's competitors. Specifically, it discusses marketing strategies for a

8118087v1
9/11/2012 6:39 PM

ActiveUS 100916059v.1

particular category of consumers (doctors). This is confidential, non-public commercial information about LSW products that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm. For that reason, it was designated CONFIDENTIAL.

(v)     Brosnahan Dec., Ex. S contains excerpts from the deposition of Elizabeth MacGowan.  In the testimony excerpted therein, Ms. MacGowan testified to, among other things, LSW's strategy regarding confidential actuarial calculations. Ms. MacGowan also testified about a document discussing LSW's strategies regarding the pricing of various aspects of its products and the margin that it receives on those products. This is confidential, non-public commercial information that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm.

(vi)    Brosnahan Dec., Ex. U contains excerpts from the deposition of Michael Richardson. In the testimony excerpted herein, Mr. Richardson testified to, among other things, the internal workings of LSW's proprietary computer software, including certain strategic choices made by LSW in determining the content of illustrations generated by the ICS software program. This is confidential, non-public commercial information that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm. For that reason, this testimony was designated CONFIDENTIAL.

**Declaration of Dr. Patrick Lee Brockett and Certain Exhibits Thereto**

(i)     The Declaration of Dr. Patrick Lee Brockett refers to and/or directly quotes confidential information from the exhibits listed below.

(ii)    Brockett Dec., Ex. G is an internal LSW document that discusses LSW's business strategies, including pricing goals and constraints for certain LSW products. This includes sensitive information about LSW's margins, overhead, and commissions.  It includes discussions about LSW's pricing targets for its return-on-investment, planned rate structures and the algorithm used to determine minimum premiums. It also includes assumed lapse rates. This is confidential, non-

public commercial information about LSW products that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm. For that reason, it was designated CONFIDENTIAL.

(iii)   Brockett Dec., Ex. H is an internal LSW document that contains internal testing data and internal pricing assumptions.  It also discusses LSW's historic distribution of business by risk class and issue age as well as its compensation structure for agents and expenses per policy issued. It includes information about LSW's average policy size (in dollars). This is confidential, non-public commercial information about LSW and LSW's products that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm. For that reason, it was designated CONFIDENTIAL.

(iv)   Brockett Dec., Ex. L is a letter from LSW to Plaintiffs, which contains information about LSW's internal processes with respect to life insurance policies, which are proprietary. This letter was drafted by LSW for Plaintiffs pursuant to a negotiated agreement which contemplated confidential treatment of the information provided. If released, this information would likely be sufficient to allow a competitor understand how LSW designs, constructs, and implements its life policies.   Thus, this document further reflects confidential financial information about the value of Plaintiffs' LSW policies. The information contained in the letter is confidential, non-public commercial information that, if disclosed to the general public or competitors of LSW could reasonably and in good faith be expected to result in prejudice or harm.  For this reason, it was designated as CONFIDENTIAL.

(v)   Brockett Dec., Ex. Q contains excerpts from the deposition of Elizabeth MacGowan.  In the testimony excerpted therein, Ms. MacGowan testified to, among other things, LSW's strategy regarding confidential actuarial calculations. Ms. MacGowan also testified about a document discussing LSW's strategies regarding the pricing of various aspects of its products. This is confidential, non-

public commercial information that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm. For that reason, this testimony was designated Confidential.

(vi)     Brockett Dec., Ex. S contains excerpts from the deposition of Michael Richardson. In the testimony excerpted herein, Mr. Richardson testified to, among other things, the internal workings of LSW's proprietary computer software, including certain strategic choices made by LSW in determining the content of illustrations generated by the ICS software program. This is confidential, non-public commercial information that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm. For that reason, this testimony was designated CONFIDENTIAL.

**Declaration of Lesa Dinglasan and Certain Exhibits Thereto**

17.     The Declaration of Lesa Dinglasan refers to and/or directly quotes confidential information from the exhibits listed below. It also provides information gathered from a sample of policyholder files provided by LSW to Plaintiffs, subject to the Protective Order.

18.     Dinglasan Dec., Ex. C is an Agent's Report relating to a non-party. It contains confidential information about a non-party's LSW policy, net worth, household income, and contact information. This is personal identifying information that, if disclosed could reasonably and in good faith be expected to result in prejudice or harm. For that reason, it was designated Confidential.

19.     Dinglasan Dec., Ex. D is a non-party's policy application.  It contains confidential personal, contact, financial, and medical information (including family medical history) about a non-party and that person's LSW policy. This is confidential, non-public personal identifying information that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm. For that reason, it was designated Confidential.

20. Dinglasan Dec., Ex. E is a non-party's LSW Illustration. It contains confidential financial information about the age and underwriting class of a non-party and the value of a non-party's LSW policy. This is confidential, non-public commercial information and personal identifying information that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm. For that reason, it was designated Confidential.

21. Dinglasan Dec., Ex. F is a non-party's LSW Illustration. It contains confidential financial information about the age and underwriting class of a non-party and the value of a non-party's LSW policy. This is confidential, non-public commercial information and personal identifying information that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm. For that reason, it was designated Confidential.

22. Dinglasan Dec., Ex. H contains excerpts from the deposition of Elizabeth MacGowan. In the testimony excerpted therein, Ms. MacGowan testified to, among other things, LSW's strategy regarding confidential actuarial calculations. Ms. MacGowan also testified about a document discussing LSW's strategies regarding the pricing of various aspects of its products. This is confidential, non-public commercial information that, if disclosed to the general public or competitors of LSW, could reasonably and in good faith be expected to result in prejudice or harm. For that reason, this testimony was designated Confidential.

## II. Conclusion

For all the foregoing reasons, LSW requests that the Court issue an Order sealing (1) Plaintiffs' Motion for Class Certification; (2) exhibits C, E, F, I, S, and U to the Declaration of Brian P. Brosnahan; (3) the Declaration of Dr. Patrick L. Brockett and exhibits G, H, L, N, Q, and S thereto; and (4) the Declaration of Lesa Dinglasan and exhibits C, D, E, F, and H thereto.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: September 11, 2012 | Respectfully submitted, |
| 3 | | |
| 4 | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 5 | | |
| 6 | | By:   /s/ Joel Fleming |
| 7 | | Joel Fleming |
| 8 | | Attorneys for Defendant LIFE INSURANCE COMPANY OF THE SOUTHWEST |

# PROOF OF SERVICE

I am a resident of the Commonwealth of Massachusetts, over the age of eighteen years, and not a party to the within action. My business address is Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109. On September 11, 2012 I served the within document(s):

APPLICATION TO SEAL PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND CERTAIN DOCUMENTS AND EXHIBITS SUBMITTED IN SUPPORT THEREOF

☐ I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Boston, MA addressed as set forth below.

☐ I personally caused to be emailed the document(s) listed above to the person(s) at the address(es) set forth below.

☒ I electronically filed the document(s) listed above via the CM/ECF system.

☐ I personally caused to be delivered by Facsimile the document(s) listed above to the person(s) at the facsimile number(s) set forth below.

Brian P. Brosnahan
Charles N. Freiberg
Jacob Foster
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111
(415) 358-4278

Harvey R. Levine
LEVINE & MILLER
550 West C. Street, Suite 1810
San Diego, CA 92101-8596
(619) 231-8638

　　　　　　　　　　　　　　　　*/s/ Joel Fleming*
　　　　　　　　　　　　　　　　Joel Fleming