KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LEVINE & MILLER
HARVEY R. LEVINE (SBN 61879)
CRAIG A. MILLER (SBN 116030)
LEVINE & MILLER
550 West C Street, Suite 1810
San Diego, CA 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>                     Plaintiffs,<br><br>        v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>                     Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW<br>from Northern District of California<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A REPLY TO LSW'S SUBSTITUTED SUPPLEMENTAL MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION**<br><br>District Judge James V. Selna<br>Date:    Sept. 18, 2012<br>Court:  10C |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A REPLY
TO LSW'S SUBSTITUTED SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF CLASS CERTIFICATION ................................................................ 0

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.    INTRODUCTION ....................................................................................... 1

II.   THE COURT POSSESSES DISCRETION TO AFFORD
      PLAINTIFFS THE OPPORTUNITY TO SUBMIT A REPLY BRIEF ...... 2

III.  PLAINTIFFS SHOULD BE PROVIDED THE OPPORTUNITY TO
      RESPOND BECAUSE LSW'S BRIEF RAISES NEW
      ARGUMENTS OUTSIDE THE SCOPE OF THE REQUESTED
      BRIEFING .................................................................................................. 3

      A.    LSW's Brief Exceeds The Scope of the Court's Order ..................... 3

      B.    LSW's Substitute Brief Is Misleading and Attempts To Confuse
            the Record and the Court ................................................................. 4

      C.    LSW's Substitute Brief Takes New and Inconsistent Positions ......... 5

      D.    Plaintiffs Should Be Provided Leave To File a Reply Pursuant
            to the Rule of Completeness .............................................................. 6

      E.    The Changed Nature of LSW's Substitute Brief Justifies
            Allowing a Reply from Plaintiffs Because Plaintiffs Are the
            Moving Party ................................................................................... 6

VI.   CONCLUSION ........................................................................................... 8

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

PLAINTIFFS MOTION FOR LEAVE TO FILE A REPLY TO LSW'S SUBSTITUTED
SUPPLEMENTAL MEMORANDUM; CASE NO. CV 10-9198 JVS (RNBX)

i

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A REPLY TO LSW'S SUBSTITUTED SUPPLEMENTAL MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION

TO THE COURT, DEFENDANT, AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiffs Joyce Walker, Kim Howlett, and Muriel Spooner ("Plaintiffs") respectfully request leave to file a reply to LSW's substituted supplemental memorandum, declarations and exhibits thereto. Plaintiffs' reply memorandum and reply declaration are attached hereto as Exhibits 1 and 2.

For the reasons discussed in Plaintiffs' request, and in light of new arguments raised by LSW on issues that exceed the scope of the Court's requested supplemental briefing, the Court should afford Plaintiffs the opportunity to respond.

Counsel for Plaintiffs met and conferred with counsel for LSW concerning this motion, and LSW does not assent to the filing of the proposed Reply and related documents. Plaintiffs have styled their motion in the same manner as LSW styled its Motion for Leave To File a Substituted Supplemental Memorandum and accordingly have not set the motion for hearing, which is in the Court's discretion.

DATED: October 5, 2012      KASOWITZ BENSON TORRES & FRIEDMAN LLP


By:    s/Brian P. Brosnahan
         Brian P. Brosnahan

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs respectfully request leave to file a reply to LSW's 18-page substituted supplemental brief because it addresses issues outside the scope of the briefing permitted by the Court, includes entirely new arguments, submits incomplete deposition testimony, and misstates the record.

First, LSW's substitute supplemental memorandum ignores the Court's directive to the parties to limit their supplemental briefing to the issue of ascertainability.  LSW has instead addressed other arguments that fall outside the scope of the Court's Order, including citing authority on the merits of whether its illustrations are likely to deceive and, for the first time, attempting to distinguish *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087 (9th Cir. 2010), a decision cited by Plaintiffs in both their moving and reply papers, but not mentioned by LSW in its opposition papers or at oral argument.

Second, LSW's substitute memorandum confuses the record.  LSW's discussion of the policy files (at pp. 5-11) blends misrepresentations with new and evolving positions in an attempt to confuse the Court about the state of the documentary record.  For example, LSW continues to insist that 56% of file evidence conflicts, but its substitute brief deleted footnote 5 of LSW's previous brief, which attempted falsely to justify LSW's 56% calculation.  Although LSW's deletion of that footnote was appropriate, there is no longer any basis for its continued reliance on the inaccurate 56% figure.

