JONATHAN A. SHAPIRO (257199)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:   (650) 858-6101
Fax:  (650) 858-6100
jonathan.shapiro@wilmerhale.com

ANDREA J. ROBINSON (PRO HAC VICE)
TIMOTHY J. PERLA (PRO HAC VICE)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:   (617) 526-6000
Fax:  (617) 526-5000
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com

Attorneys for Defendant Life Insurance
Company of the Southwest

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | CASE NO.:  CV 10-9198 JVS (RNBx)<br><br>**LIFE INSURANCE COMPANY OF THE SOUTHWEST'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY TO LSW'S SUBSTITUTE BRIEF**<br><br>Judge:        Hon. James V. Selna<br>Date:         Sept. 18, 2012<br>Time:        1:30p.m.<br>Courtroom:  10C |

## I. INTRODUCTION

Plaintiffs' new filing "has the effect of a surreply," which is "a strategic effort . . . to have the last word on a matter" and is "highly disfavored." *See Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). At the hearing, Plaintiffs did not ask if they could file a reply to LSW's supplemental brief. To the contrary, Plaintiffs asked for and received an opportunity to file a post-hearing brief, and "*LSW* was . . . permitted to file a responsive brief." *See* Oct. 4, 2012 Minute Order Dkt. 347 (emphasis added).

Putting aside the appropriateness of more briefing, it is clear that Plaintiffs' most recent stack of paper does not make a difference. That is, there was nothing in Plaintiffs' previous three briefs (or their oral argument) that met their evidentiary burden to show ascertainability with a straightforward, objective test that does not simply assume away factual disputes. And now there is nothing in Plaintiffs' fourth, nineteen-page brief, nor in the third edition of their Dingalasan Declaration, that comes any closer to solving this very real problem.

## II. ARGUMENT

### A. Plaintiffs' Arguments For Filing Yet Another Brief Are Unconvincing

Plaintiffs offer five arguments in support of their motion for leave to file another brief. *See* Pl.'s Mot. for Leave to File A Reply to LSW's Substituted Supplemental Mem. ("Mot.") at 1-2. None withstands scrutiny.

*First*, Plaintiffs assert—wrongly—that they are entitled to file a reply brief because LSW's analysis of *Yokoyama v. Midland National Life Insurance Company*, 594 F.3d 1087 (9th Cir. 2010) was, somehow, beyond the scope of the supplemental briefing. Mot. at 1. But LSW's analysis of *Yokoyama* was germane. As Plaintiffs acknowledge, the parties' supplemental briefing was to focus on the ascertainability issue—how to decide who is in the class and who is out. *Id.* And as LSW has contended throughout, the class must "exclude those members who learned [the] allegedly omitted [information] before they purchased" the products. *See* Opp. at 4 (citing *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 596 (9th Cir. 2012)).

As LSW has consistently contended, individualized inquiry is necessary to determine who received such disclosures.[1] But in their original Reply, Plaintiffs asserted —falsely—that the certifications here and in *Yokoyama* were "identical" and that therefore, *Yokoyama* foreclosed LSW from pointing to individualized disclosures. *Compare* Pl.'s Reply, Dkt. 291 at 1 *with* LSW's Supp. Mem. in Opp. to Class Certification ("LSW's Supp. Opp."), Dkt. 349-1 at 3-4 (certification in *Yokoyama* was different than that used by LSW).  LSW was entitled to correct Plaintiffs' misstatement— the certifications are critically different (*see* Supp. Opp. at 3-4)—and to do so in its supplemental briefing.[2]

Moreover, Plaintiffs misstate the facts in this motion.  Twice, they claim that *Yokoyama* was "not mentioned by LSW in its opposition papers." *See* Pl.'s Mot. for Leave to File A Reply to LSW's Substituted Supplemental Mem. ("Mot.") at 1, 4.  This is simply false. *See* LSW's Opp. to Pl.'s Motion for Class Certification ("Opp."), Dkt. 250 at 17 (discussing and distinguishing *Yokoyama*).   LSW also cited the critical, post-*Yokoyama* cases that foreclose certification, including *Dukes*,[3] *Mazza*,[4] *Countrywide*,[5] and *Fairbanks*.[6]

*Second*, Plaintiffs are not entitled to file twenty-seven pages of additional briefing simply because LSW chose *not* to include a footnote in its substituted brief.  Mot. at 1. There is no need for a fourth round of briefing to address a minor argument that appeared in neither LSW's Opposition nor its substituted brief.

---

[1] This argument, of course, applies to the predominance prong too. But it should also be considered as part of the ascertainability analysis— whether it is practicable to determine who is in the class and who is out.
[2] *Davis v. HSBC*, 10-56488, 2012 WL 3804370 (9th Cir. Aug. 31, 2012) is similarly on point because it forecloses Plaintiffs' argument that the universe of relevant disclosures may be limited to those in the illustration. *See* Supp. Opp. 3. Notably, Plaintiffs offer no response to LSW's argument that, under *Davis*, their failures to read the disclosures in their policy contracts are "fatal" to their claims. *See id.*
[3] 131 S. Ct. 2541 (2011) (cited at Opp. 3, 19, 26).
[4] 666 F.3d 581 (9th Cir. 2012) (cited at Opp. 4, 22).
[5] 2011 WL 6325877 (S.D. Cal. Dec. 16, 2011) (cited at Opp. 17, 19, 24, 26).
[6] 197 Cal. App. 4th 544 (2011) (cited at Opp. 15, 17-19, 21).

