KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LEVINE & MILLER
HARVEY R. LEVINE (SBN 61879)
CRAIG A. MILLER (SBN 116030)
LEVINE & MILLER
550 West C Street, Suite 1810
San Diego, CA 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, <br><br> Defendant. | **CLASS ACTION** <br><br> CASE NO.: CV 10-9198 JVS (RNBx) <br><br> Formerly Case No.: 3:10-cv -04852 JSW <br> from Northern District of California <br><br> **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY TO LSW'S SUBSTITUTE BRIEF** <br><br> Judge James V. Selna <br> Courtroom: 10C |

The arguments presented in LSW's Opposition to Plaintiffs' Motion for Leave To File a Reply to LSW's Substitute Brief are unpersuasive and generally without need of a reply.[1]  However, LSW accuses Plaintiffs of proffering "falsehoods" on two points, when in fact it is LSW that is misrepresenting the evidence.  These accusations require a response.

## I. NOWHERE DO THE ILLUSTRATIONS STATE THAT THE MONTHLY ADMINISTRATIVE CHARGE IS NOT GUARANTEED, AND A REASONABLE CONSUMER WOULD READ THE ILLUSTRATION AS DEPICTING A GUARANTEED CHARGE.

LSW asserts,

> Plaintiffs are incorrect that agents' disclosures about the non-guaranteed nature of the Reduced Monthly Administrative Charge would "contradict" the illustration. Mot., Ex. A at 2.  In fact, the illustrations do not label the reduced Monthly Administrative Charge as guaranteed.  *See, e.g.*, Walker Dec., Ex. A, Dkt. 230-1, at 7, 22-23.  To the contrary, they warn that ***charges*** "are subject to change and could be either higher or lower" and are "not guaranteed."  *Id.* at 3.

LSW Opposition Memorandum at 4:7-10 (emphasis added).

LSW has misrepresented the illustrations.  They do not state that ***charges*** are not guaranteed.  The cited page of the illustration contains an asterisk and footnote denoting that projected Cash Value Accumulations of $778,528 at Age 65 and $1,683,191 at Age 100 are "not guaranteed."  *See* Page 3 of Walker Declaration, Exhibit A, Dkt. 230-1 (Bates No. LSW00002330).  In similar instances throughout the illustration involving nonguaranteed values, LSW included clear footnotes that state that "Benefits and values are not guaranteed."  *Id.* at 15-21 & 25 (LSW00002342-48 & LSW00002350).  In contrast, the reduction in the Monthly Administrative Charge beginning in year 11 is set forth without any footnote or

---

[1] LSW is correct that it cited *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087 (9th Cir. 2008) in its opposition brief.  Plaintiffs' point, though incorrectly stated in Plaintiffs' submission, was that LSW had not previously addressed the key point from *Yokoyama* that the agent certification in each illustration rendered it unnecessary to examine oral representations.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1  any other indication that the reduction is not guaranteed.[2]

2  LSW's bullet point is also misleading in that Plaintiffs do not assert that the
3  Illustrations "label the reduced Monthly Administrative Charge as guaranteed."  A
4  price term in a contract or illustration does not need to be labeled "guaranteed" in
5  order to be understood as such.  The Illustration lists the Monthly Administrative
6  Charge for each policy year as a specific dollar amount that drops after year 10.
7  Plaintiffs' allegation, which LSW has not contested for purposes of the class
8  certification motion, is that a reasonable policyholder would read the Monthly
9  Administrative Charges shown in the Illustration as being simply the actual
10 amounts they would be charged by LSW in the relevant policy years (*i.e.*, that
11 these are guaranteed charges).  Although the Illustration points out that certain
12 specified benefits and values are not guaranteed and are subject to change,
13 nowhere does the Illustration state or imply that the Monthly Administrative
14 Charge amounts shown in the Illustration might not be the amounts actually
15 charged (*i.e.*, that these are not guaranteed charges).

## II. MS. WALKER RECEIVED NO DISCLOSURES THAT CONTRADICTED THE ILLUSTRATION.

LSW asserts,

> Plaintiffs are incorrect that "LSW has presented no evidence that even a single policyholder…received any oral or written disclosure that corrected the deception in LSW's illustration." Mot., Ex. A at 3.  In fact, to take just one of many examples, LSW presented evidence that a *named plaintiff* (Joyce Walker) received a written disclosure showing that she would be charged multiple fees, including a fee of "Premium – 5%." *See* Opp. 10-11 (citing Shapiro Dec., Ex. V).

LSW Opposition Memorandum at 4:11-14.  This is false in three respects.

---

[2] For Provider policies, the Illustration depicts the Monthly Administrative Charge as dropping by approximately 60% beginning in year 11.  *See* Walker Dec. Ex. A (Dkt. 230-1) at 22 (LSW00002349).  For Paragon policies, the Illustration depicts the Monthly Administrative Charge as dropping to zero beginning in year 11. Howlett Dec. Ex. A (Dkt. 231-1) at 18 (LSW00001230).

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

First, the document that LSW purports to quote is not a "written disclosure." It is a set of handwritten notes made during a conversation between Ms. Walker and her agent. Second, LSW's quotation is inaccurate. The correct quote is: "Premium – 5% Fed Tax – Mortality (Exp); Added is the index rate." *See* Shapiro Dec., Ex. V. Third, the only testimony about this handwritten note comes from Ms. Walker, not her agents, and that testimony confirms that her agents never disclosed that she would be subject to any fees over and above the "One Policy Fee" shown in the Illustration as the Monthly Administrative Charge, a specifically enumerated amount that she reasonably understood to include all fees she would be required to pay. *See* Walker Reply Dec. (Dkt. 295) ¶5. LSW's contention that Ms. Walker received a "written disclosure showing that she would be charged multiple fees" is false.

In sum, the Court's tentative ruling was entirely correct in stating, "Defendants contend that the details of the relevant fees were in fact disclosed to Defendant [*sic*] Walker, but the record belies any meaningful disclosure directed toward the specific claims asserted here. (See generally Ex. V.)." September 14, 2012 Tentative Ruling at 16.

Dated: October 24, 2012        KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

                               By:   /s/ Brian P. Brosnahan