KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LAW OFFICES OF CRAIG A. MILLER
CRAIG A. MILLER (SBN 116030)
225 Broadway, Suite 1310
San Diego, CA 92101
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW from Northern District of CA<br><br>**JOINT APPLICATION FOR AN ORDER ENTERING PROPOSED FOURTH AMENDED PRETRIAL SCHEDULING ORDER BECAUSE OF THE FILING OF A RULE 23(F) PETITION** |

**I. JOINT APPLICATION FOR AN ORDER ENTERING PROPOSED FOURTH AMENDED PRETRIAL SCHEDULING ORDER**

Plaintiffs Joyce Walker, Kim Bruce Howlett, and Muriel Spooner ("Plaintiffs") and Defendant Life Insurance Company of the Southwest ("LSW") jointly submit this Application ("Application") for an order entering the parties' proposed Fourth Amended Pretrial Scheduling Order, submitted concurrently herewith by joint stipulation of the parties. The parties respectfully request that the Court enter the proposed Fourth Amended Pretrial Scheduling Order, which further modifies the pretrial schedule to accommodate certain scheduling events, including: (1) the time it will take the Ninth Circuit Court of Appeals to rule on LSW's Rule 23(f) petition for permission to appeal this Court's order granting class certification, filed on November 26, 2012; and (2) the time necessary to provide notice to the class, in the event that LSW's petition is denied.

On November 28, 2012, the parties began meeting and conferring regarding modifications to the operative Modified Third Amended Pretrial Scheduling Order following LSW's November 26, 2012 submission to the Ninth Circuit of a Rule 23(f) petition for permission to appeal the Court's class certification ruling. On December 10, 2012, the parties reached agreement concerning proposed modifications to the pretrial schedule and orally agreed to file this joint application for entry of a proposed Fourth Amended Pretrial Scheduling Order.

This Application is accompanied by a Joint Stipulation Regarding Proposed Fourth Amended Pretrial Scheduling Order and a Proposed Fourth Amended Pretrial Scheduling Order.

A primary purpose of the Fourth Amended Pretrial Scheduling Order is to conserve the resources of the parties and the Court while LSW's Rule 23(f) petition is pending before the Ninth Circuit by imposing (with some minor exceptions) a temporary stay of discovery during the pendency of LSW's Rule 23(f) petition and by extending certain pretrial and discovery deadlines to account

for the time it will take the Ninth Circuit to rule on the petition and for notice to the class and an opt-out period. If the parties' proposed Fourth Amended Pretrial Scheduling Order (or a version thereof that is acceptable to the Court) can be promptly entered, the parties will not be required to expend resources on certain pretrial and discovery matters in light of the impending deadlines set forth in the presently operative Modified Third Amended Pretrial Scheduling Order, which resources the parties wish to conserve while the status of this case as a class action remains in question. For example, pursuant to the operative Modified Third Amended Pretrial Scheduling Order, all depositions must commence no later than January 14, 2013, and the parties must participate in mediation no later than January 21, 2013. Both of these pretrial matters will require extensive preparation and significant resources that the parties wish to defer until after the Ninth Circuit rules on LSW's petition and may be directly impacted by the Ninth Circuit's eventual ruling.

## II. THE APPLICATION SHOULD BE GRANTED BECAUSE THERE IS GOOD CAUSE FOR MODIFYING THE PRETRIAL SCHEDULE.

Good cause exists for modifying the pretrial schedule as proposed in the accompanying proposed Fourth Amended Pretrial Scheduling Order. First, there is good cause to impose a temporary stay of discovery while LSW's Rule 23(f) petition is pending before the Ninth Circuit, and to extend certain pretrial and discovery deadlines until after the Ninth Circuit rules on that petition. Although this Court determined that the case could proceed as a class action, the Ninth Circuit may overrule this Court's decision granting class certification in light of LSW's Rule 23(f) petition, which would impact how the case would proceed with respect to discovery, the efficacy of non-judicial dispute resolution before the 23(f) petition is ruled on, and other pretrial matters. In light of this possibility, the parties wish to defer most discovery and pretrial matters until after the Ninth Circuit rules on LSW's Rule 23(f) petition to conserve resources that may not need

to be expended.

Second, there is good cause to extend the pretrial schedule to allow for sufficient time to provide notice to the class, in the event that the Ninth Circuit denies LSW's Rule 23(f) petition. Even assuming that the parties can agree on a form of class notice, and can do so relatively quickly (Plaintiffs have already provided LSW with a draft for review), the current pretrial schedule does not afford sufficient time to obtain Court approval of any proposed notice, to disseminate the notice to class members, and to provide ample time for class members to decide whether to opt out of the class before dispositive motions may be heard, or before trial. Accordingly, in the parties' proposed order, the pertinent dates are scheduled off of the close of the opt-out period so that sufficient time is allotted to provide class notice and opt-out before any dispositive motions are heard and before the parties proceed to trial.

### III. CONCLUSION

In light of the filing of a Rule 23(f) petition and the time required for notice and opt-out procedures, there is good cause to modify the pretrial schedule and the parties respectfully request that the Proposed Fourth Amended Pretrial Scheduling Order be entered.

DATED: December 12, 2012      KASOWITZ BENSON TORRES & FRIEDMAN LLP


By: /s/ Brian P. Brosnahan
        Brian P. Brosnahan

Attorneys For Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated

WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/* Jonathan A. Shapiro
      Jonathan A. Shapiro

Attorneys For Defendant
LIFE INSURANCE COMPANY OF THE SOUTHWEST

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

JOINT APPLICATION FOR AN ORDER ENTERING PROPOSED FOURTH AMENDED PRETRIAL SCHEDULING ORDER BECAUSE OF THE FILING OF A RULE 23(F) PETITION
Case No. CV 10-09198 JVS

4