KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LAW OFFICES OF CRAIG A. MILLER
CRAIG A. MILLER (SBN 116030)
225 Broadway, Suite 1310
San Diego, CA 92101
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW from Northern District of CA<br><br>**JOINT STIPULATION REGARDING PROPOSED FOURTH AMENDED PRETRIAL SCHEDULING ORDER** |

Pursuant to Local Rule 7-1, Plaintiffs Joyce Walker, Kim Bruce Howlett, and Muriel Spooner ("Plaintiffs") and Defendant Life Insurance Company of the Southwest ("LSW") (collectively, the "parties"), by and between their undersigned counsel, submit the following stipulation:

WHEREAS, on November 26, 2012, LSW filed a petition with the Ninth Circuit pursuant to Federal Rule of Civil Procedure 23(f) for permission to appeal the Court's decision granting Plaintiffs' motion for class certification;

WHEREAS, it may take several months for the Ninth Circuit to issue a decision granting or denying LSW's Rule 23(f) petition and several additional months to complete class notice and opt-out procedures if the Rule 23(f) petition is denied;

WHEREAS, substantial discovery and other pretrial work is required to take place over the next six weeks under the existing schedule, and the parties believe it would be more efficient to defer much of this work until the Ninth Circuit rulese on LSW's Rule 23(f) petition;

WHEREAS, the parties met and conferred regarding the deadlines in the Modified Third Amended Pretrial Scheduling Order, including the impact of LSW's Rule 23(f) petition presently before the Ninth Circuit;

WHEREAS, the parties need to enlarge the schedule set forth in the Modified Third Amended Pretrial Scheduling Order in order to accommodate the time necessary to provide notice to the class, in the event that the Ninth Circuit denies LSW's Rule 23(f) petition;

WHEREAS, the Court's decision granting Plaintiffs' motion for class certification set forth a procedure for determining membership in the Illustrations-based subclass, using a Special Master to review policy files;

WHEREAS, the parties disagree about the timing of the review of policy files by a Special Master—LSW believes that such a review must take place before a trial commences and Plaintiffs disagree—but the parties agree that resolution of

this issue should be deferred until after the Ninth Circuit rules on LSW's Rule 23(f) petition;

WHEREAS, good cause exists to modify the dates in the Modified Third Amended Pretrial Scheduling Order in order to provide sufficient time for class notice and otherwise to conserve the resources of the parties and the Court while LSW's Rule 23(f) petition is pending;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties:

1. All of the dates in the Modified Third Amended Pretrial Scheduling Order shall be modified as set forth below. This amended schedule generally preserves the time periods between the scheduling events as set forth in the Modified Third Amended Pretrial Scheduling Order, but extends the scheduled dates in order to accommodate the time period for providing notice to the class after the Ninth Circuit rules on LSW's pending Rule 23(f) petition. The scheduling of the trial date below is provisional only, and may need to be reset depending on the Court's calendar.

2. The parties shall meet and confer regarding the content of the class notice while LSW's Rule 23(f) petition is pending before the Ninth Circuit. In the event that the Ninth Circuit denies LSW's Rule 23(f) petition, the parties shall file, within 10 days after the Ninth Circuit denies LSW's Rule 23(f) petition, any motions concerning the class notice and any disputes among the parties concerning the content of such notice. Alternatively, if the parties have reached agreement on the content of the class notice, the parties shall file, within 10 days after the Ninth Circuit denies LSW's Rule 23(f) petition, a joint stipulation seeking the Court's approval of the proposed class notice. In the event that the Ninth Circuit grants LSW's Rule 23(f) petition, all deadlines in this Order shall be vacated, and the parties shall meet and confer regarding a further amended scheduling order to accommodate the appeal to the Ninth Circuit.

3.      Except as described below, all discovery, including depositions and written discovery not previously propounded, will be deferred until the Ninth Circuit rules on LSW's Rule 23(f) petition.  Notwithstanding this temporary stay of discovery, while LSW's Rule 23(f) petition is pending, either party may bring a joint stipulation before the Magistrate Judge to resolve any discovery dispute that is currently outstanding or that may arise while LSW's Rule 23(f) petition is pending.

