UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | CASE NO.:  CV 10-9198 JVS (RNBx)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND ENTERING AN ORDER REGARDING DEPOSITIONS** |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND ENTERING AN ORDER REGARDING DEPOSITIONS

The Court hereby GRANTS Plaintiffs Joyce Walker's, Kim Bruce Howlett's, and Muriel Spooner's ("Plaintiffs") Motion to Compel and Motion for an Order Regarding Depositions (the "Motion").  Accordingly, the Court:

(1) Orders Defendant Life Insurance Company of the Southwest ("Defendant" or "LSW") to produce, by no later than three weeks from the date of the hearing of this Motion, documents responsive to Document Request No. 125.

(2) Orders LSW to provide a corporate designee to testify as to Deposition Topic Nos. 5 and 33.  LSW shall identify and produce for deposition, by no later than January 10, 2013, the corporate designees who will testify as to the above topics.

(3) Orders that the "end date" for documents to be produced in this matter will be 60 days prior to the operative close of non-expert fact discovery.  If the

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1  deadline for non-expert fact discovery is extended by the Court, the "end date"
2  shall be correspondingly extended to 60 days prior to the new operative close of
3  non-expert fact discovery.  Prior to the close of non-expert fact discovery, LSW
4  shall make at least one additional supplemental production, which supplementation
5  shall include any responsive documents not previously produced that were created
6  on or before the "end date."

7        (4)    Enters Plaintiffs' proposed order concerning deposition conduct.
8  Accordingly, with respect to any future depositions in this matter:

9        (a)    All objections, except those which would be waived if not made
10  at the deposition under Federal Rule of Civil Procedure 32(d)(3)(B), and those
11  necessary to assert a privilege, to enforce a limitation on evidence directed by the
12  Court, or to present a motion pursuant to Federal Rule of Civil Procedure 30(d),
13  shall be preserved.  Therefore, those objections need not and shall not be made
14  during the course of depositions.

15        (b)    Counsel shall not make objections or statements which might
16  suggest an answer to a witness.  Counsel's statements when making objections
17  should be succinct, verbally economical, and non-suggestive, stating the basis of
18  the objection and nothing more.

19        (c)    Counsel shall not direct or request that a witness not answer a
20  question, unless that counsel has objected to the question on the ground that the
21  answer is protected by a privilege or a limitation on evidence directed by the Court.

22        (d)    Counsel shall not engage in colloquy with the witness while a
23  question is pending.  Any conferences that occur in violation of this guideline are a
24  proper subject for inquiry by deposing counsel to ascertain whether there has been
25  any witness-coaching and, if so, what.

26

27

28

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND ENTERING AN ORDER REGARDING DEPOSITIONS
Case No. CV 10-9198 JVS (RNBx)
2

IT IS SO ORDERED.

Dated: _____

_____
Honorable Robert N. Block
United States Magistrate Judge

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND ENTERING AN ORDER REGARDING DEPOSITIONS
Case No. CV 10-9198 JVS (RNBx)