KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LEVINE & MILLER
HARVEY R. LEVINE (SBN 61879)
CRAIG A. MILLER (SBN 116030)
LEVINE & MILLER
550 West C Street, Suite 1810
San Diego, CA 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW from Northern District of CA<br><br>**AMENDED PRETRIAL SCHEDULING ORDER AND ORDER GRANTING PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER** |

[PROPOSED] AMENDED PRETRIAL SCHEDULING ORDER AND ORDER GRANTING PLAINTIFFS'
MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER
Case No. CV 10-9198 JVS (RNBx)

Having reviewed Plaintiffs Joyce Walker's, Muriel Lynn Spooner's, and Kim Bruce Howlett's ("Plaintiffs") Motion to Modify the Pretrial Scheduling Order (the "Motion") and the parties' papers filed in connection therewith, the Court issues the following Order.

Plaintiffs seek a modification of the Scheduling Order, extending a number of relevant deadlines and hearing dates approximately four months. A party seeking such a modification must satisfy the standard set forth in Rule 16(b) of the Federal Rules of Civil Procedure. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), a party must show "good cause" for relief from a scheduling order. Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the amendment." <u>Johnson</u>, 975 F.2d at 609. The court may grant relief from a scheduling deadline if the deadline could not "reasonably be met despite the diligence of the party seeking the extension." <u>Id.</u> While a court may consider prejudice to the opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification." <u>Id.</u>

Here, Plaintiffs were diligent in serving their document production requests, diligent in attempting to resolve the disputes between the parties without resort to this Court's intervention, and diligent in presenting their Motions to Compel to the Magistrate Judge. (<u>See generally</u> Foster Decl.) Despite this diligence, engaging in that process took several months to complete, and now that production has begun in earnest, both sides appear to agree that several thousand documents have been and/or will be produced by Defendant and must be reviewed by Plaintiffs. (<u>Compare</u> Opp'n at 12 (noting that under the current production schedule, it is employing "forty-five attorneys to review as many as 100,000 documents per week") with Reply at 1 (referencing actual production by Defendant of 7,391

documents consisting of 81,355 pages).) Defendant argues it will be prejudiced by the modification sought by Plaintiffs because it ramped up its document review and production in reliance on the existing, expedited discovery schedule at tremendous cost. However, Defendant fails to explain how denying the present Motion will alleviate the burdens associated with document production. Moreover, the costs to which Defendant refers appear to the Court to flow from the Magistrate Judge's Order regarding production rather than by Plaintiffs' action in seeking relief from the deadlines set forth in the Scheduling Order.

Accordingly, for good cause shown, the Court GRANTS the Motion and AMENDS the Scheduling Order as follows:

1. The trial date is set for January 22, 2013, at 8:30 a.m. The pretrial conference will take place on January 14, 2013, at 11:00 a.m.

2. Class and merits discovery shall not be bifurcated and shall proceed simultaneously. Fact discovery will remain open until November 5, 2012.

3. Pursuant to the Trial Order, all interrogatories, requests for documents, and requests for admission shall be served no later than September 21, 2012, and all depositions shall commence no later than October 29, 2012.

4. Expert discovery will remain open until November 5, 2012. In accordance with Rule 26(a)(2), the parties shall submit their expert disclosures no later than September 10, 2012, any rebuttal expert disclosures no later than October 1, 2012, and any reply expert disclosures no later than October 22, 2012.

5. Plaintiffs may take 3 days of Rule 30(b)(6) depositions, which shall count as one deposition against the limit of 10 depositions permitted under Rule

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

30. Plaintiffs may request that the Court modify this order to permit additional time if needed to fairly examine the 30(b)(6) deponents.

6. The last date for hearing motions will be seven weeks before the trial date, or December 3, 2012, hearing to be noticed for 1:30 p.m. The Court orders that all motions shall be served and filed in accordance with the schedule set forth in the Local Rules. Briefing schedules shall be in accordance with Local Rules, unless the parties stipulate and the Court approves an alternative schedule in advance of the filing deadlines set by the Local Rules.

7. Pursuant to the Trial Order and in compliance with Local Rule 6, all motions *in limine* shall be filed and served no later than December 19, 2012, four weeks prior to the scheduled pretrial date of January 14, 2013.

8. Pursuant to and in compliance with Local Rule 16, the parties' Pretrial Conference Order shall be lodged no later than January 4, 2013.

9. Pursuant to and in compliance with Local Rule 16, all Memoranda of Contentions of Fact and Law, Exhibit Lists, and Witness Lists shall be submitted no later than December 21, 2012, three and a half weeks prior to the scheduled pretrial date.

10. The parties will participate in a non-judicial dispute resolution proceeding, Settlement Procedure Number 3 under Local Rule 16-15.4. The last date for completion of this Settlement Procedure shall be no later than the close of fact discovery.

11.     Plaintiffs will file their motion for class certification on or before May 14, 2012.  The hearing date shall be determined in accordance with Local Rules, unless the parties stipulate and the Court approves an alternative date and briefing schedule in advance of the class certification motion deadline.

12.     The parties may seek modification of this Order at any time and for good cause shown.

The Court finds that oral argument would not be helpful in this matter and vacates the November 14, 2011, hearing. Fed. R. Civ. P. 78; Local Rule 7-15.

**IT IS SO ORDERED.**

Dated:  November 09, 2011

_____
Honorable James V. Selna
United States District Judge

**\*\*\*Note changes by the Court.\*\*\***

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

[PROPOSED] AMENDED PRETRIAL SCHEDULING ORDER AND ORDER GRANTING PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER
Case No. CV 10-9198 JVS (RNBx)
4