## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **CV 10-9198-JVS (RNBx)**                              Date: **December 14, 2012**

Title:  **Joyce Walker, et al. v. Life Insurance Company of the Southwest**

**DOCKET ENTRY**

PRESENT:

**HON. <u>ROBERT N. BLOCK</u>, UNITED STATES MAGISTRATE JUDGE**

<u>Kerri Hays</u>                                    <u>   n/a   </u>
Deputy Clerk                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
      None present                                          None present

**PROCEEDINGS:  (IN CHAMBERS)**

### Plaintiffs' Motion to Compel and for Order Regarding Depositions (D.E. #358)

      Based on its review of the Joint Stipulation, the Court has concluded that, with respect to the following discovery disputes, counsel did not make a sufficient good faith effort to resolve their dispute or at least narrow it as much as possible: LSW's response to Document Request No. 125; LSW's production of a Rule 30(b)(6) witness to testify on Deposition Topic No. 5; and LSW's production of a Rule 30(b)(6) witness to testify on Deposition Topic No. 33.  Accordingly, unless the parties are able to resolve all of these disputes in advance of the January 15, 2013 hearing date, lead counsel of record are ordered to appear in person at the January 15, 2013 hearing for the purpose of meeting and conferring further with respect to these discovery disputes under the Court's auspices.  To the extent that counsel are able to reach a stipulation that resolves any of these discovery disputes before or at the January 15, 2013 hearing, the Court will permit them to state their stipulation on the record and will order compliance therewith.  However, if after meeting and conferring further, counsel still cannot reach a resolution of all of these discovery disputes, the Court will either (a) rule from the bench, based on its determination of which side's compromise proposal at the further meet and confer session seems the most reasonable, or (b) set expedited dates for the preparation and filing of a Revised Joint Stipulation in compliance with Local Rule 37-2.1.

      With respect to the parties' remaining discovery disputes, the Court has concluded that neither further briefing nor oral argument will be of material assistance to the Court's determination of those disputes.  Accordingly, as to those disputes, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: CV 10-9198-JVS (RNBx)            December 14, 2012

<u>**Joyce Walker, et al. v. Life Insurance Company of the Southwest**</u>     Page 2

------------------------------------------------------------------------------------------------------------------

now rules as follows:

       1. <u>The parties' dispute over the production end date.</u> It was not the Court's intent when it set the production end date at 60 days prior to the then operative July 4, 2012 fact discovery cut-off date (i.e., May 5, 2012) that May 5, 2012 would remain the production end date if the District Judge subsequently extended the fact discovery cut-off date. Accordingly, in the absence of a contrary order from the District Judge, the Court now rules that the currently operative production end date is 60 days prior to the currently operative January 21, 2013 fact discovery date (i.e., November 22, 2012).

       2. <u>The parties' dispute over the necessity for the imposition of deposition protocol.</u> The Court does not condone the conduct of LSW's counsel at the Pfeifer deposition, which does appear to be violative of both Fed. R. Civ. P. 30(c)(2) and the Central District's Civility and Professional Guidelines governing conduct at depositions. However, in the absence of any showing by plaintiffs that LSW's counsel's conduct so impeded his taking of Pfeifer's deposition that additional examination time is warranted and/or any showing by plaintiffs that LSW's counsel engaged in similar such conduct at other depositions, the Court is not convinced that the issuance of an order imposing deposition protocol along the lines requested by plaintiffs is warranted. To the extent that plaintiffs alternatively are requesting that the Court deviate from its general practice of declining requests to resolve discovery disputes that arise during pending depositions, plaintiffs' request is denied. This case does not warrant any special treatment.

cc:    Judge Selna

MINUTES FORM 11                                                           Initials of Deputy Clerk     klh
CIVIL-GEN