JONATHAN A. SHAPIRO (257199)
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 858-6101
Fax: (650) 858-6100
jonathan.shapiro@wilmerhale.com

ANDREA J. ROBINSON (PRO HAC VICE)
TIMOTHY J. PERLA (PRO HAC VICE)
JOEL FLEMING (281264)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com
Attorneys for Defendant Life Insurance
Company of the Southwest

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW from Northern District of California<br><br>**ORDER RE: JOINT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**<br><br>Judge: Hon. James V. Selna<br>Courtroom: 10C |

Plaintiffs Joyce Walker, Kim Bruce Howlett, and Muriel Spooner ("Plaintiffs") and Defendant Life Insurance Company of the Southwest ("Defendant" or "LSW" and, together with Plaintiffs, the "Parties") submit the following stipulation to govern certain matters relating to the production by LSW of certain policyholder files pertaining to class members.

WHEREAS, on November 9, 2012, the Court entered an Order certifying a class comprising "all Provider and Paragon Policies who purchased their Policies on or after September 24, 2006." Dkt. 353 at 27;

WHEREAS, Plaintiffs' Request for Production No. 173 demands the production of certain documents contained in the policyholder files for each class member;

WHEREAS, pursuant to an agreement with Plaintiffs, LSW intends to make an interim production of 1400 policy files on an expedited basis, plus a production of the remaining files as soon as practicable thereafter (collectively, the "Production");

WHEREAS, LSW expects that the Production may be very voluminous because each policy file potentially contains hundreds of pages;

WHEREAS, the files may include sensitive medical information, as well as information protected by the work product, attorney-client or other privileges;

WHEREAS, on September 27, 2011 the parties agreed to a Second Amended Protective Order which provided, *inter alia*, for protection of

1

inadvertently disclosed documents, which continues in full force and effect, but the parties wish to provide further protection for the Production;

WHEREAS, the parties wish to enter into a stipulation that will permit LSW to make the Production quickly with little or no human review, but without any possibility of waiver of any protection or privilege that would have permitted LSW to withhold any document.

Thus, IT IS HEREBY STIPULATED by and among all Parties, through their respective attorneys of record, as follows:

1. "Protected Information" shall be defined as any information contained in the Production that could have been withheld, for any reason, including: the attorney-client privilege, work-product protection, privileges pertaining to medical information, spousal privilege, or any other applicable privilege or ground for withholding or redacting ("Ground For Protection").

2. <u>Non-Waiver:</u>      Plaintiffs understand and agree that LSW shall make the Production after undertaking either no human review, or an extremely limited human review, at the sole option of LSW. Plaintiffs expressly agree that doing so shall not constitute a waiver of any Ground For Protection. Thus, Plaintiffs shall never, under any circumstances, argue: (i) that the Production or any part thereof constitutes a waiver of, or calls into question, the applicability of any Ground For Production; and (ii) that LSW failed to take reasonable

2

efforts to assert or preserve any Ground For Protection by making the Production. Pursuant to Federal Rule of Evidence 502(d), the privilege or protection is not waived by the Production.

3. <u>Non-Use</u>:   Plaintiffs shall make no use whatsoever of any information that they reasonably believe to be Protected Information. The use of documents containing confidential medical information shall be governed by the terms of the parties' September 27, 2011 Second Amended Protective Order.  In regards to all other types of Protected Information, with the exception of confidential medical information, Plaintiffs shall promptly notify LSW upon identifying such information.  Plaintiffs shall either (i) destroy the documents containing such Protected Information, or (ii) take reasonable efforts to segregate and protect the confidentiality of the information pending any Return Request, or clarification from LSW regarding whether the information is Protected Information (which clarification Plaintiffs shall be entitled to request from LSW).

4. <u>Return Requests</u>:    LSW may, at any time, tender to Plaintiffs' counsel a written request specifying the Bates numbers of the pages on which Protected Information appears for the redaction of such information or return of any document(s) containing such information from the Production.  If such a request is made:

3

a. Plaintiffs shall promptly redact the Protected Information and keep no copies of the redacted information or return to LSW or destroy all copies of the non-redacted document(s). Plaintiffs shall not seek or demand any prior showings, explanations, conditions, negotiations, or conferrals. The purpose of the preceding sentence is to provide for prompt, no-questions-asked, redaction or return of any Protected Information upon request;

b. At the same time LSW requests that Protected Information be returned, it shall tender a privilege log pertaining to the redacted information or returned document(s);

c. Plaintiffs may thereafter initiate motion practice to challenge whether any information or document was Protected Information, consistent with Paragraph 2 above. Thus, in such a challenge, the only issue for adjudication shall be whether the document could properly have been withheld had it not been part of the Production.

d. LSW is under no obligation to request the redaction or return of documents, and the failure to do so shall not prejudice LSW's rights in any way;

4

  e. Plaintiffs are under no obligation to challenge the designation of Protected Information, and the failing to do so shall not prejudice their rights in any way; and

  f. Attorneys fees and costs shall be awarded to the prevailing party in any motion practice challenging the designation of Protected Information.

5. By making the Production, neither party waives any objection regarding admissibility, relevancy, or any other evidentiary ground, all of which are specifically reserved.

//
//
//
//
//
//
//
//
//
//
//
//

8132230v1
1/10/2013 10:02 AM

ActiveUS 104631931v.1
ActiveUS 104656567v.1

6. The provisions of this Stipulation are intended to be in addition to those provided for by the parties' September 27, 2011 Second Amended Protective Order, which remains in full force and effect for the Production and any other document productions.

Dated: January 9, 2013          KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By:   /s/ Charles N. Freiberg

Charles N. Freiberg (70890)

Attorneys for Plaintiffs

Dated: January 9, 2013          WILMER CUTLER PICKERING HALE AND DORR LLP

By:   /s/Jonathan A. Shapiro

Jonathan A. Shapiro

Attorneys for Defendant Life Insurance Company of the Southwest

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: January 10, 2013

Honorable Robert N. Block
United States Magistrate Judge

8132230v1
1/10/2013 10:02 AM

ActiveUS 104631931v.1
ActiveUS 104656567v.1