# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | CASE NO.:  CV 10-9198 JVS (RNBx)<br><br>**[PROPOSED] ORDER GRANTING JOINT STIPULATION AND VACATING HEARING ON PLAINTIFFS' MOTION TO COMPEL** |

## [PROPOSED] ORDER GRANTING JOINT STIPULATION AND VACATING HEARING ON PLAINTIFFS' MOTION TO COMPEL

Having considered the parties' Joint Stipulation to Vacate the Hearing on Plaintiffs' Motion to Compel, set for Tuesday, January 15, 2013 at 9:30 a.m., and good cause appearing, the Court hereby ORDERS that the January 15, 2013 hearing on Plaintiffs' Motion to Compel is vacated in light of the parties' resolution of the remaining issues identified in this Court's December 14, 2012 Minute Order (Dkt. 365).

With respect to the remaining discovery issues identified in the Minute Order, and in accordance with the parties' Joint Stipulation, the Court ORDERS the following:

(1) <u>LSW's response to Document Request No. 125</u>: LSW will elect, by the close of business on January 15, 2013, one of the following document search efforts.  LSW will either:

(a) conduct an electronic search of data collected from its custodians for

documents containing either (i) the phrase "lapse check," or (ii) the phrases "'regression' and 'lapse'" within a single document. LSW would then produce all non-privileged documents identified by (i.e., that are "hits" in) such a search; or,

(b) ask its custodians whether they either (i) have in their possession, custody, or control, or (ii) have previously seen documents discussing analyses of Paragon or Provider illustrations with respect to lapse, including but not limited to documents that substantively discuss "lapse checks" or regression analysis in regards to lapse (as discussed in LSW-E00067995). LSW's custodians will be provided with a copy of LSW-E00067995 for purposes of clarity. If any of LSW's custodians have such documents in their possession, custody, or control, LSW will produce non-privileged documents to Plaintiffs. If LSW's custodians have previously seen such documents, but no longer have them in their possession, custody, or control, LSW's custodians will be asked to identify the person[s] from whom they would request such documents if they needed the documents for a business purpose. Any persons identified not already on the custodian list will then be sent the same inquiry discussed above. LSW will produce responsive non-privileged documents identified by these inquiries.

(2) <u>LSW's production of a Rule 30(b)(6) witness to testify on Deposition Topic Nos. 1-5</u>: LSW has agreed to designate Elizabeth MacGowan as a Rule 30(b)(6) witness to testify on Deposition Topic Nos. 1-5. LSW will make Ms. MacGowan available for up to 1.5 hours of testimony as a Rule 30(b)(6) witness. If LSW tenders Ms. MacGowan as a percipient witness on the same day as her testimony on Deposition Topic Nos. 1-5, then she will not be deposed for more than 8 hours total on that date as a percipient witness and Rule 30(b)(6) witness for Deposition Topic Nos. 1-5. LSW may also elect to have Ms. McGowan finish this combined total of 8 hours of testimony on a second consecutive day, as opposed to 8 hours on one single day. Ms. MacGowan's testimony as a Rule 30(b)(6) witness

on Deposition Topic Nos. 1-5 will not count against the 3 days of Rule 30(b)(6) depositions provided for pursuant to the Amended Pretrial Scheduling Order (Dkt. 117).

(3) <u>LSW's production of a Rule 30(b)(6) witness to testify on Deposition Topic Nos. 33</u>: LSW will answer the interrogatory concerning cost of insurance charges that was proposed by Plaintiffs. *See* Joint Stipulation (Dkt. 359) at 36-37 ("Please describe the setting of your cost of insurance charges for PROVIDER and PARAGON. Your answer will be considered complete if it describes who was involved in the setting of your cost of insurance charges for PROVIDER and PARAGON, what factors and what data were considered, why you chose the cost of insurance charges that you chose, what analysis you did of your expected mortality experience for each such product, and the amount(s) by which such charges exceed your expected mortality experience.").

IT IS SO ORDERED.

Dated: <u>January 14, 2013</u>

Honorable Robert N. Block
United States Magistrate Judge