KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LEVINE & MILLER
HARVEY R. LEVINE (SBN 61879)
CRAIG A. MILLER (SBN 116030)
LEVINE & MILLER
550 West C Street, Suite 1810
San Diego, CA 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv-04852 JSW from Northern District of California<br><br>**PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF JOEL FLEMING IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Judge James V. Selna<br><br>Date: March 4, 2013<br>Time: 1:30 p.m.<br>Courtroom: 10C |

Plaintiffs Joyce Walker, Kim Bruce Howlett, and Muriel Spooner ("Plaintiffs") hereby object to the Declaration of Joel Fleming, submitted by Defendant Life Insurance Company of the Southwest ("LSW") in opposition to Plaintiffs' motion for leave to file a Third Amended Complaint:

| | **Evidence** | **Grounds for Objection(s)** |
|---|---|---|
| 1. | Exhibit B, which Mr. Fleming declares, in ¶3, "is a true and accurate copy of an internal LSW pricing memorandum for the SecurePlus Provider product." | 1. Lacks foundation. LSW offers Exhibit B as evidence that LSW had an actual intent to pay the enhancements illustrated for Provider. *See* Opp. Brief at 7:17-8:4 (asserting that Ex. B "shows – in black and white – that LSW has intended since product development to pay the enhancement"). Mr. Fleming provides no foundation as to the purpose for which this document was prepared, nor any foundation to establish that Exhibit B is evidence of LSW's actual intent. The foundational testimony submitted by LSW for the document (Smith Dep. at 147:23-148:3, *see* Opp. at 8:2) is actually about Fleming Ex. D. *See* Plaintiffs' Reply Brief at n.11. FRE 602.<br><br>2. Hearsay. Impermissible hearsay because Exhibit B is offered for the truth of the matters asserted, and Mr. Fleming provides no foundation to establish that Exhibit B is a business record prepared in the course of LSW's regularly conducted activity or that it is otherwise exempt from the rule against hearsay. FRE 801, 802, 803. |
| 2. | Exhibit C, excerpts from the deposition of Craig Smith at 231:9-15:<br><br>    [BY MR. PERLA]<br>    Q: Do you know whether the company has a particular intention regarding whether or not | 1. Lacks foundation. LSW offers the deposition testimony of Craig Smith as evidence that LSW had an actual intent to pay the Account Value Enhancement for Provider. *See* Opp. at 12 n.6 (citing Smith Dep. at 231:9-15). There is no foundation for Mr. Smith's testimony that "the company intends to pay the bonus as illustrated," as |

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

| | **Evidence** | **Grounds for Objection(s)** |
|---|---|---|
| | that bonus will be paid?<br><br>MR. BROSNAHAN: Objection. Foundation and leading.<br><br>A: As far as I know the company intends to pay the bonus as illustrated. | demonstrated by Mr. Smith's subsequent testimony during reexamination by Plaintiffs' counsel. When asked for the basis of his statement regarding LSW's intentions, Mr. Smith testified that he was "not aware of any discussions that have taken place that would indicate anything to the contrary." Smith Dep. at 231:20-232:4. He then testified that he did not recall *any* discussions on that subject one way or the other. *Id.* FRE 602. |
| 3. | Exhibit D, which Mr. Fleming declares, in ¶5, "is a true and accurate copy of a 2005 memorandum from Lynne Fish to Craig Smith titled 'LSW EIUL Illustration Actuary Test for Initial Product Filing.'" | 1. Lacks foundation. LSW offers Exhibit D as evidence that LSW had an actual intent to pay the enhancements illustrated for Provider. *See* Opp. Brief at 7:12-16, 8:5-12. Mr. Fleming provides no foundation as to the purpose for which this document was prepared, nor any foundation to establish that Exhibit D is evidence of LSW's actual intent. FRE 602.<br><br>2. Hearsay. Impermissible hearsay because Exhibit D is offered for the truth of the matters asserted, and Mr. Fleming provides no foundation to establish that Exhibit D is a business record prepared in the course of LSW's regularly conducted activity or that it is otherwise exempt from the rule against hearsay. FRE 801, 802, 803. |
| 4. | Exhibit E, which Mr. Fleming declares, in ¶6, "is a true and accurate copy of an LSW document titled '2006 Illustration Actuary Tests – Provider.'" | 1. Lacks foundation. LSW offers Exhibit E as evidence that LSW had an actual intent to pay the enhancements illustrated for Provider. *See* Opp. Brief at 7:12-16, 8:5-12. Mr. Fleming provides no foundation as to the purpose for which this document was prepared, nor any foundation to establish that Exhibit E is evidence of LSW's actual intent. FRE 602. |

