KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LEVINE & MILLER
HARVEY R. LEVINE (SBN 61879)
CRAIG A. MILLER (SBN 116030)
LEVINE & MILLER
550 West C Street, Suite 1810
San Diego, CA 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>  Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv-04852 JSW from Northern District of California<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH MCGOWAN IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Judge James V. Selna<br><br>Date: March 4, 2013<br>Time: 1:30 p.m.<br>Courtroom: 10C |

Plaintiffs Joyce Walker, Kim Bruce Howlett, and Muriel Spooner ("Plaintiffs") hereby object to the Declaration of Elizabeth McGowan, submitted by Defendant Life Insurance Company of the Southwest ("LSW") in opposition to Plaintiffs' motion for leave to file Third Amended Complaint:

| Evidence | Grounds for Objection(s) |
|---|---|
| Pg. 1, ¶4:<br><br>"LSW intends to provide the Account Value Enhancement starting in year ten and the reduced Monthly Administrative Charge starting after year ten, as provided on Provider illustrations.  LSW also intends to provide the reduced Monthly Administrative Charge and reduced Percent of Accumulated Value Charge reflected on Paragon illustrations when Paragon policies reach their tenth anniversary." | 1. Lacks foundation.  Ms. McGowan provides insufficient foundation for her purported knowledge regarding LSW's intent.  FRE 602. |
| Pg. 1, ¶5:<br><br>"National Life has issued several life insurance policies that, although quite different from Paragon and Provider, do include non-guaranteed elements that will accrue after a policy has been in force for a period of years.  In every instance, when the period of years has run, National Life has provided every non-guaranteed element.  These products include:<br><br>• Navitrak, a universal life insurance product.  Navitrak was illustrated to provide a non-guaranteed Account Value bonus of 0.50% beginning after policy year ten, and to reduce (on a non-guaranteed basis) the spread on preferred loans from 1.3% to 0% at the same time.  These non-guaranteed elements have been implemented for policies that have been in force for at least ten years. | 1. Lack of best evidence.  The illustrations and benefit schedules for the Navitrak, Varitrak, NL Estate Provider, and Sentinel Estate Provider policies, not Ms. MacGowan's testimony, are the best evidence.  Declarant may not testify as to the content of written records not provided. FRE 1002.<br><br>2. Violation of Rules 26(e) and 37(c).  Ms. MacGowan's testimony about non-guaranteed elements for these policies, and LSW's reliance thereon, violates Rules 26(e) and 37(c) because LSW has refused to produce this kind of information in response to discovery timely and properly |

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

| Evidence | Grounds for Objection(s) |
|---|---|
| • Varitrak, a variable universal life insurance product.  Varitrak was illustrated to provide a non-guaranteed Account Value bonus of 0.50% beginning after policy year ten, and to reduce (on a non-guaranteed basis) the spread on preferred loans from 1.3% to 0.8% at the same time.  These non-guaranteed elements have been implemented for policies that have been in force for at least ten years.<br><br>• Sentinel Estate Provider, a survivorship variable life insurance product.  Sentinel Estate Provider was illustrated to reduce the policy fee from $15 per month to $7.50 per month on a non-guaranteed basis beginning after the tenth policy year.  In addition, Sentinel Estate Provider was illustrated to show a charge of $1,000 per death benefit reduced to $0 on a non-guaranteed basis after policy year ten.  Finally, Sentinel Estate Provider was illustrated to reduce (on a non-guaranteed basis) the spread on preferred loans from 2.00% to 0.25% beginning in policy year ten.  These non-guaranteed elements have been implemented for policies that have been in force for at least ten years.<br><br>• NL Estate Provider, a survivorship universal life insurance product.  NL Estate Provider was illustrated to reduce (on a non-guaranteed basis) the spread on preferred loans by 0.50% after policy year ten.  In addition, NL Estate Provider was illustrated to provide a non-guaranteed interest bonus of 0.50% | propounded by Plaintiffs or in response to informal requests by Plaintiffs during the Rule 7-3 meet and confer in connection with this motion.<br><br>3.  Irrelevant.  Non-IUL policies issued by National Life, not LSW, which are "quite different" from Paragon and Provider, are not relevant to LSW's intent to provide the non-guaranteed elements illustrated for Paragon and Provider.  That National Life illustrated certain universal and variable universal life insurance policies to provide a non-guaranteed Account Value bonus of 0.50% and in fact provided that bonus is not relevant to whether LSW had an actual intent to provide a significantly higher 1.25% Account Value Enhancement together with a 60% reduction in Monthly Administrative Charges for Provider, nor is it relevant to whether LSW had an actual intent to eliminate all administrative charges and accumulated value charges for Paragon.  That National Life provided certain future non-guaranteed benefits on other "quite different" policy forms also is irrelevant to LSW's false certifications to the DOI concerning the "same or similar forms," and to the |

| Evidence | Grounds for Objection(s) |
|---|---|
| beginning after policy year ten.  These non-guaranteed elements have been implemented for policies that have been in force for at least ten years." | materiality and unfairness of LSW's nondisclosure of the fact that no holder of a Paragon or Provider policy, or any similar policy, had ever received the non-guaranteed benefits illustrated.  FRE 401 and 402. |

DATED:  February 15, 2013     KASOWITZ BENSON TORRES & FRIEDMAN LLP


By:  s/Brian P. Brosnahan
     Brian P. Brosnahan