JONATHAN A. SHAPIRO (257199)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:  (650) 858-6101
Fax:  (650) 858-6100
jonathan.shapiro@wilmerhale.com

ANDREA J. ROBINSON (PRO HAC VICE)
TIMOTHY J. PERLA (PRO HAC VICE)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:  (617) 526-6000
Fax:  (617) 526-5000
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com
Attorneys for Defendant Life Insurance
Company of the Southwest

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50,<br><br>Defendant. | Case No.: 10-09198 JVS(RNBx)<br><br>**RESPONSES TO PLAINTIFFS' EVIDENTIARY OBJECTIONS**<br><br>Judge James Selna<br>Courtroom: 10C |

1   Defendant Life Insurance Company of the Southwest ("LSW") respectfully submits
2   these Responses to Plaintiffs' Evidentiary Objections, Docket Nos. 395-398 (the
3   "Objections").

## ARGUMENT

5   The Court should disregard or overrule Plaintiffs' evidentiary objections, which are
6   procedurally improper and substantively incorrect.

7   *First*, the rules do not permit objections to pre-trial declarations. *Compare* L.R. 16-
8   6.3 (rule provides for objections "in the Final Pretrial Conference Order," but not before).
9   Indeed, objections make no sense at this juncture because, as this Court has already held,
10  evidence presented on "class certification need not be admissible at trial." Order Granting
11  in Part and Denying in Part Plaintiffs' Motion to Certify Class, Dkt. 353 at 13. At this
12  stage, the Court does not "focus on the admissibility of the evidence's form," but rather
13  "focus[es] on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036
14  (9th Cir. 2003). Thus, the Court should disregard the objections.

15  *Second*, Plaintiffs' "objections" largely do not invoke evidence law (*e.g.*,
16  authenticity, hearsay, *etc.*) but rather contain substantive arguments. *See* Objection to
17  Declaration of Craig Smith, Dkt. 398 ("Smith Obj.") at 2 ("the purpose of GAAP
18  accounting is, like illustration actuary testing, simply to quantify what LSW's costs and
19  revenues would be if all illustrated non-guaranteed benefits were provided"); Objection to
20  Declaration of Elizabeth MacGowan, Dkt. 397 ("MacGowan Obj."), at 2-3 (asserting that
21  "policies issued by National Life, not LSW, . . . are 'quite different' from Paragon and
22  Provider"). But substantive arguments are for the trier of fact, and are not grounds for
23  evidentiary exclusion. *See generally* Federal Rules of Evidence (specifying limited and

specific grounds for exclusion of evidence, not including as ground parties' substantive disagreement about what the evidence supports or proves).[1]

*Third*, Plaintiffs have violated the local rules in making their objections. They did not meet and confer with LSW. L.R. 7-3; *cf.* L.R. 16-2.6 (in connection with trial, parties must "attempt to resolve any objections to the admission of testimony, documents, or other evidence"). They did not properly notice their objections for a hearing. L.R. 7-4. They did not provide LSW with an opportunity to respond. L.R. 7-9. And they did not provide the Court with the required time to consider the objections. L.R. 6-1.

Finally, even if considered, Plaintiffs' objections are unfounded:

| Plaintiffs' Objection | LSW's Response |
|---|---|
| Relevance (Smith Obj. at 2; MacGowan Obj. at 3-4; Objection to Declaration of Stephanie Burmester, Dkt. 395 ("Burmester Obj.") at 2-3). | 1. The factual statements in these declarations are obviously relevant to the issues presented by Plaintiffs' motions, especially when measured against the low bar set by Federal Rules of Evidence 401 and 402. Plaintiffs may disagree about the import of these facts — indeed, their entire objections are simply argument about their import—but that does not mean that the evidence is irrelevant.<br>2. Federal Rule 403 has no application here |

---

[1] To the extent that the "objections" include substantive argument, they should count towards Plaintiffs' page limit—which they have far exceeded. *See Killingsworth v. State Farm Mut. Auto. Ins. Co.*, 2005 WL 2450109, at *2 (D. Ariz. Sept. 30, 2005) ("objections need not be ruled on [where]… they are disguised further argument beyond the page limits of the local rules, styled as relevance objections to the offered facts"); *In re Toyota Motor Corp.*, 838 F. Supp. 2d 967, 970 n. 1 (C.D. Cal. 2012) (party that exceeded "filings in accordance with the Local Rules" engaged in "unauthorized supplemental filing[]").

| Plaintiffs' Objection | LSW's Response |
|---|---|
| | — it is meant to shield *juries* from hearing evidence that would confuse or unduly prejudice them. *Cf. Batista v. Supreme Alaska Seafood*, 2005 WL 5980048, at *1 (W.D. Wash. Oct. 3, 2005) ("concern for jury prejudice or confusion under Rule 403 . . . is irrelevant in a bench trial"). |
| Hearsay (Objection to Declaration of Joel Fleming, Dkt. 396 ("Fleming Obj.") at 2-6). | 1. These objections are baseless. At this juncture, LSW simply is not required to present evidence in an admissible form, so long as the underlying evidence is admissible. *Fraser*, 342 F.3d at 1036. There is no serious doubt that, when necessary, LSW will be able to satisfy any number of hearsay exceptions, such as the business records or state of mind exceptions. |
| Personal Knowledge/Foundation (MacGowan Obj. at 2; Burmester Obj. at 2; Smith Obj. at 2; Fleming Obj. at 2-6). | 1. Plaintiffs have given no reason to doubt that Ms. MacGowan and Ms. Burmester have personal knowledge of the facts in their declaration, or that foundation exists for the documents referenced in Mr. Fleming's declaration. *See Jones v. Beverly Hills Unified Sch. Dist.*, 2011 WL 2442077, at *6 (C.D. Cal. Apr. 25, 2011) (witness "declaration is admissible because it is clear |

