KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LAW OFFICES OF CRAIG A. MILLER
CRAIG A. MILLER (SBN 116030)
225 Broadway, Suite 1310
San Diego, CA 92101
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>　　　　　　　Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv-04852 JSW from Northern District of CA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT LIFE INSURANCE COMPANY OF THE SOUTHWEST'S EX PARTE APPLICATION TO RESCHEDULE HEARING ON PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE**<br><br>Judge James V. Selna<br>Courtroom: 10C |

# TABLE OF CONTENTS

**Page(s)**

I. LSW DOES NOT EVEN ATTEMPT TO DEMONSTRATE THAT EXTRAORDINARY EX PARTE RELIEF IS WARRANTED. ................... 1

II. THERE IS NO GOOD CAUSE FOR THE CONTINUANCE LSW SEEKS, WHICH IS AN IMPROPER ATTEMPT TO CURE THE UNTIMELINESS OF ITS MOTION CONCERNING CLASS NOTICE ISSUES. ....................................................................................... 4

III. CONCLUSION ......................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*AF Holdings LLC v. Doe*, 2012 U.S. Dist. LEXIS 104396 (S.D. Cal. July 25, 2012) ...................................................................................................................................2

*In re Intermagnetics Am.*, 101 B.R. 191 (C.D. Cal. 1989) .........................................4

*Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995) ..........................................................................................................1, 2, 3, 4

## RULES

Local Rule 7-19 ................................................................................................................2

LSW's *ex parte* application to reschedule the hearing date on Plaintiffs' Motion for Approval of Class Notice (filed March 11, 2013) (Dkt. 403) is an improper attempt to delay Plaintiffs' motion in order to try to cure the untimeliness of LSW's impending motion for appointment of a special master in connection with the class notice, which should have been filed on March 11 in accordance with the Court's Fourth Amended Pretrial Scheduling Order. LSW claims it needs a continuance because of personal scheduling conflicts of its counsel, Jonathan Shapiro, but the record makes plain that LSW's purpose in seeking this continuance is, in the main, to delay the hearing on Plaintiffs' motion so that it is set for hearing simultaneously with LSW's untimely motion. Accordingly, there is no good cause for the continuance LSW seeks. Nor has LSW made the requisite showing that extraordinary relief is warranted here, particularly where LSW was aware of Plaintiffs' intention to notice their motion for hearing on April 8, 2013 and could have notified Plaintiffs of this purported conflict *before* the hearing date was set (and could have timely filed its motion). LSW inexplicably failed to do so and provides no explanation for this failure. Examination of the meet and confer emails shows that the alleged scheduling problem is entirely of LSW's own making and that its *ex parte* application is pure gamesmanship. There is no basis for a continuance or for the extraordinary relief LSW seeks here, and, thus, its *ex parte* application should be denied.

### I. LSW DOES NOT EVEN ATTEMPT TO DEMONSTRATE THAT EXTRAORDINARY EX PARTE RELIEF IS WARRANTED.

"*Ex parte* applications are solely for extraordinary relief and should be used with discretion." *See* Initial Order Following Filing of Complaint Assigned to Judge Selna at 3 (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)); *Mission Power Eng'g Co.*, 883 F. Supp. at 490 ("Ex parte motions are *rarely justified*.") (emphasis added). Accordingly, a party seeking *ex parte* relief must demonstrate, as a threshold matter, that extraordinary

relief is warranted – that is, "establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner," with reasons "supported by…affidavits or declarations whose contents would be admissible if the…affiants, or declarants were testifying in court." *Mission Power Eng'g*, 883 F. Supp. at 492; *see* L.R. 7-19 ("An application for an ex parte order shall be accompanied by a memorandum containing…the reasons for the seeking of an ex parte order."). To justify *ex parte* relief, a party must show (1) that it will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) that it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g*, 883 F. Supp. at 492.

In its *ex parte* application, LSW does not attempt to justify the extraordinary relief it is seeking. Nowhere does LSW explain how it would be "irreparably prejudiced" if LSW is not "allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g*, 883 F. Supp. at 492. Nor does LSW attempt to show, let alone meet its burden of showing, that it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id*. LSW's failure to justify its application for *ex parte* relief is by itself sufficient grounds for denying LSW's application. *See id.* ("[M]any ex parte motions are denied…because the papers do not show that bypassing the regular noticed motion procedure is necessary."); *AF Holdings LLC v. Doe*, 2012 U.S. Dist. LEXIS 104396, at *3-4 (S.D. Cal. July 25, 2012) (denying *ex parte* application because moving party did not "discuss whether its request is a proper subject for ex parte consideration").

