KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LAW OFFICES OF CRAIG A. MILLER
CRAIG A. MILLER (SBN 116030)
225 Broadway, Suite 1310
San Diego, CA 92101
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW<br>from Northern District of California<br><br>**DECLARATION OF CHARLES N. FREIBERG IN OPPOSITION TO DEFENDANT LIFE INSURANCE COMPANY OF THE SOUTHWEST'S EX PARTE APPLICATION TO RESCHEDULE HEARING ON PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE**<br><br>Judge James V. Selna<br>Courtroom: 10C |

FREIBERG DEC. IN OPP. TO EX PARTE APPLICATION TO RESCHEDULE HEARING RE CLASS NOTICE
Case No. CV 10-9198 JVS (RNBx)

1. I am an attorney authorized to practice in the courts of California and in the United States District Court for the Central District of California. I am a partner of Kasowitz, Benson, Torres & Friedman, LLP, counsel for Plaintiffs in these proceedings. I have personal knowledge of the facts stated herein and if required could and would testify under oath thereto.

2. On Monday, March 11, 2013, Plaintiffs filed a motion for approval of their proposed class notice, which was noticed for hearing on April 8, 2013. Prior to filing that motion, on Tuesday, March 5, 2013, I sent counsel for LSW an email in which I informed them that Plaintiffs would notice their motion concerning class notice issues for hearing on April 8, 2013. At no point between the time I sent the March 5 email and the time Plaintiffs' filed their motion on Monday, March 11 did LSW's counsel inform me of any scheduling conflict that would prevent LSW from appearing at the hearing on April 8. A true and correct copy of the March 5 email I sent to LSW's counsel is attached hereto as Exhibit A.

3. On Wednesday, March 13, two days after Plaintiffs filed their motion and set the hearing date for April 8, I received an email from LSW's counsel, Jonathan Shapiro. Mr. Shapiro informed me that April 8 would be "rough for [him] to get to Santa Ana" for the hearing due to a "family/kid conflict." Mr. Shapiro requested that the hearing be moved to April 22, or, alternatively, to April 15. In his request, Mr. Shapiro made no mention of the fact that LSW intended to file a separate motion concerning the appointment of a special master in connection with the class notice. Sensing that a desire to file an untimely motion – and not Mr. Shapiro's purported scheduling conflicts – might be the main reason behind Mr. Shapiro's request, my colleague, Jeanette Barzelay, responded that Plaintiffs were generally amenable to moving the hearing date, but she also raised our concern that LSW might "use this continuance and our agreement to stipulate thereto to secure additional time to make its own motion concerning the class notice" to be heard at the same time as Plaintiffs' motion, which would be too late

1  if noticed for the current April 8 hearing date.  Ms. Barzelay also noted that any
2  such motion concerning the appointment of a special master would be untimely
3  pursuant to the Fourth Amended Pretrial Scheduling Order because it necessarily
4  would "concern[] the class notice" and was not filed within ten days of the Ninth
5  Circuit's denial of LSW's Rule 23(f) petition.  A true and correct copy of the email
6  chain containing these and subsequent meet and confer discussions is attached
7  hereto as Exhibit B.

8      4.   In his response to Ms. Barzelay's email, Mr. Shapiro attempted to
9  gloss over the concerns she raised, falsely suggesting that Plaintiffs had "agreed"
10 that LSW's motion would be filed "on Monday [March 18]" (and wrongly
11 referring to "Monday's deadline" and a "March 25 deadline"), while
12 simultaneously confessing that LSW planned to file a motion "for appointment of a
13 special master" to be noticed "for the same hearing date" as Plaintiffs' motion.
14 Mr. Shapiro's email thus suggested that Plaintiffs' suspicions were correct that
15 LSW sought the continuance in order to notice its motion for the same date as
16 Plaintiffs' motion in the hopes of obscuring the fact that LSW's motion concerning
17 class notice issues would be untimely filed.  Accordingly, Ms. Barzelay informed
18 Mr. Shapiro on March 14 that Plaintiffs would not stipulate to moving the hearing
19 date from April 8 to April 22.  *See* Exhibit B attached hereto.

20     5.   On Friday, March 15, Mr. Shapiro sent an email to Ms. Barzelay
21 stating that LSW would file an *ex parte* motion to move the hearing date from
22 April 8 to April 22.  In his email, Mr. Shapiro stated that this scheduling conflict
23 could have been "avoided" if Plaintiffs had "simply ask[ed] us if a date works
24 before unilaterally assuming as much" and suggested that Plaintiffs had not
25 attempted to "consult on dates."  Ms. Barzelay responded to Mr. Shapiro's email,
26 reminding him that "we gave you advance notice, on Tuesday, March 5 – six days
27 before we filed our motion on Monday, March 11 – that we would be setting the
28 hearing date for April 8.  Nevertheless, we did not hear about your purported

conflict until two days *after* we filed our motion, on March 13." Ms. Barzelay also informed Mr. Shapiro that "[w]e will be opposing your ex parte motion on the basis explained in our previous emails, including the fact that it is an attempt to delay our motion in order to cure the untimeliness of your motion." *See* Exhibit B attached hereto.

6. Attached hereto as Exhibit C is a true and correct copy of a meet and confer letter from LSW's counsel, Mr. Shapiro, to me, dated March 8, 2013. In that letter, Mr. Shapiro stated that "LSW believes that the special master process must begin immediately – in concert with the 'response-required class notice.'"

7. Attached hereto as Exhibit D is a true and correct copy of a February 22, 2013 email from LSW's counsel, James Lux, to me and LSW's proposed class notice "distributing [a] questionnaire" (Document Number 106486067) attached thereto. In the section entitled "Who is in the Class," LSW's draft class notice states: "The Court is currently deciding membership in the sub-Class. In order to do this, the Court has appointed a so-called 'Special Master' (NAME) to assist the Court in its review of materials from LSW's policy files in order to determine what materials, if any, potential Class Members received. In addition, the Court has directed that the attached questionnaire be distributed to potential Class Members to assist the Special Master in determining whether you and other policyholders are members of the sub-Class."

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of March, 2013 at San Francisco, California.

By: /s/ Charles N. Freiberg
    Charles N. Freiberg