# EXHIBIT D

## Jeanette T. Barzelay

| | |
|---|---|
| **From:** | Lux, James [James.Lux@wilmerhale.com] |
| **Sent:** | Friday, February 22, 2013 6:52 AM |
| **To:** | Charles N. Freiberg; Robinson, Andrea; Shapiro, Jonathan |
| **Cc:** | Fleming, Joel; Brian P. Brosnahan; Jacob N. Foster; Jeanette T. Barzelay; Baltodano, Latricia; Perla, Timothy |
| **Subject:** | RE: Walker, et al. v. Life Insurance Company of the Southwest |
| **Attachments:** | Blackline -- Notice (distributing questionnaire)_(106486067)_(1).docx; Blackline -- Notice (member of class and sub-class)_(106485879)_(1).docx; Blackline -- Notice (member of class only)_(106485647)_(1).docx; Draft Class Questionnaire_(105540852)_(1) (3).doc |

All,

Attached please find drafts of our current thinking on the notices (which are still subject to our client's approval), which for clarity I have black-lined against the version that you initially sent. Per Jonathan's voicemail to Brian, we're available on Monday to discuss some outstanding questions we have.

Jim

---

**From:** Charles N. Freiberg [mailto:CFreiberg@kasowitz.com]
**Sent:** Wednesday, February 20, 2013 2:23 PM
**To:** Robinson, Andrea; Shapiro, Jonathan
**Cc:** Lux, James; Fleming, Joel; Brian P. Brosnahan; Jacob N. Foster; Jeanette T. Barzelay; Baltodano, Latricia; Perla, Timothy
**Subject:** RE: Walker, et al. v. Life Insurance Company of the Southwest

Andrea and Jonathan,

One answer (there may be others) quickly comes to mind here. The policyholders who are in the Class and the subclass only have a single opt-out because their choice is to pursue all of their claims independent of the class action (opt out) or all of their claims in the class action. This is so because of the effect of res judicata. See Judge Selna's November 9, 2012 decision, 4th paragraph commencing on page 34 and ending on page 35.

Charlie


Charles N. Freiberg
Kasowitz, Benson, Torres & Friedman LLP
101 California Street, Suite 2300
San Francisco, California 94111
Tel. (415) 655-4326
Fax (415) 358-5926
CFreiberg@kasowitz.com

**From:** Robinson, Andrea [mailto:Andrea.Robinson@wilmerhale.com]
**Sent:** Tuesday, February 19, 2013 5:45 PM
**To:** Charles N. Freiberg; Perla, Timothy; Shapiro, Jonathan
**Cc:** Lux, James; Fleming, Joel; Brian P. Brosnahan; Jacob N. Foster; Jeanette T. Barzelay; Baltodano, Latricia
**Subject:** RE: Walker, et al. v. Life Insurance Company of the Southwest

1

Charles – just looking for your thinking on a single opt-out for folks in the class regardless of whether they are also in the sub-class

**Andrea J. Robinson | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6360 (t)
+1 617 526 5000 (f)
andrea.robinson@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Charles N. Freiberg [mailto:CFreiberg@kasowitz.com]
**Sent:** Tuesday, February 19, 2013 6:53 PM
**To:** Perla, Timothy; Shapiro, Jonathan
**Cc:** Lux, James; Robinson, Andrea; Fleming, Joel; Brian P. Brosnahan; Jacob N. Foster; Jeanette T. Barzelay; Baltodano, Latricia
**Subject:** RE: Walker, et al. v. Life Insurance Company of the Southwest

Jonathan,

We do not understand the question raised in your email. Please clarify the different treatment to which you refer.

Charlie



Charles N. Freiberg
Kasowitz, Benson, Torres & Friedman LLP
101 California Street, Suite 2300
San Francisco, California 94111
Tel. (415) 655-4326
Fax (415) 358-5926
CFreiberg@kasowitz.com

**From:** Shapiro, Jonathan [mailto:JonathanShapiro@wilmerhale.com]
**Sent:** Tuesday, February 19, 2013 2:11 PM
**To:** Norma Ortega; Perla, Timothy
**Cc:** Lux, James; Robinson, Andrea; Fleming, Joel; Brian P. Brosnahan; Jacob N. Foster; Jeanette T. Barzelay; Charles N. Freiberg; Baltodano, Latricia; Shapiro, Jonathan
**Subject:** Re: Walker, et al. v. Life Insurance Company of the Southwest

Brian,

I owe you an update.

