# APPENDIX A

# UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

# If you were or are a California resident who purchased one or both of the following from Life Insurance Company of the Southwest ("LSW"):

- **SecurePlus Provider** universal life insurance policy
- **SecurePlus Paragon** universal life insurance policy

## a class action lawsuit may affect your rights.

*Please read this notice carefully.*

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Individuals who purchased a SecurePlus Provider Policy or a SecurePlus Paragon Policy ("the Policies") have sued LSW, alleging that LSW engaged in unfair, unlawful, and fraudulent business practices and committed fraud, by allegedly marketing the Policies as secure retirement or investment plans while allegedly concealing important facts and risks regarding the Policies. LSW responds that these allegations are baseless and that no important facts or risks regarding the Policies were concealed. The United States District Court for the Central District of California ("the Court") has ruled that the case may proceed as a class action on behalf of all individuals who purchased a SecurePlus Provider or a SecurePlus Paragon Policy from LSW on or after September 24, 2006 and who resided in California at the time the Policy was issued to them.

- The Court has not decided whether LSW did anything wrong. There is no money available now and there may never be.

- The primary purpose of this Notice is to inform you of the lawsuit so that you can make an informed decision as to whether you want to remain a member of the Class or exclude yourself from the Class.

- This lawsuit has not changed the terms of your insurance policy if it is in force, and all contractual guarantees remain in place and are not at risk. If you have any questions about your insurance policy other than about this Notice or this Class Action, you should contact LSW or your insurance agent as usual (contact information is below).

1

**QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT WWW._____.COM**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT:** | |
|---|---|
| **DO NOTHING** | **You will remain a member of the Class and be part of this lawsuit.**<br><br>By doing nothing, you keep the possibility of receiving a share of a recover (if any) that may come from a trial or a settlement.  But, you give up any rights to sue LSW separately about any omissions or misrepresentations in connection with your Policy. |
| **ASK TO BE EXCLUDED** | **You will not remain a member of the Class and will not be part of this lawsuit, and you would keep your rights to sue LSW separately.**<br><br>If you ask to be excluded from the Class, and recovery is later awarded, you will not share in it.  But, you keep any rights to sue LSW separately about any omissions or mispreresentations in connection with your Policy. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.  To be excluded from the Class, you must act by _____[75 days from date of notice].

- Lawyers for the Class must still prove their claims against LSW in a trial.  The trial is set for _____, 2013.

- **Any questions?**  Read on and visit [insert website address].

2

QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT WWW._____.COM

|WHAT THIS NOTICE CONTAINS|
|---|

**BASIC INFORMATION** ................................................................................ PAGE 4
  1. Why did I get this notice package?
  2. What is this lawsuit about?
  3. Has the Court decided who is right?
  4. What are the Plaintiffs asking for?
  5. Is there money available now?
  6. What is a class action and who is involved?
  7. Are any SecurePlus Provider or SecurePlus Paragon policyholders specifically excluded from the Class?
  8. Do beneficiaries of deceased policyholders have rights in this lawsuit?

**YOUR RIGHTS AND OPTIONS** .................................................................... PAGE 8
  9. What happens if I do nothing at all?
  10. Why would I ask to be excluded?
  11. How do I ask the Court to exclude me from the Class?

**THE LAWYERS REPRESENTING YOU** ........................................................ PAGE 9
  12. Do I have a lawyer in the case?
  13. Should I get my own lawyer?
  14. How will the Class Counsel lawyers be paid?

**THE LAWYERS REPRESENTING LSW** ....................................................... PAGE 10
  15. Does LSW have lawyers in this case?

**THE TRIAL** ................................................................................................ PAGE 11
  16. How and when will the Court decide who is right?
  17. Do I have to come to the trial?

**GETTING MORE INFORMATION** .............................................................. PAGE 12
  18. How do I get more information?

# <u>BASIC INFORMATION</u>

### 1. Why did I get this notice package?

You are listed in LSW's records as being a current or former owner of a SecurePlus Provider or SecurePlus Paragon indexed universal life insurance policy, who purchased your Policy from LSW on or after September 24, 2006, and who resided in California at the time your Policy was issued to you.

