Jonathan A. Shapiro (257199)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  93304
Tel:    (650) 858-6101
Fax:    (650) 858-6100
jonathan.shapiro@wilmerhale.com

Andrea J. Robinson (pro hac vice)
Timothy J. Perla (pro hac vice)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Tel:    (617) 526-6000
Fax:    (617) 526-5000
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com

Attorneys for Defendant Life Insurance
Company of the Southwest

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated, | Case No.: CV 10-9198-JVS(RNBx) |
| Plaintiffs, | **[PROPOSED] ORDER** |
| vs. | |
| LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50 | |
| Defendant. | |

The Court hereby GRANTS Defendant Life Insurance Company of the Southwest's ("LSW") motion to appoint a special master.  The Court orders as follows:

1.    The parties shall meet and confer with the purpose of selecting a special master.  If the parties agree on the identity of a special master, they shall within ten (10) days file a joint stipulation identifying the agreed-upon candidate.  If the parties cannot agree on the identity of a special master within ten (10) days, the parties shall submit to the Court a joint stipulation in which each party shall set forth two proposed special master candidates, along with those candidates' contact information and (if available) a website at which that candidate's biographical information may be found.  Other than the name, contact information, and website (if available), the parties shall not submit any other information or any argument regarding the special master's identity without leave of Court.

2.    Once selected and retained, the special master shall proceed as follows:

a.    LSW shall provide the special master, within five (5) days of selection, with electronic copies of all policy files LSW extracted and produced in response to Plaintiffs' Request for Production No. 173.  In addition, LSW shall provide the special master with one copy of an application, an illustration, and an agent's report from the files of one of the named Plaintiffs.  LSW shall also provide the special master with one copy of a sales illustration certification form.

b.    The special master shall then promptly begin reviewing the policy files to determine whether the owner of each policy is a member of the subclass, as defined in the Court's order granting in part and denying in part Plaintiffs' motion for class certification (Dkt. 353).

c.    First, the special master shall review each policy file to identify the application (and, if a file has multiple applications, the one indicating that it is an

application for Provider or Paragon and bearing the first signature date).  If the application contains a box labeled "Sales Illustration Certification," and that box is checked, the special master shall determine that individual is not a member of the subclass.  If the box is unchecked, the special master shall proceed to the next step.

d.      Second, the special master shall review the policy file to determine if there is a separate "Sales Illustration Certification" form.  If the Sales Illustration Certification form is signed, the special master shall determine that individual is not a member of the subclass.  If the form is unsigned, or no form appears in the file, the special master shall proceed to the next step.

e.      Third, the special master shall review any agent report(s) included in the file.  If all agent reports indicate that an "Illustration," "Ill.," "ICS," "IC Solutions," or "quick calc" was used during the sales process, the special master shall consider that as evidence that the individual is a member of the subclass (subject to paragraph 2g, below).  If all agent reports indicate that materials were used during the sales process but does not use any of these specific terms, or state that "no" documents (or "none") were used during the sales process, the special master shall consider that as evidence that the individual is not a member of the subclass (subject to paragraph 2g, below).  If an agent report is totally silent about what materials were used, or if there are multiple agent reports reflecting different information, the special master shall consider the information reflected in the agent report(s) in reaching his or her determination.  In all instances, the special master shall proceed to the next step.

f.      Fourth, the special master shall review the policy file to determine whether the file contains an illustration for Provider or Paragon that is (i) signed and (ii) the signature date is on or before the date that the first Provider or Paragon application was signed.  If the file contains such an illustration, the special master shall consider that

as evidence that the individual is a member of the subclass (subject to paragraph 2g, below).  If the file contains no such illustration, the special master shall consider that as evidence that the individual is not a member of the subclass (subject to paragraph 2g, below).  In all instances, the special master shall proceed to the next step.

g.     Fifth, unless the certification box described in paragraph 2(c) is checked, or the sales certification described in paragraph 2(d) is signed, the special master shall review the remainder of the policy file to determine if there are any facts that would contradict his or her conclusion regarding subclass membership.

h.     Sixth, to the extent that the special master is unable to determine subclass membership for a particular policy file based on the approach set forth above, the special master should order the distribution of a questionnaire in the form attached as Appendix A to the owner of that policy.

