**EXHIBIT B**

**Fleming, Joel**

| | |
|---|---|
| **From:** | Charles N. Freiberg <CFreiberg@kasowitz.com> |
| **Sent:** | Tuesday, March 05, 2013 8:24 PM |
| **To:** | Shapiro, Jonathan |
| **Cc:** | Lux, James; Perla, Timothy; Robinson, Andrea; Fleming, Joel; Brian P. Brosnahan; Jacob N. Foster; Jeanette T. Barzelay |
| **Subject:** | Walker, et al. v. LSW - Revised Class Notice |
| **Attachments:** | Revised Class Notice (Clean).docx; Revised Class Notice (Blackline).doc; Exclusion Request Form for Website (Clean).doc; Exclusion Request Form for Website (Blackline).doc |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Jonathan,

Attached please find a further revised draft of the class notice reflecting our comments and revisions relative to the markup Mr. Lux circulated on February 22. A primary issue of disagreement between the parties involves LSW's position that class notice requires the sending of an initial notice with a lengthy response required questionnaire (upon penalty of preclusion from the subclass), which is to be followed by a determination of subclass membership before separate notices are sent to members of the Class and members of the Class and subclass. LSW's newfound position that the names of the individuals who are in the subclass must be determined at the time of class notice is contrary to its earlier position advanced in connection with the class certification briefing that since "notice must clearly and concisely state that 'the court will *exclude* from the class any member who requests exclusion,'" "requiring that policyholders return a questionnaire or evidence in order to become (sub)class members would create an impermissible 'opt in' class." LSW Supp. Br. (citing Fed. R. Civ. P. 23(c)(2)(B)).

Numerous courts have held that it creates an impermissible opt-in class to require class members to take affirmative action at the notice stage, but that it does not create an opt-in class to require affirmative action at a later stage of the litigation after determination of the common issues of liability. *Estate of Kern v. Siemens Corp.*, 393 F.3d 120, 124 (2nd Cir. 2004) ("we find scant support for the proposition that a court could ever certify a class with an 'opt in' provision during the liability stage of the litigation."); *Ackal v. Centennial Beauregard Cellular LLC*, 700 F.3d 212, 216-17 (5th Cir. 2012) ("Although 'opt in' provisions are impermissible under Rule 23 at the class certification stage, this should be distinguished from the recovery stage, when class members may well be required 'to come forward to establish their entitlement to portions of the recovery.'"); *see also County v. Merscorp, Inc.*, 2012 U.S. Dist. LEXIS 176533, *18-21 (N.D. Tex. Dec. 31, 2012) ("There is an important distinction between opting in at the certification stage, i.e., taking affirmative action to join the class, and requiring plaintiffs to file a proof of claim after liability has been determined. Once liability has been established . . . class members may be required to file a proof of claim to obtain relief. These proof-of-claim requirements have some 'opt in' characteristics, but they are generally permissible.") (internal quotations and citations omitted); *see also Robinson v. Union Carbide Corp.*, 544 F.2d 1258, 1261 (5th Cir. 1977) ("Although there may be some Title VII actions in which unnamed individual plaintiffs will have to come forward to establish their entitlement to portions of the recovery, such requirement should not be imposed upon them until necessary for adjudication. Opting in was not necessary before the determination of liability ... the clear thrust of the rule [] is to minimize the requirement of active intervention by numerous members of an affected class.").

Indeed, in one recent case in the United States District Court for the Northern District of California, the court rejected the defendant's argument that the use of questionnaires was necessary for a determination of "the threshold issue of class membership" at the notice stage and held that the "proposed questionnaire is aimed at individual questions, which are more properly adjudicated after the common questions have been determined." *Holman v. Experian Info. Solutions,*

*Inc.*, 2012 U.S. Dist. LEXIS 91626, *11 (N.D. Cal. July 2, 2012).  Further, the court held that "the undue burden of the 38,000 questionnaires, as well as their likely effect of reducing the class, are each sufficient grounds for denying [defendant's] request." *Id*.; *see also McCarthy v. Paine Webber Group*, 164 F.R.D. 309, 312-13 (D. Conn. 1995) ("To require class members to complete and return the questionnaire on the condition that failure to do so would result in the member's dismissal from the Class has the effect of requiring the class member to opt into the Class. This is especially true where, as here, the questionnaire accompanies the Notice during the initial stages of litigation.  Dismissal of an absent class member's claims as sanctions for failure to answer a questionnaire is contrary to the opt-out policy of Rule 23.").

That LSW's intention is to impermissibly reduce the size of the class and subclass is made clear by its second question: "Did you purchase a SecurePlus Provider or SecurePlus Paragon life insurance policy issued by LSW?" and its instruction that if your answer to the question is "No" you need not respond to the remainder of the questionnaire.  Of course, the only people who would be receiving the questionnaire are individuals who purchased the policies because LSW is already aware of their identities and its business records will be used to govern the distribution of the notice.  LSW's further questions about the date of issue, policy number, and present ownership concerns information that is already in LSW's possession, and therefore such questions can only be designed to minimize the size of the class by overburdening its members.

For these reasons, Plaintiffs have not prepared markups of the alternative notices you circulated, or the draft questionnaire, as we disagree that separate notices should be sent to members of the subclass (who, as you know, are also members of the Class), and we believe that dissemination of a questionnaire at this stage in the proceedings is premature, and that any questionnaire which may be necessary should instead be sent after a determination has been made as to LSW's liability to the subclass.  Therefore, attached are (1) a clean copy of the revised notice and (2) a redline comparison between the version you circulated and Plaintiffs' latest draft.  Also attached is a revised draft of your proposed Exclusion Request Form, which would be available on the class action website.  We do not object to providing such a form to class members via the website, but we do not agree that it should be enclosed with the mailed notice.

With respect to the procedure for bringing any class notice disputes before the Court, pursuant to your request we will proceed by a regularly-noticed motion filed by Plaintiffs as opposed to simultaneous filings.  So that this briefing approach can better elucidate the issues that divide us, please let us know by close of business this Thursday, March 7 which of Plaintiffs' revisions in the attached draft are acceptable, and as to which we remain in dispute, and please also let us know whether LSW will propose the use at the time initial class notice is sent out of any or all of the other two notices and the questionnaire (or similar documents) Mr. Lux sent us.  We will notice the motion for hearing on Monday, April 8 in accordance with local rules.

Thanks,

Charlie


Charles N. Freiberg
Kasowitz, Benson, Torres & Friedman LLP
101 California Street, Suite 2300
San Francisco, California 94111
Tel. (415) 655-4326
Fax (415) 358-5926
CFreiberg@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.