KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LAW OFFICES OF CRAIG A. MILLER
CRAIG A. MILLER (SBN 116030)
225 Broadway, Suite 1310
San Diego, CA 92101
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv-04852 JSW from Northern District of California<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE A SURREPLY TO LSW'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO APPOINT A SPECIAL MASTER**<br><br>District Judge James V. Selna<br>Court: 10C |

# EX PARTE APPLICATION

Pursuant to Local Rules 7-19 and 7-19.1 and this Court's Initial Order Following Filing of Complaint (at 3), Plaintiffs submit this *Ex Parte* Application ("Application") for an order granting Plaintiffs leave to file a surreply to the Reply Memorandum (the "Reply") filed on April 8, 2013 by Defendant Life Insurance Company of the Southwest ("LSW" or "Defendant") in support of its Motion to Appoint a Special Master. Plaintiffs respectfully request that the Court enter an *ex parte* order granting Plaintiffs leave to file a surreply because LSW's Reply raises new arguments that do not appear in its initial memorandum of points and authorities, grossly mischaracterizes Plaintiffs' positions, and misstates the law and the record. *Ex parte* relief is justified because Plaintiffs will be irreparably prejudiced if the motion for leave to file a surreply is heard according to regular noticed motion procedures, and Plaintiffs are without fault in creating the situation requiring *ex parte* relief. Plaintiffs' proposed surreply is attached as Exhibit 1 to the accompanying Memorandum of Points and Authorities submitted concurrently herewith.

On April 11, 2013, pursuant to Local Rule 7-19.1, Plaintiffs orally advised LSW's counsel that Plaintiffs would file this Application for leave to file a surreply on LSW's motion to appoint a special master. LSW indicated that it would oppose the Application. Pursuant to Local Rule 7-19, Plaintiffs understand that the following is the contact information for LSW's counsel:

> Jonathan A. Shapiro
> WILMER CUTLER PICKERING HALE AND DORR LLP
> 950 Page Mill Road
> Palo Alto, CA 94304
> jonathan.shapiro@wilmerhale.com

This Application is based upon the accompanying Memorandum of Points and Authorities and Exhibit 1 thereto and the Declaration of Jeanette T. Barzelay in support of Plaintiffs' *ex parte* application and the exhibits attached thereto.

DATED: April 11, 2013　　　KASOWITZ BENSON TORRES & FRIEDMAN LLP

By:　s/Charles N. Freiberg
　　　Charles N. Freiberg

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs respectfully request leave to file a surreply to LSW's Reply Memorandum in support of its Motion to Appoint a Special Master ("Reply") because it includes new arguments that were not (but could have and should have been) raised in LSW's moving papers, misstates the law and Plaintiffs' positions in key respects, and misstates facts that require clarification pursuant to the rule of completeness. *Ex parte* relief granting leave to file the surreply is warranted here because Plaintiffs' will be irreparably harmed if they are not afforded the opportunity to respond to LSW's new arguments and mischaracterizations before the Court issues its ruling on these matters.

## II. EX PARTE RELIEF IS JUSTIFIED.

Ex parte relief is justified where (1) the evidence shows that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) the evidence establishes that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Plaintiffs will be irreparably prejudiced here if their underlying motion for leave to file a surreply in response to the Reply is heard according to regular noticed motion procedures because, pursuant to Local Rule 6-1 and this Court's standing orders, the earliest possible date for hearing Plaintiffs' motion for leave to file a surreply is May 13, 2013 (the first available Monday that is at least 28 days from Plaintiffs' filing, on April 11, of the application for leave), but the Court may issue a ruling on LSW's special master motion before Plaintiffs' motion for leave to file a surreply could even be heard or their surreply (which is necessary for the reasons discussed in Part III, *infra*) considered by the Court. *See* Declaration of Jeanette T. Barzelay ¶3.

