# EXHIBIT 1

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LAW OFFICES OF CRAIG A. MILLER
CRAIG A. MILLER (SBN 116030)
225 Broadway, Suite 1310
San Diego, CA 92101
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv-04852 JSW<br>from Northern District of California<br><br>**PLAINTIFFS' [PROPOSED] SURREPLY IN OPPOSITION TO LSW'S MOTION TO APPOINT A SPECIAL MASTER**<br><br>District Judge James V. Selna<br>Courtroom: 10C |

## I. LSW'S SEVENTH AMENDMENT ARGUMENT IS UNAVAILING

In its Reply, LSW argues for the first time that undertaking the special master process after trial of common issues but before trial of individual issues would run afoul of the Seventh Amendment. *See* Reply at 7 n.9 (citing new authority). Putting aside the fact that introducing this argument for the first time on reply is improper, LSW is simply wrong in its statement of the applicable rule under the Seventh Amendment.

LSW asserts that "[a]ll liability issues have to be determined by the same jury" (Reply at 7 n.9), but this misstates the standard, which turns on whether a second jury will be tasked with reexamination of the same issues that were decided by the first jury. *Id.*; *In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995) ("[T]he judge must not divide issues between separate trials in such a way that *the same issue is reexamined by different juries*.").[1] Assuming that LSW has a right to a jury trial on individual issues, there would be no infringement of Seventh Amendment rights here because those issues would not have been decided by the jury deciding common issues. Charles Alan Wright, et al., Fed. Prac. & Proc. § 1801 (3d ed. 2012); *see also Arthur Young & Co. v. U.S. Dist. Ct.*, 549 F.2d 686, 697 (9th Cir. 1977) (bifurcating individual issues from trial of common issues does not violate Seventh Amendment rights).

As discussed in *Kendrick v. Standard Fire Ins. Co.*, 2010 U.S. Dist. LEXIS 135694, at *33-34 (E.D. Ky. Sept. 30, 2010),

> [T]hat any true factual disputes will arise in conjunction with class membership, and that any such disputes will go expressly to liability, is anything but certain. . . . But if such genuine factual disputes were to occur, a violation of Defendants' Seventh Amendment rights is not

---

[1] In *Rhone-Poulenc*, cited by LSW, the court found that reexamination would occur where the first jury would determine defendants' negligence (but not liability), and subsequent juries would determine issues such as comparative negligence, which overlapped with and would require reexamination of the issue of defendants' negligence. 51 F.3d at 1303. No such overlap or reexamination would occur here.

automatic.  Specifically, the right protects dividing issues between separate trials in a way that prompts reexamination of the same essential issue by separate juries.

If LSW has any right to present individual defenses (*e.g.*, that a particular person did not rely on the illustration), it can present such evidence to a second jury after the determination of common issues.  The second jury will not be asked to reexamine common issues decided by the first jury.  For example, a presumption of reliance will arise from common proof of materiality in the first trial; if LSW is entitled to try to rebut that presumption as to particular individuals, that will have no effect on any common issues decided by the first jury.

## II.   LSW MISSTATES PLAINTIFFS' POSITION REGARDING THE SPECIAL MASTER

LSW contends that Plaintiffs' "new proposal" is to have the special master adjudicate liability issues, and that adjudication of liability issues exceeds the scope of a master's authority under Rule 56.  Reply at 6 & n. 8.  But Plaintiffs have never suggested that the special master should adjudicate liability issues.  Plaintiffs have consistently noted that proof of *class membership* could be determined with the assistance of a special master after trial of the common issues.  Plaintiffs' Submission Regarding Identification of Class Members (Dkt. 339) at 10-12; [Proposed] Reply to LSW's Substitute Supplemental Memorandum (Dkt. 348-1) at 13-14.  Plaintiffs also have consistently taken the position that to the extent LSW possesses defenses, such as lack of reliance, to the claims of individual policyholders (as to which, thus far, LSW has put forward little if any evidence), such issues can be deferred until after resolution of the common issues.  Plaintiffs have not suggested the use of a special master to adjudicate such issues.

## III.  LSW MISSTATES PLAINTIFFS' ARGUMENT REGARDING ONE WAY INTERVENTION

LSW contends that Plaintiffs "suggest the one-way intervention rule does not apply to subclasses."  Reply at 4 n. 5.  But Plaintiffs do not make that assertion.

A policyholder who is both a class and subclass member and who does not opt out will be bound by the adjudicated results in this case. This Court has already held that there is no possibility for one-way intervention in the context of this case because class and subclass claims "are premised on the same factual predicate, and as such, would be barred from re-litigation." Class Certification Op. (Dkt. 353) at 34-35 (citations omitted). Any policyholder who does not opt out is either (1) a member of the subclass and thus bound by the results in this case or (2) not a member of the subclass and thus cannot assert any claims belonging to the subclass.

