KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LAW OFFICES OF CRAIG A. MILLER
CRAIG A. MILLER (SBN 116030)
225 Broadway, Suite 1310
San Diego, CA 92101
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>　　　　　　　Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW from Northern District of California<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF CAITLIN MONAHAN CONCERNING POLICY FILE REVIEW**<br><br>Judge James V. Selna<br><br>Date: May 20, 2013<br>Time: 1:30 p.m.<br>Courtroom: 10C |

Plaintiffs Joyce Walker, Kim Bruce Howlett, and Muriel Spooner ("Plaintiffs") hereby object to the Declaration of Caitlin Monahan Concerning Policy File Review ("Monahan Dec."), submitted by Defendant Life Insurance Company of the Southwest ("LSW") in response to the Court's April 12, 2013 Order to Show Cause.

Ms. Monahan declares that she and other attorneys working with her reviewed "less than 2%" of the "at least 42,554 policy files" produced by LSW, or approximately 800-900 files. Monahan Dec. ¶¶2, 4. Ms. Monahan's declaration discusses 13 specific files from that review. Of the 13 files selected out of the 800-900 files that were reviewed as being files that show the purported difficulty of the file review process, 12 have conclusive file evidence of sales illustration use that can be determined in purely ministerial fashion by the vendor. Only 1 case is inconclusive and would require a questionnaire. Plaintiffs submit the following evidentiary objections on relevance and rule of completeness grounds and to correct LSW's misleading representations of the policy file evidence.

| | Evidence | Grounds for Objection(s) |
|---|---|---|
| 1. | Exhibit A, which Ms. Monahan declares, in ¶8, is "a true and correct copy of excerpts from the file for policy LS0248396, which contains a signature page from one illustration that is tacked onto a different illustration." | 1. Lacks foundation for relevance. Ms. Monahan provides no foundation for the relevance of Exhibit A or the fact that the file for policy LS0248396 "contains a signature page from one illustration that is tacked onto a different illustration." <br><br> First, Ms. Monahan provides no foundation that it would be necessary to consult the illustration in this instance because **the file for policy LS0248396 contains an application in which the sales illustration certification box is not checked**, which establishes subclass membership in accordance with the rules set forth in the Court's November 9, 2012 Order. <br><br> Second, even if one were to consult the illustration attached as Exhibit A, the signature page (which includes both the signature date and the print date of the |

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

| | **Evidence** | **Grounds for Objection(s)** |
|---|---|---|
| | | illustration) is the key part of the illustration that determines whether the illustration establishes subclass membership (*i.e.*, whether the illustration was created on or before the date of policy application and signed on or before the date of policy issuance).  Ms. Monahan provides no foundation to establish that it makes any difference for purposes of determining subclass membership that a signature page for one illustration is attached to a different illustration, provided that the signed illustration meets the criteria set forth by the Court.  FRE 401, 402, 602.<br><br>2.  Misleading; rule of completeness.  Exhibit A, which contains selected excerpts from the file for policy LS0248396, may mislead the trier of fact, as it falsely suggests that the file for policy LS0248396 is inconclusive with respect to evidence of sales illustration receipt or that it would be difficult to determine whether the holder of policy LS0248396 received a sales illustration, when in fact **the policy file contains an application in which the sales illustration certification box is not checked**, which establishes subclass membership.  Plaintiffs offer the application for policy LS0248396 under the rule of completeness.  FRE 106, 403; *see* Declaration of Lesa Dinglasan in Response to Monahan Declaration ("Dinglasan Dec. Re Monahan Dec.") ¶3, Ex. A. |
| 2. | Exhibit B, which Ms. Monahan declares, in ¶10, is "a true and correct copy of excerpts from the file for policy LS0152759, which contains multiple applications; those applications | 1.  Lacks foundation for relevance.  Ms. Monahan provides no foundation for the relevance of Exhibit B or the fact that the file for policy LS0152759 "contains multiple applications" which "contain contradictory indications concerning illustration use."<br><br>First, Ms. Monahan provides no foundation that it would be necessary to consult the applications in this instance because **the file for policy LS0152759 contains an Agent's Report which states that an illustration was used**, which establishes subclass membership in accordance with the rules set forth in the Court's |

