Jonathan A. Shapiro (257199)
Mintz Levin Cohn Ferris Glovsky and Popeo PC
44 Montgomery Street
San Francisco, California 94104
Tel:   (415) 432-6000
Fax:   (415) 432-6001
JAShapiro@mintz.com

Andrea J. Robinson (pro hac vice)
Timothy J. Perla (pro hac vice)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel:   (617) 526-6000
Fax:   (617) 526-5000
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com

Attorneys for Defendant Life Insurance
Company of the Southwest

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50<br><br>Defendant. | Case No.: CV 10-9198-JVS(RNBx)<br><br>RESPONSE TO PLAINTIFFS' "EVIDENTIARY OBJECTIONS" TO SHOW CAUSE SUBMISSION<br><br>Judge:     Hon. James V. Selna<br>Date:      May 20, 2013<br>Time:      1:30 P.M.<br>Courtroom: 10C |

Defendant Life Insurance Company of the Southwest ("LSW") hereby responds to Plaintiffs' Evidentiary Objections to the Declaration of Timothy Perla and the Declaration of Caitlin Monahan, Docket Nos. 436-437 (the "New Filings").

## I. ARGUMENT

The Court should disregard Plaintiffs' New Filings for three reasons. *First*, Plaintiffs' latest papers are, in substance, just more advocacy, which is improper because the Court made clear that there would be "no replies." Dkt. 417 at 3. Each of the New Filings begins with a lengthy substantive argument before one even reaches the charts that purport to contain "objections." The charts themselves also go well beyond offering objections (*i.e.,* a few words or a rule citation), but instead include lengthy substantive argument about interpreting disputed evidence. The papers are, in effect, improper reply briefs.

*Second*, the rules do not permit evidentiary objections at this stage. *Compare* L.R. 16-6.3 (rule provides for objections "in the Final Pretrial Conference Order," but not before). Indeed, this Court has already held that evidence presented on "class certification need not be admissible at trial." Dkt. 353 at 13.

*Third*, Plaintiffs have violated the local rules in making their objections. They did not meet and confer with LSW. L.R. 7-3; *cf.* L.R. 16-2.6 (in connection with trial, parties must "attempt to resolve any objections to the admission of testimony, documents, or other evidence"). They did not properly notice their objections. L.R. 7-4. They did not give LSW an opportunity to respond. L.R. 7-9. And they did not give the Court time to consider the objections. L.R. 6-1.

Alternately, if the Court does consider Plaintiffs' objections on their merits, the objections should be overruled. Plaintiffs' "relevance" and "completeness" objections to each exhibit to the Monahan Declaration are misplaced. Dkt. 436 at 1-14. Plaintiffs argue that each exhibit is irrelevant or incomplete because other

- 1 -

RESPONSE TO EVIDENTIARY OBJECTIONS, 10-CV-09198-JVS (RNBx)

documents in the policyholder files (*e.g.*, Agent's Reports) might be sufficient to determine illustration receipt. *Id.* But not all policyholder files with confusing documents like the Monahan exhibits—or other conflicting or ambiguous evidence—will contain Agent's Reports. And, even where a particular file does have one or two documents that Plaintiffs contend would be sufficient to adjudicate illustration receipt, one needs to review the file as a whole in order to find and interpret them. The Monahan exhibits are relevant precisely because they are examples of instances in which a reviewer could be confused or slowed down, which further highlights why the exercise requires an unmanageable individualized inquiry that is inconsistent with predominance and superiority requirements.

Plaintiffs' objections to the Perla Declaration are similarly unavailing. Plaintiffs assert that neither (i) a checked box on the policy application nor (ii) an agent's failure to list an illustration in the Agent's Report proves a lack of illustration receipt. Dkt. 437 at 2-3. Therefore, Plaintiffs conclude, evidence that the box was checked or that an illustration was not listed in the Agent's Report is both irrelevant and misleading. *Id.* at 3-4. But evidence can be *relevant* and *probative*, even if standing alone it doesn't *prove* a disputed fact.[1] The checked-box and Agent's-Report evidence cited in the Perla Declaration tend to suggest a lack of illustration receipt. For instance, the Agent's Report instructs the agent to list materials used, including illustrations—so, the failure to list an illustration in

---

[1] *See Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 193 (S.D.N.Y. 2008) ("Evidence to be relevant does not by itself have to prove the ultimate proposition for which it is offered … It is enough that the evidence has a tendency to make a consequential fact even the least bit more probable or less probable[.]") (quoting Fed. R. Evid. 401 cmt.).

response is plainly probative and relevant. LSW would be entitled to have that evidence admitted and to argue those inferences to the special master and a jury.

If anything, the very fact that there are detailed evidentiary disputes about the contents of policy files shows that their review cannot appropriately be outsourced to a vendor.

## II. CONCLUSION

Plaintiffs' objections should be disregarded or, in the alternative, overruled.

Dated:      May 9, 2013        /s/ Jonathan A. Shapiro
                               Jonathan A. Shapiro

- 3 -
RESPONSE TO EVIDENTIARY OBJECTIONS, 10-CV-09198-JVS (RNBx)

**CERTIFICATE OF SERVICE**

I am a resident of the Commonwealth of Massachusetts, over the age of eighteen years, and not a party to the within action. My business address is Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02114. On May 9, 2013 I served the within document(s):

    RESPONSE TO EVIDENTIARY OBJECTIONS

☒    I electronically filed the document(s) listed above via the CM/ECF system.

Charles N. Freiberg
Brian P. Brosnahan
Jacob N. Foster
Jeanette T. Barzelay
KASOWITZ, BENSON, TORRES & FREIDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111
cfreiberg@kasowitz.com
bbrosnahan@kasowitz.com
jfoster@kasowitz.com

Harvey R. Levine
Levine & Miller
550 West C Street, Suite 1810
San Diego, CA 92101
lmsh@levinelaw.com

Craig A. Miller
Law Offices of Craig A. Miller
225 Broadway, Suite 1310
San Diego, CA 92101
cmiller@craigmillerlaw.com

                                            /s/ Joel Fleming
                                            Joel Fleming