KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California  94111
Telephone:  (415) 421-6140
Facsimile:  (415) 398-5030

LAW OFFICES OF CRAIG A. MILLER
CRAIG A. MILLER (SBN 116030)
225 Broadway, Suite 1310
San Diego, CA 92101
Telephone:  (619) 231-9449
Facsimile:  (619) 231-8638

Attorneys for Plaintiffs,
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>               Defendant. | **CLASS ACTION**<br><br>CASE NO.:  CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW from Northern District of California<br><br>**PLAINTIFFS' POST-HEARING SUBMISSION PURSUANT TO THE RULE OF COMPLETENESS**<br><br>Date:  May 20, 2013<br>Time:  1:30 P.M.<br><br>Judge:  Hon. James V. Selna<br>Courtroom:  10C |

1  Plaintiffs Joyce Walker, Kim Bruce Howlett, and Muriel Spooner
2  ("Plaintiffs") make this submission pursuant to the Rule of Completeness (Federal
3  Rule of Evidence 106) in regards to three documents first submitted by Defendant
4  Life Insurance Company of the Southwest ("LSW") at the May 20, 2013 hearing
5  on the Court's Order to Show Cause.  LSW did not notify Plaintiffs prior to the
6  hearing that it intended to submit these documents, and Plaintiffs hereby request
7  the opportunity to respond.
8  LSW relied upon the three documents to argue that the process proposed by
9  Plaintiffs – in which computer services/claims administration companies
10 ("vendors") would search LSW's policy files for applications, illustrations, and
11 Agent's Reports – would fail to identify members of the Illustration Subclass with
12 reasonable accuracy unless they engaged in a time-consuming review of each and
13 every page in the approximately 8.8 million-page policyholder file production.
14 LSW failed to produce the three complete policyholder files from which the three
15 documents were taken.
16 Plaintiffs have now had an opportunity to review those three files and make
17 this submission pursuant to the Rule of Completeness in order to demonstrate that
18 each of the three policyholders identified by LSW at the hearing would in fact be
19 identified as members of the Illustration Subclass by the procedure proposed by
20 Plaintiffs, and, indeed, each of those three policyholders could be summarily
21 adjudicated to be members of the Illustration Subclass simply upon submission of
22 entries in a spreadsheet of the type that is attached to the Declaration of Lesa
23 Dinglasan In Support Of Plaintiffs' Submission In Response to Order To Show
24 Cause (Dkt. 420-15) pursuant to Federal Rule of Evidence 1006.  A spreadsheet in
25 that form that addresses the three policyholder files from which LSW's submission
26 at the hearing were taken is attached as Exhibit E to the Post-Hearing Declaration
27 of Lesa Dinglasan pursuant to the Rule of Completeness ("Post-Hearing Dinglasan
28 Dec.").

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

The three documents relied on by LSW are as follows:

(1) LSW used Bates No. LSW-E08979971, a page of handwritten notes, to argue that it is necessary to review all handwritten notes in each policyholder file to determine whether an agent used a sales illustration. Plaintiffs' Request for Proposal ("RFP") to the vendors (Declaration of Jacob Foster In Support of Plaintiffs' Submission In Response to Order To Show Cause (Dkt. 420-1) Ex. A) ("Foster Dec.") was designed pursuant to the Court's determination that subclass membership can be established based on data recorded in the following documents that may be contained within the policyholder file: (1) the policy application; (2) the Agent's Report; or (3) a sales illustration (i.e., an illustration dated on or before the date of application) that is signed before policy issuance. Class Certification Opinion at 31-34. LSW argued that LSW-E08979971, a standalone handwritten note (which would not be searched for or reviewed pursuant to the RFP) demonstrated that the vendor would be unable to identify every member of the Illustration Subclass. However, a review of the policyholder file from which LSW-E08979971 was extracted shows that it contains an Agent's Report which states that sales software was used in the sale. Post-Hearing Dinglasan Dec. ¶4 & Ex. C. Of course, if an illustration is used in a sale, the agent should complete an Agent's Report that so states (as happened here), and there should be no need to look for handwritten notes that also reflect the use of an illustration. However, even in the event that the agent did not submit an accurate Agent's Report, the failure to search for and review the handwritten note would not result in exclusion of that policyholder from the subclass. Instead, in such a circumstance, the policyholder would receive a questionnaire.

(2) LSW similarly contended that Bates No. LSW-E04056697 would not be reviewed pursuant to Plaintiffs' RFP because it is an email exchange rather than (1) a policy application; (2) an agent's report; or (3) a sales illustration. LSW also contended that a problem of subclass membership identification would arise

from the fact that the policyholder was initially shown an illustration for a Paragon policy but was then sold a Provider policy.  However, the policyholder file contains two Agent's Reports stating that illustrations were used in the sale.  Post-Hearing Dinglasan Dec. ¶3 & Exs. A & B.  Moreover, as pointed out by Plaintiffs' counsel at the hearing, subclass membership is not dependent upon whether the illustration that a policyholder saw was an illustration for a Provider or a Paragon policy, and indeed, there is no material difference between the two types of illustrations for purposes of the subclass claims.

      (3)      LSW contended that Bates No. LSW-E000262990, an Agent's Report, showed that computer searches alone would not determine whether an illustration was used because the word "illustration" is circled on the Agent's Report, and the agent did not write the word "illustration" on the document itself.  But LSW ignores that the vendor will use proprietary or commercially available software to identify and extract the Agent's Reports based upon a search for the typewritten words "Agent's Report" or other text that is unique to an Agent's Report.  Human reviewers would then review each Agent's Report.  *E.g.*, Foster Dec., Dkt. 420, Ex. I at p.1.  The human reviewers would identify the policyholder as a member of the Illustration Subclass because the word "illustration" is circled on the Agent's Report in response to the question in the Agent's Report about what materials were used, *see* Post-Hearing Dinglasan Dec. Ex. D, and the human reviewer would record that fact in the spreadsheet.

In total, LSW has cherry-picked 16 files (13 in the Monahan Declaration and 3 at the hearing) out of 42,554 policyholder files to illustrate the purported difficulty of determining subclass membership.  Of the 16 files selected, 15 have conclusive file evidence of sales illustration use that can be readily identified by the vendor pursuant to the process proposed by Plaintiffs.  These 15 files would be subject to summary adjudication because LSW cannot raise any genuine dispute of material fact regarding whether the policyholder is a member of the Illustration

1  Subclass.  In the 16th case (Exhibit G to the Monahan Declaration), the file has no
2  evidence establishing that the policyholder received a sales illustration, and this
3  policyholder would receive a questionnaire.
4      LSW has failed to demonstrate that the file review procedure proposed by
5  Plaintiffs would be unmanageable.  Its attempt to do so has merely confirmed that
6  the 72% of class members for whom the policyholder files contain evidence of
7  subclass membership could be quickly and efficiently adjudicated to be members
8  of the subclass based upon a summary judgment-type procedure even without the
9  need for weighing the facts by a special master, the Court, or a jury.

DATED:  May 21, 2013    KASOWITZ BENSON TORRES & FRIEDMAN LLP

By:   s/Brian P. Brosnahan
   Charles N. Freiberg
   Brian P. Brosnahan
   Jacob N. Foster

Attorneys For Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,