KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California  94111
Telephone:  (415) 421-6140
Facsimile:  (415) 398-5030

LAW OFFICES OF CRAIG A. MILLER
CRAIG A. MILLER (SBN 116030)
225 Broadway, Suite 1310
San Diego, CA 92101
Telephone:  (619) 231-9449
Facsimile:  (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.:  CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.:  3:10-cv -04852 JSW from Northern District of CA<br><br>**JOINT STIPULATION REGARDING PROPOSED FIFTH AMENDED PRETRIAL SCHEDULING ORDER** |

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1    Pursuant to Local Rule 7-1, Plaintiffs Joyce Walker, Kim Bruce Howlett,

2  and Muriel Spooner ("Plaintiffs") and Defendant Life Insurance Company of the

3  Southwest ("LSW") (collectively, the "parties"), by and between their undersigned

4  counsel, submit the following stipulation:

5    WHEREAS, on May 29, 2013, the Court entered an Order decertifying the

6  Illustrations subclass;

7    WHEREAS, on or before June 12, 2013, pursuant to Federal Rule of Civil

8  Procedure 23(f), Plaintiffs intend to file a petition with the Ninth Circuit for

9  permission to appeal the Court's decision decertifying the Illustrations subclass;

10    WHEREAS, on May 28, 2013, the Court entered an Order directing the

11  parties to meet and confer regarding an appropriate class notice within 15 days of

12  the entry of that Order, and to file a joint status report setting forth an appropriate

13  class notice within 30 days of the entry of that Order;

14    WHEREAS, it may take several months for the Ninth Circuit to issue a

15  decision granting or denying Plaintiffs' Rule 23(f) petition;

16    WHEREAS, if the Rule 23(f) petition is granted, it may take an extended

17  period of time before the Ninth Circuit rules on the propriety of the decertification

18  of the subclass;

19    WHEREAS, the parties met and conferred regarding the deadlines in the

20  Fourth Amended Pretrial Scheduling Order and the deadlines set by the Court's

21  May 28, 2013 Order concerning class notice, including the impact of Plaintiffs'

22  Rule 23(f) petition to be filed with the Ninth Circuit;

23    WHEREAS, although the parties disagree as to whether a Rule 23(f) petition

24  is warranted or likely to succeed, the parties wish to enlarge the schedule set forth

25  in the Fourth Amended Pretrial Scheduling Order in order to accommodate the

26  time it will take for the Ninth Circuit to rule on Plaintiffs' Rule 23(f) petition and

27  to defer the class notice process while Plaintiffs' Rule 23(f) petition is pending;

28    WHEREAS, on December 14, 2012, Magistrate Judge Block entered an

JOINT STIPULATION REGARDING PROPOSED FIFTH AMENDED PRETRIAL SCHEDULING ORDER
Case No. CV 10-9198 JVS (RNBx)

1

1  order setting the "production end date" (the date through which the parties must

2  supplement their document productions) as 60 days prior to the close of non-expert

3  fact discovery (*see* Docket No. 365 at 2; *see also* Docket No. 99 at 4-5);

4  WHEREAS, Plaintiffs voluntarily agreed that LSW need only make one

5  further supplemental production of email and attachments, notwithstanding

6  Magistrate Judge Block's prior ruling that LSW must supplement its production

7  "on a periodic basis" (*see* Docket No. 99 at 5);

8  WHEREAS, over the course of discovery, LSW estimates that it: (i) has

9  produced approximately 8.8 million pages, including approximately 109,796 pages

10  of email and attachments, covering a date range of approximately September 24,

11  2006 through May 4, 2012; and (ii) has reviewed for production approximately

12  12.9 million pages of email and attachments;

13  WHEREAS, during the meet and confer process, LSW raised concerns with

14  how entering a stay would impact the production end date.  The parties negotiated

15  in good faith concerning the issue but were unable to resolve it.  LSW believes that

16  modification of the production end date for email is warranted and should be

17  resolved by this Court with an order that the one supplemental production of email

18  and attachments by LSW may be made with a document end date of May 31, 2013.

