# EXHIBIT A

# Perla, Timothy

| | |
|---|---|
| **From:** | Jeanette T. Barzelay <JBarzelay@kasowitz.com> |
| **Sent:** | Monday, June 03, 2013 8:55 PM |
| **To:** | Perla, Timothy; Brian P. Brosnahan; Charles N. Freiberg |
| **Cc:** | Robinson, Andrea; Shapiro, Jonathan; Fleming, Joel; Moskowitz, Seth A.; Monahan, Caitlin W. |
| **Subject:** | RE: Walker |
| **Attachments:** | SANFRAN-#8142665-v2-LSW_-_Stipulation_re_Fifth_Amended_Scheduling_Order.DOC |

Tim,

Plaintiffs are unable to accept LSW's proposals in their current form (without modification or combining along the lines we described). Accordingly, it seems we are at an impasse with respect to this singular aspect of the stay request.

In terms of presenting the proposed stay and this particular dispute to the Court, we believe the most efficient and procedurally sound approach would be to submit a joint stipulation similar to the one we circulated last week setting forth the proposed modifications to the pretrial schedule to accommodate the time for Plaintiffs' Rule 23(f) petition. In addition to the modifications set forth in that stipulation – with respect to which we understand the parties are in agreement (subject, of course, to any further revisions or comments as to specific language set forth therein) – the stipulation would include a section concerning the cutoff date for supplementation (what you refer to as the "responsiveness cutoff"). In that portion of the joint stipulation, the parties would set forth their competing arguments and proposals regarding the cutoff date for supplementation. We propose a maximum of two pages each for the argument portion. We would also submit alternative proposed orders, which would be identical except with respect to the dispute concerning the supplementation cutoff date. An example of such a joint stipulation is attached.

Please let us know as soon as possible if you agree to this approach, and if so, please let us know whether you have any revisions to the form of joint stipulation attached hereto. Assuming we can reach agreement today or tomorrow, we would propose getting the joint stipulation (with our respective arguments and proposed orders regarding the supplementation cutoff date) on file by no later than the end of the day Wednesday. Please let us know if this is workable.

Thanks,
Jeanette


Jeanette T. Barzelay
Kasowitz, Benson, Torres & Friedman LLP
101 California Street, Suite 2300
San Francisco, California 94111
Tel. (415) 655-4346
Fax (650) 745-2866
JBarzelay@kasowitz.com

**From:** Perla, Timothy [mailto:Timothy.Perla@wilmerhale.com]
**Sent:** Monday, June 03, 2013 6:28 AM
**To:** Brian P. Brosnahan; Charles N. Freiberg; Jeanette T. Barzelay
**Cc:** Robinson, Andrea; Shapiro, Jonathan; Fleming, Joel; Moskowitz, Seth A.; Monahan, Caitlin W.
**Subject:** RE: Walker

Brian –

1

Thanks for your email.  Unfortunately, LSW cannot agree to combining proposals.  LSW's three proposals each represented a substantial additional expense for the Company that would result from accommodating the Plaintiffs' stay request.  Combining them is too burdensome and costly.  However, I hope that you will reconsider, as the proposals remain open for the moment.  I am also remain open to additional ideas, if there is another proposal that is no more costly, but is preferable to the Plaintiffs.

If we cannot reach agreement, we should confer about how the parties can present this matter to the Court in a manner that is most efficient and least burdensome for all involved.  As I indicated by phone, LSW does not have any principled objection to the stay, we just believe that it must be coupled with a measure to control the discovery costs that it would otherwise create.  Can we find a way to present the limited dispute efficiently?  Perhaps, for instance, the parties can submit alternative drafts of the stay order (exchanged beforehand) coupled with no more than three pages of argument about the issue?  I am open to suggestions.

Tim


**Timothy Perla | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6696 (t)
+1 617 526 5000 (f)
timothy.perla@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Brian P. Brosnahan [mailto:BBrosnahan@kasowitz.com]
**Sent:** Sunday, June 02, 2013 4:46 PM
**To:** Perla, Timothy; Charles N. Freiberg; Jeanette T. Barzelay
**Cc:** Robinson, Andrea; Shapiro, Jonathan; Fleming, Joel; Moskowitz, Seth A.; Monahan, Caitlin W.
**Subject:** RE: Walker

Tim,

Thanks for your proposals.  While option 3 might be workable with a substantially higher number of documents (given the potentially long time before any supplementation occurs), we could live with the 50,000 document limit if option 3 is combined with option 1.  In other words, we would select 5 custodians for complete supplementation.  As to the others, a maximum of 50,000 documents would be reviewed, based on a report showing the number of hits for each custodian/search term combination.  If this is workable, please provide a proposed timeline for this process.

Re motions, we may make some discovery motions based on issues we have discussed previously in meet and confer, though certainly no such motion is imminent.  We have not decided whether we will pursue any other motions.

Thanks,

Brian


Brian P. Brosnahan

Kasowitz, Benson, Torres & Friedman LLP
101 California Street, Suite 2300
San Francisco, California 94111
Tel. (415) 655-4337
Fax (415) 358-4278
BBrosnahan@kasowitz.com

**From:** Perla, Timothy [mailto:Timothy.Perla@wilmerhale.com]
**Sent:** Saturday, June 01, 2013 4:12 AM
**To:** Brian P. Brosnahan; Charles N. Freiberg; Jeanette T. Barzelay
**Cc:** Robinson, Andrea; Shapiro, Jonathan; Fleming, Joel; Moskowitz, Seth A.; Monahan, Caitlin W.
**Subject:** Walker

Brian –

Thanks for our call.  As I explained on the call, I am not necessarily opposed to accommodating your stay request, but we need to ensure that it doesn't increase costs (which I understand to be your objective as well).  I hope at least that premise is something we can agree on.

As I explained, more specifically, I have two concerns that need addressing if we are going to enter a stay.  The first is that the "floating" responsiveness cutoff will mean that we need to review more documents for each day that the stay is in place, which means more cost.  The second is that, since we will only be doing one more extraction, we may be jammed to do it quickly once the time to extract and review comes.  You also expressed a concern that the 23f process could be lengthy, resulting in a potentially relevant date range not being reviewed.  We each agreed to brainstorm proposals to address the concerns.

I have three proposals for you to consider:

(1) Cap the custodians.  We keep everything the same (search terms, floating date range), but we do a further update and extraction only for five custodians of your choosing.  You could make your selections anytime prior to the extraction.

(2) Cap the date range, but with a safety valve.  We agree that the responsiveness period ends as of June 1, 2013.  However, if the stay lasts longer than six months, Plaintiffs may for good cause argue for a longer responsiveness period.  I agree not to argue that Plaintiffs have waived or in any way prejudiced their right to do so.

(3) Cap the review set.  We keep the date range the same, but agree that under no circumstances shall the documents for review exceed 50,000 total.  After the final extraction occurs, I will supply a custodian and search term report.  Plaintiffs may choose whatever combo of custodians and terms they want for us to review.

We would pair any of these with language in the stipulation ensuring that LSW will have a reasonable amount of time to conduct the review.  We can decide the language after we know which proposal we are pursuing.  If none of these are acceptable, we may need to agree to disagree.  But I am hopeful that we can find a solution.

Finally, I need to know whether you are presently contemplating filing any kind of motions during the stay?  I do not want to tell my client that this will save (or at least defer) costs if you are planning to file something that will render that assurance inaccurate.  Please let me know.

I know you want to move quickly.  I'm happy to be available if you want to discuss.

Tim

**Timothy Perla | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6696 (t)
+1 617 526 5000 (f)
timothy.perla@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.