# EXHIBIT B

## Jeanette T. Barzelay

| | |
|---|---|
| **From:** | Brian P. Brosnahan |
| **Sent:** | Friday, May 31, 2013 11:53 AM |
| **To:** | Perla, Timothy; Jeanette T. Barzelay |
| **Cc:** | jashapiro@mintz.com; Robinson, Andrea; Lux, James; Fleming, Joel; Charles N. Freiberg; Jacob N. Foster |
| **Subject:** | RE: Walker, et al. v. LSW |

How about noon Pacific?

---

**From:** Perla, Timothy [mailto:Timothy.Perla@wilmerhale.com]
**Sent:** Friday, May 31, 2013 10:42 AM
**To:** Jeanette T. Barzelay
**Cc:** jashapiro@mintz.com; Robinson, Andrea; Lux, James; Fleming, Joel; Brian P. Brosnahan; Charles N. Freiberg; Jacob N. Foster
**Subject:** Re: Walker, et al. v. LSW

When would you like to have a call?

On May 31, 2013, at 12:47 PM, "Jeanette T. Barzelay" <JBarzelay@kasowitz.com> wrote:

> Tim,
>
> While we appreciate the uncertainty inherent in the floating discovery and responsiveness deadlines, we do not understand the "practical problems" that you claim will arise if we push out the discovery deadline (correspondingly with all other pretrial dates as set in the current schedule) to accommodate the time it will take the Ninth Circuit to rule on Plaintiffs' Rule 23(f) petition. For instance, you mention the need for "ongoing repeated email extractions," but we believe we already have agreed in the context of prior meet and confer discussions that with respect to email, LSW need only provide one final supplementation once the deadline for fact discovery (and, thus, the deadline for responsiveness) is finally set. Thus, regardless of when the responsiveness deadline ultimately is, LSW need not perform ongoing or repeated email extractions.
>
> You also mention "the potential for expedited review if volume is large," but the potential need for expedited review due to a large volume of responsive documents exists regardless of whether the responsiveness deadline is set for June 1, 2013 or months from now. While it is true that extending the deadline may increase the volume of potentially responsive documents that must be reviewed, we do not believe this is sufficiently problematic to justify altering Judge Block's order (which set the responsiveness deadline as 60 days before the close of fact discovery). Regardless of when the responsiveness deadline ultimately is set, Plaintiffs are happy to meet and confer with LSW regarding an appropriate timeframe for production based on the volume of emails to be reviewed and produced, including, for instance, the possibility of rolling productions to allow sufficient time for LSW's review.
>
> We believe this should resolve the "practical problems" you mentioned, but if you would like to discuss further, we are happy to do so.
>
> Thanks,
> Jeanette
>
>
> Jeanette T. Barzelay

1

Kasowitz, Benson, Torres & Friedman LLP
101 California Street, Suite 2300
San Francisco, California 94111
Tel. (415) 655-4346
Fax (650) 745-2866
JBarzelay@kasowitz.com

**From:** Perla, Timothy [mailto:Timothy.Perla@wilmerhale.com]
**Sent:** Thursday, May 30, 2013 1:36 PM
**To:** Jeanette T. Barzelay; jashapiro@mintz.com
**Cc:** Robinson, Andrea; Lux, James; Fleming, Joel; Brian P. Brosnahan; Charles N. Freiberg; Jacob N. Foster
**Subject:** RE: Walker, et al. v. LSW

Jeanette –

Thanks for the proposal, which our client is reviewing. We have one concern that we would like to address. You will recall that we have a "floating" discovery responsiveness cutoff that is tied to the class notice date. If we push the deadlines out again, a consequence will be that the responsiveness cutoff remains uncertain. That uncertainty causes practical problems for the Company (the need for ongoing repeated email extractions, the potential for expedited review if volume is large, etc.).

If we're going to bump out deadlines and allow them to continue to float, we'd like to agree on a fixed discovery responsiveness date cutoff for both parties. We recognize that there will be discrete exceptions (e.g., need for further updates to data files and policyholder lists), but the cutoff will provide certainty for big ticket items such as email. Given that we're discussing this now, June 1, 2013 seems principled. Can we reach that agreement?

Tim

**Timothy Perla | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6696 (t)
+1 617 526 5000 (f)
timothy.perla@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Jeanette T. Barzelay [mailto:JBarzelay@kasowitz.com]
**Sent:** Thursday, May 30, 2013 1:12 PM
**To:** jashapiro@mintz.com
**Cc:** Perla, Timothy; Robinson, Andrea; Lux, James; Fleming, Joel; Brian P. Brosnahan; Charles N. Freiberg; Jacob N. Foster
**Subject:** Walker, et al. v. LSW

Jonathan,

We write to discuss certain scheduling issues in light of the Court's order decertifying the Illustrations subclass and its related order concerning class notice.  In accordance with Rule 23(f), Plaintiffs intend to file a petition with the Ninth Circuit for permission to appeal the Court's decertification order.  As we discussed in connection with LSW's previously filed Rule 23(f) petition, we do not think it would be appropriate to send a class notice with Plaintiffs' Rule 23(f) petition pending, and there are other matters now or soon to be in process (including discovery, motion practice, expert work, and Court-mandated non-judicial dispute resolution) on issues relating to the subclass that will necessarily be impacted by the outcome of the Rule 23(f) petition.  Accordingly, we believe it would be most efficient to extend the schedule so that this work can be deferred pending a ruling on the petition.

We propose a similar scheduling modification to that which we submitted to the Court in December, which the Court entered on December 12, 2012 as the Fourth Amended Pretrial Scheduling Order.  The various scheduling deadlines and time periods between scheduling events will remain the same, but the class notice-related deadlines set forth in the Court's May 28, 2013 Order (Dkt. 446) will be vacated and the parties' discussions and submissions concerning class notice will be deferred pending resolution of Plaintiffs' Rule 23(f) petition.  As before, discovery (i.e. depositions) will be stayed pending resolution of the petition, except that either party may bring a joint stipulation before Judge Block concerning any discovery dispute that is presently outstanding or that may arise while the petition is pending.

Attached is a draft stipulation for your review, along with a redline that shows changes from the stipulation we submitted to the Court in December following LSW's filing of a Rule 23(f) petition.  Please let us know as soon as possible whether LSW will agree to such a stipulation, and if so, what changes you propose to the attached draft.

If LSW will not agree, Plaintiffs will file a motion to modify the schedule as set forth in the attached draft stipulation.  Given the presumptive 28-day notice period for filing motions and the upcoming deadlines concerning class notice, we would need to get such a motion on file quickly (and may even need to apply *ex parte* or on shortened time).  Accordingly, we would appreciate a response by no later than close of business tomorrow so that we can begin preparing motion papers if necessary.

Please let us know if you would like to have a call tomorrow to discuss these issues.

Thanks,
Jeanette

Jeanette T. Barzelay
Kasowitz, Benson, Torres & Friedman LLP
101 California Street, Suite 2300
San Francisco, California 94111
Tel. (415) 655-4346
Fax (650) 745-2866
JBarzelay@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.