**DENIED**
BY ORDER OF THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW from Northern District of CA<br><br>**PLAINTIFFS' [PROPOSED] FIFTH AMENDED PRETRIAL SCHEDULING ORDER** |

Having reviewed the parties' Joint Stipulation Regarding Fifth Amended Pretrial Scheduling Order, and good cause appearing therefore, the Court issues the following Order:

1. All of the dates in the Fourth Amended Pretrial Scheduling Order shall be modified as set forth below. This amended schedule generally preserves the deadlines and time periods between the scheduling events as set forth in the Fourth Amended Pretrial Scheduling Order, but extends the scheduled dates to accommodate the time period for finalizing and providing notice to the class after the Ninth Circuit rules on Plaintiffs' Rule 23(f) petition. The scheduling of the trial date below is provisional only, and may need to be reset depending on the Court's calendar.

2. The deadlines set forth in the Court's May 28, 2013 Order Regarding Class Notice (Dkt. 446) are vacated, and the parties' meet and confer regarding class notice and submission to the Court of a joint status report setting forth a proposed class notice are deferred until resolution of Plaintiffs' Rule 23(f) petition.[1] In the event that the Ninth Circuit denies Plaintiffs' Rule 23(f) petition, the parties shall, beginning no later than 15 days from the entry of an order by the Ninth Circuit denying Plaintiffs' Rule 23(f) petition, meet and confer regarding an appropriate class notice. Within 30 days of the entry of an order by the Ninth Circuit denying Plaintiffs' Rule 23(f) petition, the parties shall file a joint status report setting forth an appropriate notice. In accordance with the Court's May 28,

---

[1] Although Plaintiffs fully intend to file a Rule 23(f) petition on or before June 12, 2013, in the event that Plaintiffs fail to file such a petition, the deadlines set forth in the Court's May 28, 2013 Order Regarding Class Notice (Dkt. 446) shall begin to run on June 13, 2013 (the first date following the time period in which Plaintiffs may file a petition pursuant to Rule 23(f)). Accordingly, if Plaintiffs do not file a Rule 23(f) petition, beginning no later than 15 days from June 13, 2013, the parties shall meet and confer regarding an appropriate class notice. Within 30 days of June 13, 2013, the parties shall file a joint status report setting forth an appropriate notice. In accordance with the Court's May 28, 2013 Order, where the parties are unable to agree upon any portion of the class notice, they shall each set forth their alternative proposals in the same document.

2013 Order, where the parties are unable to agree upon any portion of the class notice, they shall each set forth their alternative proposals in the same document. In the event that the Ninth Circuit grants Plaintiffs' Rule 23(f) petition, all deadlines in this Order shall be vacated, and the parties shall meet and confer regarding a further amended scheduling order to accommodate the appeal to the Ninth Circuit.

3. All discovery, including depositions, will be stayed and deferred until the Ninth Circuit rules on Plaintiffs' Rule 23(f) petition. Notwithstanding this stay of discovery, while Plaintiffs' Rule 23(f) petition is pending, either party may bring a joint stipulation before the Magistrate Judge to resolve any discovery dispute that is currently outstanding or that may arise while Plaintiffs' Rule 23(f) petition is pending.

4. The last date for hearing motions will be 7 days after the close of the opt-out period as provided in the class notice approved by the Court. Except as otherwise set forth below, all motions shall be served and filed no later than four weeks (28 days) before the last date for hearing motions.

5. With respect to any motion for summary judgment that may be filed, the parties will meet and confer on a briefing schedule, but the time between the filing of any summary judgment motion and the hearing date shall be no less than 60 days.

6. The trial date will be seven weeks (49 days) after the last date for hearing motions, as set forth in Paragraph 4 above. The pretrial conference will take place 10 days before the amended trial date, in accordance with the Fourth Amended Pretrial Scheduling Order.

7. Pursuant to the Trial Order and in compliance with Local Rule 6, all motions *in limine* shall be filed and served no later than four weeks (28 days) prior to the amended pretrial conference date.

8. Pursuant to and in compliance with Local Rule 16, the parties' Pretrial

Conference Order shall be lodged no later than 11 days before the amended pretrial conference date.

9. Pursuant to and in compliance with Local Rule 16, all Memoranda of Contentions of Fact and Law, Exhibit Lists, and Witness Lists shall be submitted no later than three weeks (21 days) prior to the amended pretrial conference date.

10. Non-expert fact discovery shall remain open until eleven weeks (77 days) before the amended trial date.  Pursuant to the Trial Order, all depositions shall commence no later than 5 working days before the close of non-expert fact discovery.

11. The deadline for written discovery passed on December 4, 2012, and is not extended or re-opened by this stipulation.  Notwithstanding this deadline, either party may propound additional written discovery pursuant to any Order by the Court permitting such additional written discovery upon good cause shown.  Nothing in this Order shall be interpreted as a waiver of a propounding party's right to seek supplementation of the responding party's responses to any previously propounded written discovery requests as required by the Federal Rules, by Court Order, or by any other applicable rule.

12. Expert discovery will remain open until five weeks before the amended trial date.  The parties shall submit their expert disclosures no later than eight weeks (56 days) prior to the amended close of expert discovery, any rebuttal expert disclosures no later than five weeks (35 days) prior to the amended close of expert discovery, and any reply expert disclosures no later than two weeks (14 days) prior to the amended close of expert discovery.  All expert depositions shall commence no later than the date for the amended close of expert discovery.

13. The parties will participate in a non-judicial dispute resolution proceeding, Settlement Procedure Number 3 under Local Rule 16-15.4.  The last date for completion of this Settlement Procedure shall be no later than the amended close of non-expert fact discovery.

14. The timing and procedures for proposed jury instructions, special verdicts and voir dire questions are set forth at Docket No. 61, pp. 5-6.

15. The parties may seek modification of this Order at any time and for good cause shown.

16. The production end date is not modified by entry of this Order and shall remain as 60 days prior to the close of non-expert fact discovery, as set by Magistrate Judge Block in his December 14, 2012 Minute Order, Docket No. 365. This Order is without prejudice to LSW's right to seek modification before Magistrate Judge Block of the production end date.

IT IS SO ORDERED.

Dated: _____

**DENIED**
BY ORDER OF THE COURT
_____
Honorable James V. Selna
United States District Judge

The Court requests that within ten days the parties submit a single proposed scheduling order beginning with a date certain, the trial. Each event leading to trial should be given a date certain. Where the parties differ on the appropriate date, alternative dates should be included in the single proposed order. With the exception of the trial and pretrial conference dates, the Court is generally receptive to later modifications of dates where the parties are working cooperatively to bring the case to trial. In the Court's experience, setting dates based on a number of day from a specified earlier event leads to confusion. Each side may accompany the proposed order with a memorandum of not more than five pages but is not required to do so.

The Court declines to otherwise stay the case, including discovery. JVS June 20, 2013