KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
CHARLES N. FREIBERG (SBN 70890)
BRIAN P. BROSNAHAN (SBN 112894)
JACOB N. FOSTER (SBN 250785)
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

LAW OFFICES OF CRAIG A. MILLER
CRAIG A. MILLER (SBN 116030)
225 Broadway, Suite 1310
San Diego, CA 92101
Telephone: (619) 231-9449
Facsimile: (619) 231-8638

Attorneys for Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT,
and MURIEL SPOONER, on behalf of themselves
and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>CASE NO.: CV 10-9198 JVS (RNBx)<br><br>Formerly Case No.: 3:10-cv -04852 JSW from Northern District of CA<br><br>**JOINT MEMORANDUM IN SUPPORT OF PROPOSED FIFTH AMENDED PRETRIAL SCHEDULING ORDER** |

Pursuant to the Court's June 20, 2013 Orders Denying Plaintiffs' and LSW's Proposed Fifth Amended Pretrial Scheduling Orders, the parties met and conferred concerning a proposed pretrial schedule and reached agreement on the Proposed Fifth Amended Pretrial Scheduling Order filed concurrently herewith. This memorandum provides a brief explanation of the deadlines proposed by the parties, including an explanation of how they differ from the comparable deadlines set forth in the Fourth Amended Pretrial Scheduling Order.

(a) <u>Deadline for participating in mediation</u>. The parties have agreed to commence mediation by no later than October 1, 2013.

(b) <u>Close of non-expert fact discovery and production end date</u>. The parties have agreed that non-expert fact discovery will close on December 6, 2013, and that pursuant to the Trial Order, all non-expert fact depositions must commence by no later than November 29, 2013, five days before the close of non-expert fact discovery. Whereas in the Fourth Amended Pretrial Scheduling Order (and in prior scheduling orders) the deadline for non-expert fact discovery was set to take place 11 weeks before the trial date, in the Proposed Fifth Amended Pretrial Scheduling Order, the close of non-expert fact discovery has been accelerated to take place approximately 30 weeks before the trial date. In addition, the December 6, 2013 deadline allows the parties the flexibility to defer some or all depositions until after mediation.

Further, notwithstanding Magistrate Judge Block's December 14, 2012 order (Dkt. 365) that the production end date (that is, the date as of which any responsive documents must be produced) shall be 60 days before the operative close of non-expert fact discovery, the parties have agreed that the production end date shall be August 15, 2013 (113 days, or approximately 16 weeks, before the close of non-expert fact discovery), and that any supplemental productions shall begin no later than October 1, 2013 and be completed no later than November 1, 2013. These deadlines allow LSW a sufficient period of time in which to review documents for

supplemental production, and allow Plaintiffs a sufficient period of time in which to review LSW's production in advance of the deadline for depositions and in connection with ongoing expert-related work before expert disclosures will be due.[1]

(c) <u>Mailing of class notice</u>. The parties have agreed that notice to the class shall be sent by no later than November 1, 2013. The parties believe that this deadline will conserve resources and maximize judicial efficiency, including because additional supplementation of discovery may be necessary in order to generate a final policyholder list, and because it will accommodate the contemplated mediation deadline.

(d) <u>Expert discovery</u>. The deadline for expert discovery and the corresponding deadlines for expert disclosures have been extended slightly in the proposed Fifth Amended Pretrial Scheduling Order for two reasons. First, the date by which initial expert disclosures must be made (January 13, 2014) has been extended to occur after the close of fact discovery so that the parties can obtain all necessary discovery relevant to their expert work sufficiently in advance of the time that initial expert disclosures must be made. Second, the parties agreed to a January 13, 2014 deadline for initial expert disclosures in order to accommodate expert scheduling conflicts and general scheduling conflicts surrounding the Christmas and New Year's holidays. The remaining deadlines pertaining to expert disclosures are substantially the same as in prior scheduling orders.

(e) <u>Summary judgment motions</u>. The parties had previously agreed to a 60-day notice period for any motion for summary judgment that may be filed. The

---

[1] As set forth in the Proposed Fifth Amended Pretrial Scheduling Order filed concurrently herewith, the parties have agreed that if the Court extends the date set for the close of fact discovery for any reason, then, absent contrary order or agreement of the parties, the production end date shall revert to 60 days prior to the operative close of fact discovery, without prejudice to LSW's right to seek modification of that order for good cause shown.

parties have shortened this period to 53 days, with 25 days for any opposition papers to be filed, and 14 days for any reply papers to be filed.

Additionally, the parties have agreed to March 20, 2014 as the deadline to file any summary judgment motions, which gives the parties 10 days following the close of expert discovery (March 10, 2014) to make any summary judgment motions. Since any summary judgment motion must be heard no later than the last date for hearing motions, the proposed last date for hearing motions has been set as May 12, 2014 – 53 days after March 20, 2014.

(f)   Trial date and remaining pretrial deadlines. The remaining pretrial deadlines – such as the last date for hearing motions, the deadline for motions *in limine*, and the pretrial conference date, and so forth – have been extended in accordance with the presumptive deadlines set by the Court and the Local Rules and in accordance with prior scheduling orders in this case. For instance, since the proposed last date for hearing motions (other than motions *in limine*) is May 12, 2014, the trial date has been set as June 30, 2014 – seven weeks after the last date for hearing motions in accordance with the Court's presumptive pretrial schedule and the prior scheduling orders in this case.

DATED: July 1, 2013        KASOWITZ BENSON TORRES & FRIEDMAN LLP


By: */s/* Charles N. Freiberg
       Charles N. Freiberg

Attorneys For Plaintiffs
JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated

WILMER CUTLER PICKERING HALE AND DORR LLP and MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

By: /s/ Timothy Perla
    Timothly Perla

Attorneys For Defendant
LIFE INSURANCE COMPANY OF THE SOUTHWEST