UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-9198 JVS (RNBx) | Date | July 23, 2013 |
| Title | Joyce Walker, et al. v. Life Insurance Company of the Southwest | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Approving Class Notice (As Modified)

The present class action lawsuit arises out of the class members' purchase of a life insurance investment policies from Defendant Life Insurance Company of the Southwest ("LSW"). After the Court decertified some (but not all) claims asserted by Plaintiffs, the parties were ordered to meet and confer regarding an appropriate class notice. (Docket Nos. 446-47.) The parties thereafter filed a Joint Status Report, setting forth their positions and attaching two proposed versions of a proposed Class Notice. (Docket No. 455.) The Court approves that version of a Class Notice attached to the present Order, which is based on the parties' submissions as modified by the Court.

Plaintiffs shall bear the cost of notice and shall provide notice to the class by first-class mail no later than August 19, 2013. The Class Notice shall inform class members of the right to opt out of the present class action, which must be exercised as set forth in the attached Class Notice no later than November 19, 2013.

The last date for hearing dispositive Motions is set for December 2, 2014. The final pretrial conference is set for January 27, 2014, at 11:00 a.m. A jury trial is set for March 4, 2014, at 8:30 a.m.

**IT IS SO ORDERED.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |

<u>UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA</u>

# If you were or are a California resident who purchased one or both of the following policies issued by Life Insurance Company of the Southwest ("LSW"):

- **SecurePlus Provider** universal life insurance policy
- **SecurePlus Paragon** universal life insurance policy

## a class action lawsuit may affect your rights.

*Please read this Notice carefully.*

<u>*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*</u>

- You have been identified as a member of a Class of Plaintiffs in a class action lawsuit ("this case" or "the Lawsuit") pending before the United States District Court for the Central District of California in Santa Ana, California, known as *Walker, et al. v. Life Insurance Company of the Southwest*, Case No. CV-10-9198-JVS (RNBx).

- Current and former California residents who purchased SecurePlus Provider Policies or SecurePlus Paragon Policies ("the Policies") have sued LSW, alleging that LSW engaged in unfair, unlawful, and fraudulent business practices and committed fraud, by allegedly marketing the Policies as secure retirement and/or investment plans while allegedly concealing important facts and risks regarding the Policies.  LSW denies that any important facts or risks regarding the Policies were concealed.  The United States District Court for the Central District of California ("the Court") has ruled that a portion of the case may proceed as a class action ("the class claims").

- The Court has not decided whether LSW did anything wrong.  There is no money available now, and there may never be.

- The primary purpose of this Notice is to inform you of the Lawsuit so that you can make an informed decision as to whether you want to remain a member of the Class, or whether you want to preserve certain rights by excluding yourself from the Class.

- *If your insurance policy is in force, the Lawsuit has not changed its terms, and all contractual guarantees remain in place.*  If you have any questions about your insurance policy that are unrelated to this Notice or this Lawsuit, you should contact LSW or your insurance agent as usual.  LSW contact information appears at the end of this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT: | |
|---|---|
| **DO NOTHING** | **By doing nothing, you will remain a member of the Class and be part of this Lawsuit, but you will give up the right to sue LSW separately.**<br><br>By doing nothing, you keep the possibility of receiving a share of any money or other benefits that may result from a trial or a settlement. However, you will also give up the right to file your own lawsuit against LSW regarding issues raised in the Lawsuit. |
| **ASK TO BE EXCLUDED** | **If you exclude yourself from the Class, you would be ineligible to share in any recovery obtained in this Lawsuit, but you would keep your right to sue LSW separately.**<br><br>If you ask to be excluded from the Class, and money or benefits are later awarded, you will not share in that recovery. However, you keep the rights to sue LSW separately. In a separate lawsuit, you may be able to assert claims that are not asserted on your behalf in this Lawsuit. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice. To be excluded, you must act promptly by mailing a written request to exclude yourself that is postmarked no later than November 19, 2013.

- Lawyers for the Class must still prove their claims against LSW in a trial. The trial is set for March 4, 2014. Settlement of class claims is possible, but no settlement has been reached as of the date of this Notice. You will receive another notice explaining your options in the event a settlement is reached.

- If money or other benefits are obtained from LSW, you will be notified of the steps you must take to share in the recovery.

