Jonathan A. Shapiro (257199)
Mintz Levin Cohn Ferris Glovsky and Popeo PC
44 Montgomery Street
San Francisco, California  94104
Tel:     (415) 432-6000
Fax:    (415) 432-6001
JAShapiro@mintz.com

Andrea J. Robinson (pro hac vice)
Timothy J. Perla (pro hac vice)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts  02109
Tel:    (617) 526-6000
Fax:   (617) 526-5000
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com

Attorneys for Defendant Life Insurance
Company of the Southwest

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, and MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>       vs.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50<br><br>            Defendant. | Case No.: CV 10-9198-JVS(RNBx)<br><br>DEFENDANT LIFE INSURANCE COMPANY OF THE SOUTHWEST'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER CONTINUING THE AUGUST 19, 2013 CLASS NOTICE MAILING DEADLINE<br><br>District Judge James V. Selna<br>Court: 10C |

**I.     ARGUMENT**

The Court should reject Plaintiffs' request to delay class notice, for several months, based on their intent to file vaguely described motions that are founded on a faulty premise. Based on their statements during the recent meet and confer, Plaintiffs apparently seek to resurrect every previously dismissed claim, to somehow reframe and then renew their motion to certify the recently decertified illustration claims, and to add unspecified new claims to this case as well. Yet in this motion, they offer virtually no explanation of (or justification for) the new or amended claims that they intend to pursue, nor do they address how their motion could survive obvious challenges such as timeliness (the pleading amendment deadline passed years ago). Further, Plaintiffs' position is based on a misreading of *Zhang*, which does not create any new private rights of action, and does not warrant reconsidering any prior rulings. Finally, Plaintiffs do not—and cannot—establish the irreparable harm necessary to obtain the requested ex parte relief.

In particular, Plaintiffs' application should be denied for at least the following three reasons:

1. Plaintiffs' application does not establish that their motion to amend or reconsider would have any realistic possibility of succeeding. The ex parte motion does not even describe in any meaningful way the claims Plaintiffs propose to assert (or simply repackage). And, while LSW requested a copy of a proposed amended pleading, Plaintiffs never honored the request. Plaintiffs also make no attempt to explain how a motion to amend could ever be deemed timely (years after the deadline for amendment), or withstand statute of limitations and other challenges. In short, Plaintiffs' last-minute, vague, ex parte motion is too thin a reed to justify further delaying class notification.

2. Certainly, *Zhang* is the premise of Plaintiffs' motion, yet it plainly cannot justify an amendment. At the beginning of this case, Plaintiffs tried to assert several claims for

violations of the California Insurance Code based on technical matters such as LSW's use in an illustration of a zero, instead of an asterisk, to show a policy without value. This Court dismissed those claims because there is no private right of action for statutory insurance code violations. *See* Dkt. 59 at 9; Dkt. 112 at 9. *Zhang* does not call that ruling into question because *Zhang does not create or recognize any new private rights of action*. What *Zhang* holds is that "the [Unfair Insurance Practices Act (UIPA)] does not immunize insurers from UCL liability for conduct that violates other laws in addition to the UIPA." *Zhang v. California Capital Insurance Co.*, S178542 (slip opinion) at 2. In other words, if you already have a private right of action, then the Insurance Code does not eliminate it. *But you need a private right of action to begin with*. Where there is no independent private right of action (*i.e.,* what required dismissal here), *Zhang* holds that "[p]rivate UIPA actions are absolutely barred; a litigant may not rely on the proscriptions of section 790.03 as the basis for a UCL claim." *Id.* At 23. Simply put, Plaintiffs' proposed claims lacked a private cause of action before, and *Zhang* does not create one.[1]

3. Plaintiffs have not satisfied the "irreparable prejudice" standard for ex parte relief. *See* Pl's Mem. at 2 (citing *Mission Power Eng'g Co v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). There is no irreparable harm here.

---

[1] Contrary to Plaintiffs' assertion, *Textron* (which this Court previously cited) was not disapproved in its entirety, but only "to the extent that it is inconsistent with" *Zhang*. *Zhang* (slip op.) at 21. This Court cited *Textron* for the proposition that a "claim based on § 10509 could not be maintained" under the UCL because there is no private right of action for violations of Section 10509. *See* Dkt. 59 at 9; Dkt. 112 at 9. This is the same rule adopted by both *Zhang* and *Moradi-Shalal*. *Zhang* (slip opinion) at 23 ("[p]rivate UIPA actions are absolutely barred; a litigant may not rely on the proscriptions of section 790.03 as the basis for a UCL claim."); *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal. 3d 287, 304 (1988) (holding that there is no private right of action for violations of the UIPA).

Plaintiffs fail to establish the required harm by arguing that the notice will cost them money. "It is well established" that "monetary injury is not normally considered irreparable." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (the "possibility that adequate compensatory or other corrective relief will be available at a later date … weighs heavily against a claim of irreparable harm.") (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Even if the landscape of this case were to change (whether because Plaintiffs succeed in amending, or as a result of summary judgment, or for any other reason), the Court could simply order that an update be provided to the class, as Plaintiffs recognize. *See* Pl's Mem. at 3.[2]

## II.  CONCLUSION

For all the foregoing reasons, Plaintiffs' application should be denied .

Dated: August 14, 2013         Life Insurance Company of the Southwest
                               By its attorneys,

                               /s/ Jonathan A. Shapiro
                               Jonathan A. Shapiro (257199)
                               Mintz Levin Cohn Ferris Glovsky and Popeo PC
                               44 Montgomery Street
                               San Francisco, California  94104
                               Tel:   (415) 432-6000
                               Fax:   (415) 432-6001
                               JAShapiro@mintz.com


                               Andrea J. Robinson (pro hac vice)
                               Timothy J. Perla (pro hac vice)
                               Wilmer Cutler Pickering Hale and Dorr LLP
                               60 State Street
                               Boston, Massachusetts  02109
                               Tel:   (617) 526-6000

---

[2] Courts routinely send multiple notices. *See* Manual Complex Lit. § 21.311 (4th ed.) (noting that "repetitive notice[s]" may be necessary where case is "rapidly evolving.").

Fax:   (617) 526-5000
andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com

- 4 -

OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER CONTINUING THE AUGUST 19, 2013 CLASS NOTICE MAILING DEADLINE, 10-CV-09198-JVS (RNBx)

**CERTIFICATE OF SERVICE**

I am a resident of the Commonwealth of Massachusetts, over the age of eighteen years, and not a party to the within action.  My business address is Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02114.  On August 14, 2013 I served the within document(s):

LIFE INSURANCE COMPANY OF THE SOUTHWEST'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER CONTINUING THE AUGUST 19, 2013 CLASS NOTICE MAILING DEADLINE

I electronically filed the document(s) listed above via the CM/ECF system.

    Charles N. Freiberg
    Brian P. Brosnahan
    Jacob N. Foster
    Jeanette T. Barzelay
    KASOWITZ, BENSON, TORRES & FREIDMAN LLP
    101 California Street, Suite 2300
    San Francisco, CA 94111
    cfreiberg@kasowitz.com
    bbrosnahan@kasowitz.com
    jfoster@kasowitz.com

    Harvey R. Levine
    Levine & Miller
    550 West C Street, Suite 1810
    San Diego, CA 92101
    lmsh@levinelaw.com

    Craig A. Miller
    Law Offices of Craig A. Miller
    225 Broadway, Suite 1310
    San Diego, CA 92101
    cmiller@craigmillerlaw.com

/s/ Joel Fleming
Joel Fleming