UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 10-09198-JVS (RNBx)                                  Date  December 14, 2018

Title  Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al.

| Present: The Honorable | James V. Selna | |
|---|---|---|
| | Karla J. Tunis | Sharon Seffens |
| | Deputy Clerk | Court Reporter |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Brian Brosnahan | Matthew Martens |
| | Lyn Agre / Veronica Nauts | Timothy Perla |

**Proceedings:**   **Plaintiffs' Motions in Limine (Fld 10-30-18)**
**1) to Exclude Expert reports and Testimony of Defendants Expert Ronald T. Wilcox  (Dkt 1021)**
**2) to Exclude rebuttal declaration of Professor Ronld T. Wilcox and portions of Jim Toole's Expert Report.  (Dkt 1023)**

**Defendant's Motions in Limine**
**(Fld 10-30-18)**
**1) to Preclude Evidence Relitigating Findings Previously made at Trial (Dkt 1014)**
**2) to Preclude Evidence Regarding "guaranteed Values" Injury Unrelated to a Definition (Dkt 1016)**
**3) to Preclude Testimonty of Dr. Jason Abrevaya (Dkt 1018)**

    **Cause called and counsel make their appearances.   The Court's tentative ruling is issued.   Counsel make their arguments.   The Court DENIES the above referenced motions and rules in accordance with the tentative ruling as follows:**

    Plaintiffs Joyce Walker *et al.* (collectively "Walker") and Life Insurance Company of the Southwest ("LSW") move the Court for relief by way of  Motions *in Limine*.  The Court now enters its rulings.

I.      Walker's Motions *in Limine.*

    A.   Motion *in Limine* No. 1: Dr. Ronald Wilcox.

    Walker seeks an order to exclude the testimony of LSW's survey expert Dr. Ronald Wilcox ("Wilcox").  (Docket No. 1022.)  LSW has filed an opposition (Docket No. 1029), and Walker has replied (Docket No. 1043).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 10-09198-JVS (RNBx)                    Date  December 14, 2018

Title  Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al.

For the reasons set forth below, the Court denies the Motion.

1. <u>Background.</u>

Wilcox conducted two surveys: an Information Source Survey, to determine the importance of input in making insurance purchase decisions, including policy illustrations; and an Illustration Survey, to test consumer preferences for certain policy options. (Brosnahan Decl., Ex. A, Wilcox Report, *passim.*) Walker challenges Wilcox's credentials, methodology, and conclusions.

2. <u>Legal</u> <u>Standard.</u>

Federal Rule of Evidence 702 permits expert testimony from "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education," if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

(Fed. R. Evid. 702.)

On this challenge, the Court is called to exercise its "gatekeeper" function to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." <u>Daubert</u> v. <u>Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 597 (1993). A trial court's "gatekeeping" obligation to admit only expert testimony that is both reliable and relevant is especially important "considering the aura of authority experts often exude." <u>Mukhtar</u> v. <u>Cal. State Univ.</u>, 299 F.3d 1053, 1063-64 (9th Cir. 2002). Nevertheless, "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." <u>Primiano</u> v. <u>Cook</u>, 598 F.3d 558, 564 (9th Cir. 2010). Importantly, the Court's gatekeeper role under <u>Daubert</u> is "not intended to supplant the adversary system or the role of the [trier of fact]." <u>Quiet Tech. DC-8, Inc.</u> v. <u>Hurel-Dubois UK Ltd.</u>, 326 F.3d 1333, 1341 (11th Cir. 2003) (internal quotation marks and citation omitted). In other words, at this stage, the Court is not supposed "to make ultimate conclusions as to the persuasiveness of the proffered evidence." (<u>Id.</u>)

The requirement that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue" goes primarily to relevance. <u>Primiano</u>, 598 F.3d at 564.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-09198-JVS (RNBx) | Date | December 14, 2018 |
| Title | Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al. | | |

The Rule 702(c) and (d) reliability indicators are subject to a more flexible analysis. According to the Ninth Circuit,

> [i]n Daubert, the Supreme Court gave a non-exhaustive list of factors for determining whether scientific testimony is sufficiently reliable to be admitted into evidence, including: (1) whether the scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential error rate; and (4) whether the theory or technique is generally accepted in the relevant scientific community.

Domingo ex rel. Domingo v. T.K., 289 F.3d 600, 605 (9th Cir. 2002).

The trial court has "broad latitude" in deciding how to determine the reliability of an expert's testimony and whether the testimony is in fact reliable. Mukhtar, 299 F.3d at 1064; see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). The "test of reliability is 'flexible,' and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case." Kumho Tire, 526 U.S. at 141.

