Veronica Nauts (SBN 300558)
KASOWITZ BENSON TORRES LLP
101 California Street, Suite 3000
San Francisco, California 94111
Tel: (415) 421-6140
Fax: (415) 398-5030

Daniel A. Saunders (SBN 161051)
KASOWITZ BENSON TORRES LLP
2029 Century Park East, Suite 2000N
Los Angeles, California 90067
Tel:   (424) 288-7900
Fax:   (424) 288-7901

Attorneys for Plaintiffs,
JOYCE WALKER, KIM BRUCE HOWLETT,
MURIEL SPOONER, TALINE BEDELIAN, and
OSCAR GUEVARA, on behalf of themselves and
all others similarly situated

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JOYCE WALKER, KIM BRUCE HOWLETT, MURIEL SPOONER, TALINE BEDELIAN, and OSCAR GUEVARA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation, and DOES 1-50<br><br>Defendant. | **CLASS ACTION**<br><br>Case No.: CV 10-9198-JVS-JDE<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for a hearing pursuant to the Order Regarding Motion for Preliminary Approval of Class Settlement, dated February 22, 2021, that granted preliminary approval of the proposed Settlement (ECF No. 1099) (the "Preliminary Approval Order"), on the motion of Lead Plaintiffs for final approval of the Settlement of this Action as set forth in the Stipulation and Agreement of Settlement dated as of February 5, 2021, including all exhibits thereto (ECF No. 1095-1) (the "Stipulation"). Due and adequate notice having been given to Class Members as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates herein the Stipulation, including the exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, and the Settling Parties to the Stipulation have consented to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

3. The record shows that notice of the Settlement has been given to all Class Members in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such notice: (a) constitutes reasonable and the best notice practicable under the circumstances; (b) constitutes notice that was reasonably calculated, under the circumstances, to apprise all Class Members who could reasonably be identified of (i) the pendency of the Action, (ii) the terms of the Settlement, (iii) Class Members' right to be excluded from the Class, (iv) Class Members' right to object to and to appear at the Settlement Hearing, and (v) the binding effect of the proceedings, rulings, orders,

and judgments in this Action, whether favorable or unfavorable, on all Persons who are not excluded from the Class; and (c) constitutes due, adequate, and sufficient notice to all Persons or entities entitled to receive notice in accordance with Federal Rule of Civil Procedure 23; the United States Constitution; the Rules of the Court; the Class Action Fairness Act, 28 U.S.C. § 1715; and any other applicable law.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court finds that the terms and provisions of the Settlement set forth in the Stipulation are, in all respects, fair, just, reasonable, and adequate, and in the best interests of the Class. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, Class Members, and Life Insurance Company of the Southwest ("LICS"). The Court has considered any submitted objections to the Settlement and hereby overrules them. Accordingly, the Court hereby fully and finally approves the Settlement set forth in the Stipulation, and the Settling Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation.

5. Except as to any individual claim of those Persons identified in Exhibit 1 attached hereto, if any, who have validly and timely requested exclusion from the Class, the Action, and all claims contained therein, as well as all of the Released Claims (including Unknown Claims), are dismissed on the merits and with prejudice. It is hereby determined that all Class Members who did not timely and properly elect to exclude themselves from the Class by a written Request for Exclusion delivered on or before the date set forth in the Preliminary Approval Order and the Notice are bound by this Judgment.

6. All Persons whose names appear on Exhibit 1 hereto are hereby excluded from the Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded Persons may not

pursue any Released Claims on behalf of those Persons who are bound by this Judgment.

7. The Settling Parties expect the Settlement Fund to be fully consumed, but if that does not happen, no portion of the Settlement Fund will revert to LICS. If any amounts remain in the Settlement Fund (after the payment of all Administrative Costs, Taxes, Surrender Charge Credits, and Cash Relief) and Lead Counsel determines that it is not economically reasonable to distribute further proceeds, the amount remaining in the Settlement Fund shall be donated to a charity selected by Lead Counsel and unaffiliated with any Party or their counsel.