Third, LSW's substitute memorandum raises new and misleading arguments that contradict earlier positions that it took in its class certification opposition.  LSW previously argued in its opposition papers that the date an illustration is used should be determined by the date the illustration was printed, but its substitute brief takes the new and inconsistent position that the print date should be ignored.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

PLAINTIFFS MOTION FOR LEAVE TO FILE A REPLY TO LSW'S SUBSTITUTED
SUPPLEMENTAL MEMORANDUM; CASE NO. CV 10-9198 JVS (RNBX)

1

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

Fourth, Plaintiffs are entitled to respond under the rule of completeness. LSW relies on a snippet of deposition testimony to advance inaccurate assertions about the named Plaintiffs.

Finally, Plaintiffs should be provided with the opportunity to close the briefing on their motion particularly in light of the Court's decision to allow LSW to file a substitute memorandum after the parties complied with the Court's original directive of simultaneous filing. Fairness dictates that since LSW has been now granted the opportunity to respond to Plaintiffs' brief, Plaintiffs should be afforded the same opportunity.

## II. THE COURT POSSESSES DISCRETION TO AFFORD PLAINTIFFS THE OPPORTUNITY TO SUBMIT A REPLY BRIEF

Though the Court's minute order indicates that the matter is deemed submitted after both parties' filing of their supplemental briefs, numerous courts have recognized that the exercise of "the Court's exercise of discretion in favor of allowing a surreply is appropriate where the movant raises new arguments in its reply brief."[1]  Though these authorities are in the context of surreplies, the principles of fairness animating the decisions are equally applicable to the supplemental briefing at issue here.  Indeed, after both parties filed their supplemental briefs on September 25, 2012, and the matter was "deemed submitted," LSW filed a request for leave to file a substitute brief, and the Court exercised its discretion to allow its filing (without providing Plaintiffs the opportunity to oppose the motion).  For the reasons discussed herein, the Court should similarly exercise its discretion by allowing Plaintiffs to close the briefing

---

[1] *Concerned Citizens for a Safe Cmty. v. Office of Fed. Detention Trustee*, 2011 U.S. Dist. LEXIS 122899 *4 (D. Nev. Oct. 24, 2011) (*citing Heffelfinger v. EDSC.*, 580 F. Supp. 2d 933, 966 n.116 (C.D. Cal. 2008)); *see also CYBERsitter, LLC v. P.R.C.*, 805 F. Supp. 2d 958, 964 (C.D. Cal. 2011) (granting leave to file surreply "because Defendants relied on new legal authority in their reply papers").

PLAINTIFFS MOTION FOR LEAVE TO FILE A REPLY TO LSW'S SUBSTITUTED SUPPLEMENTAL MEMORANDUM; CASE NO. CV 10-9198 JVS (RNBX)

2

with the reply filed herewith.[2]

## III. PLAINTIFFS SHOULD BE PROVIDED THE OPPORTUNITY TO RESPOND BECAUSE LSW'S BRIEF RAISES NEW ARGUMENTS OUTSIDE THE SCOPE OF THE REQUESTED BRIEFING

### A.    LSW's Brief Exceeds The Scope Of The Court's Order.

The Original and Amended Orders both stated that the parties "shall file the supplemental submission *discussed on the record*."[3]   The only supplemental submission discussed on the record concerned the ascertainability issue, about which the Court requested argument in its tentative ruling.  The parties were therefore clearly instructed to limit their supplemental briefing to the topic of ascertainability, and specifically, to the nature of LSW policyholder files and to whether it will be administratively feasible to determine subclass membership based on these files and other case management techniques.  Notwithstanding the Court's instructions, LSW's filing contains new arguments that have nothing to do with the identification of class members.  For example, the first argument section of LSW's substitute memorandum is dedicated entirely to raising arguments relating to predominance and reliance, arguing that it is improper to adjudicate common law fraud and UCL claims without examining the "the entire universe of what was conveyed to each policyholder."[4]   Indeed, LSW submits briefing on *Davis v. HSBC*, 2012 U.S. App. LEXIS 18503 (9th Cir. Aug. 31, 2012), a case that discusses the likely to deceive test under the UCL and *not once* touches on ascertainability or determination of class membership.  LSW also—for the first

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

---

[2] *Transp. Factoring Assocs. v. Textron Fin. Corp.,* 2005 U.S. Dist. LEXIS 28634, *11 (D. Az. Nov. 16, 2005) (granting leave to file surreply because it "affords [plaintiff] an opportunity to respond to the new argument [in the reply] and cures any prejudice from its lateness.").

[3] Original Order, Dkt. 338, at 1; Amended Order, Dkt. 341, at 1 (emphasis added).

[4] LSW's Substitute Supplemental Memorandum In Opposition to Class Certification (Dkt. 346) ("LSW's Sub. Mem."), at 3.