*Third*, Plaintiffs are wrong that LSW's comparison of illustration signature dates to illustration print dates contradicts any earlier position. *Id.* at 3.  LSW has never suggested that illustration print dates are the *only* dates relevant to the determination of date-of-use. *Compare* Dingalasan Supp. Dec., Dkt. 339-1 ¶ 4.  In its Opposition materials, as in its supplemental memorandum, LSW referred to both print dates and signature dates as relevant data points.  *See* Perla Dec. Concerning Policy Sample ("Perla Sample Dec."), Dkt. 251, ¶ 6 (comparing Illustration *signature* date to date of policy receipt); *id.* ¶ 8 (comparing Illustration *print* date to application signature date).  Plaintiffs should not be surprised that LSW thinks the conflicts between those dates show a problem with ascertainability.  Bottom line:  there are <u>*many conflicting facts*</u> bearing on what any given policyholder — among 33,000 policyholders — was told, shown and signed (and when), and all those obvious factual disputes are antithetical to any notion that a class is readily, fairly or mechanically "ascertainable."

*Fourth*, the "rule of completeness" does not entitle Plaintiffs to file another brief merely because LSW cited deposition testimony that Plaintiffs would rather ignore. Mot. at 2.  Although Plaintiffs claim, without citation to the record, that LSW "advance[d] inaccurate assertions about the named Plaintiffs," (*Id.*), they do not, in fact, dispute that "Howlett and Spooner received illustrations prepared July 27, 2007, but neither signed until July 30, 2007" or that "Ms. Spooner was unsure whether she first saw the illustration before or after she dictated her application." *See id.* at 6; Mot., Ex. A at 10 n.10.  (Of course, if class membership requires anyone to read deposition transcripts — under a "rule of completeness" or for any other reason — then class membership is not "ascertainable" under Rule 23.)

*Finally*, the Court undoubtedly knows whether it, in fact, meant to permit LSW to file a responsive brief.  Mot. at 2. That Plaintiffs are the moving party is irrelevant.  The parties are providing supplemental briefing because Plaintiffs departed from the rules of orderly motion practice and unveiled  a new analysis of policy files for the first time at

oral argument.[7] Thus, any appeal to the rules of "normal motion practice" (Mot. at 8) misses the point.[8]

### B. Plaintiffs' Proposed Reply Contains Falsehoods

The Court should also refuse to allow Plaintiffs to file a reply to LSW's supplemental memorandum because the proposed reply misstates crucial facts. In addition to the misstatements already identified above:

- Plaintiffs are incorrect that agents' disclosures about the non-guaranteed nature of the Reduced Monthly Administrative Charge would "contradict" the illustration. Mot., Ex. A at 2. In fact, the illustrations do not label the reduced Monthly Administrative Charge as guaranteed. *See, e.g.*, Walker Dec., Ex. A, Dkt. 230-1, at 7, 22-23.  To the contrary, they warn that charges "are subject to change and could be either higher or lower" and are "not guaranteed." *Id.* at 3.

- Plaintiffs are incorrect that "LSW has presented no evidence that even a single policyholder… received any oral or written disclosure that corrected the deception in LSW's illustration." Mot., Ex. A at 3.  In fact, to take just one of many examples, LSW presented evidence that a *named plaintiff* (Joyce Walker) received a written disclosure showing that she would be charged multiple fees, including a fee of "Premium — 5%." *See* Opp. 10-11 (citing Shapiro Dec., Ex. V).

These are  just some particularly egregious examples.

### III. CONCLUSION

The Court should deny Plaintiffs' Motion for Leave to File a Reply to LSW's Supplemental Memorandum in Support of LSW's Opposition to Plaintiffs' Motion for Class Certification.

---

[7] Plaintiffs concede that they "offered no evidence concerning the frequency of conflicting evidence until oral argument on September 18" (Mot., Ex. A, Dkt. 348-1, at 6),  even though LSW had offered such evidence in its Opposition. *See id.* at 5.

[8] Under normal motion practice, Plaintiffs' argument would have been waived because it was raised at such a late stage. *Schultz v. Ichimoto*, 1:08-CV-526-OWW-SMS, 2010 WL 3210764, at *1 (E.D. Cal. Aug. 10, 2010) ("Normally, arguments raised for the first time… at the hearing on a motion are disregarded.") (citing *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992)).  The Court was generous in allowing Plaintiffs to offer *any* supplemental argument, so it was only fair to permit LSW to "file a responsive brief." *See* Oct. 4, 2012 Minute Order, Dkt. 347.

DATED: October 23, 2012

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Jonathan A. Shapiro*
    Jonathan A. Shapiro
    Andrea J. Robinson
    Timothy J. Perla

Attorneys For Defendant
Life Insurance Company of the Southwest

# PROOF OF SERVICE

I am a resident of the Commonwealth of Massachusetts, over the age of eighteen years, and not a party to the within action. My business address is Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109. On October 23, 2012, I served the within document(s):

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY TO LSW'S SUBSTITUTE BRIEF**

☐ I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail addressed as set forth below.

☐ I personally caused to be hand delivered the document(s) listed above to the person(s) at the address(es) set forth below.

☐ I emailed the document(s) listed above to the person(s) at the address(es) set forth below.

☒ I electronically filed the document(s) listed above via the CM/ECF system.

Brian P. Brosnahan
(bbrosnahan@kasowitz.com)
Charles N. Freiberg j
(cfreiberg@kasowitz.com)
Jacob N. Foster
(jfoster@kasowitz.com)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111

Harvey R. Levine
(lsmh@levinelaw.com)
LEVINE & MILLER
550 West C. Street, Suite 1810
San Diego, CA 92101-8596


*/s/ Joel A. Fleming*
Joel A. Fleming