4.      The last date for hearing motions will be extended to 7 days after the close of the opt-out period as provided in the class notice approved by the Court. Pursuant to the Modified Third Amended Pretrial Scheduling Order, the last date for hearing motions will be seven weeks (49 days) before the trial date.  All motions shall be served and filed no later than four weeks (28 days) before the last date for hearing motions.

5.      With respect to any motion for summary judgment that may be filed, the parties will meet and confer on a briefing schedule, but the time between the filing of any summary judgment motion and the hearing date shall be no less than 60 days.

6.      The trial date shall be extended to seven weeks (49 days) after the last date for hearing motions, as set forth in Paragraph 3 above.  The pretrial conference will take place 10 days before the amended trial date, in accordance with the Modified Third Amended Pretrial Scheduling Order.

7.      Pursuant to the Trial Order and in compliance with Local Rule 6, all motions *in limine* shall be filed and served no later than four weeks (28 days) prior to the amended pretrial conference date.

8.      Pursuant to and in compliance with Local Rule 16, the parties' Pretrial Conference Order shall be lodged no later than 11 days before the amended pretrial conference date.

9.      Pursuant to and in compliance with Local Rule 16, all Memoranda of

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

8130617v2
12/12/2012 1:02 PM

JOINT STIPULATION REGARDING PROPOSED FOURTH AMENDED PRETRIAL SCHEDULING ORDER
Case No. CV 10-9198 JVS (RNBx)
3

Contentions of Fact and Law, Exhibit Lists, and Witness Lists shall be submitted no later than three weeks (21 days) prior to the amended pretrial conference date.

10. In accordance with the time periods between scheduling events as set forth in the Modified Third Amended Pretrial Scheduling Order, non-expert fact discovery shall remain open until eleven weeks (77 days) before the amended trial date. Pursuant to the Trial Order, all depositions shall commence no later than 5 working days before the close of non-expert fact discovery.

11. Pursuant to the Modified Third Amended Pretrial Scheduling Order (Dkt. 355), entered by the Court on November 29, 2012, the deadline for written discovery shall be December 4, 2012. Notwithstanding this deadline, either party may propound additional written discovery pursuant to any Order by the Court permitting such additional written discovery upon good cause shown. Nothing in this Order shall be interpreted as a waiver of a propounding party's right to seek supplementation of the responding party's responses to any previously propounded written discovery requests as required by the Federal Rules, by Court Order, or by any other applicable rule.

12. Expert discovery will remain open until five weeks before the amended trial date. In accordance with the Modified Third Amended Pretrial Scheduling Order, the parties shall submit their expert disclosures no later than eight weeks (56 days) prior to the amended close of expert discovery, any rebuttal expert disclosures no later than five weeks (35 days) prior to the amended close of expert discovery, and any reply expert disclosures no later than two weeks (14 days) prior to the amended close of expert discovery. All expert depositions shall commence no later than the date for the amended close of expert discovery.

13. The parties will participate in a non-judicial dispute resolution proceeding, Settlement Procedure Number 3 under Local Rule 16-15.4. The last date for completion of this Settlement Procedure shall be no later than the amended close of non-expert fact discovery.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

8130617v2
12/12/2012 1:02 PM

JOINT STIPULATION REGARDING PROPOSED FOURTH AMENDED PRETRIAL SCHEDULING ORDER
Case No. CV 10-9198 JVS (RNBx)
4

14. The timing and procedures for proposed jury instructions, special verdicts and voir dire questions are set forth at Docket No. 61, pp. 5-6.

15. The parties may seek modification of this Order at any time and for good cause shown.

DATED: December 12, 2012        KASOWITZ BENSON TORRES & FRIEDMAN LLP


By: /s/ Brian P. Brosnahan
      Brian P. Brosnahan

Attorneys For Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated


WILMER CUTLER PICKERING HALE AND DORR LLP


By: /s/ Jonathan A. Shapiro
      Jonathan A. Shapiro

Attorneys For Defendant
LIFE INSURANCE COMPANY OF THE SOUTHWEST