| | Evidence | Grounds for Objection(s) |
|---|---|---|
| | | 2. Hearsay. Impermissible hearsay because Exhibit E is offered for the truth of the matters asserted, and Mr. Fleming provides no foundation to establish that Exhibit E is a business record prepared in the course of LSW's regularly conducted activity or that it is otherwise exempt from the rule against hearsay. FRE 801, 802, 803. |
| 5. | Exhibit F, which Mr. Fleming declares, in ¶7, "is a true and accurate copy of a 2006 memorandum from Ms. Fish to Mr. Smith titled 'LSW Paragon Illustration Actuary Test for Initial Product Filing.'" | 1. Lacks foundation. LSW offers Exhibit F as evidence that LSW had an actual intent to pay the enhancements illustrated for Paragon. *See* Opp. Brief at 11:1-4, 11:9-12. Mr. Fleming provides no foundation as to the purpose for which this document was prepared, nor any foundation to establish that Exhibit F is evidence of LSW's actual intent. FRE 602.<br><br>2. Hearsay. Impermissible hearsay because Exhibit F is offered for the truth of the matters asserted, and Mr. Fleming provides no foundation to establish that Exhibit F is a business record prepared in the course of LSW's regularly conducted activity or that it is otherwise exempt from the rule against hearsay. FRE 801, 802, 803. |
| 6. | Exhibit G, which Mr. Fleming declares, in ¶8, "is a true and accurate copy of the Product Specification for SecurePlus Provider." | 1. Lacks foundation. LSW offers Exhibit G as evidence that LSW had an actual intent to pay the enhancements illustrated for Provider. *See* Opp. Brief at 7:12-16, 8:13-17. Mr. Fleming provides no foundation as to the purpose for which this document was prepared, nor any foundation to establish that Exhibit G is evidence of LSW's actual intent. Mr. Fleming also provides no foundation that Exhibit G, which bears a "Draft Date" of "August 15, 2005" (LSW00037100), is the final version of the document. FRE 602. |

PLAINTIFFS' OBJECTIONS TO DECLARATION OF JOEL FLEMING
Case No. CV 10-9198 JVS (RNBx)

3

| | Evidence | Grounds for Objection(s) |
|---|---|---|
| | | 2. Hearsay. Impermissible hearsay because Exhibit G is offered for the truth of the matters asserted, and Mr. Fleming provides no foundation to establish that Exhibit G is a business record prepared in the course of LSW's regularly conducted activity or that it is otherwise exempt from the rule against hearsay. FRE 801, 802, 803. |
| 7. | Exhibit H, which Mr. Fleming declares, in ¶9, "is a true and accurate copy of an internal LSW document titled 'Long Statement of Work.'" | 1. Lacks foundation. LSW offers Exhibit H as evidence that LSW had an actual intent to pay the enhancements illustrated for Provider. *See* Opp. Brief at 7:12-16, 8:18-24. Mr. Fleming provides no foundation as to the purpose for which this document was prepared, nor any foundation to establish that Exhibit H is evidence of LSW's actual intent. Mr. Fleming also provides no foundation that Exhibit H, which is labeled "Draft" (LSW-E00062556), is the final version of the document. FRE 602.<br><br>2. Hearsay. Impermissible hearsay because Exhibit H is offered for the truth of the matters asserted, and Mr. Fleming provides no foundation to establish that Exhibit H is a business record prepared in the course of LSW's regularly conducted activity or that it is otherwise exempt from the rule against hearsay. FRE 801, 802, 803. |
| 8. | Exhibit I, excerpts from the deposition of Elizabeth MacGowan at 121:23-122:3 and 122:21-123:1:<br><br>[BY MR. BROSNAHAN]<br>Q: Why does the current monthly administrative | 1. Lacks foundation. LSW offers the deposition testimony of Elizabeth MacGowan as evidence that LSW had an actual intent to reduce the Monthly Administrative Charges for Provider and Paragon. *See* Opp. at 9:6-12 (citing MacGowan Dep. at 122:1-3) and 11:16-19 (citing MacGowan Dep. at 122:24-123:1). There is no foundation for Ms. MacGowan's testimony concerning |