| Plaintiffs' Objection | LSW's Response |
|---|---|
| | that he has personal knowledge about the facts that he attests to and that he is competent to testify about the matters therein"); *Geyer v. Sailor*, 2009 WL 4049536, at *3 (C.D. Cal. Nov. 18, 2009) ("it is clear from the content of the decaration that such evidence is within the declarant's personal knowledge"); *Anderson v. Valspar Corp.*, 2013 WL 552001, at *5 n.6 (E.D. Cal. Feb. 12, 2013) (overruling objection that declaration testimony "lacks foundation" because "this evidence could be admitted into evidence at trial in a variety of ways"); *see also Barthelemy v. Air Lines Pilots Assoc.*, 897 F.2d 999, 1018 (9th Cir. 1990) (personal knowledge may be inferred from affidavits themselves).<br>2. Plaintiffs' arguments about the weight that should be accorded to this evidence (for example, their assertion that some documents are "drafts") does not go to the admissibility of the evidence, and is simply an improper attempt to make arguments in excess of the applicable page limits. |

| | Plaintiffs' Objection | LSW's Response |
|---|---|---|
| | Best evidence (MacGowan Obj. at 2). | 1. Objections to the form of evidence are irrelevant at this stage. *Fraser*, 342 F.3d at 1036; *Alvarez v. T-Mobile USA, Inc.*, 2011 WL 6702424, at *4 (E.D. Cal. Dec. 21, 2011) ("[o]bjections on the basis of a failure to comply with the technicalities of authentication requirements or the best evidence rule are, therefore, inappropriate" in a pre-trial motion). 2. Where documentary evidence is voluminous, a summary of that evidence is not barred by the best evidence rule. *See* Fed. R. Evid. 1006; *Sam Macri & Sons, Inc. v. U. S. for Use of Oaks Const. Co.*, 313 F.2d 119, 128-29 (9th Cir. 1963) ("It is long established that, where records are voluminous, a summary either oral or written, may be received in evidence"). |
| | Violation of Rules 26(e) and 37(c) (MacGowan Obj. at 2; Burmester Obj. at 2). | 1. Relevant discovery is limited to the claims or defenses in the litigation. Fed. R. Civ. P. 26(b). Plaintiffs' "current basis" allegations are not in the case — they cannot obtain discovery on claims that they are considering bringing or on amendments that have yet to be granted. It is not a violation |

| Plaintiffs' Objection | LSW's Response |
|---|---|
| | of Rules 26(e) or 37(c) to refuse to produce irrelevant documents. |
| | 2. LSW timely and properly objected to the discovery requests that Plaintiffs served, and Plaintiffs have not addressed any of those objections, explained why they are incorrect, or sought court intervention in the months since LSW served its objections (or since Ms. Burmester's Declaration was filed with class certification).  Rules 26(e) and 37(c) are not intended to circumvent the ordinary procedure for resolving discovery disputes.  Indeed, when Plaintiffs have brought motions to compel discovery of other National Life and LSW policies, this Court and Judge Block have held that they are not entitled to such discovery.  *See* Order, Dkt. 220 at 4 (discovery regarding other life insurance policies "contributes even less to the relevant inquiry than does the [rejected] discovery regarding the policies at issue"). |

For the foregoing reasons, the Court should disregard Plaintiffs' objections (Docket Nos. 395, 396, 397, 398).

1  Respectfully submitted,

2                                      WILMER CUTLER PICKERING HALE AND
                                       DORR LLP

4                                      By: */s/ Jonathan A. Shapiro*
5                                      Jonathan A. Shapiro (257199)
                                       Andrea J. Robinson (*pro hac vice*)
6                                      Timothy J. Perla (*pro hac vice*)

8                                      Attorneys for Defendant Life Insurance Company of
                                       the Southwest

- 8 -
RESPONSES TO PLAINTIFFS' EVIDENTIARY OBJECTIONS, 10-09198 JVS(RNBx)

# PROOF OF SERVICE

I am a resident of the Commonwealth of Massachusetts, over the age of eighteen years, and not a party to the within action. My business address is Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109. On February 28, 2013, I served the within document(s):

**RESPONSES TO PLAINTIFFS' EVIDENTIARY OBJECTIONS**

☐ I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, CA addressed as set forth below.

☐ I personally caused to be emailed the document(s) listed above to the person(s) at the address(es) set forth below.

☒ I electronically filed the document(s) listed above via the CM/ECF system.

☐ I personally caused to be delivered by Facsimile the document(s) listed above to the person(s) at the facsimile number(s) set forth below.

>   Brian P. Brosnahan
>   Charles N. Freiberg
>   Jacob Foster
>   KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
>   101 California Street, Suite 2300
>   San Francisco, CA 94111
>   (415) 358-4278
>
>   Harvey R. Levine
>   LEVINE & MILLER
>   550 West C. Street, Suite 1810
>   San Diego, CA 92101-8596
>   (619) 231-8638

>   */s/ Joel Fleming*
>   Joel Fleming