Putting aside these defects in LSW's application, the record makes clear that no *ex parte* relief is warranted under the circumstances. First, there is no "irreparable prejudice" here because, as set forth below, LSW's proposed motion for a continuance is meritless and, thus, "failure to hear it cannot be prejudicial."

*Mission Power Eng'g*, 883 F. Supp. at 492.

Second, the record plainly shows that LSW was at fault in creating the purported crisis on the basis of which it now seeks *ex parte* relief. *See id.* Plaintiffs informed LSW on Tuesday, March 5 – six days *before* Plaintiffs filed their motion – that they would notice their motion concerning class notice issues for hearing on April 8. *See* Declaration of Charles N. Freiberg in Opposition to LSW's Ex Parte Application ("Freiberg Dec.") ¶2, Ex. A. LSW could have requested a continuance due to Mr. Shapiro's purported familial issues at any time between March 5 and March 11, when Plaintiffs filed their motion. LSW did not do so.[1] *Id.* Instead, it was not until Wednesday, March 13 – two days *after* Plaintiffs filed their motion and set the hearing date – that Mr. Shapiro informed Plaintiffs that April 8 would be "rough" for him due to a "family/kid conflict." *See* Freiberg Dec. ¶3, Ex. B; Declaration of Jonathan Shapiro ("Shapiro Dec."), Ex. A. The nature of the purported "family/kid" conflict remains unexplained, as does how it apparently went from "rough" to impossible to manage.

Further, there is no indication in the record or in LSW's *ex parte* application that Mr. Shapiro was not aware of this purported conflict as of March 5 (or anytime before Plaintiffs' motion was filed on March 11) and, thus, that he could not have requested an alternate hearing date before Plaintiffs filed their motion – thereby avoiding the *ex parte* relief LSW now seeks. If anything, the record suggests that Mr. Shapiro *was* aware of his purported scheduling conflict sufficiently in advance, and that his belated request for a continuance is what "created the crisis that requires *ex parte* relief." In his March 15 email, Mr. Shapiro stated that this scheduling issue could have been "avoided" if Plaintiffs had "simply ask[ed] [LSW] if a date works before unilaterally assuming as much."

---

[1] Conveniently, LSW fails to mention in its application that it was informed in advance by Plaintiffs of the April 8 hearing date.

1  Freiberg Dec. ¶5, Ex. B; Shapiro Dec., Ex. A.  This email suggests that Mr.
2  Shapiro knew about this conflict before he raised it on March 13 because had
3  Plaintiffs "simply asked" LSW about the April 8 hearing date (before setting the
4  hearing for that date, on March 11), LSW would have informed Plaintiffs of this
5  conflict and "avoided" this scheduling dispute.  But Plaintiffs *did* notify LSW of
6  their proposed hearing date, on March 5, giving LSW ample time to request an
7  alternate date.  The fact that LSW instead waited until two days after Plaintiffs
8  filed their motion to raise this issue demonstrates at best inexcusable neglect on
9  LSW's part, or at worst a last-ditch effort by LSW to use Mr. Shapiro's purported
10 scheduling conflict as an excuse for a continuance that LSW hopes will obscure the
11 untimeliness of its own motion.  Neither rationale justifies the extraordinary relief
12 sought here.  *See Mission Power Eng'g*, 883 F. Supp. at 493 ("The moving party
13 must also show that it…could not have, with due diligence, sought to obtain" the
14 requested relief earlier.); *In re Intermagnetics Am.*, 101 B.R. 191, 193 (C.D. Cal.
15 1989) ("Ex parte applications are not intended to save the day for parties who have
16 failed to present requests when they should have.").