We're working through a host of issues on the notices. There is one in particular that I'm hoping you may be able to help us with, dealing with the illustration class. Do you have any case law (either way) for the proposition that the illustration class can be treated differently for notice/opt-out purposes than the larger class?

We have other issues, but broadly speaking that key question/topic is where we are getting bogged down.

Thanks, Jonathan



Jonathan A. Shapiro | WilmerHale
950 Page Mill Road
Palo Alto, CA 94304 USA
+1 650 858 6101 (t)
+1 650 858 6100 (f)
jonathan.shapiro@wilmerhale.com

Please consider the environment before printing this email.

---

**From**: Shapiro, Jonathan
**Sent**: Thursday, February 14, 2013 08:01 PM Eastern Standard Time
**To**: 'NOrtega@kasowitz.com' <NOrtega@kasowitz.com>; Perla, Timothy
**Cc**: Lux, James; Robinson, Andrea; Fleming, Joel; 'bbrosnahan@kasowitz.com' <bbrosnahan@kasowitz.com>; 'jfoster@kasowitz.com' <jfoster@kasowitz.com>; 'JBarzelay@kasowitz.com' <JBarzelay@kasowitz.com>; 'cfreiberg@kasowitz.com' <cfreiberg@kasowitz.com>; Shapiro, Jonathan; Baltodano, Latricia
**Subject**: Re: Walker, et al. v. Life Insurance Company of the Southwest

Brian

We'll try to get our marked up notice to you by cob. I'm not sure it makes sense to discuss it in the abstract.

Thanks, Jonathan



Jonathan A. Shapiro | WilmerHale
950 Page Mill Road
Palo Alto, CA 94304 USA
+1 650 858 6101 (t)
+1 650 858 6100 (f)
jonathan.shapiro@wilmerhale.com

Please consider the environment before printing this email.

---

**From**: Norma Ortega [mailto:NOrtega@kasowitz.com]
**Sent**: Thursday, February 14, 2013 06:55 PM Eastern Standard Time
**To**: Perla, Timothy; Shapiro, Jonathan
**Cc**: Lux, James; Robinson, Andrea; Fleming, Joel; Brian P. Brosnahan <BBrosnahan@kasowitz.com>; Jacob N. Foster <JFoster@kasowitz.com>; Jeanette T. Barzelay <JBarzelay@kasowitz.com>; Charles N. Freiberg <CFreiberg@kasowitz.com>
**Subject**: Walker, et al. v. Life Insurance Company of the Southwest

Original to follow via U.S. Mail.

Norma Ortega
Legal Secretary
Kasowitz, Benson, Torres & Friedman LLP
101 California Street, Suite 2300
San Francisco, California 94111
Tel. (415) 655-4318
Fax (415) 520-5360
NOrtega@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

# UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

## If you were or are a California resident who purchased one or both of the following from Life Insurance Company of the Southwest ("LSW"):

- **SecurePlus Provider** universal life insurance policy
- **SecurePlus Paragon** universal life insurance policy

## a class action lawsuit may affect your rights.

*Please read this notice carefully.*

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- Individuals who purchased a SecurePlus Provider Policy or a SecurePlus Paragon Policy ("the Policies") have sued LSW, alleging that LSW engaged in unfair, unlawful, and fraudulent business practices and committed fraud, by allegedly marketing the Policies as secure retirement or investment plans while allegedly concealing important facts and risks regarding the Policies.  LSW responds that these allegations are baseless, and that no important facts or risks regarding the Policies were concealed.  The United States District Court for the Central District of California ("the Court") has ruled that the case may proceed as a class action on behalf of all individuals who purchased a SecurePlus Provider or a SecurePlus Paragon Policy from LSW on or after September 24, 2006 and who resided in California at the time the Policy was issued to them.  The Court is currently in the process of determining who may be a member of an additional, sub-Class that is also a part of this lawsuit.

- The Court has not decided whether LSW did anything wrong.  There is no money available now, and ~~no guarantee~~ there ~~will~~may never be.