The Court directed that the parties send you this notice because the Court has allowed, or "certified," a class action lawsuit that may affect your rights. You have legal rights and options that you may exercise before the Court holds a trial. The trial will decide whether the claims being made against LSW, on your behalf, are correct or incorrect, and whether you or anyone else is or is not entitled to receive any money or benefits.

This package explains the lawsuit, your legal rights, and your options.

The Court in charge of the case is the United States District Court for the Central District of California in Santa Ana, California, and the case is known as *Walker, et al. v. Life Insurance Company of the Southwest*, Case No. CV-10-9198-JVS (RNBx).

### 2. What is this lawsuit about?

This lawsuit relates to life insurance policies issued by LSW, known as the SecurePlus Provider Policy and the SecurePlus Paragon Policy ("the Policies"). Plaintiffs claim that LSW marketed the Policies as safe and secure retirement or investment plans that would purportedly provide the policyholder with significant retirement income, when in fact the structure of the Policies allegedly created a risk that the Policy will lapse or suffer reduced Policy value and that, if a Policy lapses, it will not deliver any tax advantages. Specifically, Plaintiffs contend:

1) that the internal structure of the Policy, combined with the natural volatility of the stock market, creates a risk that the Policy value will decrease or even cause the Policy to lapse and terminate without value. Plaintiffs allege that this risk is due to the interaction between natural S&P 500 volatility and the features of the Policy. They call this the "Volatility Claim"; and

2) that although the Policy may enable the policyholder to earn tax free retirement income through Policy loans, LSW does not disclose that the Policies may lapse and that a policyholder may not able to obtain any actual tax benefits. If the Policy were to lapse with a loan outstanding, the policyholder would owe income taxes on any Policy earnings that were borrowed from the Policy. They call this the "Tax Claim."

Plaintiffs also contend that certain illustrations used by agents and brokers in the sale of the Policies are also misleading and deceptive, because they:

1) represent that the Policy has only "One Policy Fee" while in fact numerous fees are deducted from the policy value. They call this the "Undisclosed Fees Claim";

2) represent that the Policy provides an annual interest guarantee of 2% (for Provider) and 2.5% (for Paragon), when in fact LSW guarantees that this interest increase will happen retrospectively after a period of years. They call this the "Minimum Guarantees Claim"; and

3) represent that one policy fee will reduce after ten years when in fact that reduction is not guaranteed. They call this the "No Guaranteed Fee Reduction Claim."

Plaintiffs also contend that illustrations used in selling the Policies concealed Policy fees and misrepresented guaranteed earnings and guaranteed caps on certain Policy fees. Plaintiffs claim that as a result of LSW's misrepresentations and omissions, policyholders purchased Policies which they cannot now cancel due to the fees charged for surrendering (giving up) the policy. Plaintiffs seek damages and an order prohibiting LSW from engaging in what they allege are unlawful, unfair, and fraudulent business practices. Plaintiffs also seek to give policyholders the option to undo (or "rescind") the Policies (including insurance coverage under those Policies) and seek refunds of a portion of the premiums paid for the rescinded Policies.

LSW disputes all of these claims and denies that it did anything wrong in its marketing and disclosures to policyholders. Specifically, LSW contends that the Policies are high-quality life insurance products that provide LSW's policyholders and their beneficiaries with substantial death benefits. In addition, LSW contends that there is nothing in the structure of the Policies that create any particular risk of lapse or reduced policy value, and that all fees and guarantees were disclosed to policyholders (including because all fees and guarantees were incorporated into illustrated values, and were otherwise conveyed by agents, brochures, and/or in the Policy itself).

You can read Plaintiffs' Second Amended Class Action Complaint and LSW's response (Answer) to the Second Amended Class Action Complaint at [insert website address]

### 3. Has the Court decided who is right?

The Court has not decided whether LSW or the Plaintiffs are correct. By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs or LSW will win or lose this case. The Plaintiffs must prove their claims and that they have incurred damages as a result of the conduct alleged at a trial in order to win unless the case is settled. The trial date is currently set for _____, 2013. (See "The Trial" below on page __.)