3.     In all instances, the special master shall apply a clear-and-convincing evidence standard to the policy review, meaning that an individual is not a member of the subclass unless clear and convincing evidence shows that they are a member of the subclass.  If, after completing the steps set forth in paragraphs 2(c)-(h) above, the special master is still unable to determine subclass membership, the special master shall conclude that the burden of proof has not been met, and shall conclude that the policyholder is not a member of the subclass.

4.     The special master shall report its conclusions in three interim reports, which shall be filed electronically with the Court.  One interim report shall be prepared and filed after he or she has completed review of the first 14,000 policy files, one after he or she has completed review of the next 14,000 policy files, and one upon completion of his or her review.

5.     Each report shall identify, in chart form, the policy number associated with the policy file reviewed, the special master's conclusion as to each of the steps set forth above in paragraphs 2(c)-(h), and the bates number of the documents considered in reaching each of those conclusions.  To the extent that the special master's determination rests upon a questionnaire, the report shall so state, and identify which specific questions and responses the special master considered decisive in determining subclass membership.

6.     In addition, each report shall note the identity of all parties to whom a questionnaire was distributed, and include copies of any questionnaire responses received.

7.     The parties shall file any objections to each special master's report within twenty-one (21) days of the report being filed.  Each objection shall fully comply with Local Rules 5 and 11, and shall (i) refer specifically to the policy number that is subject to the objection; and (ii) contain no more than a one-page argument (with citation to specific bates numbers) supporting the objection.  The non-objecting party shall file a response to any objections within seven (7) days of the objections being filed.  Each response shall fully comply with Local Rules 5 and 11, and shall contain no more than a one-page argument (with citation to specific bates numbers) opposing the objection.

8.     The Court will review all objections *de novo*.

9.     The special master shall not engage in any *ex parte* communication with the Court or with either party, their attorneys or agents.

10.     Plaintiffs shall pay the special master.  The special master shall be paid at a rate of $___ per hour, along with reimbursement of reasonable expenses.  The special master shall send invoices to:  Charles N. Freiberg, Kasowitz Benson Torres & Friedman LLP, 101 California Street, Suite 2300, San Francisco, California  94111.  A copy of all

invoices shall be sent to:  Jonathan A. Shapiro, WilmerHale LLP, 950 Page Mill Road, Palo Alto, California  94304.

11.     The special master shall bill no more than fifteen (15) minutes per policy file reviewed.  This does not include any other time, such as time for gathering documentation or preparing a report.

12.     The special master shall keep all records that he or she reviews confidential, in accordance with the Court's protective orders (Dkt. 103 and 381).  Pursuant to Federal Rule of Evidence 502(d), the production of documents to the special master shall not waive the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection in this or any other proceeding.

IT IS SO ORDERED

Dated: _____

_____
Honorable James V. Selna
United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

I am a resident of the Commonwealth of Massachusetts, over the age of eighteen years, and not a party to the within action.  My business address is Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109.  On April 18, 2013 I served the within document(s):

**PROPOSED ORDER AND APPENDIX THERETO**

I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail addressed as set forth below.

I personally caused to be hand delivered the document(s) listed above to the person(s) at the address(es) set forth below.

I emailed the document(s) listed above to the person(s) at the address(es) set forth below.

☒    I electronically filed the document(s) listed above via the CM/ECF system.

Charles N. Freiberg
Brian P. Brosnahan
Jacob N. Foster
Jeanette T. Barzelay
KASOWITZ, BENSON, TORRES & FREIDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111
cfreiberg@kasowitz.com
bbrosnahan@kasowitz.com
jfoster@kasowitz.com

Harvey R. Levine
Levine & Miller
550 West C Street, Suite 1810
San Diego, CA 92101
lmsh@levinelaw.com

Craig A. Miller
Law Offices of Craig A. Miller
225 Broadway, Suite 1310
San Diego, CA 92101
cmiller@craigmillerlaw.com

*/s/ Joel Fleming*
Joel Fleming