Plaintiffs are without fault in creating the situation requiring *ex parte* relief. The surreply (and Plaintiffs' need to seek *ex parte* relief for leave to file it) is necessitated by the fact that LSW, in its Reply, raised new issues that were not addressed in its opening brief (to which Plaintiffs have not had a fair opportunity to respond) and misstated the law and Plaintiffs' positions with respect several important issues, which warrant clarification before the Court issues its ruling on the class notice and special master motions. Since these arguments and mischaracterizations were first raised in the Reply, Plaintiffs could not have addressed these issues in their opposition papers. *See* Declaration of Jeanette T. Barzelay ¶3. *Ex parte* relief is necessary and justified here so that Plaintiffs' motion for leave will be decided and, if granted, their surreply considered by the Court before it issues a ruling on the class notice and special master motions.

## III. PLAINTIFFS' APPLICATION SHOULD BE GRANTED BECAUSE THERE IS GOOD CAUSE TO GRANT LEAVE TO FILE A SURREPLY.

### A. The Court Has Discretion to Grant Plaintiffs Leave to Submit a Surreply.

Though the Court's minute order indicates that the class notice and related special master matters will stand submitted upon the filing of timely reply briefs, numerous courts have recognized that "the Court's exercise of discretion in favor of allowing a surreply is appropriate where the movant raises new arguments in its reply brief." *Concerned Citizens for a Safe Cmty. v. Office of Fed. Detention Trustee*, 2011 U.S. Dist. LEXIS 122899, at *4 (D. Nev. Oct. 24, 2011) (*citing Heffelfinger v. EDSC.*, 580 F. Supp. 2d 933, 966 n.116 (C.D. Cal. 2008)); *see also CYBERsitter, LLC v. P.R.C.,* 805 F. Supp. 2d 958, 964 (C.D. Cal. 2011) (granting leave to file surreply "because Defendants relied on new legal authority in their reply papers"); *Franklin v. Butler*, 2009 U.S. Dist. LEXIS 89059, at *7 (E.D. Cal. Sept. 11, 2009) ("When a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to

counter the new arguments or evidence."). For the reasons discussed herein, the Court should exercise its discretion by allowing Plaintiffs to close the briefing on LSW's motion with the short surreply filed herewith. *See Transp. Factoring Assocs. v. Textron Fin. Corp.,* 2005 U.S. Dist. LEXIS 28634, at *11 (D. Ariz. Nov. 16, 2005) (granting leave to file surreply because it "affords [plaintiff] an opportunity to respond to the new argument [in the reply] and cures any prejudice from its lateness.").

### B. Plaintiffs Should Be Afforded the Opportunity to Respond Because LSW's Reply Raises New Arguments, Misstates the Law and Plaintiffs' Position on Key Issues, and Misstates the Record.

#### 1. LSW's Reply Presents New Arguments Not Raised in LSW's Opening Papers.

LSW's Reply raises new arguments that were not addressed in its opening papers and to which Plaintiffs have not had a fair opportunity to respond. Specifically, LSW argues that undertaking the special master process after trial of common issues but before trial of individual issues would run afoul of the Seventh Amendment. *See* Reply at 7 n.9 (citing new authority). LSW made no such argument in its opening papers. Moreover, LSW's assertion that the Seventh Amendment requires that "[a]ll liability issues have to be determined by the same jury," Reply at 7:24, is demonstrably false. Individual issues of liability can be determined separately from common issues of liability where, as here, the jury determining the individual issues will not need to reexamine the common issues determined by the first jury. *See Arthur Young & Co. v. U.S. Dist. Ct.*, 549 F.2d 686, 697 (9th Cir. 1977) (bifurcating individual issues from trial of common issues does not violate Seventh Amendment rights); *Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995). Accordingly, Plaintiffs should be permitted to respond to this new argument in their proposed surreply.

## 2. LSW's Reply Misstates Plaintiffs' Positions.

LSW's Reply also grossly mischaracterizes Plaintiffs' positions in three key respects, which warrants clarification through a surreply.

First, LSW contends that Plaintiffs are making a "new proposal" to have the special master adjudicate liability issues, which LSW contends is improper because adjudication of liability exceeds the scope of a master's authority under Rule 56. *See* Reply at 6 & n.8. This is false because Plaintiffs do not contend that the special master should adjudicate liability issues. Plaintiffs should be permitted to file the attached surreply in order to clarify their position with respect to the role of the special master in light of LSW's mischaracterization of Plaintiffs' "new proposal."