## IV. THERE IS NO NEED TO MEET AND CONFER ABOUT THE COURT'S PRIOR ORDER

LSW's opening brief sought to have the Court instruct the special master in numerous matters, some of which are directly contrary to the Court's ruling on class certification. After Plaintiffs briefed the many ways in which LSW's proposed order departs from the Court's order, LSW on reply did not defend its proposed order and stated simply that it is willing to meet and confer regarding the instructions for the special master. Reply at 13-14. While Plaintiffs agree that, if the Court decides to appoint the special master at this time, there are many issues relating to the special master that should be the subject of meet and confer (and Plaintiffs so stated in their Opposition Brief at page 25 & note 5), the issues requiring meet and confer *do not include* the instructions already set forth in the Court's Class Certification Order (*see* Opposition Brief at 19-24). While Plaintiffs do not believe that there is any need to meet and confer on any special master issues until after trial on the common issues, because a special master will be unnecessary if LSW prevails, any eventual meet and confer discussions should be limited to logistical and procedural matters pertaining to the special master's appointment (*e.g.*, cost) and should not involve the procedures that the Court already determined will guide class membership determinations. Any order

regarding appointment of a special master should make clear that the Court's prior instructions remain in place and are not subject to reexamination via "meet and confer."

## V. LSW MISSTATES THE LAW AND CONFUSES THE RECORD WITH RESPECT TO ITS RETENTION OF ILLUSTRATIONS AND OTHER DOCUMENTS

LSW asserts that the California Insurance Code requires only that LSW retain the illustration that is sent with the policy. Reply at 8:7-9. This is false. The regulation is not limited to illustrations that are sent with the policy but includes any signed illustration of the policy as applied for or as issued. *See* Cal. Ins. Code § 10509.958(a)-(d). Second, LSW also asserts, incorrectly citing this Court's Class Certification Order (at 31), that LSW's *own* policies "do[] not require this information either." Reply at 8:14-21. In fact, LSW's own policies require submission of an Agent's Report indicating whether a sales illustration was used. *See* Declaration of Victoria McDonald (Dkt. 262) ¶8.

## VI. CONTRARY TO LSW'S ASSERTION, MR. HOWLETT AND MS. SPOONER DID NOT LOSE THEIR POLICY APPLICATIONS.

LSW, relying on a single November 2, 2009 email, advances the assertion that "Mr. Howlett and Ms. Spooner lost their applications, not long after purchasing the policy," which LSW cites as a "perfect example of the difficulties that policyholders will experience in trying to determining their own subclass membership." Reply at 11:9-12 (citing Fleming Dec., Ex. A). As other documents produced in discovery confirm, however, Mr. Howlett and Ms. Spooner did not lose their applications, but only needed some time to find them. *See* Declaration of Charles N. Freiberg in Support of Surreply, Ex. A. The very next day, on November 3, 2009, Mr. Howlett faxed copies of their "life insurance applications" to Steve Burgess. *Id.* That it took one day for Mr. Howlett to locate these documents hardly exemplifies any "difficulty" policyholders will face.

| | |
|---|---|
| DATED: April 11, 2013 | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| | By: /s/Charles N. Freiberg |
| | CHARLES N. FREIBERG<br>BRIAN P. BROSNAHAN<br>JACOB N. FOSTER |

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LAW OFFICES OF CRAIG A. MILLER
CRAIG A. MILLER (SBN 116030)
225 Broadway, Suite 1310
San Diego, CA 92101
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW<br>from Northern District of California<br><br>**DECLARATION OF CHARLES N. FREIBERG IN SUPPORT OF PLAINTIFFS' [PROPOSED] SURREPLY ON LSW'S MOTION TO APPOINT A SPECIAL MASTER**<br><br>Judge James V. Selna<br>Courtroom: 10C |

1. I am an attorney authorized to practice in the courts of California and in the United States District Court for the Central District of California. I am a partner of Kasowitz, Benson, Torres & Friedman, LLP, counsel for Plaintiffs in these proceedings. I have personal knowledge of the facts stated herein and if required could and would testify under oath thereto.

2. Attached hereto as Exhibit A is a true and correct copy of an email from Steve Burgess to Kim Howlett discussing the fax transmittal of "life insurance applications," dated November 3, 2009.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of April, 2013 at San Francisco, California.

By: /s/ Charles N. Freiberg
     Charles N. Freiberg

FREIBERG DEC. ISO PLAINTIFFS' SURREPLY ON LSW'S MOTION TO APPOINT SPECIAL MASTER
Case No. CV 10-9198 JVS (RNBx)

1

# EXHIBIT A

| | |
|---|---|
| **From:** | Steve Burgess <sburgess@cflid.com> |
| **Sent:** | Tuesday, November 3, 2009 3:06 PM |
| **To:** | Howlett, Kim <KHowlett@pbsj.com> |
| **Subject:** | RE: Your life insurance dispute |

*Yes I will and I did receive them.*

*Thx!*

---

**From:** Howlett, Kim [mailto:KHowlett@pbsj.com]
**Sent:** Tuesday, November 03, 2009 2:08 PM
**To:** Steve Burgess
**Subject:** RE: Your life insurance dispute

Steve:
Could you send along an email to me regarding maintaining the confidentiality of the life insurance applications I just faxed to you.

Much Thanks
Kim

**Mr. Kim B. Howlett**
Associate Vice President/Senior Group Manager PBS&J
direct  858-514-1018

This electronic mail communication may contain privileged, confidential, and/or proprietary information which is the property of either The PBSJ Corporation or one of its affiliates. If you are not the intended recipient or an authorized agent of the intended recipient please delete this communication and notify the sender that you have received it in error.

HS001018