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

| | Evidence | Grounds for Objection(s) |
|---|---|---|
| | contain contradictory indications concerning illustration use." | November 9, 2012 Order.<br><br>Second, even if one were to consult the applications, Ms. Monahan provides no foundation to establish that it would be difficult to determine which application should control based on the date on which each application was signed (the later application controls) and on which application matches the policy as issued. FRE 401, 402, 602.<br><br>2. Misleading; rule of completeness. Exhibit B, which contains selected excerpts from the file for policy LS0152759, may mislead the trier of fact, as it falsely suggests that the file for policy LS0152759 is inconclusive with respect to evidence of sales illustration receipt or that it would be difficult to determine whether the holder of policy LS0152759 received a sales illustration, when in fact **the policy file contains an Agent's Report which states that an illustration was used**, which establishes subclass membership. Plaintiffs offer the Agent's Report for policy LS0152759 under the rule of completeness. FRE 106, 403; *see* Dinglasan Dec. Re Monahan Dec. ¶4, Ex. B. |
| 3. | Exhibit C, which Ms. Monahan declares, in ¶11, is "a true and correct copy of excerpts from the file for policy LS0171145, which contains applications from different states." | 1. Lacks foundation for relevance. Ms. Monahan provides no foundation for the relevance of Exhibit C or the fact that the file for policy LS0171145 "contains applications from different states."<br><br>First, Ms. Monahan provides no foundation that it would be necessary to consult the application in this instance because **the file for policy LS0171145 contains an Agent's Report which states that an illustration was used**, which establishes subclass membership in accordance with the rules set forth in the Court's November 9, 2012 Order.<br><br>Second, even if one were to consult the applications, the non-California policy application is immaterial because the class is defined in terms of policies issued in California only. Ms. Monahan provides no foundation to |

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, California 94111

| Evidence | Grounds for Objection(s) |
|---|---|
| | establish that it would be difficult to determine which is the application from California or that it makes any difference that a policy file contains an application from another state.  FRE 401, 402, 602.<br><br>2.  Misleading; rule of completeness.  Exhibit C, which contains selected excerpts from the file for policy LS0171145, may mislead the trier of fact, as it falsely suggests that the file for policy LS0171145 is inconclusive with respect to evidence of sales illustration receipt or that it would be difficult to determine whether the holder of policy LS0171145 received a sales illustration, when in fact **the policy file contains an Agent's Report which states that an illustration was used**, which establishes subclass membership.  Plaintiffs offer the Agent's Report for policy LS0171145 under the rule of completeness.  FRE 106, 403; *see* Dinglasan Dec. Re Monahan Dec. ¶5, Ex. C. |
| 4. Exhibit D, which Ms. Monahan declares, in ¶12, is "a true and correct copy of excerpts from the file for policy LS0237539, which contains an application and illustrations for two different types of policies." | 1.  Lacks foundation for relevance.  Ms. Monahan provides no foundation for the relevance of Exhibit D or the fact that the file for policy LS0237539 "contains an application and illustrations for two different types of policies."<br><br>First, Ms. Monahan provides no foundation that it would be necessary to consult the illustration in this instance because **the file for policy LS0237539 contains an Agent's Report which states that a computer illustration was used**, which establish subclass membership in accordance with the rules set forth in the Court's November 9, 2012 Order.<br><br>Second, even if one were to consult the illustrations – one of which is for the SecurePlus Provider policy, and one of which is for an LSW Foundation UL policy – the illustration for the LSW Foundation UL policy is immaterial because the class includes only those individuals who purchased either a SecurePlus Provider or SecurePlus Paragon policy.  Ms. Monahan provides |

| Evidence | Grounds for Objection(s) |
|---|---|
| | no foundation to establish that it would be difficult to determine which is the SecurePlus Provider illustration or that it makes any difference that a policy file may contain an illustration pertaining to a different type of policy. FRE 401, 402, 602.<br><br>2. Misleading; rule of completeness. Exhibit D, which contains selected excerpts from the file for policy LS0237539, may mislead the trier of fact, as it falsely suggests that the file for policy LS0237539 is inconclusive with respect to evidence of sales illustration receipt or that it would be difficult to determine whether the holder of policy LS0237539 received a sales illustration, when in fact **the policy file contains an Agent's Report which states that a computer illustration was used**, which establish subclass membership. Plaintiffs offer the Agent's Report for policy LS0237539 under the rule of completeness. FRE 106, 403; *see* Dinglasan Dec. Re Monahan Dec. ¶6, Ex. D. |
| 5. Exhibit E, which Ms. Monahan declares, in ¶13, is "a true and correct copy of excerpts from the file for policy LS0152759, which contains evidence of six illustrations." | 1. Lacks foundation for relevance. Ms. Monahan provides no foundation for the relevance of Exhibit E or the fact that the file for policy LS0152759 "contains evidence of six illustrations."<br><br>First, Ms. Monahan provides no foundation that it would be necessary to consult the illustrations in this instance because **the file for policy LS0152759 contains an Agent's Report which states that an illustration was used**, which establishes subclass membership in accordance with the rules set forth in the Court's November 9, 2012 Order.<br><br>Second, even if one were to consult the illustrations, the only illustrations that would be relevant to determining subclass membership are those that were both created on or before the date of policy application and signed on or before the date of policy issuance. Ms. Monahan provides no foundation to establish that any of the |