19  Plaintiffs believe that the production end date should remain as 60 days prior to the

20  close of non-expert fact discovery, that it is premature to set the production end

21  date at this time, and that any request for modification is properly addressed to

22  Magistrate Judge Block.  Exhibits A and B hereto are true and correct copies of the

23  parties' written correspondence concerning that issue;

24  WHEREAS, good cause exists to extend the dates in the Fourth Amended

25  Pretrial Scheduling Order and defer the class notice process in order to conserve

26  the resources of the parties and the Court while Plaintiffs' Rule 23(f) petition is

27  pending and to avoid the potential for confusion among class members that might

28  arise if class notice is disseminated before resolution of Plaintiffs' Rule 23(f)

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

petition, since a successful petition and appeal would require substantial changes to the class notice that may impact, among other things, class members' decisions whether or not to opt out;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties:

1.     All of the dates in the Fourth Amended Pretrial Scheduling Order shall be modified as set forth below.  This amended schedule generally preserves the deadlines and time periods between the scheduling events as set forth in the Fourth Amended Pretrial Scheduling Order, but extends the scheduled dates to accommodate the time period for finalizing and providing notice to the class after the Ninth Circuit rules on Plaintiffs' Rule 23(f) petition.  The scheduling of the trial date below is provisional only, and may need to be reset depending on the Court's calendar.

2.     The deadlines set forth in the Court's May 28, 2013 Order Regarding Class Notice (Dkt. 446) are vacated, and the parties' meet and confer regarding class notice and submission to the Court of a joint status report setting forth a proposed class notice are deferred until resolution of Plaintiffs' Rule 23(f) petition.[1]  In the event that the Ninth Circuit denies Plaintiffs' Rule 23(f) petition, the parties shall, beginning no later than 15 days from the entry of an order by the Ninth Circuit denying Plaintiffs' Rule 23(f) petition, meet and confer regarding an appropriate class notice.  Within 30 days of the entry of an order by the Ninth

---

[1] Although Plaintiffs fully intend to file a Rule 23(f) petition on or before June 12, 2013, in the event that Plaintiffs fail to file such a petition, the deadlines set forth in the Court's May 28, 2013 Order Regarding Class Notice (Dkt. 446) shall begin to run on June 13, 2013 (the first date following the time period in which Plaintiffs may file a petition pursuant to Rule 23(f)).  Accordingly, if Plaintiffs do not file a Rule 23(f) petition, beginning no later than 15 days from June 13, 2013, the parties shall meet and confer regarding an appropriate class notice.  Within 30 days of June 13, 2013, the parties shall file a joint status report setting forth an appropriate notice.  In accordance with the Court's May 28, 2013 Order, where the parties are unable to agree upon any portion of the class notice, they shall each set forth their alternative proposals in the same document.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

Circuit denying Plaintiffs' Rule 23(f) petition, the parties shall file a joint status report setting forth an appropriate notice.  In accordance with the Court's May 28, 2013 Order, where the parties are unable to agree upon any portion of the class notice, they shall each set forth their alternative proposals in the same document.  In the event that the Ninth Circuit grants Plaintiffs' Rule 23(f) petition, all deadlines in this Order shall be vacated, and the parties shall meet and confer regarding a further amended scheduling order to accommodate the appeal to the Ninth Circuit.

3.      All discovery, including depositions, will be stayed and deferred until the Ninth Circuit rules on Plaintiffs' Rule 23(f) petition.  Notwithstanding this stay of discovery, while Plaintiffs' Rule 23(f) petition is pending, either party may bring a joint stipulation before the Magistrate Judge to resolve any discovery dispute that is currently outstanding or that may arise while Plaintiffs' Rule 23(f) petition is pending.