- **Any questions?** Read on and visit [insert website address].

| WHAT THIS NOTICE CONTAINS | |
|---|---|

**BASIC INFORMATION** .................................................................................................... PAGE 4
    1. Why did I get this Notice?
    2. What is this lawsuit about?
    3. What is a class action and who is involved?
    4. Why is this a class action?

**THE CLAIMS IN THIS LAWSUIT** ...................................................................................... PAGE 5
    5. What does the lawsuit complain about?
    6. How does LSW answer?
    7. Has the Court decided who is right?
    8. What are the Plaintiffs asking for?
    9. Is there any money available now?

**WHO IS IN THE CLASS** ..................................................................................................... PAGE 7
    10. Am I part of this Class?
    11. Are any policyholders specifically excluded from the Class?
    12. Do the estates or heirs of deceased policyholders have rights in this lawsuit?

**YOUR RIGHTS AND OPTIONS** ......................................................................................... PAGE 8
    13. What happens if I do nothing at all?
    14. Why would I ask to be excluded?
    15. How do I ask the Court to exclude me from the Class?

**THE LAWYERS IN THIS LAWSUIT** ................................................................................ PAGE 10
    16. Do I have a lawyer in the case?
    17. Should I get another lawyer?
    18. How will the Class Counsel lawyers be paid?
    19. Does LSW have lawyers in this case?

**THE TRIAL** ...................................................................................................................... PAGE 10
    20. How and when will the Court decide who is right?
    21. Do I have to come to the trial?

**GETTING MORE INFORMATION** .................................................................................. PAGE 11
    22. Will I get money after the trial?
    23. How do I get more information?

# BASIC INFORMATION

### 1. Why did I get this Notice?

You are listed in LSW's records as a current or former owner of a SecurePlus Provider and/or SecurePlus Paragon indexed universal life insurance Policy or Policies, who resided in California when the Policy was issued, and who obtained the Policy on or after September 24, 2006.

The Court directed the parties to send you this Notice because the Court has allowed, or "certified," a class action lawsuit that may affect your rights. You have legal rights and options that you may exercise before the Court holds a trial. The trial will decide whether the claims made against LSW have merit, and whether you or anyone else is or is not entitled to receive any money or other benefits.

This Notice explains the Lawsuit, your legal rights, and your options.

The Court in charge of the case is the United States District Court for the Central District of California in Santa Ana, California, and the case is known as *Walker, et al. v. Life Insurance Company of the Southwest*, Case No. CV-10-9198-JVS (RNBx).

### 2. What is this lawsuit about?

This lawsuit relates to life insurance policies issued by LSW, known as the SecurePlus Provider Policy and the SecurePlus Paragon Policy. Plaintiffs allege that LSW made certain misrepresentations and failed to disclose other material facts regarding the Policies.

LSW denies all wrongdoing.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more persons, called Class Representatives (in this case Joyce Walker, Kim Bruce Howlett, and Muriel Spooner), sue on behalf of people (called "Class Members") who have similar claims. The Class Representatives who sued and all of the Class Members like them—are called Plaintiffs. The company they sued (in this case LSW) is called a Defendant. One court resolves the issues for all Class Members, except for those members who ask to be excluded from the Class.

### 4. Why is this a class action?

United States District Judge James V. Selna of the United States District Court for the Central District of California ("Judge Selna" or "the Court") is in charge of this case, and he has certified a portion of it as a class action. The Court decided that a portion of this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, as to the class claims, the Court found that:

- LSW issued approximately 42,000 SecurePlus Paragon or SecurePlus Provider Policies to individuals in California on or after September 24, 2006;

**QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT WWW._____.COM**

- There are legal questions and facts that are common to each of these individuals;
- The claims of Class Representatives Walker, Howlett, and Spooner are typical of the claims of the rest of the Class;
- Walker, Howlett, and Spooner, and the lawyers representing the Class will fairly and adequately represent the Class' interests;
- The common legal questions and facts predominate over any questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

Conversely, the Court has also ruled that a portion of this lawsuit may <u>not</u> proceed as a class action. Specifically, in addition to the claims being made on behalf of the Class (described more fully in the next section), Plaintiffs Walker, Howlett, and Spooner also claim that the LSW provided them with pre-issuance life insurance Illustrations of projected value that misrepresented or omitted important information. LSW has denied these allegations. These claims are <u>not</u> asserted on your behalf. Therefore, even if Plaintiffs Walker, Howlett, and Spooner prevail on these claims, you will not receive any additional benefit as a result of these claims even if you remain in the Class.