There is a special gloss of the Daubert case law in the context of a bench trial. Here the Court is both the gatekeeper and trier of fact, making the gate keeper role "less pressing." AngioScore, Inc. v. TreReme Medical, Inc., 87 F. Supp. 3d 896, 1016 (N.D. Cal. 2015). While certainly not non-existent, the possibility that the Court will be confused or unduly impressed with an expert's credentials is far less than in a jury trial. F.T.C. v. BurnLounge, Inc., 753 F. 3d 878, 888 (9th Cir. 2014); contrast Mukhtar, 299 F.3d at 1063-64. One court has concluded that the better approach under Daubert in a bench trial is to permit the contested expert testimony and "allow '[v]igorous cross-examination, presentation of contrary evidence' and careful weighing of the burden of proof to test 'shaky but admissible evidence.'" Fierro v. Gomez, 865 F.Supp. 1387, 1395 n.7 (N.D. Cal.1994).[1]

C. Discussion.

At the outset, the Court notes that Wilcox is well-credentialed as a survey expert.

---

[1] Aff'd 77 F.3d 301 (9th Cir.1996), vacated and remanded on other grounds, 519 U.S. 918, (1996), modified on other grounds on remand, 147 F.3d 1158 (9th Cir.1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-09198-JVS (RNBx) | Date | December 14, 2018 |
| Title | Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al. | | |

(Wilcox Report, ¶¶ 1-4.) He has the requisite experience to conduct surveys and render his opinions based thereon. That he may not have experience in insurance products goes to the weight of his opinion. <u>Miller v. Farmers Ins. Group</u>, 2012 WL 8017244, at *5 (W.D. Okla. Mar. 22, 2012).[2]

The Court considers Walker's substantive criticisms, and finds that they go to the weight, not the admissibility of Wilcox's report. Particularly, in view of the fact that this is a bench trial, the better course is to receive cross-examination at trial, and to then weigh the criticisms in that light. Said another way, the Court finds none of the criticisms absolutely disqualifying. To be sure, at the end of the day, the Court as fact finder must determine whether Wilcox's opinions are sufficiently reliable to accept. <u>Daubert</u> and Rule 702 require no less.

*Survey Subjects Fit.* While all those surveyed had purchased insurance within the past five years only about 16 % had purchased any form of universal life policy. (Wilcox Report, App'x S-5.) The Court does not find the decision-making process for whole life insurance to be so different from the decision to purchase a form of indexed life insurance to disqualify the sample. Any differences go to weight. <u>A & M Records, Inc. v. Napster, Inc.</u>, 2000 U.S. Dist. LEXIS 20668, at *11-12 (N.D. Cal. Aug. 10, 2000).

*Format and Timing of Survey.* Criticisms such as the format of the surveys and the time allotted are technical criticisms which go to the weight of the survey results. <u>Fortune Dynamic, Inc. v. Victoria Secret Stores Brand Management, Inc.</u>, 618 F.3d 1025, 1036 (9th Cir. 2010).

*Participant Stimuli.* Survey participants received internet points valued at either $1.00 or $2.50. Walker argues that this does not fairly track the incentives of a person making a long-term, multi-thousands of dollar investment to consider the material. The Court finds that his goes to the weight.

*Confusing Options.* Walker argues that survey questions were confusing, thus undermining the results. The Court disagrees. Moreover, any asserted disconnect between the surveys and the real world goes to weight. <u>Id.</u>, 618 F.3d at 1037-38.

*Absurd Illustration Results.* Walker contends that survey participants' preference for a less valuable option was absurd. That the survey may have produced counter-intuitive results is not a basis for exclusion. (<u>Id.</u>)

---

[2] For like reason, the fact that Wilcox had never read the Paragon/Provider policies goes to the weight of his opinions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 10-09198-JVS (RNBx)                             Date   December 14, 2018

Title  Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al.

*Prescreening Techniques.* Wilcox in fact used a screening procedure. Walker asserts that is should have been more elaborate. This goes to the weight.

The Court finds no fundamental flaw in any aspect of the surveys. Where that is the the case, surveys are generally received in the Ninth Circuit. Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1143 & n.8 (9th Cir. 1997); Marketquest Group, Inc. v. BIC Corp, 2018 U.S. Dist. LEXIS 62360, at * 7-8 (S.D. Cal Apr. 12, 2018).

The Motion is denied.

B. Motion *in Limine* No. 2: Rebuttal Reports.

Walker seeks an order to exclude the rebuttal reports of Wilcox and Jim Toole ("Toole"). (Docket No. 1023.) LSW has filed an opposition (Docket No.1032 ), and Walker has replied (Docket No. 1044).

The Court finds that both experts respond to the report of Walker's expert Dr. Jason Abrevaya ("Abrevaya"). They both point out flaws in his analysis. As noted below (Section II.C), the Court has declined to strike Abrevaya's opinion. Both are adequately credentialed. (Wilcox Report, ¶¶ 1-4; Toole Report, ¶¶ 2-14 .)

Any concern about the cumulative effect of the reports is premature. Moreover, both rebuttal experts offer different substantive critiques.

With regard to expressing legal conclusions, Wilcox does not address legal standards, and Toole has permissibly assumed a legal standard for his opinions.