8. Upon the Effective Date, the Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them (regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any Term Insurance Relief, or any disbursement from the Settlement Fund), shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims (including Unknown Claims), and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, release or bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Judgment. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of this Judgment to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and

benefits of any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code Section 1542 was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

9. The Stipulation (including any exhibits attached thereto), the fact and terms of the Settlement, and any communications relating thereto, shall not be deemed a presumption, inference, concession, or admission by any Settling Party or their counsel, any Class Member, or any of the Released Parties of any fault, liability, injury or damages, or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used in any action or proceeding of any nature, whether civil, criminal, or administrative, for any purpose whatsoever, provided, however, that the Stipulation and/or the Judgment may be introduced in any proceeding to enforce the terms of the Settlement or Final Judgment, or as otherwise required by law.

10. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Judgment in any proceeding that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Judgment.

11. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation and in this Judgment. The Court hereby approves the Fee

and Cost Reimbursement to Lead Counsel provided in the Stipulation. If the Fee and Cost Reimbursement award is reduced or reversed following payment by LICS, Lead Counsel shall refund it to LICS within thirty (30) calendar days following a Court order providing for such reduction or reversal.

12. The Court hereby approves an Incentive Award to the Lead Plaintiffs in the aggregate amount of $100,000. Lead Counsel may allocate the Incentive Award amongst Lead Plaintiffs as they choose, with no involvement by or recourse to LICS. If the Incentive Award is reduced or reversed following payment by LICS, Lead Plaintiffs shall refund it to LICS within ten (10) calendar days following a Court order providing for such reduction or reversal. Lead Plaintiffs shall be joint and severally liable for such repayment, unless they have previously disclosed to LICS how the amount has been allocated, in which case each Lead Plaintiff shall be liable for the amount received.

13. Neither the portion of this Judgment regarding the Fee and Cost Reimbursement, including any modification or change in the award of attorneys' fees and expenses that may hereafter be approved, nor Incentive Award shall in any way disturb, affect, or delay the entry of this Judgment or the releases provided hereunder and shall be considered separate from this Judgment.

14. Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate this Judgment, including any proceedings to enjoin the Releasing Parties from instituting, commencing, or prosecuting the Released Claims against the Released Parties, and for any other necessary purpose. Lead Plaintiffs, LICS, and each Class Member are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action,

proceeding, or dispute arising out of or relating to the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.

15. The Escrow Agent appointed by Lead Counsel shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. The Released Defendant Parties and Defense Counsel shall have no liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Settlement Fund. Lead Counsel, Lead Plaintiffs, the Escrow Agent, and the Claims Administrator shall have no liability to any Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Proof of Claim Forms and the distribution of the Settlement Fund to Class Members.

16. No Class Member shall have any claim against LICS, Defense Counsel, or any of the Released Parties with respect to: (a) any act, omission or determination of Lead Counsel, the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management or distribution of the Settlement Fund and/or the Net Settlement Fund; (c) the determination, administration, calculation or payment of claims asserted against the Settlement Fund and/or the Net Settlement Fund; (d) the administration of the Escrow Account; (e) any application for, or award of, Fee and Cost Reimbursement to Lead Counsel, or the allocation or distribution thereof as between them; (f) any application for, or award of, an Incentive Award to Lead Plaintiffs, or the allocation or distribution thereof as between them; (g) any losses suffered by, or fluctuations in the value of, the Settlement Fund and/or the Net Settlement Fund; or (h) the payment or withholding of any Administrative Costs and Taxes incurred in connection with the taxation of the Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

17. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

18. Nothing in this Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of LICS against its insurers, or its insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

19. In the event that the Settlement is not consummated or fails to become Final in accordance with the terms of the Stipulation, this Judgment shall be vacated, and all orders entered and releases delivered in connection with the Stipulation and this Judgment shall be null and void, except as otherwise provided for in the Stipulation, and the Settling Parties shall be returned to their respective positions immediately prior to the execution of the Stipulation.

20. Without further order of the Court, the Settling Parties may unanimously agree to reasonable extensions of time or other reasonable amendments, modifications, and expansions of the Stipulation necessary to carry out any of the provisions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment and do not materially limit the rights of Class Members or the Released Parties under the Stipulation.

21. Judgment shall be, and hereby is, entered dismissing the Action with prejudice and on the merits. There is no just reason for delay in the entry of Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED

Dated: June 08, 2021

_____
HON. JAMES V. SELNA
United States District Judge