PLAINTIFFS MOTION FOR LEAVE TO FILE A REPLY TO LSW'S SUBSTITUTED SUPPLEMENTAL MEMORANDUM; CASE NO. CV 10-9198 JVS (RNBX)

3

time—addresses and attempts to distinguish *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087 (9th Cir. 2010), a controlling decision regarding reliance that was cited by Plaintiffs in both their moving and reply papers, but not mentioned by LSW in its opposition papers or at oral argument.[5] Not only are LSW's attempts to distinguish *Yokoyama* unavailing, they are plainly not within the scope of the briefing.

### B.  LSW's Substitute Brief Is Misleading And Attempts To Confuse The Record And The Court.

At oral argument, the Court questioned whether the reference to the "policy applied for" in the LSW application means the particular type of policy applied for, such as Paragon or Provider.  LSW had not previously suggested this, and counsel for Plaintiffs responded that the phrase "policy applied for" referred to the particular configuration of the policy, e.g., face amount, planned premium, etc.

Apparently seizing on the Court's question, LSW's first supplemental brief argued that "[t]he more plausible reading of the language means what it says – 'the policy applied for' is Paragon or Provider."[6]  But as demonstrated in Plaintiffs' supplemental brief, the NAIC regulation and LSW's own executives make clear that the "policy applied for" refers not simply to the type of policy but to the particular configuration of the policy, encompassing specifics such as face amount, underwriting class, planned premium, etc.  LSW's assertion that the most plausible reading is that the policy applied for is Paragon or Provider was grossly misleading because the question is not what is a "plausible reading" of the words (which are derived from the NAIC model regulation enacted as California Insurance Code section 10509.958(a)), but how LSW actually interprets and applies those words,

---

[5] *Id*. at 3-4.
[6] LSW's Supplemental Memorandum In Opposition to Class Certification, filed September 25, 2012 (Dkt. 340) at 6 n.5.

PLAINTIFFS MOTION FOR LEAVE TO FILE A REPLY TO LSW'S SUBSTITUTED SUPPLEMENTAL MEMORANDUM; CASE NO. CV 10-9198 JVS (RNBX)

4

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1  in its day to day processing of policy applications.  LSW has been applying this

2  regulation for decades, and its corporate executives (none of whom submitted

3  testimony in support of the newly minted assertion of its counsel) are well aware

4  that "the policy applied for" is <u>not</u> "Paragon or Provider," but the particular

5  configuration of the policy (even including details like specification of the name of

6  the agent).

7      After reviewing Plaintiffs' supplemental brief, LSW apparently decided to

8  delete this argument from its substitute brief.[7]  But having deleted this argument,

9  LSW is left with no basis for its calculation that 56% of the file evidence conflicts.

10  Yet LSW's substitute brief continues to advance the incorrect 56% calculation in

11  an attempt to confuse the record and the Court.

12      Similarly, whereas Plaintiffs submitted as Exhibit A to the Supplemental

13  Dinglasan Declaration (Dkt. 339) a policy-by-policy description of all 400 policy

14  files, LSW responds only with aggregated data on entirely separate topics that are

15  irrelevant to the question of whether a policyholder received a sales illustration.

16  As discussed in Plaintiffs' proposed reply, this approach confuses the record by

17  suggesting purported conflicts that do not in fact exist.

**C.   LSW's Substitute Brief Takes New And Inconsistent Positions**

19      LSW's substitute brief also raises new arguments that are inconsistent with

20  positions previously advanced in the litigation.  For example, for the first time

21  LSW argues that it is improper to rely on illustration print dates as evidence of

22  use—directly reversing and contradicting its earlier position that used illustration

23

24  _____

25  [7] In addition to the cites in Plaintiffs' original supplemental brief, other documents
produced by LSW in discovery and the testimony of its own executives at
26  deposition further confirm that the policy "as applied for" refers to the
configuration of features such as underwriting or funding.  [Proposed] Second
27  Supplemental Declaration of Lesa Dinglasan, Exs. C, D & E.

print dates to determine the date of use.  Indeed, this methodology was the
foundation of Mr. Perla's calculations in his declaration submitted in opposition to
Plaintiffs' motion to certify.[8]  As this is an entirely new and inconsistent argument,
Plaintiffs should be afforded the opportunity to respond.