| Evidence | Grounds for Objection(s) |
|---|---|
| charge per thousand go down after year 10?<br><br>MS. ROBINSON: Objection.<br><br>A: Because in pricing the product it was determined that we didn't need to main the full amount for the entire life of the policy.<br><br>***<br><br>Q: And why does it [the monthly administrative charge per thousand for the Paragon policy] drop to zero after year 10?<br><br>MS. ROBINSON: Objection.<br><br>A: For the same reason that I described on the Provider contract; that it's not necessary to maintain it at the original level and meet the profit objectives. | determinations that were made in pricing the products because Ms. MacGowan was not the product actuary for either Provider or Paragon and does not have firsthand knowledge of the supposed determination. As Ms. MacGowan testified, the product actuary was Michael Tivilini (together with Doug Brown in the case of Paragon). *See* Brosnahan Reply Dec., Ex. P, MacGowan Dep. at 18:25-19:20. FRE 602. |
| 9. Exhibit L, which Mr. Fleming declares, in ¶13, "is a true and accurate copy of an internal LSW pricing memorandum for the SecurePlus Paragon product." | 1. Lacks foundation. LSW offers Exhibit L as evidence that LSW had an actual intent to pay the enhancements illustrated for Paragon. *See* Opp. Brief at 11:1-8. Mr. Fleming provides no foundation as to the purpose for which this document was prepared, nor any foundation to establish that Exhibit L is evidence of LSW's actual intent. FRE 602. |

| | **Evidence** | **Grounds for Objection(s)** |
|---|---|---|
| | | 2. Hearsay. Impermissible hearsay because Exhibit L is offered for the truth of the matters asserted, and Mr. Fleming provides no foundation to establish that Exhibit L is a business record prepared in the course of LSW's regularly conducted activity or that it is otherwise exempt from the rule against hearsay. FRE 801, 802, 803. |
| 10. | Exhibit M, which Mr. Fleming declares, in ¶14, "is a true and accurate copy of the Product Specification for SecurePlus Paragon." | 1. Lacks foundation. LSW offers Exhibit M as evidence that LSW had an actual intent to pay the enhancements illustrated for Paragon. *See* Opp. Brief at 11:1-4, 11:13-15. Mr. Fleming provides no foundation as to the purpose for which this document was prepared, nor any foundation to establish that Exhibit M is evidence of LSW's actual intent. Mr. Fleming also provides no foundation that Exhibit M, which bears a "Draft Date" of "October 26, 2006" (LSW-E00073178), is the final version of the document. FRE 602.<br><br>2. Hearsay. Impermissible hearsay because Exhibit M is offered for the truth of the matters asserted, and Mr. Fleming provides no foundation to establish that Exhibit M is a business record prepared in the course of LSW's regularly conducted activity or that it is otherwise exempt from the rule against hearsay. FRE 801, 802, 803. |

DATED: February 15, 2013   KASOWITZ BENSON TORRES & FRIEDMAN LLP


By:   s/Brian P. Brosnahan
         Brian P. Brosnahan