17 **II.   THERE IS NO GOOD CAUSE FOR THE CONTINUANCE LSW
18        SEEKS, WHICH IS AN IMPROPER ATTEMPT TO CURE THE
         UNTIMELINESS OF ITS MOTION CONCERNING CLASS NOTICE
19       ISSUES.**

20         Not only does LSW fail to justify its request for *ex parte* relief, but there
21 also is no good cause for the continuance LSW seeks.  *See* Standing Orders ("To
22 request a continuance of any scheduled court proceeding, counsel must make such
23 a request…with a statement of good cause included in the request.").  First, there is
24 no showing of good cause simply because the hearing date "presents scheduling
25 problems" for Mr. Shapiro, or because the hearing date would be "rough" for him.
26 *See* LSW *Ex Parte* Application at 3; Freiberg Dec. ¶3, Ex. B; Shapiro Dec., Ex. A.
27 Absent more, these vague and unexplained assertions of difficulty do not satisfy
28 good cause to reschedule the hearing, particularly under circumstances where LSW

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

OPP. TO LSW'S EX PARTE APPLICATION TO RESCHEDULE HEARING ON MOT. RE CLASS NOTICE
Case No. CV 10-09198 JVS
4

knew the hearing date in advance and failed to make this request until two days after Plaintiffs filed and noticed their motion.  Second, although LSW claims that its request is based on Mr. Shapiro's personal scheduling conflicts, the record makes plain that LSW's request for a continuance is an improper attempt to delay the hearing on Plaintiffs' motion concerning class notice issues in order to obscure the fact that LSW's cross-motion (which it "will file on Monday" (LSW's *Ex Parte* Application at 3)) is untimely.[2]  This, too, does not qualify as "good cause."

In the Fourth Amended Pretrial Scheduling Order, the Court explicitly ordered that "any motions concerning the class notice and any disputes among the parties concerning the content of the class notice" must be filed within ten days after the Ninth Circuit's denial of LSW's Rule 23(f) petition – that is, by Monday, March 11.  *See* Dkt. 362 ¶2.  Plaintiffs filed a motion for approval of their proposed class notice on that date, which addresses a number of class notice issues, including LSW's position that "the special master process must begin immediately – *in concert with the 'response-required class notice.'*"  *See* Freiberg Dec. ¶6, Ex. C (emphasis added).  LSW informed Plaintiffs in its March 8 letter that it would file its own motion regarding "the timing of the special master process" in connection with class notice.  *Id.*, Ex. C at 2.  Plaintiffs thus expected that LSW would file such a motion on March 11, 2013, but LSW did not do so.

LSW then requested, on March 13, to move the April 8 hearing date on Plaintiffs' motion to April 22 (or, alternatively, April 15) because of Mr. Shapiro's personal schedule.  *See* Part I, *supra*.  In that request, LSW made no mention of the fact that it planned to file a separate motion concerning the appointment of a special master in connection with the class notice.  *See* Freiberg Dec. ¶3, Ex. B;

---

[2] Plaintiffs do not believe that "rescheduling the hearing would somehow also extend the March 11 deadline" for filing motions concerning class notice issues (LSW *Ex Parte* Application at 3), but rather that LSW is attempting to reschedule the hearing so that LSW's untimely motion is heard at the same time as Plaintiffs' motion in an attempt to obscure the fact that its motion is untimely.

1  Shapiro Dec., Ex. A.  Sensing that a desire to file an untimely motion – and not
2  Mr. Shapiro's purported scheduling conflicts – might be the main reason behind
3  LSW's request, Plaintiffs responded that they were generally amenable to moving
4  the hearing date, but Plaintiffs also raised their concern that LSW might "use this
5  continuance and [Plaintiffs'] agreement to stipulate thereto to secure additional
6  time to make its own motion concerning the class notice" to be heard at the same
7  time as Plaintiffs' motion, which would be too late if noticed for the current April
8  8 hearing date.  Freiberg Dec. ¶3, Ex. B; Shapiro Dec., Ex. A.  Plaintiffs further
9  noted that any such motion concerning the appointment of a special master would
10 be untimely pursuant to the Fourth Amended Pretrial Scheduling Order because it
11 necessarily would "concern[] the class notice" and was not filed within ten days of
12 the Ninth Circuit's denial of LSW's Rule 23(f) petition.  *Id.*