- The primary purpose of this Notice is to inform you of the lawsuit ~~so that you can make an informed decision as~~ and to obtain information from you to determine whether or not you ~~want to remain~~ may be a member of the sub-Class ~~or exclude yourself from~~.

- *This lawsuit has not changed* the *terms of your insurance policy if it is in force, and all contractual guarantees remain in place and are not at risk.*  If you have any questions about your insurance policy other than about this Class.  Action, you should contact LSW or your insurance agent as usual (contact information below).

<div style="border: 1px solid green; background-color: gray;">

**YOUR LEGAL RIGHTS AND OPTIONS IN RESPONSE TO THIS ~~LAWSUIT~~NOTICE:**

</div>

1

QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT WWW._____.COM

~~ACTIVEUS 106485485V.1~~ACTIVEUS 106486067V.1

| | |
|---|---|
| **COMPLETE THE ATTACHED QUESTIONNAIRE**~~DO NOTHING~~ | **You will ~~remain~~ receive another notice following the Court's determination of sub-Class membership.**<br><br>The Court is currently in the process of determining who may be a member of the ~~Class and be part of this lawsuit.~~ sub-Class. Your answers on the attached questionnaire will provide the Court with information that may be important in determining whether you are a member. Once the Court determines membership in the sub-Class, you will receive another notice with additional information about this lawsuit.<br><br>~~By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement. But, you give up any rights to sue LSW separately about the same legal claims in this lawsuit.~~ |
| **DO NOTHING**~~ASK TO BE EXCLUDED~~ | **You ~~would get out of this lawsuit, get no benefits~~will receive another notice, but you may be prevented from ~~it, and keep your rights to sue LSW separately.~~membership in the sub-Class.**<br><br>If you ~~ask~~do not respond to this questionnaire, the Court may be unable to ~~be excluded, and money or benefits~~ determine whether you are ~~later awarded, you will~~ a member of the sub-Class, which means that you may not share in ~~those. But, you keep~~ any ~~rights~~recovery that may be provided to ~~sue LSW separately~~the sub-Class in the future. Once the Court determines membership in the sub-Class, you will receive another notice with additional information about ~~the same legal claims in~~ this lawsuit. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice. To ~~be excluded~~ensure that your questionnaire is considered, you must ~~act~~complete and return it by _____[~~60~~75 days from date of notice].

- Lawyers for the Class and sub-Class must still prove their claims against LSW in a trial or the case must settle. The trial is set for _____, 2013. ~~If money or benefits are obtained from LSW, you will be notified about how to ask for a share.~~

- **Any questions?** Read on and visit [insert website address].

2

QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT WWW._____.COM

~~ACTIVEUS 106485485V.1~~ACTIVEUS 106486067V.1

| WHAT THIS NOTICE CONTAINS |
|---|

**[UPDATE]**

**BASIC INFORMATION** ………………………………………………………………… PAGE 4
    1. Why did I get this notice package?
    2. What is this lawsuit about?
    3. What is a class action and who is involved?
    4. Why is this a class action?

**THE CLAIMS IN THIS LAWSUIT** ……………………………………………………… PAGE 6
    5. What does the lawsuit complain about?
    6. How does LSW answer?
    7. Has the Court decided who is right?
    8. What are the Plaintiffs asking for?
    9. Is there any money available now?

**WHO IS IN THE CLASS** ………………………………………………………………… PAGE 8
    10. Am I part of this Class?
    11. Are any SecurePlus Provider or SecurePlus Paragon policyholders specifically excluded from the Class?
    12. Do beneficiaries of deceased policyholders have rights in this lawsuit?
    13. I'm still not sure if I'm included.

**YOUR RIGHTS AND OPTIONS**………………………………………………………… PAGE 10
    14. What happens if I do nothing at all?
    15. Why would I ask to be excluded?
    16. How do I ask the Court to exclude me from the Class?

**THE LAWYERS REPRESENTING YOU**………………………………………………… PAGE 11
    17. Do I have a lawyer in the case?
    18. Should I get my own lawyer?
    19. How will the lawyers be paid?

**THE TRIAL**………………………………………………………………………………… PAGE 11
    20. How and when will the Court decide who is right?
    21. Do I have to come to the trial?
    21. Will I get money after the trial?