### 4. What are the Plaintiffs asking for?

The Plaintiffs want money damages including the amount LSW overcharged SecurePlus Provider and SecurePlus Paragon policyholders, with interest on those amounts (even if the Policy lapsed or was surrendered). In the alternative, Plaintiffs seek to give Class members the option to undo ("rescind") the purchase of the Policy (in which case the insurance coverage would cease) and get a portion of their

5

premiums back without being subjected to a surrender charge if their Policy is still in force.  Plaintiffs also want an award of punitive or exemplary damages against LSW to punish it for its misconduct, and an order prohibiting LSW from engaging in the unfair, unlawful, and fraudulent business practices alleged by the Plaintiffs.

**5.  Is there any money available now?**

No money or benefits are available now.  The Court has not yet decided whether LSW did anything wrong and the two sides have not settled the case.  There is no guarantee that money or benefits ever will be obtained.  If money or other benefits become available, and you do not opt out of the Class, you will be notified about how to ask for a share of the money or benefits obtained.

**6.  What is a class action and who is involved?**

In a class action lawsuit, one or more persons, called Class Representatives (in this case Joyce Walker, Kim Bruce Howlett, and Muriel Spooner), sue on behalf of people (called "Class Members") who have similar claims.  The Class Representatives who sued – and all of the Class Members like them – are called the Plaintiffs.  The company they sued (in this case LSW) is called a Defendant.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

In this case, there is one over-arching Class and a sub-Class.  The Court has determined that you are a member of [both] the Class [and sub-Class].

The Class consists of all current or former SecurePlus Provider or SecurePlus Paragon policyholders who resided in California at the time of Policy issuance and purchased the Policy on or after September 24, 2006.  All Class Members are asserting claims under the California Unfair Competition Law (Business & Professions Code Section 17200) for LSW's unfair, unlawful, and fraudulent business acts and practices with respect to the Policies, specifically the Volatility Claim and the Tax Claim described above.  Class Members who purchased one of the Policies on or after September 24, *2007* are also asserting a fraud claim against LSW based on these allegations.

Class Members who received a Policy Illustration document from LSW at or before the time they applied for their policy are also members of the sub-Class, and are asserting additional claims against LSW under the California Unfair Competition Law (Business & Professions Code Section 17200) based on misrepresentations and omissions contained in the Policy Illustration documents, specifically the Undisclosed Fees Claim, the Minimum Guarantee Claim, and the No Guaranteed Fee Reduction Claim described above.  Sub-Class Members who purchased one of the Policies on or after September 24, *2007* are also asserting a fraud claim against LSW, based on these allegations.

**7.  Are any SecurePlus Provider or SecurePlus Paragon policyholders specifically excluded from the Class?**

6

QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT WWW._____.COM

Yes. The following persons are not included in the Class or the sub-Class: past or present officers, directors, agents, brokers, or employees of LSW, or its parent or subsidiary corporations; any agents, brokers, or others who sold the SecurePlus Provider or SecurePlus Paragon policies for LSW, or for its parent or subsidiary corporations; any entity in which LSW has a controlling interest; the affiliates, legal representatives, attorneys or assigns of LSW or its parent or subsidiary corporations; any judge, justice, or judicial officer presiding over this matter and the staff and immediate family of any such judge, justice, or judicial officer; persons who previously had settled disputes with LSW with respect to their SecurePlus Provider or SecurePlus Paragon policies and signed releases; and any person who submits a valid request to be excluded.

**8. Do beneficiaries of deceased policyholders have rights in this lawsuit?**

Beneficiaries of deceased policyholders may be entitled to rights and benefits under this class action lawsuit.

# **YOUR RIGHTS AND OPTIONS**

If you meet the definition of a Class Member, you have to decide whether to stay in the Class or ask to be excluded from the Class. You have to decide this on or before _____[75 days from date of notice].

### 9. What happens if I do nothing at all?

You do not have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing you are staying in the Class and, if you are a member of it, the sub-Class. If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, **you will not be able to sue, or continue to sue,** LSW—as part of any other lawsuit—about any omissions or misrepresentations in connection with your Policy. You also will be legally bound by all of the rulings that the Court makes in this class action.