Second, LSW misstates Plaintiffs' argument concerning one-way intervention by contending that Plaintiffs "suggest the one-way intervention rule does not apply to subclasses." Reply at 4 n. 5. Plaintiffs have never argued that the one-way intervention rule does not apply to subclasses – merely that one-way intervention does not present a problem here in light of the Court's ruling with respect to the *res judicata* effect of a judgment as to the claims of both class and subclass members. *See* Class Certification Opinion (Dkt. 353) at 34-35. Plaintiffs should be allowed to clarify this mischaracterization in the attached surreply.

Third, LSW misrepresents Plaintiffs' argument regarding the need for further meet and confer discussions on certain issues relating to the appointment of a special master, should the Court decide that the master should be appointed now. Although Plaintiffs proposed that certain "procedural aspects of the special master's review…be determined after meet and confer and in consultation with the special master and the Court" (Opposition at 25:20-22 & n.5), Plaintiffs did not argue that all issues concerning "the guidance that should be provided to the special master (as discussed in Section V of Plaintiffs' Opposition)" (Reply at 14) should be subject to meet and confer. Plaintiffs contend (at pages 19-24 of their

PLAINTIFFS' EX PARTE APP. FOR LEAVE TO FILE SURREPLY RE LSW'S SPECIAL MASTER MOTION
CASE NO. CV 10-9198 JVS (RNBX)

4

Opposition) that the guidance provided to the special master with respect to determining who is a member of the subclass should track the Court's Class Certification Order – *not* that these instructions should be determined after further meet and confer – because the Court already ruled on how the special master should go about determining who is a member of the subclass. LSW's Reply incorrectly suggests that Plaintiffs seek to meet and confer about these guidelines. The Court should grant Plaintiffs' request for leave to file a surreply to clarify these misrepresentations.

### 3. LSW Misstates the Law and Facts Regarding Retention of Policyholder Records.

LSW also misstates the law and facts with respect to its retention of sales illustrations and other pertinent documents. LSW asserts that the California Insurance Code requires only that LSW retain the illustration that is sent with the policy. Reply at 8:7-9. This is false. The regulation is not limited to illustrations that are sent with the policy but includes any signed illustration of the policy as applied for or as issued. *See* Cal. Ins. Code § 10509.958(a)-(d). LSW also asserts, incorrectly citing this Court's Class Certification Order (at 31), that LSW's *own* policies "do[] not require this information either." Reply at 8:14-21. In fact, LSW's own policies require submission of an Agent's Report indicating whether a sales illustration was used. *See* Declaration of Victoria McDonald (Dkt. 262) ¶8.

### 4. Plaintiffs Should Be Provided Leave To File A Surreply to Correct LSW's Misstatements of the Record Pursuant to the Rule Of Completeness.

LSW's Reply relies on a single document to advance the assertion that "Mr. Howlett and Ms. Spooner lost their applications, not long after purchasing the policy," which LSW cites as a "perfect example of the difficulties that policyholders will experience in trying to determining their own subclass membership." Reply at 11:9-12 (citing Fleming Dec., Ex. A). As other documents produced in discovery confirm, however, Mr. Howlett and Ms. Spooner did not lose their applications, but only needed a day to find them. *See* Exhibit 1,

Declaration of Charles N. Freiberg in Support of Surreply, Ex. A (reflecting that Mr. Howlett faxed copies of their "life insurance applications" on November 3, 2009, the day after Mr. Howlett stated his belief, in the email cited by LSW, that he could not find them). That it took one day for Mr. Howlett to locate these documents hardly exemplifies any "difficulty" policyholders will face. Plaintiffs should be allowed to respond to LSW's misstatement of the record under the rule of completeness. *See, e.g.,* Fed. R. Ev. 106.

## VI. CONCLUSION

In light of the above, Plaintiffs respectfully request that they be granted leave to file the surreply brief, and supporting documents, attached as Exhibit 1 hereto.

DATED: April 11, 2013         KASOWITZ BENSON TORRES & FRIEDMAN LLP

By:   s/Charles N. Freiberg
      Charles N. Freiberg