| Evidence | Grounds for Objection(s) |
|---|---|
| | illustrations meet these criteria or that it would be difficult to determine which illustrations are relevant to determining subclass membership.  FRE 401, 402, 602.<br><br>2. Misleading; rule of completeness.  Exhibit E, which contains selected excerpts from the file for policy LS0152759, may mislead the trier of fact, as it falsely suggests that the file for policy LS0152759 is inconclusive with respect to evidence of sales illustration receipt or that it would be difficult to determine whether the holder of policy LS0152759 received a sales illustration, when in fact **the policy file contains an Agent's Report which states that an illustration was used**, which establishes subclass membership.  Plaintiffs offer the Agent's Report for policy LS0152759 under the rule of completeness.  FRE 106, 403; *see* Dinglasan Dec. Re Monahan Dec. ¶4, Ex. B. |
| 6. Exhibit F, which Ms. Monahan declares, in ¶14, is "a true and correct copy of excerpts from the file for policy LS0175010, which contains an illustration signed on two different dates." | 1.  Lacks foundation for relevance.  Ms. Monahan provides no foundation for the relevance of Exhibit F or the fact that the file for policy LS0175010 "contains an illustration signed on two different dates."<br><br>First, Ms. Monahan provides no foundation that it would be necessary to consult the illustration in this instance because **the file for policy LS0175010 contains an Agent's Report which states that the sales software was used**, which establishes subclass membership in accordance with the rules set forth in the Court's November 9, 2012 Order.<br><br>Second, even if one were to consult the illustration, the illustration is only relevant to determining subclass membership if it was both created on or before the date of policy application and signed on or before the date of policy issuance.  Ms. Monahan provides no foundation to establish that the illustration meets these criteria or that it makes any difference that the illustration is signed on two different dates.  FRE 401, 402, 602.<br><br>2. Misleading; rule of completeness.  Exhibit F, which |

PLAINTIFFS' OBJECTIONS TO MONAHAN DECLARATION CONCERNING POLICY FILE REVIEW
Case No. CV 10-9198 JVS (RNBx)

6

| Evidence | Grounds for Objection(s) |
|---|---|
| | contains selected excerpts from the file for policy LS0175010, may mislead the trier of fact, as it falsely suggests that the file for policy LS0175010 is inconclusive with respect to evidence of sales illustration receipt or that it would be difficult to determine whether the holder of policy LS0175010 received a sales illustration, when in fact **the policy file contains an Agent's Report which states that the sales software was used**, which establishes subclass membership. Plaintiffs offer the Agent's Report for policy LS0175010 under the rule of completeness. FRE 106, 403; *see* Dinglasan Dec. Re Monahan Dec. ¶7, Ex. E. |
| 7. Exhibit G, which Ms. Monahan declares, in ¶15, is "a true and correct copy of excerpts from the file for policy LS0181364, which contains an application signed on two different dates." | 1. Lacks foundation for relevance. Ms. Monahan provides no foundation for the relevance of Exhibit G or the fact that the file for policy LS0181364 "contains an application signed on two different dates." <br><br> Ms. Monahan provides no foundation to establish that it makes any difference that an application is signed on two different dates or that it would be difficult to determine which application should control based on the date on which each application was signed (the later application) and on which application matches the policy as issued. FRE 401, 402, 602. <br><br> 2. Misleading; rule of completeness. Exhibit G, which contains selected excerpts from the file for policy LS0181364, may mislead the trier of fact, as it falsely suggests that it would be difficult to analyze the file data for policy LS0181364, when in fact **the policy file contains no sales illustration and an Agent's Report which states that no sales materials were used**. Plaintiffs offer the Agent's Report for policy LS0181364 under the rule of completeness. FRE 106, 403; *see* Dinglasan Dec. Re Monahan Dec. ¶8, Ex. F. |