4.      The last date for hearing motions will be 7 days after the close of the opt-out period as provided in the class notice approved by the Court.  Except as otherwise set forth below, all motions shall be served and filed no later than four weeks (28 days) before the last date for hearing motions.

5.      With respect to any motion for summary judgment that may be filed, the parties will meet and confer on a briefing schedule, but the time between the filing of any summary judgment motion and the hearing date shall be no less than 60 days.

6.      The trial date will be seven weeks (49 days) after the last date for hearing motions, as set forth in Paragraph 4 above.  The pretrial conference will take place 10 days before the amended trial date, in accordance with the Fourth Amended Pretrial Scheduling Order.

7.      Pursuant to the Trial Order and in compliance with Local Rule 6, all motions *in limine* shall be filed and served no later than four weeks (28 days) prior

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

to the amended pretrial conference date.

   8.   Pursuant to and in compliance with Local Rule 16, the parties' Pretrial Conference Order shall be lodged no later than 11 days before the amended pretrial conference date.

   9.   Pursuant to and in compliance with Local Rule 16, all Memoranda of Contentions of Fact and Law, Exhibit Lists, and Witness Lists shall be submitted no later than three weeks (21 days) prior to the amended pretrial conference date.

   10.   Non-expert fact discovery shall remain open until eleven weeks (77 days) before the amended trial date.  Pursuant to the Trial Order, all depositions shall commence no later than 5 working days before the close of non-expert fact discovery.

   11.   The deadline for written discovery passed on December 4, 2012, and is not extended or re-opened by this stipulation.  Notwithstanding this deadline, either party may propound additional written discovery pursuant to any Order by the Court permitting such additional written discovery upon good cause shown.  Nothing in this Order shall be interpreted as a waiver of a propounding party's right to seek supplementation of the responding party's responses to any previously propounded written discovery requests as required by the Federal Rules, by Court Order, or by any other applicable rule.

   12.   Expert discovery will remain open until five weeks before the amended trial date.  The parties shall submit their expert disclosures no later than eight weeks (56 days) prior to the amended close of expert discovery, any rebuttal expert disclosures no later than five weeks (35 days) prior to the amended close of expert discovery, and any reply expert disclosures no later than two weeks (14 days) prior to the amended close of expert discovery.  All expert depositions shall commence no later than the date for the amended close of expert discovery.

   13.   The parties will participate in a non-judicial dispute resolution proceeding, Settlement Procedure Number 3 under Local Rule 16-15.4.  The last

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

date for completion of this Settlement Procedure shall be no later than the amended close of non-expert fact discovery.

14. The timing and procedures for proposed jury instructions, special verdicts and voir dire questions are set forth at Docket No. 61, pp. 5-6.

15. The parties may seek modification of this Order at any time and for good cause shown.

16. Although the parties hereby agree and stipulate that the deadline for non-expert fact discovery shall be extended as set forth in Paragraph 10, above (and are in agreement with respect to all other deadlines and scheduling modifications as set forth herein), the parties are in dispute with respect to the "production end date," which has been set by Magistrate Judge Block as 60 days prior to the close of non-expert fact discovery. *See* December 14, 2012 Minute Order, Docket No. 365, at 2. Plaintiffs do not believe that the production end date should be modified, whereas LSW believes that modification is warranted for the reasons set forth below. The parties' arguments with respect to this particular dispute are as follows[2]:

**LSW'S ARGUMENT AND PROPOSAL:**

Life Insurance Company of the Southwest ("LSW") agrees that a stay is appropriate. However, one change to Plaintiffs' proposed order is warranted in order to prevent the stay from creating substantial additional costs for LSW: the production end date for email should be fixed at May 31, 2013.