If you received pre-issuance Illustrations, you may be able to assert similar claims. However, the Court has ruled those claims may not proceed on a class-wide basis. You may be able to assert these claims if you decide to exclude yourself from the Class and sue LSW separately.

## THE CLAIMS IN THIS LAWSUIT

### 5. What does this lawsuit complain about?

This lawsuit relates to life insurance policies issued by LSW, known as the SecurePlus Provider Policy and the SecurePlus Paragon Policy, which are indexed universal life insurance policies. In this lawsuit, the Plaintiffs claim, on behalf of the Class, that the Policies were marketed as safe and secure retirement and/or investment plans that would purportedly provide the policyholder with significant retirement income, when in fact the structure of the Policies allegedly created a risk that the Policy would lapse or suffer reduced Policy value. Plaintiffs allege that Policy lapse resulted in the loss of certain tax advantages.

On behalf of the class, Plaintiffs contend that LSW conceals significant risks that the Policies will decrease instead of increase in value and that the policyholder will not be able to realize any tax advantages from the Policy. Specifically, Plaintiffs contend on behalf of the Class:

1) that the internal structure of the Policy, combined with the natural volatility of the stock market, creates a high risk that the Policy value will decrease substantially or even cause the Policy to lapse and terminate without value. Plaintiffs allege that this risk is due to the interaction between natural stock market volatility and the Policy design; and

2) that although the Policy may enable the policyholder to earn tax-free retirement income through Policy loans, LSW does not disclose that the Policies may lapse and that a policyholder may not be able to obtain those tax benefits. Plaintiffs allege that if the Policy lapses when loans are outstanding, the policyholder would owe income taxes on any Policy earnings that were borrowed from the Policy when it lapsed.

5

QUESTIONS? CALL 1-800-XXX-XXXX OR VISIT WWW.____.COM

Plaintiffs allege that as a result, policyholders suffered money damages, including paying more for the Policies than they were worth.

In addition to these class claims Plaintiffs Walker, Howlett, and Spooner assert three other claims against LSW regarding LSW's Policy Illustrations, which the Court has decided cannot proceed on a class-wide basis. These are generally referred to as the "Illustration-Based Claims" or "non-class claims." Plaintiffs Walker, Howlett, and Spooner, on behalf of themselves in their individual capacities, contend that the Policy Illustration documents prepared by LSW that they received are misleading and deceptive because they:

1) represent that the Policy has only "One Policy Fee" while in fact numerous fees are deducted from the Policy value; and

2) represent that the Policy provides an annual interest guarantee of 2% (for Provider) and 2.5% (for Paragon), when in fact LSW provides no such guarantees.

Although Plaintiffs asked the Court to certify these Illustration-Based claims to proceed as a class action, and although the Court initially certified these claims for class-wide treatment, upon further examination, the Court later decided that these claims could not proceed on a class-wide basis and "decertified" these claims in May 2013. You may or may not have Illustration-Based Claims against LSW, but the Class Representatives cannot assert these claims on your behalf.

You can read selected pleadings in this case at [insert website address], including:

- Plaintiffs' Second Amended Class Action Complaint;

- LSW's response (Answer) to the Second Amended Class Action Complaint;

- Judge Selna's decision granting in part and denying in part LSW's Motion to Dismiss Plaintiffs' Complaint;

- Judge Selna's decision granting in part and denying in part LSW's Motion for Judgment on the Pleadings;

- Judge Selna's decision granting in part and denying in part Plaintiffs' Motion for Class Certification; and

- Judge Selna's decision decertifying the Illustration-Based Claims

- Judge Selna's decision denying leave to file a Third Amended Complaint.

## 6. How does LSW answer?

LSW disputes all of these claims and denies that it did anything wrong. LSW contends that there is nothing in the structure of the Policies that creates any particular risk of lapse or reduced Policy value, and that appropriate disclosures are made in compliance with applicable law. LSW stands by the quality of its Policies, and expects to establish at trial that its Policies have performed well in a difficult economic environment. LSW believes that the terms and features of its Policies are fully disclosed and

set forth in a variety of materials and settings, including in conversations between policyholders and their agents or brokers and in written materials (including the Policy itself, marketing materials, buyers' guides, and Illustrations).