The Motion is denied.[3]

II.   LSW's Motions *in Limine.*

A. Motion *in Limine* No. 1: Prior Rulings.

LSW seeks an order to exclude evidence which seeks to relitigate the Court's prior rulings. (Docket No. 1017.) Walker has filed an opposition (Docket No. 1034), and LSW has replied (Docket No. 1039).

---

[3]Walker's subsequent effort to narrow Abrevaya's opinions does not eliminate the need for rebuttal. (See Brosnahan Decl. Ex. E.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-09198-JVS (RNBx) | Date | December 14, 2018 |
| Title | Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al. | | |

In its tentative ruling, the Court indicated that it could not fully appreciate the parties' arguments and the ramifications of the relief sought without the benefit of oral argument. Having heard argument, the Court still has difficulty parsing out relief. In that regard, the Court requested that LSW submit a "bill of particulars" concerning specific rulings. LSW submitted a listing of 57 extracts from the Court's prior opinions and orders. (Docket No. 1057.) The Court still lacks the ability to tie these rulings to specific pieces of evidence which may be offered. Given that the Court will be receiving most of the witnesses' direct testimony by declaration subject to objections (see Docket No. ), there will be an opportunity to tie past rulings to specific pieces of evidence.

The Motion is denied without prejudice.

B. Motion *in Limine* No. 2: Guaranteed Value Increment.

LSW seeks an order to exclude evidence of unrelated "guaranteed values." (Docket No. 1039.) Walker has filed an opposition (Docket No. 1033), and LSW has replied (Docket No. 1038.)

For the reasons noted in Section II.A, the Motion is denied without prejudice.

C. Motion *in Limine* No. 3: Dr. Jason Abrevaya.

LSW seeks an order to exclude Walker's designated expert Abrevaya. (Docket No. 1019.) Walker has filed an opposition (Docket No. 1035), and LSW has replied (Docket No. 1041).

1. Background.

Abrevaya expresses an opinion on the "value" of the Paragon and Provider policies. Abrevaya relied on the modeling and samples developed by Walker's previous expert Dr. Patrick Brockett ("Brockett"). The calculation forms a key part of Walker's restitution calculation.

2. Legal Standard.

The Court discusses the legal standards under Rule 702 and Daubert in Section II.A.2.

3. Discussion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 10-09198-JVS (RNBx)                                  Date   December 14, 2018

Title   Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al.

      LSW offers a number of criticisms. Here again the Court finds that the criticisms largely go the weight of Abrevaya's opinions, not their admissibility. Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc., 738 F.3d 960, 969-70 (9th Cir. 2013); United Energy Trading, LLC v. Pacific Gas & Electric Co. 2018 WL 5013580, at * 2 (N.D. Cal. Oct. 16, 2018 ).

      For purposes of class certification, the parties stipulated to a sample size that was statistically meaningful. (Brosnahan Decl., Ex. G.) The parties could not come to a similar stipulation for the merits. Brockett, Walker's original expert, took the agreed sample size and doubled it for his 2013 report. He also made other adjustments. Abrevaya carries forward that work in his 2018 report.

      LSW contends that Abrevaya did not validate Brockett's sample, and therefore he cannot rely upon the sample in presenting his opinions. Walker v. Life Ins. Co. of the Southwest, 2017 WL 8943158, at * 4 (C.D. Cal. Dec. 22, 2017). However, he in fact made a detailed review of Brockett's work, and reviewed his methodology for compliance with usual practices. (Abrevaya's Report, ¶¶ 7-12.) He vouches for Brockett's work with the following statement:

> My analysis confirms the correctness of Dr. Brockett's analysis that the Provider and Paragon illustrations given to policyholders such as Ms. Walker, Mr. Howlett, and Ms. Spooner overstate the expected value of the policies by substantial amounts, as described below. Because the calculations described below are based on statistically valid and reliable methods applied to a large random sample of illustrations, they serve as common proof of the impact of the policy features in question on the illustrated values.

(Id., ¶ 20.) The Court infers from this that he considered and agreed with the sample size. The lack of a more definitive statement goes to the weight of the opinion, and the issue of sample size can be tested on cross examination. Fierro, 865 F.Supp. at 1395 n.7.

      The alignment of the time periods for Brockett's sample with the current class is not so skewed as to invalidate the sample. Contrast In re SFPP Right-of Way Claims, 2017 WL 2378363 at *5-7 (C.D. Cal. May 23, 2017). The issue goes to the weight.

      Given that the sample is based on existing data, not survey responses, the problem of insufficient responses is non-existent. See In re: Autozone, Inc., 2016 WL 4208200, at *17 (N.D. Cal. Aug. 10, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-09198-JVS (RNBx) | Date | December 14, 2018 |
| Title | Joyce Walker, et al. v. Life Insurance Co. Of the Southwest, et al. | | |

The Motion is denied.

* * * * * * * * * * * *

**Counsel are ordered to advise the parties and all witnesses of the Court's rulings so that there are no inadvertent violations of this Order.**

| | 0 | : | 19 |
|---|---|---|---|
| Initials of Preparer | kjt | | |