### D.  Plaintiffs Should Be Provided Leave To File A Reply Pursuant To The Rule Of Completeness.

LSW's substitute brief relies on a single page of deposition testimony to
advance the new assertion that "Howlett and Spooner received illustrations
prepared July 27, 2007, but neither signed until July 30, 2007" and that "Ms.
Spooner was unsure whether she first saw the illustration before or after she
dictated her application."  LSW's Sub. Mem. at 6 n.7.  But the experience of Mr.
Howlett and Ms. Spooner is telling:  their sales illustrations were printed on July
27, 2007 and were first reviewed and signed on July 30, 2007 in the same single
meeting with their agent during which their applications were prepared and signed;
their agent then submitted the illustrations and the applications to LSW.[9]  Plaintiffs
should be allowed to respond under the rule of completeness.  In the words of one
court, a party is "certainly entitled to supplement the record with other portions of
[a witnesses' testimony] to *rebut* and give context to the excerpts cited in [the other
parties'] supplemental brief."[10]

### E.  The Changed Nature of LSW's Substitute Brief Justifies Allowing a Reply from Plaintiffs Because Plaintiffs Are The Moving Party

As mentioned above, LSW has raised numerous new arguments outside the
scope of the issues upon which the Court requested supplemental briefing.  LSW

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

[8] Declaration of Timothy Perla Concerning Policy Sample at ¶¶ 7-10.
[9] See Howlett Decl. Ex. A (Dkt. 231-1); Spooner Decl. Ex. A (Dkt. 232-1); Shapiro Decl. (Dkt. 265) Ex. J; Supp. Dinglasan Decl. Ex. B (Dkt. 339-2); [Proposed] Second Supplemental Dinglasan Decl. Exs. B & F.
[10] *MShift, Inc. v. DIC*, 747 F. Supp. 2d 1147, 1178 (N.D. Cal. 2010).

should not be allowed to use the Court's request for narrow supplemental briefing as an excuse to raise new and out-of-scope arguments, without affording Plaintiffs a chance to reply.[11]

This is particularly true because the Court's statements at oral argument and in the Original Order created a common seven-day deadline upon which the parties would file simultaneous supplemental briefs—which the parties did, in fact, file on September 25, 2012. At the close of the hearing, in response to a query from Charles Freiberg, counsel for Plaintiffs, the Court stated that Plaintiffs would be granted seven days to submit their supplemental brief.[12] Jonathan Shapiro, counsel for LSW, then asked "can we have seven *also*" to submit a brief.[13] The Court thus granted LSW the same seven days as it had granted Plaintiffs. Nothing about the exchange suggested that LSW's time to submit its supplemental brief would be measured in addition to Plaintiffs' time, or that LSW would have both the opportunity to respond to Plaintiffs' submission and have the final word on Plaintiffs' motion. In its Original Order, the Court confirmed the unambiguous record in ordering: "Counsel shall file the supplemental submission discussed on the record not later than September 25, 2012."[14]

If LSW had requested an opportunity for seven days to oppose Plaintiffs' supplemental brief, Plaintiffs would have requested an opportunity to Reply because it is Plaintiffs' motion. Allowing LSW to substitute a new brief pursuant to the Amended Order changes the nature of this briefing; rather than simultaneous briefs, LSW has filed a responsive 18 page opposition to Plaintiffs' brief. Under

---

[11] *Cf. In re Hitachi*, 2011 U.S. Dist. LEXIS 90882, *12-14 (S.D. Cal. Aug. 12, 2011) (granting plaintiffs leave to file sur-reply where defendant raised new arguments in reply brief).
[12] Sept. 18 Tr. at 66:21-67:1 (emp. added).
[13] *Id*. at 67:3-4.
[14] *See* Original Order, Dkt. 338, at 1.

PLAINTIFFS MOTION FOR LEAVE TO FILE A REPLY TO LSW'S SUBSTITUTED SUPPLEMENTAL MEMORANDUM; CASE NO. CV 10-9198 JVS (RNBX)

7

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

normal motion practice, Plaintiffs would be entitled to file a reply brief in support of their motion.[15]   Fairness dictates that since LSW has now been granted the opportunity to respond to Plaintiffs' brief, as the moving party on class certification, Plaintiffs should be afforded the same opportunity to reply.

**VI.   CONCLUSION**

In light of the above, Plaintiffs respectfully request that they be granted leave to file the reply brief, and supporting documents, attached as an exhibit herewith.

DATED:  October 5, 2012          KASOWITZ BENSON TORRES & FRIEDMAN LLP


                                 By:   s/Brian P. Brosnahan
                                       Brian P. Brosnahan

---

[15] *See* L.R. 7-4, 7-9, 7-10.

PLAINTIFFS MOTION FOR LEAVE TO FILE A REPLY TO LSW'S SUBSTITUTED SUPPLEMENTAL MEMORANDUM; CASE NO. CV 10-9198 JVS (RNBX)

8