13    In its response, LSW attempted to gloss over Plaintiffs' concern, falsely
14 suggesting that Plaintiffs had "agreed" that LSW's motion would be filed "on
15 Monday [March 18]" (and wrongly referring to "Monday's deadline" and a
16 "March 25 deadline"), while simultaneously confessing that LSW planned to file a
17 motion "for appointment of a special master" to be noticed "for the same hearing
18 date" as Plaintiffs' motion.  Freiberg Dec. ¶4, Ex. B; Shapiro Dec., Ex. A.  LSW's
19 response thus revealed that Plaintiffs' suspicions were correct that LSW sought the
20 continuance in order to notice its motion for the same date as Plaintiffs' motion in
21 the hopes of obscuring the fact that LSW's motion concerning class notice issues
22 would be untimely filed.  *Id.*  That LSW waited until two days *after* Plaintiffs filed
23 their motion to request a continuance (despite having been informed eight days
24 earlier that Plaintiffs would notice the hearing for April 8) and omitted the fact that
25 it planned to bring a separate motion (the untimeliness of which LSW hopes will
26 be overlooked if the schedules on the two motions are aligned) further
27 demonstrates the improper motive behind LSW's request.
28    Moreover, there is no doubt that LSW's planned motion is untimely under

1 the Fourth Amended Pretrial Scheduling Order and should have been filed a week
2 ago.  LSW's own representations make clear that the dispute concerning the timing
3 for appointment of a special master necessarily "concern[s] the class notice" and is
4 raised by the class notices LSW proposed and the parties' dispute concerning the
5 notice.  *See, e.g.,* Freiberg Dec. ¶7, Ex. D (LSW's Proposed Notice Distributing
6 Questionnaire at 8 (stating, "The Court is currently deciding membership in the
7 sub-Class.  In order to do this, ***the Court has appointed a so-called "Special***
8 ***Master"*** to assist the Court in its review of materials from LSW's policy files in
9 order to determine what materials, if any, potential Class Members received.  In
10 addition, the Court has directed that the attached questionnaire be distributed to
11 potential Class Members ***to assist the Special Master in determining whether you***
12 ***and other policyholders are members of the sub-Class***)) (emphasis added);
13 Freiberg Dec. ¶6, Ex. C ("LSW believes that the special master process must begin
14 immediately – ***in concert with the 'response-required class notice'***") (emphasis
15 added).  This is precisely why Plaintiffs raised the special master issue in their
16 opening class notice motion papers, since LSW's proposed class notices made
17 clear its position that the special master process should go hand-in-hand with and,
18 thus, concerns class notice.  If LSW wanted to separately move for the
19 appointment of a special master in connection with class notice, the time to do so
20 was Monday, March 11.  It cannot now seek a continuance of Plaintiffs' motion in
21 order to make its motion appear less untimely.

22 　　　Nor has LSW advanced any reason why its motion was not or could not
23 have been timely filed on March 11.  LSW's March 14 email suggests that it was
24 always LSW's intention to "notice [its motion] for the same hearing date" as
25 Plaintiffs' motion (*see* Freiberg Dec., Ex. B), but if that were the case, LSW's
26 motion would have had to be filed on March 11 in order to be timely for an April 8
27 hearing date.  Moreover, as LSW's March 8 letter confirms, LSW plainly has been
28 aware of its position concerning the appointment of a special master "in concert

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

with the 'response-required class notice'" for weeks, if not months. *See* Freiberg Dec., Ex. C (Mr. Shapiro stating that he has "described LSW's position to [Plaintiffs] previously, so [he] will not reiterate it at length"); *id.*, Ex. D (LSW's proposed class notice, sent to Plaintiffs on February 22, expressly referencing the appointment of a special master in connection with class notice). Thus, there is no reason why LSW could not have filed its motion on March 11 and secured the same hearing date for that motion as for Plaintiffs' motion concerning class notice issues. Its attempt to do so now, under the guise of vague and unexplained scheduling conflicts, is improper and should be rejected.

## III. CONCLUSION

Because LSW failed to provide any justification for the extraordinary relief of an *ex parte* motion, and because there is no good cause for LSW's proposed motion to reschedule the hearing on Plaintiffs' Motion for Approval of Class Notice, LSW's *ex parte* application should be denied.

DATED:  March 18, 2013  KASOWITZ BENSON TORRES & FRIEDMAN LLP


By: /s/ Charles N. Freiberg
      Charles N. Freiberg

Attorneys For Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

OPP. TO LSW'S EX PARTE APPLICATION TO RESCHEDULE HEARING ON MOT. RE CLASS NOTICE
Case No. CV 10-09198 JVS

8