**GETTING MORE INFORMATION**……………………………………………………… PAGE 12
    23. How do I get more information?

A̶C̶T̶I̶V̶E̶U̶S̶ ̶1̶0̶6̶4̶8̶5̶4̶8̶5̶v̶.̶1̶ACTIVEUS 106486067v.1

# BASIC INFORMATION

**1. Why did I get this notice package?**

You are listed in LSW's records as ~~being~~ a current or former owner of a SecurePlus Provider or SecurePlus Paragon indexed universal life insurance policy, who purchased ~~the~~your Policy from LSW on or after September 24, 2006, and who resided in California at the time ~~the~~your Policy was issued to you.

The Court directed that the parties send you this notice because the Court has allowed, or "certified," a class action lawsuit that may affect your rights. You have legal rights and options that you may exercise before the Court holds a trial. The trial ~~is to~~will decide whether the claims being made against LSW, on your behalf, are correct <ins>or incorrect, and whether you or anyone else is or is not entitled to receive any relief</ins>.

This package explains the lawsuit~~,~~ <ins>and</ins> your legal rights~~, and your options~~.

The Court in charge of the case is the United States District Court for the Central District of California in Santa Ana, California, and the case is known as *Walker, et al. v. Life Insurance Company of the Southwest*, Case No. CV-10-9198-JVS (RNBx).

**2. What is this lawsuit about?**

This lawsuit relates to life insurance policies ~~marketed and sold~~issued by LSW, known as the SecurePlus Provider Policy and the SecurePlus Paragon Policy ("the Policies"). Plaintiffs claim that LSW marketed the Policies as safe and secure retirement or investment plans that would purportedly provide the policyholder with significant retirement income, when in fact the structure of the Policies <ins>allegedly</ins> created a ~~high~~ risk that the Policy will ~~"~~lapse~~" (meaning run out of money and terminate)~~ or suffer reduced Policy value and that ~~the~~<ins>, if a</ins> Policy <ins>lapses, it</ins> will not deliver any tax advantages. Plaintiffs also contend that illustrations used in selling the Policies concealed ~~substantial~~ Policy fees and misrepresented guaranteed earnings and guaranteed caps on certain Policy fees. Plaintiffs claim that as a result of LSW's misrepresentations and omissions, policyholders ~~were induced to invest substantial assets in the~~purchased Policies which they ~~were later unable to take out of the Policies~~cannot now cancel due to the ~~very high~~ fees charged for surrendering (giving up) the policy. Plaintiffs seek damages and an order prohibiting LSW from ~~continuing to engage in~~engaging in what they allege are unlawful, unfair, and fraudulent business practices. Plaintiffs also seek to enable policyholders to undo (or "rescind") the Policies <ins>(including insurance coverage under those Policies)</ins> and seek refunds <ins>of a portion of the premiums paid</ins> for the rescinded Policies.

~~LSW disputes all of these claims and denies that it did anything wrong in its marketing and disclosures to policyholders.~~

<ins>LSW disputes all of these claims and denies that it did anything wrong in its marketing and disclosures to policyholders. Specifically, LSW contends that the Policies are high-quality life insurance products that provide LSW's policyholders and their beneficiaries with substantial death benefits. In addition,</ins>

4

QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT WWW._____.COM

LSW contends that there is nothing in the structure of the Policies that create any particular risk of lapse or reduced policy value, and that all fees and guarantees were disclosed to you and other policyholders (including because all fees and guarantees were incorporated into illustrated values, and were otherwise conveyed by agents, brochures, and/or in the Policy itself).  In fact, LSW's contends that its policyholders (such as yourself) have fared very well, with policy values that have grown at a rate better than the contractual guarantee despite a serious downturn in the stock market over the past several years.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more persons, called Class Representatives (in this case Joyce Walker, Kim Bruce Howlett, and Muriel Spooner), sue on behalf of people (called "Class Members") who have similar claims.  The Class Representatives who sued – and all of the Class Members like them – are called the Plaintiffs.  The company they sued (in this case LSW) is called a Defendant.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is this a class action?