### 10. Why would I ask to be excluded?

You may exclude yourself from the Class[, which will also exclude you from the sub-Class described above].

If you already have your own lawsuit against LSW, or are a putative member of any other action that a plaintiff claims has been brought on behalf of a class that includes you, based on the subject of this lawsuit and want to continue with it, you need to ask to be excluded from the Class. If you exclude yourself from the Class you will not get any benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement between LSW and the Plaintiffs.

However, if you exclude yourself from the Class you may then be able to sue or continue to sue LSW.

If you start your own lawsuit against LSW after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims.

### 11. How do I ask the Court to exclude me from the Class?

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from Walker v. LSW. Be sure to include your name, address, and sign the letter. You must mail your Exclusion Request postmarked by _____, to: Walker v. LSW Exclusions, P.O. Box _____, _____. You may also get an Exclusion Request form at the website, [insert website address].

# THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in this case?

Yes. The Court decided that the attorneys at two law firms – Kasowitz, Benson, Torres, & Friedman LLP, and the Law Offices of Craig A. Miller – are qualified to represent you and all Class Members. Together, the lawyers are called Class Counsel. They are experienced in handling similar cases. Information about either law firm can be found by visiting the websites listed below:

| **Kasowitz Benson Torres & Friedman LLP** | **Law Offices of Craig A. Miller** |
|---|---|
| www.kasowitz.com | www.craigmillerlaw.com |
| Charles N. Freiberg | Craig A. Miller |
| Brian P. Brosnahan | 225 Broadway, Suite 1310 |
| 101 California Street, Suite 2300 | San Diego, CA 92101 |
| San Francisco, CA 94111 | (619) 231-9449 |
| (415) 421-6140 | |

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 14. How will the Class Counsel lawyers be paid?

You will not be charged personally for these lawyers. Class Counsel are working on behalf of the Class on a contingency basis and will only be paid if a benefit is obtained for the Class and the Court approves the fees and expenses requested by Class Counsel. If the Court grants Class Counsel's request, the fees and expenses would either be paid by LSW or deducted, in whole or in part, from monies obtained for the Class, in an amount to be determined by the Court.

# THE LAWYERS REPRESENTING LSW

### 15. Does LSW have lawyers in this case?

Yes.  LSW is also represented by counsel.  LSW's counsel do not represent you or any other Class Members.  Information about LSW's counsel can be found by visiting the website listed below:

| |
|---|
| **Wilmer Cutler Pickering Hale and Dorr LLP** <br> www.wilmerhale.com <br> Andrea J. Robinson <br> Jonathan A. Shapiro <br> 950 Page Mill Road <br> Palo Alto, CA  94304 |

# THE TRIAL

### 16. How and when will the Court decide who is right?

If the case is not resolved by a settlement or otherwise, it will be up to Class Counsel to prove the Plaintiffs' claims and any damages at a trial. Attorneys for LSW will defend LSW at trial. The trial date is currently set for _____, 2013, in the United States District Court for the Central District of California, Ronald Reagan Federal Building, 411 West Fourth Street, Courtroom 10C, Santa Ana, CA 92701-4516. During the trial, a jury or the judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or LSW is right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win or that they will get any money for the Class.

If you do not request exclusion from the Class, you will be notified of any proposed settlement or any recovery by Plaintiffs at trial.

Be sure to report any changes to your address following receipt of this Notice to:

[address]

### 17. Do I have to come to the trial?

You do not need to attend the trial unless you choose to do so. Class Counsel will present the case for the Class, and LSW will present its defenses. You and/or your own lawyer are welcome to come at your own expense.

# GETTING MORE INFORMATION

| 18. How do I get more information? |
|---|

This Notice serves only as a summary of the Class Action.  For additional information about this Notice or this Class Action, you can call 1-800_____ toll free; write to _____; or visit the website at _____.  Please do not call the Court or the Court Clerk.

For information about your insurance policy *other than about this Notice or this Class Action*, you can contact LSW or your insurance agent by calling 1-800-732-8939; write to LifeCustomerService@NationalLife.com; or visit the website at www.nationallifegroup.com.  This lawsuit has not changed the terms of your insurance policy if it is in force, and all contractual guarantees remain in place.