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

PLAINTIFFS' OBJECTIONS TO MONAHAN DECLARATION CONCERNING POLICY FILE REVIEW
Case No. CV 10-9198 JVS (RNBx)

7

| | Evidence | Grounds for Objection(s) |
|---|---|---|
| 8. | Exhibit H, which Ms. Monahan declares, in ¶16, is "a true and correct copy of excerpts from the file for policy LS0141433, which does not contain a pre-sale illustration, but contains an application suggesting illustration use." | 1. Lacks foundation for relevance. Ms. Monahan provides no foundation for the relevance of Exhibit H or the fact that the file for policy LS0141433 "does not contain a pre-sale illustration, but contains an application suggesting illustration use." <br><br> Ms. Monahan provides no foundation to establish that the absence of a sales illustration in a policy file is relevant where **the policy file contains an application on which the sales illustration certification box is not checked**. The application attached as Exhibit H is sufficient by itself to establish subclass membership in accordance with the rules set forth in the Court's November 9 Order *regardless* of whether there is a sales illustration in the file. FRE 401, 402, 602. |
| 9. | Exhibit I, which Ms. Monahan declares, in ¶17, is "a true and correct copy of excerpts from the file for policy LS0185741, which contains an illustration in which the creation date and signature date are different." | 1. Lacks foundation for relevance. Ms. Monahan provides no foundation for the relevance of Exhibit I or the fact that the file for policy LS0185741 "contains an illustration in which the creation date and signature date are different." <br><br> First, Ms. Monahan provides no foundation that it would be necessary to consult the illustration in this instance because **the file for policy LS0185741 contains an Agent's Report which states that an illustration was used**, which establishes subclass membership in accordance with the rules set forth in the Court's November 9, 2012 Order. <br><br> Second, even if one were to consult the illustration, the illustration is relevant to determining subclass membership if it was created on or before the date of policy application and signed on or before the date of policy issuance, which implicitly recognizes that the creation date and signature date may not and need not match. Ms. Monahan provides no foundation to establish that it makes any difference for purposes of determining subclass membership that the creation date and signature date on the illustration are different. FRE |

| | **Evidence** | **Grounds for Objection(s)** |
|---|---|---|
| | | 401, 402, 602. |
| | | 2. Misleading; rule of completeness. Exhibit I, which contains selected excerpts from the file for policy LS0185741, may mislead the trier of fact, as it falsely suggests that the file for policy LS0185741 is inconclusive with respect to evidence of sales illustration receipt or that it would be difficult to determine whether the holder of policy LS0185741 received a sales illustration, when in fact **the policy file contains an Agent's Report which states that an illustration was used**, which establishes subclass membership. Plaintiffs offer the Agent's Report for policy LS0185741 under the rule of completeness. FRE 106, 403; *see* Dinglasan Dec. Re Monahan Dec. ¶9, Ex. G. |
| 10. | Exhibit J, which Ms. Monahan declares, in ¶18, is "a true and correct copy of excerpts from the file for policy LS0188390, which contains an illustration bearing a signature date that pre-dates the illustration's creation date." | 1. Lacks foundation; irrelevant. Ms. Monahan provides no foundation for the relevance of Exhibit J or the fact that the file for policy LS0188390 "contains an illustration bearing a signature date that pre-dates the illustration's creation date." <br><br> First, Ms. Monahan provides no foundation that it would be necessary to consult the illustration in this instance because **the file for policy LS0188390 contains an Agent's Report which states that a sales illustration was used**, which establishes subclass membership in accordance with the rules set forth in the Court's November 9, 2012 Order. <br><br> Second, even if one were to consult the illustration, the illustration is relevant to determining subclass membership only if it was created on or before the date of policy application and signed on or before the date of policy issuance. Ms. Monahan provides no foundation to establish that it makes any difference for purposes of determining subclass membership that the signature date pre-dates that illustration's creation date or that it would be difficult to determine whether such an illustration meets the criteria set by the Court. FRE 401, 402, 602. |

| | **Evidence** | **Grounds for Objection(s)** |
|---|---|---|
| | | 2. Misleading; rule of completeness. Exhibit J, which contains selected excerpts from the file for policy LS0188390, may mislead the trier of fact, as it falsely suggests that the file for policy LS0188390 is inconclusive with respect to evidence of sales illustration receipt or that it would be difficult to determine whether the holder of policy LS0188390 received a sales illustration, when in fact **the policy file contains an Agent's Report which states that a sales illustration was used**, which establishes subclass membership. Plaintiffs offer the Agent's Report for policy LS0188390 under the rule of completeness. FRE 106, 403; *see* Dinglasan Dec. Re Monahan Dec. ¶10, Ex. H. |
| 11. | Exhibit K, which Ms. Monahan declares, in ¶19, is "a true and correct copy of excerpts from the file for policy LS0178299, which contains an illustration that is missing pages." | 1. Lacks foundation for relevance. Ms. Monahan provides no foundation for the relevance of Exhibit K or the fact that the file for policy LS0178299 "contains an illustration that is missing pages."