Presently, the production end date is floating at 60 days prior to the close of fact discovery. This is problematic when coupled with Plaintiffs' proposed stay— the stay extends fact discovery, and thus effectively extends the production end

---

[2] Plaintiffs and LSW have submitted, concurrently herewith, separate proposed orders setting forth in Paragraph 16 thereof their respective proposals with respect to the production end date. The proposed orders are identical with respect to all other proposed scheduling modifications and deadlines as set forth in this joint stipulation.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

date and increases review volume.  Each month included in the discovery period has yielded on average 190,000 pages of email and attachments for review (*i.e.,* as detailed above, 12.9 million pages reviewed covering a 68 month period).  Thus, even if Plaintiffs' Rule 23(f) petition takes just four months, LSW could face almost 800,000 additional pages of review as a result of the stay.

As detailed in Exhibit A, when Plaintiffs proposed the stay, LSW explained this concern, and offered Plaintiffs a choice of three proposed changes to the production end date in order to control document review costs.  Unfortunately, the parties were unable to reach agreement.  Thus, LSW now requests that, as part of a stay order, the Court set the production end date at May 31, 2013.  This is warranted for three reasons.

*First*, it is the fair result that is consistent with Plaintiffs' own reasoning. Plaintiffs have argued (and the Stipulation posits) that the stay will conserve resources.  But, unless the Cutoff is addressed, LSW's resources will not be conserved.  Based on the above estimates, even if the review obligation created by the stay costs just ten cents per page (a very conservative estimate), a four-month stay could LSW cost $80,000 just for document review.  This is not a cost that LSW should have to bear in order to accommodate Plaintiffs' stay request.

*Second*, the materials that LSW's proposed production end date would exclude from review (*i.e.,* email created *after* May 31, 2013) are irrelevant.  There is no reason in the world why email that LSW *has not even yet created*—years into litigation—is relevant.  One of the two products at issue (Paragon) is not even on the market anymore.  The other (Provider), was developed seven years ago. Indeed, to date, less than 1% of all reviewed email (*i.e.,* including email from far more pertinent time periods) has been determined to be responsive to document requests.

*Finally*, relevance aside, the required review would be cumulative and disproportionate in expense.  *See* Fed. R. Civ. P. Rule 26(b)(2)(C) (discovery

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

prohibited where it would be cumulative, where ample discovery has occurred, or where the likely benefit would be outweighed by the cost).  As stated above, Plaintiffs have already received almost nine million pages of documents covering spanning seven years.  Were it not for this stay, discovery would be ending and the parties would be preparing for summary judgment and trial.  If Plaintiffs cannot prove their case by now, additional discovery is hardly the solution.

Accordingly, LSW respectfully requests that the Court enter a stay including an order that the production end date for email shall be set at May 31, 2013.[3]

### PLAINTIFFS' ARGUMENT AND PROPOSAL:

LSW's insistence that the production end date be modified by this Court as part of the parties' agreement to extend the pretrial schedule (which does not even mention the production end date) is procedurally improper, premature, and unfounded.  Magistrate Judge Block first set the production end date "at 60 days prior to the discovery cut-off date" in response to a dispute between the parties concerning the temporal scope of LSW's production obligations.  *See* Minute Order, Docket No. 99, at 5.[4]  A subsequent dispute arose between the parties as to whether the production end date was fixed or is a floating deadline tied to the operative close of fact discovery, which had been extended to January 21, 2013.  In a December 14, 2012 order, Magistrate Judge Block clarified that the production end date was not fixed but is a floating deadline set at 60 days prior to the operative close of fact discovery.  *See* Minute Order, Docket No. 365, at 2.

Magistrate Judge Block's rulings on this issue should not be disturbed by this Court.  First, Magistrate Judge Block already rejected LSW's argument that

---

[3] To be clear, regardless of the resolution of the Cutoff, the stay should be entered. Even if all costs cannot be prevented, the stay could prevent some costs.

[4] In considering arguments by LSW concerning the burden of having to produce documents covering a lengthier period of time, Magistrate Judge Block noted that "any undue burden objection is more properly dealt with in the context of a particular discovery request."  *See* Minute Order, Docket No. 99, at 5.