You can read LSW's response (Answer) to the Second Amended Class Action Complaint at [insert website address].

### 7. Has the Court decided who is right?

The Court has not decided whether LSW or the Plaintiffs are correct. By deciding that a portion of the case can be brought on behalf of the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs or LSW will win or lose this case. Unless a settlement is reached, the Plaintiffs must still prove their claims and resulting damages at trial. The trial date is currently set for March 4, 2014.

### 8. What are the Plaintiffs asking for?

The Plaintiffs want money damages including the amount they claim LSW overcharged SecurePlus Provider and SecurePlus Paragon policyholders, with interest on those amounts (even if the Policy lapsed or was surrendered).

In the alternative, for Policies still in force, Plaintiffs seek the right to undo ("rescind") the purchase of the Policy and have their premiums refunded without penalty. Rescission eliminates both the benefits and the burdens of the Policies. Therefore, under this alternative remedy, although Plaintiffs would be relieved of their obligations under the Policies, the insurance coverage the Policies provide would likewise cease.

Plaintiffs also want an award of punitive or exemplary damages against LSW to punish it for its alleged misconduct, and an order prohibiting LSW from engaging in the unfair, unlawful, and fraudulent business practices.

### 9. Is there any money available now?

No money or other benefits are available now. The Court has not yet decided whether LSW did anything wrong and the two sides have not settled the case. There is no guarantee that money or other benefits ever will be obtained. If money or other benefits become available, and you do not opt out of the Class, you will be notified of the steps you must take to share in the recovery.

## WHO IS IN THE CLASS

### 10. Am I part of this Class?

The Class consists of all current or former SecurePlus Provider or SecurePlus Paragon policyholders who resided in California at the time of Policy issuance and who purchased the Policy on or after September 24, 2006. These Class Members assert a claim based on California statutory law; specifically, these Class Members assert a claim against LSW for violation of California's Unfair

Competition Law (Business & Professions Code Section 17200). The Lawsuit also asserts a fraud claim against LSW on behalf of a those Class Members who purchased one or more of the Policies on or after September 24, <u>2007</u>.

### 11. Are any policyholders excluded from the Class?

The following persons are not included in the Class: past or present officers, directors, agents, brokers, or employees of LSW, or its parent or subsidiary corporations; any agents, brokers, or others who sold the SecurePlus Provider or SecurePlus Paragon Policies for LSW, or for its parent or subsidiary corporations; any entity in which LSW has a controlling interest; the affiliates, legal representatives, attorneys or assigns of LSW or its parent or subsidiary corporations; any judge, justice, or judicial officer presiding over this matter and the staff and immediate family of any such judge, justice, or judicial officer; persons who previously had settled disputes with LSW with respect to their SecurePlus Provider or SecurePlus Paragon Policies and signed releases; and any person who submits a valid request to be excluded from the Class.

### 12. Do the estates or heirs of deceased policyholders have rights in this lawsuit?

The estates or heirs of deceased policyholders may have the same rights as the deceased policyholder would have if still living, including the right to share in any recovery obtained on behalf of the class.

## YOUR RIGHTS AND OPTIONS

If you fall within the Class definition, you have to decide whether to stay in the Class or ask to be excluded from the Class. You have to decide. If you decide to exclude yourself, you must act promptly and mail a written request to exclude yourself that is postmarked no later than November 19, 2013.

### 13. What happens if I do nothing at all?

By doing nothing you are staying in the Class. If you stay in and the Plaintiffs obtain money or other benefits for the Class, you will be notified of the steps you must take to share in the recovery.

Keep in mind that if you do nothing now, and regardless of whether the Plaintiffs win or lose the trial, **you will not be able to sue** LSW on issues raised by the class claims. You also will be legally bound by all of the rulings that the Court makes in this class action. Additionally, because any Illustration-Based Claims you may have are based on the same or similar facts, staying in the Class may preclude you from asserting any such claims in another lawsuit. You may wish to consult your own attorney about these issues.

### 14. Why would I ask to be excluded?

Class Members who exclude themselves are free to file individual lawsuits against LSW.

If you already have your own lawsuit against LSW based on issues raised in this Lawsuit and want to continue with your own lawsuit, you must ask to be excluded from the Class.

If you start your own lawsuit against LSW after you exclude yourself, you will have to prove your claims. If you intend to file your own individual lawsuit against LSW, you may want to consult with a lawyer soon, because your claims may be subject to a time limit, known as a statute of limitations.