United States District Judge James V. Selna of the United States District Court for the Central District of California ("Judge Selna" or "the Court") is in charge of this case, and he has certified it as a class action.  Judge SelnaThe Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.  Specifically, the Court found that:

- LSW soldissued approximately 3742,000 SecurePlus Paragon or SecurePlus Provider Policies to individuals in California on or after September 24, 2006;
- There are many legal questions and facts that are common to each of these individuals;
- The claims of Class Representatives Walker, Howlett, and Spooner are typical of the claims of the rest of the Class;
- Walker, Howlett, and Spooner, and the lawyers representing the Class will fairly and adequately represent the Class' interests;
- The common legal questions and facts predominate over any questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is available at http://www._____.

# **T**HE **C**LAIMS **I**N **T**HIS **L**AWSUIT

### 5. What does this lawsuit complain about?

The SecurePlus Provider Policy and the SecurePlus Paragon Policy ("the Policies") are indexed universal life insurance policies which are ~~sold and marketed~~issued by LSW ~~as both a life insurance policy and an investment.~~.  In this lawsuit, the Plaintiffs claim that LSW ~~engaged in unfair, unlawful, and fraudulent business practices and committed fraud by misrepresenting~~misrepresented the Policies as safe and secure retirement and investment plans, while concealing ~~important~~ information about the Policies, including fees charged against the Policy value, how guaranteed interest is calculated on the Policy, and the ~~significant~~ risks of lapse or reduced Policy value because of how the Policies are structured.

The Policies provide a death benefit if the policyholder dies while the Policy is in force.  While the policyholder is alive, the Policy value can earn interest that is based on the performance of the S&P 500 Stock Index.  This interest, along with premiums paid by the policyholder, becomes part of the cash value of the Policy.  ~~Numerous~~ Fees are charged against the Policy by LSW, which the Plaintiffs claim are not adequately disclosed; some fees are deducted directly from each premium ~~dollar spent~~payment, and additional fees are deducted from the accumulated value of the Policy ~~every~~each month.  ~~Significant~~Decreasing surrender charges apply to the Policies in the event a policyholder wants to surrender the Policy ~~prior to death~~within the first ten years.

The Plaintiffs contend that LSW ~~deceptively~~ conceals the ~~significant risks~~risk that the Policies will decrease instead of increase in value and that the policyholder will not be able to realize any tax advantages from the Policy.  Specifically, Plaintiffs contend:

1) that the internal structure of the Policy, combined with the natural volatility of the stock market, creates a ~~very high~~ risk that the Policy value will decrease ~~substantially~~ or even cause the Policy to lapse and ~~thus~~ terminate without ~~any~~ value.  Plaintiffs allege that this risk is due to the interaction between natural S&P 500 ~~Stock Index~~ volatility and the ~~Policy design, including the existence of certain lapse accelerating~~ features of the Policy.  ~~This is called~~They call this the "Volatility ~~Defect~~ Claim"; and

2) that although the Policy ~~is designed to~~may enable the policyholder to earn "tax free" retirement income through Policy loans, LSW does not disclose that the Policies ~~are~~may lapse ~~prone~~ and that it ~~is highly unlikely that the~~ a policyholder ~~will~~may not be able to obtain any actual tax benefits~~, which would require the policyholder to keep paying LSW's large Policy fees until the death of the insured person.~~.  If the Policy were to lapse with a loan outstanding, the policyholder would ~~immediately~~ owe income taxes on any Policy earnings that were borrowed from the Policy~~, and the tax rate that the IRS would apply would be the higher rate for ordinary income and not the lower rate that usually applies to capital gains like investment earnings.  This is called~~ when it lapsed.  They call this the "Tax ~~Defect~~ Claim."

Plaintiffs also contend that ~~the Policy Illustration documents prepared by LSW and~~illustrations used by agents and brokers in the ~~marketing~~sale of the Policies are also misleading and deceptive, because they:

1) represent that the Policy has only "One Policy Fee" while in fact numerous fees are deducted from the policy value. ~~This is called~~They call this the "Undisclosed Fees Claim";

2) represent that the Policy provides an annual interest guarantee of 2% (for Provider) and 2.5% (for Paragon~~)~~), when in fact LSW ~~provides no such~~ guarantees~~. This is called~~ that this interest increase will happen retrospectively after a period of years. They call this the "Minimum Guarantee Claim"; and

3) represent that ~~a future~~one policy fee ~~reduction that is described in the Illustration is guaranteed~~will reduce after ten years, when in fact ~~it~~ that reduction is not guaranteed. ~~This is called~~They call this the "No Guaranteed Fee Reduction Claim."