First, Ms. Monahan provides no foundation that it would be necessary to consult the illustration in this instance because **the file for policy LS0178299 contains an Agent's Report which states that an illustration was used and a policy application in which the sales illustration certification box is not checked**, which establish subclass membership in accordance with the rules set forth in the Court's November 9, 2012 Order.

Second, even if one were to consult an illustration that is missing pages, Ms. Monahan provides no foundation to establish that it would be difficult to determine whether the pages that are present in the file contain sufficient information to determine whether the illustration establishes subclass membership in accordance with the rules established by the Court, and there is a presumption that if a policyholder received any part of an illustration, he received a complete illustration. FRE 401, 402, 602; *See* Cal. Ins. Code § 10509.955(b)(6) (prohibiting an insurer or agent from providing an applicant with "an incomplete illustration"); Civ. Code § 3548 |

| | **Evidence** | **Grounds for Objection(s)** |
|---|---|---|
| | | (presumption that "[t]he law has been obeyed."); *Hinckley v. Bechtel Corp.*, 41 Cal. App. 3d 206, 212-13 (1974). |
| | | 2. Misleading; rule of completeness. Exhibit K, which contains selected excerpts from the file for policy LS0178299, may mislead the trier of fact as it falsely suggests that the file for policy LS0178299 contains an illustration that is missing pages, when in fact **the policy file produced by LSW in February 2012 (bearing Bates numbers LSW-E8849926-LSW-E8850195) contains a complete version of the illustration created on October 8, 2008 (at Bates numbers LSW-E8850157-LSW-E8850181), which was signed by the policyholder on October 8, 2008 (the same date as policy application)**, establishing subclass membership. Exhibit K may further mislead the trier of fact, as it falsely suggests that the file for policy LS0178299 is inconclusive with respect to evidence of sales illustration receipt or that it would be difficult to determine whether the holder of policy LS0178299 received a sales illustration, when in fact **the policy file contains both an Agent's Report which states that an illustration was used and a policy application in which the sales illustration certification box is not checked**, which also establish subclass membership. Plaintiffs offer the complete sales illustration, the Agent's Report, and the policy application for policy LS0178299 under the rule of completeness. FRE 106, 403; *see* Dinglasan Dec. Re Monahan Dec. ¶11, Ex. I. |
| 12. | Exhibit L, which Ms. Monahan declares, in ¶20, is "a true and correct copy of excerpts from the file for policy LS0145682, which contains | 1. Lacks foundation for relevance; vague, ambiguous, and conclusory. Ms. Monahan provides no foundation for the relevance of Exhibit L or the fact that the file for policy LS0145682 "contains an Agent's Report that includes information about illustration use which contradicts other file contents." Ms. Monahan also fails to specify what it means for the Agent's Report to "contradict[] other file contents." FRE 403, 602, 611(a). |

PLAINTIFFS' OBJECTIONS TO MONAHAN DECLARATION CONCERNING POLICY FILE REVIEW
Case No. CV 10-9198 JVS (RNBx)