JOINT STIPULATION REGARDING PROPOSED FIFTH AMENDED PRETRIAL SCHEDULING ORDER
Case No. CV 10-9198 JVS (RNBx)

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

there should be a fixed production end date and held that the production end date is floating based on the operative discovery cutoff, irrespective of when the discovery cutoff is ultimately set.  LSW did not appeal the December 14, 2012 order and now seeks to circumvent it with a procedurally improper request to this Court.  If LSW wishes for Magistrate Judge Block to reconsider his order regarding the floating production end date, it should seek relief from him in the first instance.

Second, it is unnecessary and premature to fix the production end date now. Assuming the Court enters the parties' joint stipulation, the dates in the pretrial schedule – including the close of fact discovery – could be pushed out for an extended period of time depending on the time it takes for the Ninth Circuit to resolve Plaintiffs' Rule 23(f) petition.  If Plaintiffs' petition is denied, it will likely take a few months for the Ninth Circuit to issue this ruling, pushing out the discovery period and other pretrial dates accordingly.  If the Ninth Circuit grants Plaintiffs' petition, it may take an extended period of time before the Ninth Circuit rules on the propriety of the decertification of the subclass.  Fixing the production end date at May 31, 2013 without knowing how long it will take for the Ninth Circuit to resolve Plaintiffs' petition and by how long the pretrial schedule will be extended risks shielding from discovery months or even years of responsive documents that are created during that time.  Further, there is no prejudice to LSW in not having a fixed date now or in deferring this dispute until after resolution of Plaintiffs' Rule 23(f) petition because there is minimal to no added cost (beyond what LSW would incur in its ordinary business practice) in preserving these emails, which are LSW's most recent emails, during that period of time.

Finally, the production end date should not be fixed in any event because it risks excluding from discovery relevant and responsive documents.  Pursuant to the Federal Rules and Magistrate Judge Block's orders, LSW is obligated to supplement its productions up through 60 days prior to the ultimate close of fact discovery.  LSW's arguments concerning the burden of meeting its obligations are

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

JOINT STIPULATION REGARDING PROPOSED FIFTH AMENDED PRETRIAL SCHEDULING ORDER
Case No. CV 10-9198 JVS (RNBx)

unavailing.  But even assuming, *arguendo*, that LSW's arguments have some

merit, prematurely fixing the production cutoff date is still improper.  As set forth

in Exhibit A hereto, the parties discussed alternative solutions that would allow

LSW to minimize its costs without unduly curtailing the time period of responsive

documents.  Plaintiffs agreed to substantially decrease LSW's supplementation

obligations by agreeing (1) that LSW could provide a complete supplementation

for just 5 custodians (out of 26) and (2) that for the remaining 21 custodians, LSW

could cap the number of documents for review at 50,000.  *See* Exhibit A.

Although LSW rejected this reasonable proposal, Plaintiffs' proposal or a similar

proposal is a more appropriate way to address LSW's burden concerns without

depriving Plaintiffs of months of responsive documents.


DATED:  June 6, 2013                KASOWITZ BENSON TORRES &
                                    FRIEDMAN LLP


                                    By:  */s/* Charles N. Freiberg
                                         Charles N. Freiberg

                                    Attorneys For Plaintiffs
                                    JOYCE WALKER, KIM BRUCE HOWLETT,
                                    and MURIEL SPOONER, on behalf of
                                    themselves and all others similarly situated


                                    WILMER CUTLER PICKERING HALE AND
                                    DORR LLP and MINTZ, LEVIN, COHN,
                                    FERRIS, GLOVSKY AND POPEO, P.C.

                                    By:  */s/* Timothy Perla
                                         Timothly Perla


                                    Attorneys For Defendant
                                    LIFE INSURANCE COMPANY OF THE
                                    SOUTHWEST

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

JOINT STIPULATION REGARDING PROPOSED FIFTH AMENDED PRETRIAL SCHEDULING ORDER
Case No. CV 10-9198 JVS (RNBx)

10