### 15. How do I ask the Court to exclude me from the Class?

To ask to be excluded, send a notification in writing to Walker v. LSW Exclusions, P.O. Box _____, _____. There is no required form—you can send a letter, or any other writing that indicates that you wish to be excluded. Please be sure to include your name, address, signature, and a statement that you wish to be excluded. You may also get an Exclusion Request form at the website, [insert website address]. Your request to be excluded must be postmarked by November 19, 2013 at the latest. If you fail to send a notification that is postmarked on or before November 19, 2013, you will be included in the Class.

## THE LAWYERS IN THIS LAWSUIT

### 16. Do I have a lawyer in this case?

As to the class claims, yes. The Court decided that the attorneys at two law firms—Kasowitz, Benson, Torres, & Friedman LLP, and the Law Offices of Craig A. Miller—are qualified to represent you and all Class Members. Together, the lawyers are called Class Counsel. They are experienced in handling similar cases. Information about either law firm can be found by visiting the websites listed below:

| **Kasowitz Benson Torres & Friedman LLP** | **Law Offices of Craig A. Miller** |
|---|---|
| www.kasowitz.com | www.craigmillerlaw.com |
| Charles N. Freiberg | Craig A. Miller |
| Brian P. Brosnahan | 225 Broadway, Suite 1310 |
| 101 California Street, Suite 2300 | San Diego, CA 92101 |
| San Francisco, CA 94111 | (619) 231-9449 |
| (415) 421-6140 | |

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. Should I get another lawyer?

That is your decision. As to the class claims, Class Counsel is working on your behalf and on behalf of all Class Members. If you want your own lawyer, you will have to hire and pay that lawyer. As to the non-class claims, Class Counsel represent only the named Plaintiffs; they do not represent any other Class Member.

### 18. How will the Class Counsel lawyers be paid?

You will not be charged personally for these lawyers. Class Counsel are working on behalf of the Class on a contingency basis and will only be paid if a benefit is obtained for the Class and the Court approves

the fees and expenses requested by Class Counsel. If the Court grants Class Counsel's request, the fees and expenses would either be paid by LSW or deducted, in whole or in part, from monies obtained for the Class, in an amount to be determined by the Court.

### 19. Does LSW have lawyers in this case?

Yes. LSW is also represented by counsel. LSW's counsel do not represent you or any other Class Member.

## THE TRIAL

### 20. How and when will the Court decide who is right?

If the case is not resolved by a settlement or otherwise, it will be up to Class Counsel to prove the Plaintiffs' claims and any damages at a trial. Attorneys for LSW will defend LSW at trial. The trial date is currently set for March 4, 2014, in the United States District Court for the Central District of California, Ronald Reagan Federal Building, 411 West Fourth Street, Courtroom 10C, Santa Ana, CA 92701-4516. During the trial, a jury or the judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or LSW is right about the claims in the Lawsuit. There is no guarantee that the Plaintiffs will win or that they will get any money for the Class.

If you do not request exclusion from the Class, you will be notified of any recovery by Plaintiffs at trial and what steps you must take to share in that recovery.

Be sure to report any changes to your address following receipt of this Notice to:

[address]

### 21. Do I have to come to the trial?

No, but you and/or your lawyer have the right to come for any part of it or all of it. Class Counsel will present the case on behalf of the Class, and LSW will present its defenses.

## GETTING MORE INFORMATION

### 22. Will I get money after the trial?

If you do not exclude yourself from the class, and if the Plaintiffs obtain money or benefits on behalf of the class as a result of the trial, you will be notified of the steps you must take to share in the recovery. We do not know how long this will take. Court orders and other important information about the case will be posted on the website, www.____.com, as they become available. You can access the website to obtain current information about this case, whether you stay in the lawsuit or exclude yourself.

| 23. How do I get more information? |
|---|

This Notice serves only as a summary of the Class Action. For additional information about this Notice or this Class Action, you can call 1-800_____ (toll free); write to _____; or visit the website at _____. Please do not call the Court or the Court Clerk.

For any information about your Policy other than about this Notice or the Class Action, you can contact LSW or your insurance agent by calling 1-800-732-8939, by emailing LSW at LifeCustomerService@NationalLife.com, or by visiting LSW's website at www.nationallifegroup.com.