The Plaintiffs allege that as a result of LSW's misrepresentations and nondisclosures regarding the Policies, purchasers of the Policies suffered money damages, including that they bought a Policy that was worth ~~significantly~~ less than the amount they paid for the Policy.

You can read Plaintiffs' Second Amended Class Action Complaint at [insert website address].  You can also read LSW's response (Answer) to the Second Amended Class Action Complaint at [insert website address].

### 6. How does LSW answer?

LSW denies that it did anything wrong.  ~~[insert text from LSW].~~Specifically, LSW stands by the quality of its Policies, and believes that the terms and features of its Policies are fully disclosed and set forth in a variety of materials and settings, including in conversations between policyholders and their agents or brokers and written materials (including the Policy itself, marketing materials, buyers' guides, and illustrations).  LSW also does not believe it is responsible for the decisions by the Class Representatives and others not to pay the premiums required to keep the Policies in force.

### 7. Has the Court decided who is right?

The Court has not decided whether LSW or the Plaintiffs are correct.  By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case.  The Plaintiffs must prove their claims and that they have incurred damages as a result of the conduct alleged at a trial in order to win unless the case is settled.  The trial date is currently set for _____, 2013.  (See "The Trial" below on page __.)

### 8. What are the Plaintiffs asking for?

The Plaintiffs want money damages including the amount LSW overcharged SecurePlus Provider and SecurePlus Paragon policyholders, with interest on those amounts (even if the Policy lapsed or was surrendered).  In the alternative, Plaintiffs ~~also~~ seek the right to undo ("rescind") the purchase of the Policy (in which case the insurance coverage would cease) and get a portion of their premiums back

7

without being subjected to a surrender charge if their Policy is still in force.  Plaintiffs also want an award of punitive or exemplary damages against LSW to punish it for its misconduct, and an order prohibiting LSW from ~~continuing to engage~~engaging in the unfair, unlawful, and fraudulent business practices alleged by the Plaintiffs.

**9. Is there any money available now?**

No money or benefits are available now ~~because~~.  The Court has not yet decided whether LSW did anything wrong and the two sides have not settled the case.  There is no guarantee that money or benefits ever will be obtained.  If money or other benefits become available, you are a member of the Class and/or the sub-Class, and you do not opt out of the Class, you will be notified about how to ask for a share of the money or benefits obtained.

## WHO IS IN THE CLASS

**10. ~~Am I~~Who is a part of this Class?**

~~The Court~~In this case, there is one over-arching Class and a sub-Class.  The Court has decided that you are part of the Class if you are a current or former SecurePlus Provider or SecurePlus Paragon policyholder who resided in California at the time of Policy issuance and you purchased the Policy on or after September 24, 2006.  The Court is currently deciding membership in the sub-Class.  In order to do this, the Court has appointed a so-called "Special Master" (NAME) to assist the Court in its review of materials from LSW's policy files in order to determine what materials, if any, potential Class Members received.  In addition, the Court has directed that the attached questionnaire be distributed to potential Class Members to assist the Special Master in determining whether you and other policyholders are members of the sub-Class.

~~All Class Members~~All current or former SecurePlus Provider or SecurePlus Paragon policyholders who resided in California at the time of Policy issuance and purchased the Policy on or after September 24, 2006 (the Class) are asserting claims under the California Unfair Competition Law (Business & Professions Code Section 17200) for LSW's unfair, unlawful, and fraudulent business acts and practices with respect to the Policies, specifically the Volatility ~~Defect~~ Claim and the Tax ~~Defect~~ Claim described above.  Class Members who purchased one of the Policies on or after September 24, *2007* are also asserting a fraud claim against LSW based on these allegations.

~~Class Members~~All current or former SecurePlus Provider or SecurePlus Paragon policyholders who resided in California at the time of Policy issuance, purchased the Policy on or after September 24, 2006, and who received a Policy Illustration ~~document~~ from LSW at or before the time they applied for ~~one of~~ their Policy (the ~~Policies~~sub-Class) are asserting additional claims against LSW under the California Unfair Competition Law (Business & Professions Code Section 17200) based on misrepresentations and omissions contained in the Policy Illustration documents, specifically the Undisclosed Fees Claim, Minimum Guarantee Claim, and the No Guaranteed Fee Reduction Claim described above.  Class Members who purchased one of the Policies on or after September 24, *2007* are also asserting a fraud claim against LSW, based on these allegations.