11

| Evidence | Grounds for Objection(s) |
|---|---|
| an Agent's Report that includes information about illustration use which contradicts other file contents." | Ms. Monahan provides no foundation to establish the relevance of the fact that the policy file contains an application on which the sales illustration certification box is checked (which does not mean a sales illustration was not used), especially in this instance, where **the policy file contains an Agent's Report for policy LS0145682 which states that "illustration software" was used.** Nor does Ms. Monahan provide any foundation to establish that the Agent's Report "contradicts" other file contents. The Agent's Report attached as part of Exhibit L is sufficient to establish subclass membership by itself in accordance with the rules set forth in the Court's November 9, 2012 Order *regardless* of whether the box on the application is checked. FRE 401, 402, 602.<br><br>2. Misleading. Ms. Monahan's testimony that the Agent's Report for policy LS0145682 "includes information about illustration use which contradicts other file contents" may mislead the trier of fact, as it falsely suggests that the fact that the sales illustration certification box on the application is checked is proof that no sales illustration was used. In actuality, that the policy application checkbox is checked means only that an illustration of the *policy applied for* was not used or enclosed with the application; it does not mean a sales illustration was not used and is equally consistent with use of a sales illustration that differs from the policy applied for. FRE 403; *see* Plaintiffs' Submission Re Identification of Class Members, Dkt. 339, at 3-5; Supp. Dinglasan Dec., Dkt. 339-2; Plaintiffs' Motion for Leave to File a Reply to LSW's Substituted Supplemental Memorandum, Dkt. 348 at 4-5; Plaintiffs' Memorandum in Opposition to LSW's Motion to Appoint a Special Master, Dkt. 413, at 21-23. |

| | **Evidence** | **Grounds for Objection(s)** |
|---|---|---|
| 13. | Exhibit M, which Ms. Monahan declares, in ¶21, is "a true and correct copy of excerpts from the file for policy LS0204769, which contains an application on which the note 'NA' is written next to the Sales Illustration Certification." | 1. Lacks foundation for relevance. Ms. Monahan provides no foundation for the relevance of Exhibit M or the fact that the file for policy LS0204769 "contains an application on which the note 'NA' is written next to the Sales Illustration Certification."<br><br>First, Ms. Monahan provides no foundation that it would be necessary to consult the application in this instance because **the file for policy LS0204769 contains an Agent's Report which states that an illustration was used and a sales illustration that was signed on or before the date of policy issuance**, which establish subclass membership in accordance with the rules set forth in the Court's November 9, 2012 Order. FRE 401, 402, 602.<br><br>2. Misleading; rule of completeness. Exhibit M, which contains selected excerpts from the file for policy LS0204769, may mislead the trier of fact as it falsely suggests that the file for policy LS0204769 is inconclusive with respect to evidence of sales illustration receipt or that it would be difficult to determine whether the holder of policy LS0204769 received a sales illustration, when in fact **the policy file contains an Agent's Report which states that an illustration was used and a sales illustration that was signed on or before the date of policy issuance**, which establish subclass membership. Plaintiffs offer the Agent's Report and sales illustration for policy LS0204769 under the rule of completeness. FRE 106, 403; *see* Dinglasan Dec. Re Monahan Dec. ¶12, Ex. J. |
| 14. | Exhibit N, which Ms. Monahan declares, in ¶22, is "a true and correct copy of excerpts from the file for policy LS0202372, | 1. Lacks foundation for relevance. Ms. Monahan provides no foundation for the relevance of Exhibit N or the fact that the file for policy LS0202372 "contains internal correspondence referencing an illustration."<br><br>First, Ms. Monahan provides no foundation that it would be necessary to consult the internal correspondence attached as Exhibit N because **the file for policy** |

PLAINTIFFS' OBJECTIONS TO MONAHAN DECLARATION CONCERNING POLICY FILE REVIEW
Case No. CV 10-9198 JVS (RNBx)

13

| Evidence | Grounds for Objection(s) |
|---|---|
| which contains internal correspondence referencing an illustration." | **LS0202372 contains an Agent's Report which states that an illustration was used**, which establishes subclass membership in accordance with the rules set forth in the Court's November 9, 2012 Order.<br><br>Second, even if one were to consult internal correspondence referencing an illustration (such as that attached as Exhibit N), Ms. Monahan provides no foundation to establish that it would be difficult to determine that the internal correspondence refers to an illustration having been used in the sale.  FRE 401, 402, 602.<br><br>2.  Misleading; rule of completeness.  Exhibit N, which contains selected excerpts from the file for policy LS0202372, may mislead the trier of fact as it falsely suggests that the file for policy LS0202372 is inconclusive with respect to evidence of sales illustration receipt or that it would be difficult to determine whether the holder of policy LS0202372 received a sales illustration, when in fact **the policy file contains an Agent's Report which states that an illustration was used**, which establishes subclass membership.  Plaintiffs offer the Agent's Report for policy LS0202372 under the rule of completeness.  FRE 106, 403; *see* Dinglasan Dec. Re Monahan Dec. ¶13, Ex. K. |

DATED:  May 8, 2013

KASOWITZ BENSON TORRES & FRIEDMAN LLP


By:  s/Brian P. Brosnahan
       Brian P. Brosnahan