8

QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT WWW._____.COM

~~ACTIVEUS 106485485V.1~~ACTIVEUS 106486067V.1

**11. Are any SecurePlus Provider or SecurePlus Paragon policyholders specifically excluded from the Class?**

Yes. The following persons are not included in the Class ~~(or Subclasses):~~ the sub-Class: past or present officers, directors, agents, brokers, or employees of LSW, or its parent or subsidiary corporations; any agents, brokers, or others who sold the SecurePlus Provider or SecurePlus Paragon policies for LSW, or for its parent or subsidiary corporations; any entity in which LSW has a controlling interest; the affiliates, legal representatives, attorneys or assigns of LSW or its parent or subsidiary corporations; any judge, justice, or judicial officer presiding over this matter and the staff and immediate family of any such judge, justice, or judicial officer; persons who previously had settled disputes with LSW with respect to their SecurePlus Provider or SecurePlus Paragon policies and signed releases; and any person who submits a valid request to be excluded ~~from the Class.~~.

**12. Do beneficiaries of deceased policyholders have rights in this lawsuit?**

Beneficiaries of deceased policyholders may be entitled to rights and benefits under this class action lawsuit.

**13. ~~I'm still not sure if I am included in the Class.~~**

~~If you are not sure whether you are included in the Class, call the Information Center at 1-800-xxx-xxxx for further information, or visit the website at [insert website address].~~

## YOUR RIGHTS AND OPTIONS

~~If you meet the definition of a Class Member, you have to decide whether to stay~~ The Court is currently in the ~~Class or ask to be excluded from~~ process of determining membership in the sub-Class through the ~~Class.~~ use of a Court-appointed Special Master.  You have to decide ~~this on or before _____ [60~~ whether to complete the attached questionnaire, which the Special Master will use to determine if you are a member of the sub-Class.  To ensure that your questionnaire is considered, you must complete and return it by _____ [75 days from date of notice].

### 13. What happens if the Court decides I am a member of the sub-Class?

Whether or not the Court determines that you are a member of the sub-Class, you will receive another notice from the Court explaining your rights and options as a Class Member.  If the Court decides that you are a member of the sub-Class, this additional notice will include additional information pertinent to members of the sub-Class.

### 14. What happens if I do nothing at all?

You do not have to do anything now.  You are still a member of the Class, and the Court may still determine that you are a member of the sub-Class.  However, the information sought by the attached questionnaire may be important to the Court in determining whether you are a member of the sub-Class, which means that if you do not respond you may not share in any recovery that may be provided to the sub-Class in the future.

## THE LAWYERS REPRESENTING ~~You do not have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing you are staying in the Class. If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, **you will not be able to sue, or continue to sue,** LSW — as part of any other lawsuit — about the same legal claims that are the subject of this lawsuit. You also will be legally bound by all of the rulings that the Court makes in this class action.~~

## CLASS MEMBERS

**15.** ~~Why would I ask to be excluded~~ **Who are the lawyers for Class Members?**

~~If you already have your own lawsuit against LSW based on the subject of this lawsuit and want to continue with it, you need to ask to be excluded from the Class. If you exclude yourself from the Class — which means to remove yourself from the Class, and is sometimes called "opting out" of the Class — you will not get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (if there is a settlement) between LSW and the Plaintiffs.~~

~~However, if you exclude yourself from the Class you may then be able to sue or continue to sue LSW. If you exclude yourself, you will not be legally bound by the Court's rulings in this class action.~~

~~If you start your own lawsuit against LSW after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against LSW, you should talk to your own lawyer soon, because your claims may be subject to a time limit, known as a statute of limitations.~~

**~~16. How do I ask the Court to exclude me from the Class?~~**

~~To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Walker v. LSW*. Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request postmarked by _____, to: Walker v. LSW Exclusions, P.O. Box _____, _____. You may also get an Exclusion Request form at the website, [insert website address].~~

# ~~THE LAWYERS REPRESENTING~~ YOU

## ~~17.~~  ~~Do I have a lawyer in this case?~~

~~Yes.~~ The Court decided that the attorneys at two law firms – as Kasowitz, Benson, Torres, & Friedman LLP, and Law Offices of Craig A. Miller– are qualified to represent ~~you and~~ all Class Members. Together, the lawyers are called Class Counsel. They are experienced in handling similar cases. Information about either law firm can be found by visiting the websites listed below:

| **Kasowitz Benson Torres & Friedman LLP**<br>www.kasowitz.com<br>Charles N. Freiberg<br>Brian P. Brosnahan<br>101 California Street, Suite 2300<br>San Francisco, CA 94111<br>(415) 421-6140 | **Law Offices of Craig A. Miller**<br>www.craigmillerlaw.com<br>Craig A. Miller<br>225 Broadway, Suite 1310<br>San Diego, CA 92101<br>(619) 231-9449 |
|---|---|

~~You~~Class Members will not be charged for these lawyers. If you are a Class Member and want to be represented by your own lawyer, you may hire one at your own expense.

LSW is also represented by counsel. LSW's counsel do not represent you or any other Class Members. Information about LSW's counsel can be found by visiting the website listed below:

> ~~18.~~  ~~Should I get my own lawyer?~~Wilmer Cutler Pickering Hale and Dorr LLP
> www.wilmerhale.com
> Andrea J. Robinson
> Jonathan A. Shapiro
> 950 Page Mill Road
> Palo Alto, CA 94304

## 16.  Should I get my own lawyer?

If the Court determines that you are a Class Member, you do not need to hire your own lawyer because Class Counsel is working on ~~your~~ behalf of all Class Members. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

## ~~19~~17.  How will the Class Counsel lawyers be paid?

~~You~~Class Members will not be charged personally for these lawyers. Class Counsel are working on behalf of the Class on a contingency basis and will only be paid if a benefit is obtained for the Class and the Court approves the fees and expenses requested by Class Counsel. If the Court grants Class

12

QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT WWW._____.COM

~~ACTIVEUS 106485485V.1~~ACTIVEUS 106486067V.1

Counsel's request, the fees and expenses would either be paid by LSW or deducted, in whole or in part, from monies obtained for the Class and the sub-Class, in an amount to be determined by the Court.

# THE TRIAL

**2018. How and when will the Court decide who is right?**

If the case is not resolved by a settlement or otherwise, it will be up to Class Counsel ~~will have~~ to prove the Plaintiffs' claims and any damages at a trial.  LSW will defend itself at trial.  The trial date is currently set for _____, 2013, in the United States District Court for the Central District of California, Ronald Reagan Federal Building, 411 West Fourth Street, Courtroom 10C, Santa Ana, CA 92701-4516.  During the trial, a jury or the judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or LSW is right about the claims in the lawsuit.  There is no guarantee that the Plaintiffs will win or that they will get any money for the Class.

If you ~~do not request exclusion from~~ are a member of the Class and/or sub-Class, you will be notified of any proposed settlement or any recovery by Plaintiffs at trial.

Be sure to report any changes to your address following receipt of this Notice to:

[address]

**2119. Do I have to come to the trial?**

You do not need to attend the trial unless you choose to do so.  Class Counsel will present the case for the Class, and LSW will present its defenses.  You and/or your own lawyer are welcome to come at your own expense.

**~~22. Will I get money after the trial?~~**

~~If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate.  We do not know how long this will take.  Court orders and other important information about the case will be posted on the website, www.\_\_\_\_\_.com, as they become available. You can access the website to obtain current information about this case, whether you stay in the lawsuit or exclude yourself.~~

# GETTING MORE INFORMATION

13

QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT WWW.\_\_\_\_\_.COM

~~ACTIVEUS 106485485v.1~~ACTIVEUS 106486067v.1

| | |
|---|---|
| **~~23~~20**. | **How do I get more information?** |

This Notice serves only as a summary of the Class Action.  For additional information about the Class Action, you can call 1-800_____ toll free; write to _____; or visit the website at _____.  Please do not call the Court or the Court Clerk.

For any information about your Policy other than about the Class Action, you can contact LSW or your insurance agent by calling 1-800-732-8939; write to LifeCustomerService@NationalLife.com; or visit the website at www.nationallifegroup.com.